## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ROBERT KOLINEK, individually and on behalf of all others similarly situated,<br><br>   *Plaintiff*,<br><br>*v.*<br><br>WALGREEN CO., an Illinois corporation,<br><br>   *Defendant*. | Case No. 13-cv-4806<br><br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

### CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff Robert Kolinek brings this Class Action Complaint against Defendant Walgreen Co. to stop Defendant's practice of making unsolicited phone calls to the cellular telephones of consumers nationwide, and to obtain redress for all persons injured by Defendant's conduct. Plaintiff, for his Class Action Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1.  Walgreen Co. is the largest operator of retail drugstores in the United States, maintaining more than 8300 storefronts throughout the country.

2.  A primary component of Defendant's business is the provision of pharmacy services.

3.  Desiring to increase its market share in the pharmacy services industry, Defendant Walgreen recently instituted a marketing program in which automated calls featuring artificial or prerecorded voices—more commonly known as robocalls—are placed to thousands of consumers.

4.     These robocalls are made to consumers who have previously filled prescriptions at Defendant's pharmacies and purportedly "remind" consumers that they should refill their prescriptions at Walgreens.

5.     Unfortunately, Walgreens took no steps to obtain, and in fact did not obtain, the prior express consent of these consumers to make such robocalls. Instead, Defendant simply mined through its database of phone numbers from consumers who had previously filled prescriptions at Walgreen pharmacies, and began robocalling these numbers with the aforementioned "reminders." In this fashion, Walgreens automatically opted all of the consumers in its database into the robocall program, and required them to affirmatively opt-out in order to avoid Defendant's repeated robocalls.

6.     By making the robocalls at issue in this Complaint, Defendant caused Plaintiff and the members of the Class actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited telephone calls, and the monies paid to their wireless carriers for the receipt of such calls.

7.     Defendant repeatedly made (or directed to be made on its behalf) thousands of unsolicited telephone calls to Plaintiff's and the other members of the putative Class's cellular telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. ("TCPA").

8.     The TCPA was enacted in order to protect consumers from unsolicited phone calls that are of the sort alleged in this case. In response to Defendant's unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited telephone calling activities and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

9.     Plaintiff Robert Kolinek is a natural person and citizen of the State of Florida.

10.     Defendant Walgreen Co. is a corporation organized and existing under the laws of the State of Illinois with its principal place of business located at 200 Wilmot Road, Deerfield, Illinois, 60015. Defendant Walgreen regularly does business throughout the State of Illinois, in this District, and nationwide.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute.

12.     The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant Walgreen Co. maintains its primary place of business in this District and is an Illinois corporation.

## COMMON FACTUAL ALLEGATIONS

13.     Defendant Walgreen operates thousands of retail drugstores nationwide and is the largest chain of pharmacies in the United States.

14.     In January 2012, Defendant implemented an automated system that included robocall refill reminders.  These calls were not alerts informing a consumer that a requested prescription had been filled; rather, they were "reminders" encouraging consumers to refill an eligible prescription at a Walgreens pharmacy. In essence, because Defendant realizes that consumers have numerous choices of where to have their prescriptions filled, the robocall "reminders" serve as advertisements to draw consumers back to a Walgreens pharmacy. Therefore, the robocalls were not made as informational updates, but rather commercial solicitations.

15.     In implementing these promotional robocalls, Defendant took no steps to acquire the consent of consumers who had previously filled prescriptions at a Walgreen pharmacy. Instead, Defendant simply utilized its database of phone numbers and opted all previous customers into the robocall program.

16.     Plaintiff and the members of the putative Class did not provide Defendant with their informed and express consent to receive robocalls.

17.     In fact, the sudden onset of unexpected robocalls from Defendant came as such a surprise to consumers that dozens of complaints appeared online in early 2012 from consumers believing the calls were "scam" calls posing as Walgreens in an attempt to collect personal information (*e.g.*, the automated calls request the recipient's birth date).

18.     One such surprised consumer was Plaintiff Kolinek who began receiving robocalls from Defendant in early 2012 prompting him to refill his prescriptions at Walgreens. Plaintiff first filled a prescription at Walgreens several years (as many as ten years) prior to the commencement of the unsolicited calls. At that time, Plaintiff provided his cellular telephone number to a Walgreens pharmacist who informed him that the number was needed for verification purposes (*i.e.*, if another customer named Robert Kolinek attempted to fill a prescription at the same Walgreens, the pharmacist would be able to confirm the correct person using the phone number on record). At the time Plaintiff provided his phone number to Defendant, he did not consent to receive automated robocalls or any calls prompting him to refill his prescriptions at Walgreens.

19.     Likewise, in the years following this original transaction with Defendant, Plaintiff has never provided his express consent to receive robocalls from Defendant. Nor has Plaintiff created an online account with Defendant through Walgreens.com.

20.     Defendant was and is aware that the above-described telephone calls were and are being made to consumers without those consumers' prior express consent.

21.     The above-described calls violated the TCPA's restriction on using an artificial or prerecorded voice to call consumers' cellular telephones. Further, Defendant acted "knowingly" within the meaning of the TCPA by knowingly calling consumers' telephones using an artificial or prerecorded voice to call, without the prior express consent of the individual being called. Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff and Class Members are entitled to the greater of the amount of their actual damages or $500 per call together, trebled.

### CLASS ALLEGATIONS

22.     Plaintiff Kolinek brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and a class defined as follows:

> All persons in the United States (1) who first filled a prescription through Defendant Walgreen Co. prior to January 1, 2012; (2) who have not created an online account through Walgreens.com; (3) who received a call on his or her cellular telephone; (4) featuring a prerecorded or artificial voice; (5) from Defendant Walgreen Co.; (6) prompting the recipient to refill a prescription at a Walgreens pharmacy.

Excluded from the Class is 1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current and former employees, officers, and directors, 2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, 3) persons who execute and file a timely request for exclusion, 4) the legal representatives, successors, or assigns of any such excluded person; and 5) Plaintiff's counsel and Defendant's counsel.

23.     **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. Defendant has made robocalls

to thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendant's records.

24.     **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited robocalls.

25.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

26.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

a)   whether Defendant's conduct constitutes a violation of the TCPA;

b)   whether Defendant systematically made telephone to members of the Class who did not previously provide Defendant with their prior express consent to receive such calls;

c)   Whether Defendant has a policy or practice of using artificial or prerecorded voice messaging to make telephone calls;

d)   Whether Defendant systematically place calls using a prerecorded or artificial voice to persons that did not previously provide Defendant with consent to call their respective telephone numbers;

e)   whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct; and

f)   Whether the calls made by Defendant using a prerecorded or artificial voice violated Class members' respective rights to privacy.

27.     **Superiority**: This case is also appropriate for class certification as class

proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense required for individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

## COUNT I

**Violation of the TCPA, 47 U.S.C. § 227**
**(On behalf of Plaintiff and the Class)**

28.     Plaintiff incorporates each and every paragraph of this complaint as if fully set forth herein.

29.     Defendant and/or its agents made unsolicited telephone calls to cellular telephone numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

30.     Defendant and/or their agents made unsolicited telephone calls to telephone numbers belonging to Plaintiff and the other members of the Class using a prerecorded or artificial voice, more commonly known as a "robocall."

31.     By making, or having made on its behalf, the unsolicited robocalls utilizing an

artificial or prerecorded voice to Plaintiff and the Class's cellular telephones without prior express consent, Defendant has violated 47 U.S.C. § 227 (b)(1)(A)(iii).

32.     As a result of Defendant's unlawful conduct, Plaintiff and the members of the Class suffered actual damages in the form of monies paid to receive unsolicited telephone calls and therefore, Plaintiff, on behalf of himself and the other members of the Class, seeks an Order under section 227(b)(3)(B) awarding a minimum of $500 in damages for each of Defendant's violations of the TCPA.

33.     Further, Plaintiff, on behalf of himself and the other members of the Class, seek an Order under section 227(b)(3)(A) of the TCPA enjoining Defendant's unlawful telephone calling activities described in this Complaint.

34.     By all of the above, the Defendant engaged in willful and knowing violations of the TCPA's restriction on using artificial or prerecorded voice to call Plaintiff and Class Members' telephones.

35.     Should the Court determine that Defendant's conduct was willful and knowing, it may, under section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Robert Kolinek, individually and on behalf of the Class, pray for the following relief:

1.     An order certifying the Class as defined above, appointing Robert Kolinek as the representatives of the Class, and appointing his counsel as Class Counsel;

2.     An award of actual and statutory damages;

3.     An injunction requiring Defendant to cease all unsolicited telephone calling

activities, and otherwise protecting the interests of the Class;

    4.    An award of reasonable attorneys' fees and costs; and

    5.    Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: July 3, 2013               Respectfully Submitted,

                        **ROBERT KOLINEK**, individually and on behalf of a class of similarly situated individuals,

                        By: _____
                                One of Plaintiff's Attorneys

JAY EDELSON
jedelson@edelson.com
RAFEY S. BALABANIAN
rbalabanian@edelson.com
CHRISTOPHER L. DORE
cdore@edelson.com
BENJAMIN H. RICHMAN
brichman@edelson.com
EDELSON LLC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
(312) 589-6370

STEFAN COLEMAN, ESQ.
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, LLC
201 S Biscayne Blvd, 28th Floor
Miami, FL 33131
(877) 333-9427