# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ROBERT KOLINEK, individually and on behalf of all others similarly situated, *Plaintiff*, v. WALGREEN CO., an Illinois corporation, *Defendant*. | Case No. 13-cv-4806 |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Robert Kolinek, by and through his undersigned counsel, hereby respectfully moves the Court for an Order certifying this case as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3), but requests that the Court enter and continue the instant motion until after the completion of discovery on class wide issues, at which time Plaintiff will submit a fulsome memorandum of points and authorities in support of class certification.[1]

This matter easily satisfies Rule 23's requisites to class certification. Through a common course of conduct, Defendant Walgreen Co. ("Walgreen")—a pharmacy services provider—obtained the telephone numbers of thousands of consumers who had previously filled a prescription at a Walgreens pharmacy, and, without authorization, thereafter instituted an advertising plan in which automated calls featuring an artificial or prerecorded voiced, more

---

[1] Plaintiff filed this motion at the outset of the litigation to prevent Defendant from attempting a so-called "buy off" to moot his representative claims (*i.e.*, tendering to him the full amount of his individual damages alleged in the Complaint). *See Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) ("Class-action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs… If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.").

1

commonly known as "robocalls," were placed to those phone numbers. Through that conduct, Defendant not only invaded consumers' personal privacy, but repeatedly violated the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA"), thereby entitling those consumers to statutory damages and injunctive relief.

Defendant made all of the telephone calls at issue here in the same manner and without the prior express consent of Plaintiff or the other members of the putative Class. Likewise, the injuries suffered by Plaintiff and the putative Class as a result of Defendant's conduct are identical. That is, each putative Class member was subjected to the aggravation and nuisance that necessarily accompanies the receipt of unsolicited robocalls and were required to pay monies to their wireless carriers for the receipt of such calls, thus entitling them to a nearly identical calculation of actual and statutory damages under the TCPA.

For these reasons and as discussed further herein, the proposed Class meets each of the requisites to certification under Federal Rules 23(b)(2) and (b)(3), and the instant motion may be granted in its entirety. Notwithstanding, Plaintiff respectfully requests that the Court (1) enter and reserve ruling on Plaintiff's Motion for Class Certification; (2) allow for and schedule discovery to take place on class-wide issues; (3) grant Plaintiff leave to file a supplemental memorandum in support of his Motion for Class Certification upon the conclusion of class-wide discovery; (4) grant Plaintiff's Motion for Class Certification after full briefing of the issues presented herein; and, (5) provide all other and further relief that the Court deems reasonable and just.

**I.      FACTUAL BACKGROUND**

    **A.      Facts Applicable to All Putative Class Members.**

Defendant Walgreen is a major national pharmacy services provider, with over 8300

locations in the United States. (*See* Class Action Complaint, Dkt. 1, "Compl." ¶ 1.) In an effort to increase the number of customers who refill their prescriptions at Walgreens pharmacies, Defendant instituted an advertising plan in which thousands of automated calls featuring an artificial or prerecorded voiced, more commonly known as "robocalls," were placed to consumers who had previously filled a prescription at Walgreens—ostensibly to "remind" consumers to refill their prescription at a Walgreens pharmacy. (*Id.* ¶ 4.) Specifically, in January 2012, Defendant implemented an automated system that included robocall refill reminders. (*Id.* ¶ 14.) These calls were not alerts informing a consumer that a requested prescription had been filled; rather, they were "reminders" encouraging consumers to refill an eligible prescription at a Walgreens pharmacy. (*Id.*) In essence, because Defendant realizes that consumers have numerous choices of where to have a prescription filled, the robocalls "reminders" serve as advertisements to draw consumers back to a Walgreens pharmacy. (*Id.*) Therefore, the robocalls were not made as informational updates, but rather commercial solicitations. (*Id.*)

Unfortunately, Defendant took no steps to acquire the consent of consumers who had previously filled prescriptions at a Walgreens pharmacy. Instead, Defendant simply mined through its database of phone numbers and opted all previous customers into the robocall program. (*Id.* ¶ 15.) In fact, the sudden onset of unexpected robocalls from Defendant came as such a surprise to consumers, that dozens of complaints appeared online in early 2012 from consumers believing the calls were a "scam" call posing as Walgreens in an attempt to collect personal information (*e.g.*, the automated calls request the recipient's birth date). (*Id.* ¶ 17.)

In response to Defendant's unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited telephone calling activities and an award of statutory damages to the members of the Class under the TCPA, together with costs and

3

reasonable attorneys' fees. (*Id.*)

B.     **Facts Specific to Plaintiff Robert Kolinek.**

Starting in early 2012, Plaintiff began to receive telephone calls from Defendant, or a business partner acting on Defendant's behalf, on his cellular telephone. (*Id*. ¶ 18.) Specifically, Plaintiff received robocalls prompting him to refill his prescriptions at Walgreens. (*Id.*) Plaintiff never consented to, requested, or otherwise desired or permitted Defendant to make calls to his cellular telephone, or any other telephone number. (*Id*. ¶¶ 18-19.)

In response to Defendant's conduct, on July 2, 2013, Plaintiff filed his one-count putative class action Complaint alleging a cause of action for violations of the TCPA. (Dkt. 1.)

II.    **ARGUMENT**

A.     **The Proposed Class.**

Plaintiff seeks certification of a nationwide class of individuals (the "Class"), defined as follows:

> All persons in the United States (1) who first filled a prescription through Defendant Walgreen Co. prior to January 1, 2012; (2) who have not created an online account through Walgreens.com; (3) who received a call on his or her cellular telephone; (4) featuring a prerecorded or artificial voice; (5) from Defendant Walgreen Co.; (6) prompting the recipient to refill a prescription at a Walgreens pharmacy.
>
> Excluded from the Class are: 1) any Judge or Magistrate presiding over this action and members of their families; 2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former employees, officers and directors; 3) counsel for Plaintiff and Defendant; 4) persons who properly execute and file a timely request for exclusion from the class; 5) the legal representatives, successors or assigns of any such excluded persons; and 6) all persons who have previously had their claims finally adjudicated on the merits or otherwise released.

Plaintiff anticipates a potential need to revise the Class definition following a reasonable period for discovery and respectfully reserves the right to do so. As demonstrated below, the proposed Class meets each of Rule 23's requisites to certification and therefore, the instant motion should

be granted in its entirety.

B. **The Standard for Certification.**

Class certification is appropriate under Rule 23 when the proponent of certification demonstrates that each of the requirements of Rule 23(a) and at least one of the subsections under Rule 23(b) have been satisfied. Rule 23(a) requires that (i) the proposed class is so numerous that joinder of all individual class members is impracticable (numerosity); (ii) that there are common questions of law and fact amongst class members (commonality); (iii) that the proposed representative's claims are typical of those of the class (typicality); and, (iv) that both the named-representative and his or her counsel have and will continue to adequately represent the interests of the class (adequacy).

In this case, Plaintiff seeks certification of the proposed Class under both Rule 23(b)(2) and (b)(3). In order to certify a class under Rule 23(b)(2), a plaintiff must show that the party opposing certification has acted or failed to act on grounds generally applicable to the class as a whole, "so that final injunctive relief or corresponding declaratory relief is appropriate...." Under Rule 23(b)(3) (i) there must be questions of law or fact common to the proposed class members, which predominate over any questions affecting only individual members, and (ii) the class mechanism must be superior to other available methods for fairly and efficiently adjudicating the controversy.

In determining whether to certify a proposed class, a court does not inquire into the merits of the plaintiff's claims. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974). Instead, "for purposes of considering a motion for class certification, the substantive allegations of the complaint are generally assumed to be true and it is also assumed that cognizable claims are stated." *Anderson v. Cornejo,* 199 F.R.D. 228, 237 (N.D. Ill. 2000). Thus, courts are required

to analyze the allegations of the complaint and any evidence submitted by the parties, with a presumption in favor of certification. *Id*.

  C.  **The Proposed Class Meets the Requirements of Rule 23(a).**

    *i.*  *The Numerosity Requirement is Satisfied.*

Rule 23(a)'s first requirement – numerosity – is satisfied where "the class is so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). However, there is no specific number required, nor are the plaintiffs required to state the exact number of potential class members. *See Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006). Generally, "[t]he court is permitted to make common-sense assumptions that support a finding of numerosity." *Maxwell v. Arrow Fin. Servs., LLC*, No. 03 C 1995, 2004 WL 719278, at *2 (N.D. Ill. Mar. 31, 2004); *see also* 3 ALBA CONTE & HERBERT B. NEWBERG, *Newberg on Class Actions* § 7.20, 66 (4th ed. 2001).

Here, Kolinek alleges—and discovery will show—that Defendant has made unsolicited telephone calls to the cellular telephones of thousands of individuals throughout the country. (Compl. ¶¶ 3, 17, 23); s*ee Heastie v. Community Bank of Greater Peoria*, 125 F.R.D. 669 (N.D. Ill. 1989) (classes numbering in the thousands "clearly" satisfy the numerosity requirement); *Newberg on Class Actions* § 3:5, 243-46 ("Class actions under the amended Rule 23 have frequently involved classes numbering in the hundreds, or thousands... In such cases, the impracticability of bringing all class members before the court has been obvious, and the Rule 23(a)(1) requirement has been easily met.") Likewise, Plaintiff alleged that dozens of complaints appeared online related to the telephone calls at issue here. (Compl. ¶ 17.) Accordingly, the

proposed Class satisfies the numerosity requirement.[2]

        ii.      *The Commonality Requirement is Satisfied.*

Next, Rule 23(a)(2) requires that "there are questions of law or fact common to the class." To meet the commonality requirement, the named-representative is required to demonstrate that the proposed class members "have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). In other words, commonality requires that the claims of the class "depend upon a common contention…of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* Commonality is present where a "common nucleus of operative fact" exists, even if as to one question of law or fact, *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992), and is often found where "defendants have engaged in standardized conduct toward members of the proposed class." *Whitten v. ARS Nat'l Servs. Inc.*, No. 00 C 6080, 2001 WL 1143238, at *3 (N.D. Ill. Sept. 27, 2001) (internal quotations omitted). The question of commonality is a relatively low and easily surmountable hurdle. *See Scholes v. Stone, McGure, & Benjamin*, 143 F.R.D. 181, 185 (N.D. Ill. 1992).

Here, Plaintiff and the Class's claims are based upon the same common contention: that Defendant violated the proscriptions of the TCPA by repeatedly making robocalls to their cellular telephones despite the fact that the called parties did not authorize Defendant to do so. (Compl. ¶¶ 4, 7, 14.) Defendant made the telephone calls systematically and its conduct affected Plaintiff and the Class members in a virtually identical manner (*i.e.*, subjecting them to the aggravation and costs associated with the receipt of such calls). (Id. ¶ 6.) Moreover, Defendant's

---

[2]     To the extent the Court requires additional details regarding the number of members in the Class, such information may be obtained from Defendant's records through discovery.

7

unlawful conduct will be proven through the use of common and generalized evidence applicable to the Class as a whole.

As a result, the common factual issues for the Class includes, but are not necessarily limited to, (i) whether Defendant systematically made robocalls to persons who did not provide Defendant with their prior express consent to do so and (ii) whether Defendant utilized an artificial or prerecorded voice in making telephone calls to Plaintiff and the putative Class. (Id. ¶¶ 3, 26.) These common factual questions lead to several legal questions common to the Class, including: (i) whether Defendant's conduct constitutes a violation of the TCPA and (ii) whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct. (Id.)

Accordingly, the commonality requirement is met as well.

### iii. Plaintiff's Claims are Typical of the Class.

Rule 23 next requires that Plaintiff's claims are typical of those of the other Class members. Fed. R. Civ. P. 23(a)(3). The typicality requirement is closely related to commonality and is satisfied if Plaintiff's claims arise from "the same event or practice or course of conduct that gives rise to the claims of other class members and…are based on the same legal theory." *Radmanovich v. Combined Ins. Co. of Am.*, 216 F.R.D. 424, 432 (N.D. Ill. 2003) (internal quotations omitted). Nevertheless, the existence of factual differences will not preclude a finding of typicality—the claims of a named plaintiff need only share "the same essential characteristics" as those of the class. *Id.* Indeed, "'[s]imilarity of legal theory is more important than factual similarity….'" *Id.* (quoting *Harris v. City of Chicago*, Nos. 96 CV 2406, 96 CV 7526, 1998 WL 59873, at *5 (N.D. Ill. Feb. 9, 1998)).

Here, Plaintiff and the proposed Class were each subjected to Defendant's common

course of conduct. That is, they each received one or more unsolicited robocalls from Defendant (or its business partners) encouraging them to return to a Walgreens pharmacy and refill their prescriptions. (Compl. ¶¶ 14-17.) As a result of Defendant's conduct, Plaintiff and the other members of the Class also suffered substantially the same harm in the form of the aggravation and nuisance that necessarily accompanies the receipt of unsolicited robocalls and were each required to pay monies to their wireless service providers for the receipt of the calls, thus entitling them to an identical calculation of statutory damages under the TCPA. (*Id.* ¶ 32.) As such, by pursuing his own claims, Plaintiff will necessarily advance the interests of the proposed Class in satisfaction of Rule 23(a)(3)'s typicality requirement.

        *iv.*    *The Adequacy of Representation Requirement is Satisfied.*

Finally, Rule 23(a) requires that the representative parties have and will continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This means that both a proposed class representative and his or her counsel have the ability to "zealously represent and advocate on behalf of the class as a whole." *Maxwell*, 2004 WL 719278, at *5. The proposed class representative must not have claims that are "antagonistic or conflicting…with other members of the class," and must have a "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Id.* (internal quotations omitted). Additionally, proposed class counsel must be competent and have the resources necessary to sustain the complex litigation necessitated by class claims—it is persuasive that proposed class counsel have been found adequate in prior cases. *See Gomez v. Ill. State Bd. of Educ.*, 117 F.R.D. 394, 401 (N.D. Ill. 1987).

Plaintiff Kolinek has the same interests as the other members of the Class. He, like other members of the class, received unauthorized robocalls from Defendant as a result of Defendant's

uniform course of unlawful conduct. (Compl. ¶¶ 14-19.) Therefore, like the other members of the Class, his interests lie in ensuring that Defendant's conduct does not continue in the future and that he and the other members of the Class recover the statutory damages and injunctive relief to which they are entitled. Plaintiff has no interests antagonistic to those of the Class. (Compl. ¶ 25.)

Similarly, Plaintiff's counsel are well-respected members of the legal community, who have extensive experience in class actions of similar size, scope, and complexity to the instant action. (*See* Declaration of Christopher L. Dore ¶¶ 4-5 ("Dore Decl.") a true and accurate copy of which is attached hereto as Exhibit 1.). Moreover, they have regularly engaged in major complex litigation involving the TCPA and consumer technology issues, have the resources necessary to conduct litigation of this nature, and have frequently been appointed lead class counsel by courts throughout the country. (Dore Decl. ¶ 4; *see also* Firm Resume of Edelson LLC, a true and accurate copy of which is attached as Exhibit 1-A to the Dore Decl.) Proposed class counsel have already diligently investigated the claims at issue in this action and dedicated substantial resources to the case, and will continue to do so throughout its pendency. (Dore Decl. ¶ 6.)

Thus, both Plaintiff and his counsel are more than adequate to represent the putative Class and the final requisite to certification under Rule 23(a) is satisfied.

### D. The Proposed Class Meets the Requirements of Rule 23(b)(2) and (b)(3).

Once the prerequisites of Rule 23(a) have been satisfied, one of the three subsections of Rule 23(b) must be satisfied as well. Here, Plaintiff seeks certification of the proposed Class under Rules 23(b)(2) and (b)(3).

#### i. *Rule 23(b)(2) is Satisfied.*

Rule 23(b)(2) provides that the party opposing certification must have acted or failed to

act on grounds generally applicable to the proposed class, "so that final injunctive relief or corresponding declaratory relief is appropriate...." *Brown v. Yellow Transp., Inc.*, No. 08C5908, 2011 WL 1838741, at *2 (N.D. Ill. 2011) (quoting Fed. R. Civ. P. 23(b)(2)). The requirement that the defendant act on grounds generally applicable to the class, like the whole of Rule 23, is to be "liberally construed so as to favor the maintenance of class actions where appropriate." *Yellow Transp.*, 2011 WL 1838741, at *2 (citing *In re Evanston Nw. Healthcare Corp. Antitrust Litig.*, 268 F.R.D. 56, 60 (N.D. Ill. 2010); *see also King v. Kansas City Southern Indus.*, 519 F.2d 20, 26 (7th Cir. 1975)). Where a court finds that Rule 23(a)'s commonality requirement is met, courts have typically found that there is a sufficient showing that the defendant acted on grounds generally applicable to the class as a whole. *See Lemon v. Intl. Union of Operating Engineers, Loc. No. 139, AFL-CIO*, 216 F.3d 577, 580 (7th Cir. 2000); *Yellow Transp.*, 2011 WL 183871, at *7.

There should be no question that Defendant Walgreen acted on grounds generally applicable to the Class as a whole. It made virtually identical robocalls to Plaintiff and each of the other putative Class members without their consent seeking to draw customers back to its pharmacies. (Compl. ¶¶ 3-4, 13-19.) Likewise, Plaintiff and the Class members were opted in to the robocall program in the same manner in that their cellular telephones existed in Defendant's records at the time the program was instituted, and therefore, Plaintiff and Class members took no affirmative action to be added to the program or to receive calls. (Id. ¶ 5.) Defendant's conduct did not vary significantly from Class member to Class member and therefore, final injunctive relief is necessary to protect Plaintiff and the other members of the Class from that conduct in the future.

Thus, the requirements of Rule 23(b)(2) are satisfied.

11

### ii. *Rule 23(b)(3) is Satisfied.*

Plaintiff also seeks class certification under Rule 23(b)(3), which provides that a class action may be maintained where the questions of law and fact common to members of the class predominate over any questions affecting only individual members, and the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3); *Fletcher v. ZLB Behring LLC*, 245 F.R.D. 328, 331-32 (N.D. Ill. 2006). This case easily meets both of these requirements.

First, Rule 23(b)(3)'s "predominance requirement looks to whether the proposed class is 'sufficiently cohesive' to warrant 'adjudication' by representation.'" *Williams-Green v. J. Alexander's Restaurants, Inc.*, 277 F.R.D. 374, 383 (N.D. Ill. 2011) (citing *Wal–Mart Stores*, 131 S.Ct. at 2566). The inquiry requires courts to identify "the substantive issues that will control the outcome, assess[ ] which issues will predominate, and then determin[e] whether the issues are common to the class." *Id.* (citing *Hyderi v. Washington Mut. Bank, FA*, 235 F.R.D. 390, 398 (N.D. Ill. 2006)) (internal quotations omitted).

In this case, the claims of Plaintiff and the other members of the Class all arise from Defendant's standardized conduct of making robocalls to their cellular telephones without obtaining prior consent. Thus, the common questions described in Section II(C)(ii), *supra*, predominate over any issues affecting only individual Class members (*e.g.*, the total number of telephone calls received by each individual Class member). Moreover, the evidence necessary to prove Plaintiff's and the Class's claims—including the content of the telephone calls, the manner and means by which Defendant made the calls, to what phone numbers they were made, and how Defendant obtained those phone numbers—will come from within Defendant's own records, rather than from individual Class members themselves. Thus, the only claim at issue in this

case—Defendant's violation of the TCPA—presents numerous common and predominant issues for the Class and is subject to generalized proofs. As such, the predominance requirement is also satisfied.

Finally, Rule 23(b)(3) further requires that the class action mechanism be superior to the other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P 23(b)(3); *Fletcher*, 245 F.R.D. at 334. The instant class action is superior to other available methods for litigating Plaintiff's and the other Class members' claims. Absent class treatment, each individual Class member would be required to present the same or essentially the same legal and factual arguments, in separate and duplicative proceedings, the result of which would be a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants. Such a result would be neither efficient nor fair to anyone, including Defendant. Moreover, there is no indication that members of the Class have a strong interest in individual litigation, let alone any incentive to pursue their claims individually, given the small amount of damages likely to be recovered relative to the resources required to prosecute such an action. Similarly, class certification would promote consistency of rulings and judgments, giving all parties the benefit of finality.

Accordingly, the superiority requirement is satisfied as well.

## **CONCLUSION**

For the foregoing reasons, and which will be borne out by class discovery, this case is appropriate for class certification. Accordingly, Plaintiff Robert Kolinek, on his own behalf and on behalf of the proposed Class, respectfully requests that the Court (1) enter and reserve ruling on Plaintiff's Motion for Class Certification; (2) allow for and schedule discovery to take place on class-wide issues; (3) grant Plaintiff leave to file a supplemental memorandum in support of

his Motion for Class Certification upon the conclusion of class-wide discovery; (4) grant Plaintiff's Motion for Class Certification after full briefing of the issues presented herein; and, (5) provide all other and further relief that the Court deems reasonable and just.[3]

Respectfully submitted,

Dated: July 3, 2013

**ROBERT KOLINEK,** individually and on behalf of all others similarly situated,

By: /s/
One of Plaintiff's Attorneys

JAY EDELSON
jedelson@edelson.com
RAFEY S. BALABANIAN
rbalabanian@edelson.com
CHRISTOPHER L. DORE
cdore@edelson.com
BENJAMIN H. RICHMAN
brichman@edelson.com
EDELSON LLC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
(312) 589-6370

STEFAN COLEMAN, ESQ.
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, LLC
201 S Biscayne Blvd, 28th Floor
Miami, FL 33131
(877) 333-9427

---

[3] Plaintiff respectfully reserves the right to amend the definitions of the Class, as appropriate, at the conclusion of classwide discovery.