**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| ROBERT KOLINEK, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>WALGREEN CO., an Illinois corporation,<br><br>*Defendant*. | Case No. 13-cv-4806<br><br>Honorable Matthew F. Kennelly |

## MOTION TO DISMISS OF WALGREEN CO.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant Walgreen Co. ("Walgreens") respectfully moves to dismiss Plaintiff Robert Kolinek's Class Action Complaint ("the Complaint" or "Cmplt."). In support of this Motion, and as further explained in the accompanying Memorandum of Law, Walgreens states:

1.  Plaintiff accuses Walgreens of violating the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (the "TCPA"), by making automated prescription refill reminder telephone calls to cell phones to remind customers that their medical prescriptions are due for refill. Plaintiff does *not* allege that Walgreens is making automated telemarketing calls indiscriminately in order to advertise its products or services to *potential* customers. Instead, Plaintiff challenges only the prescription refill reminder call program, by which calls are made only to *current customers* who have an *active prescription* at Walgreens that is due under the doctor's orders to be refilled and *who have voluntarily provided their phone numbers to Walgreens*. *See* Cmplt. ¶¶ 4, 14, 22. Plaintiff's claim is barred for two reasons.

2.  First, Plaintiff's claim is barred because he consented as a matter of law to receiving these calls. The TCPA expressly exempts from liability automated calls to cell phones

"made with the prior express consent of the called party," 47 U.S.C. § 227(b)(1)(A)(iii), and Plaintiff admits that before receiving any prescription refill reminder calls, he voluntarily provided his cell phone number to his Walgreens pharmacist when dropping off a prescription to be filled. *See* Cmplt. ¶ 18. It is settled law that by providing his telephone number to Walgreens, Plaintiff consented to be contacted at that number. *See, e.g., Pinkard v. Wal-Mart Stores, Inc.*, No. 3:12-cv-02902-CLS, 2012 U.S. Dist. LEXIS 160938 (N.D. Ala. Nov. 9, 2012) (granting motion to dismiss because "prior express consent" is obtained when a customer provides a pharmacy with her cell phone number when dropping off a prescription). *See* Def. Br. at pp. 1-2, 5-9.

3. <u>Second</u>, Plaintiff's claim is barred because the prescription refill reminder calls communicate health information, and the TCPA expressly permits such calls under the so-called "emergency purpose" exemption (47 U.S.C. § 227(b)(1)(A)) which Congress intended and the FCC recognized applies broadly to situations where it is in the public interest to communicate health or safety information by automated means. In keeping with Congressional intent, the FCC has interpreted the "emergency purpose" exemption to include "situations in which it is in the public interest to convey information to consumers concerning health or safety, whether or not the event was anticipated or could have been anticipated." *In the Matter of the Telephone Consumer Protection Act of 1991*, FCC 92-176, 7 FCC Rcd. 2736, 2738 (Apr. 10, 1992). *See* Def. Br. at pp. 2-3, 9-15.

4. The calls at issue here provide important reminders to many patients that their prescriptions are due for refill under the doctor's orders, and no less than three federal agencies (The Health and Human Services Agency, The Federal Trade Commission, and The Federal Communications Commission) have determined that such calls are a valuable service that (i)

- 3 -

promotes better healthcare outcomes by encouraging patient adherence to treatment plans and (ii) lowers healthcare costs. These calls serve the public interest by widely and cheaply providing important healthcare information. They are not unlawful under the TCPA. *See* Def. Br. at pp. 11-15.

WHEREFORE, for the foregoing reasons, and as more fully explained in the accompanying Memorandum of Law, Plaintiff's Complaint should be dismissed with prejudice.

Dated: August 30, 2013

Respectfully submitted,

/s/ Bradley J. Andreozzi
Bradley J. Andreozzi
bradley.andreozzi@dbr.com
Chancé L. Cooper
chance.cooper@dbr.com
**DRINKER BIDDLE & REATH LLP**
191 North Wacker Drive, Suite 3700
Chicago, IL 60606-1698
Tel: (312) 569-1000
Fax: (312) 569-3000

*Counsel for Defendant Walgreen Co.*