IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT KOLINEK, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 13 C 4806 |
| WALGREEN CO., ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Robert Kolinek has filed suit on behalf of a putative class against Walgreen Co. (Walgreens), alleging that it made unsolicited calls to its current and former customers on their cellular telephones in violation of the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227(b)(1)(A)(iii). Walgreens has moved to dismiss for failure to state a claim. It argues that Kolinek consented to receiving the alleged calls on his cell phone by voluntarily providing his phone number to Walgreens and, in addition, that the calls are authorized by the TCPA's "emergency purposes" exemption. For the reasons stated below, this Court concludes that Walgreens has established its consent defense and therefore grants its motion to dismiss.

### Background

The Court accepts as true the following facts alleged in Kolinek's complaint. *See, e.g., Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

Kolinek filled a prescription at Walgreens "as many as ten years" before 2012.

Compl. ¶ 18. At that time, he provided his cellular phone number to a Walgreens pharmacist, "who told him that his number was needed for potential identity verification purposes." *Id*. Kolinek says he gave no express consent to receive automated calls. *Id.* ¶¶ 18-19.

In early 2012, Kolinek began receiving automated "robocalls" from Walgreens on his cellular phone, in which he was reminded to refill his prescription. *Id.* ¶¶ 18 & 4. Kolinek alleges that Walgreens made thousands of such calls to its current and former customers across the United States. *Id.* ¶ 7.

Kolinek asserts a claim under the TCPA on behalf of himself and a nationwide putative class. He contends that Walgreens violated the TCPA because the calls in question were made using a prerecorded voice and without the recipients' consent.

## Discussion

In considering a motion to dismiss for failure to state a claim, a district court "must construe all of the plaintiff's factual allegations as true, and must draw all reasonable inferences in the plaintiff's favor. However, legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption." *Virnich*, 664 F.3d at 212. To survive the motion, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

This case involves a provision of the TCPA that concerns automated telephonic communications by or to U.S. parties. The provision states that

> [i]t shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –

2

>(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –
>
>. . .
>
>>(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.]

47 U.S.C. § 227(b)(1)(A). An "automatic telephone dialing system" is defined as "equipment which has the capacity to store or produce telephone number to be called, using a random or sequential number generator, and to dial such numbers." *Id.* § 227(a)(1).

"[P]rior express consent" under the TCPA is an affirmative defense on which the defendant bears the burden of proof; it is not a required element of the plaintiff's claim. *See Thrasher-Lyon v. Ill. Farmers Ins. Co.*, 861 F. Supp. 2d 898, 905 (N.D. Ill. 2012); *D.G. v. Diversified Adjustment Serv., Inc.*, No. 11 C 2062, 2011 WL 5506078, at *3 (N.D. Ill. Oct. 18, 2011); *Martin v. Bureau of Collection Recovery*, No. 10 C 7725, 2011 WL 2311869, at *1 (N.D. Ill. June 13, 2011); *see also Grant v. Capital Mgmt. Servs., L.P.*, 449 F. App'x 598, 600 n.1 (9th Cir. 2011); *Pinkard v. Wal-Mart Stores, Inc.*, No. 3:12-cv-02902-CLS, 2012 WL 5511039, at *2 (N.D. Ala. Nov. 9, 2012); *cf. In re Rules & Regs. Implementing Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd. 559, 565 ¶ 10 (Jan. 4, 2008) ("Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent."). As a general rule, dismissal under Rule 12(b)(6) is inappropriate when the motion to dismiss seeks to establish an affirmative defense. Dismissal is appropriate, however, when a defense is set out entirely in the plaintiff's complaint – though the

motion in this situation is better characterized as a Rule 12(c) motion for judgment on the pleadings. *See Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 & n.1 (7th Cir. 2012); *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012); *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).

The TCPA does not define "prior express consent." Walgreens relies on an interpretation of the defense by the Federal Communications Commission (FCC). The TCPA authorizes the FCC to "prescribe regulations to implement the requirements" of section 227(b). 47 U.S.C. § 227(b)(2). Pursuant to this authorization, the FCC has stated the following with regard to the prior express consent defense:

> [P]ersons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary. Hence, telemarketers will not violate our rules by calling a number which was provided as one at which the called party wishes to be reached.

*In re Rules & Regs. Implementing Tel. Consumer Prot. Act of 1991*, 7 FCC Rcd. 8752, 8769 ¶ 31 (Oct. 16, 1992).

If the FCC's interpretation governs, Kolinek has no claim, because he admits in his complaint that he knowingly gave his cell phone number to Walgreens. And the FCC's interpretation of the TCPA is, in fact, binding on this Court. A federal statute called the Administrative Orders Review Act, more commonly known as the Hobbs Act, reserves to the courts of appeals the power "to enjoin, set aside, suspend (in whole or in part), or to determine the validity of" all final FCC orders. *See* 28 U.S.C. § 2342(1); 47 U.S.C. § 402(a). Were this Court to decline to apply the FCC's ruling in deciding Kolinek's case, that would be the same as invalidating the ruling, something a federal

4

district court lacks the authority to do. The Seventh Circuit so held in *CE Design, Ltd. v. Prism Business Media, Inc.*, 606 F.3d 443, 449-50 (7th Cir. 2010).

This Court does, of course, have the authority to decide whether the FCC's interpretation of the consent defense governs this case. *Id.* at 450. The Court concludes it does. Kolinek argues that the FCC interpreted the statute only in a narrow and focused context, concerning businesses responding to incoming customer calls. *See* Pl.'s Resp. to Def.'s Mot. to Dismiss at 4. That may have been the scenario that prompted the FCC's ruling, but the FCC responded by describing the general rule and then applying it to that scenario. The general rule—"persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary"—is what bars Kolinek's claim. His complaint does not identify any "instructions to the contrary" that he imposed at the time he provided his cell phone number to Walgreens.

Finally, though Kolinek notes that his consent came ten years before the robocalls in question, *see* Pl.'s Resp. to Def.'s Mot. to Dismiss at 3, he does not argue that the passage of time vitiated his consent. Any such argument would fail, because consent under the TCPA does not expire on its own; it must be revoked. *See Beal v. Wyndham Vacation Resorts, Inc.*, ___ F. Supp. 2d ___, No. 12-cv-274-bbc, 2013 WL 3870282, at *14-17 (W.D. Wis. June 20, 2013).

**Conclusion**

For the reasons stated above, the Court grants Walgreens' motion to dismiss [dkt. no. 18] and directs the Clerk to enter judgment dismissing this action with

prejudice. The status hearing set for February 18, 2014 is vacated.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: February 10, 2014