# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ROBERT KOLINEK, individually and on behalf of all others similarly situated, *Plaintiff*, v. WALGREEN CO., an Illinois corporation, *Defendant*. | Case. No. 13-cv-04806<br><br>Hon. Mathew F. Kennelly |

### PLAINTIFF KOLINEK'S MOTION TO RECONSIDER ORDER OF DISMISSAL

**TABLE OF CONTENTS**

**INTRODUCTION** ................................................................................................................ 1

**ARGUMENT** ........................................................................................................................ 2

**I.** **THE FCC'S INTERPRETATION OF "PRIOR EXPRESS CONSENT" DOES NOT INCLUDE EVERY PROVISION OF A PHONE NUMBER TO A BUSINESS, SUCH AS PLAINTIFF'S PROVISION OF HIS NUMBER TO WALGREENS FOR IDENTITY VERIFICATION PURPOSES** ............................... 3

**II.** **EVEN UNDER THE INTERPRETATION ADOPTED BY THE COURT, DISMISSAL WAS NOT WARRANTED BECAUSE THE COMPLAINT DID NOT PLEAD ALL OF THE FACTS NECESSARY TO ESTABLISH THE AFFIRMATIVE DEFENSE OF PRIOR EXPRESS CONSENT** ............................... 7

**CONCLUSION** .................................................................................................................... 9

Case: 1:13-cv-04806 Document #: 40 Filed: 03/10/14 Page 3 of 15 PageID #:207

**TABLE OF AUTHORITIES**

**United States Supreme Court Cases:**

*Clark v. Martinez*, 543 U.S. 371 (2005) ........................................................................... 7 n.5

**United States Circuit Court of Appeals Cases:**

*Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687 (7th Cir. 2012) ..................... 7, 8, 8 n.6

*Carmichael v. The Payment Ctr., Inc.*, 336 F.3d 636 (7th Cir. 2003) ................................ 6

*Robbins v. Bentsen*, 41 F.3d 1195 (7th Cir. 1994) ............................................................ 6

*Tamayo v. Blagojevich*, 526 F.3d 1074 (7th Cir. 2008) .................................................... 9 n.9

*United States v. Lewis*, 411 F.3d 838 (7th Cir. 2005) ...................................................... 8

*Virnich v. Vorwald*, 664 F.3d 206 (7th Cir. 2011) ............................................................. 8 n.8

**United States District Court Cases:**

*Carlson v. Nevada Eye Care Prof'ls*, No. 2:13-cv-00364-RCJ-PAL,
    2013 WL 2319143 (D. Nev. May 28, 2013) ................................................................ 5 n.3

*Chicago Faucet Shoppe, Inc. v. Nestle Waters N. Am. Inc.*, No. 12 C 08119,
    2014 WL 541644 (N.D. Ill. Feb. 11, 2014) .................................................................. 8

*In re Jiffy Lube Int'l, Inc. Text Spam Litig.*, 847 F. Supp. 2d 1253 (S.D. Cal. 2012) ........ 5 n.3

*Second Amendment Arms v. City of Chicago*, No. 10-CV-4257,
    2012 WL 4464900 (N.D. Ill. Sept. 25, 2012) ............................................................... 8

*Thrasher-Lyon v. CCS Commercial, LLC*, No. 11 C 04473,
    2012 WL 3835089 (Sept. 4, 2012) .............................................................................. 6

*Thrasher-Lyon v. Ill. Farmers Ins. Co.*, 861 F. Supp. 2d 898 (N.D. Ill. 2012) .................. 2

**Statutory & Other Authorities:**

Black's Law Dictionary (9th ed. 2009) ............................................................................... 8

*In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*,
    7 FCC Rcd 8752 (1992) ............................................................................................. 1, 4

ii

*In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*,
      23 FCC Rcd 559 (2008) ............................................................................................... 5

*In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*,
      27 FCC Rcd 1830 (2012) ................................................................................... 5, 6 n.4

28 U.S.C. § 2342 ................................................................................................................. 3 n.1

47 U.S.C. § 227 ...................................................................................................................... 1-2

**INTRODUCTION**

Plaintiff Robert Kolinek, pursuant to Federal Rule of Civil Procedure 59(e), respectfully moves this Court to reconsider its Memorandum Opinion and Order of February 10, 2014 dismissing with prejudice his Complaint against Defendant Walgreen Co. ("Defendant" or "Walgreens"). (*See* Dkt. 38.) Plaintiff's Complaint alleged that Walgreens violated the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA") by making "robocalls" to his cell phone. Walgreens moved to dismiss, arguing, among other things, that Plaintiff had consented to receive the calls by providing his cell phone number ten years earlier to a Walgreens pharmacist who told him the number was needed for identification purposes in the event two customers shared the same name. This Court granted the motion, expressing the view that it was bound by a 1992 FCC order interpreting the TCPA's prior express consent defense. (*See* Dkt. 38) (citing *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 7 FCC Rcd 8752 (1992) (the "1992 Order")). In particular, the Court held that the 1992 Order suggests that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary…." (Dkt. 38 at 5.) Based on that, the Court further held that, on its face, the Complaint established that the prior express consent defense applied here and dismissal with prejudice was appropriate. (*Id*. at 4-5.) Plaintiff requests that the Court reconsider its ruling for two primary reasons.

First, Plaintiff respectfully submits that the FCC's stated interpretation of the "prior express consent" defense is far narrower than the interpretation adopted by this Court. Indeed, when read together, the FCC's 1992, 2008 and 2012 orders establish that the mere provision of a cell phone number—especially, as in this case, where it was provided for a limited purpose—

1

does not alone constitute "prior express consent" to be called. Instead, for the defense to apply, the number must have been "provided as one at which the called party wishes to be reached." Thus, based on the allegations in the Complaint—that Plaintiff provided his cell phone number only for identification purposes—provision of the phone number to Walgreens should not have been construed as prior express consent to be robocalled.

Second, even applying the Court's broader interpretation of the "prior express consent" defense, the Complaint still should not have been dismissed because it does not on its face contain all of the facts necessary to establish the defense, nor are those facts otherwise found in the record. Namely, the pleadings and evidence before the Court do not establish one way or the other that Plaintiff (i) knowingly provided his cell phone number for purposes of being contacted by Walgreens, or (ii) gave instructions not to call that number. As a result, it is unclear at this point whether application of the prior express consent defense is appropriate and therefore, dismissal was not warranted on that basis.

For these reasons, and as described further below, Plaintiff respectfully requests that this Court reconsider—and vacate—its dismissal of his Complaint.

## ARGUMENT

Under the TCPA, having the "prior express consent" of the called party is an affirmative defense to a claim that an otherwise unlawful robocall was made to a cell phone. 47 U.S.C. § 227(b)(1)(A); *Thrasher-Lyon v. Ill. Farmers Ins. Co.*, 861 F. Supp. 2d 898, 905 (N.D. Ill. 2012). Relying on the 1992 Order, this Court held that the FCC has established a "general rule" that consumers who knowingly provide their phone numbers to a business consent to receive calls from that business. (Dkt. 38 at 5.) Plaintiff respectfully submits that the Court erred in its interpretation of the 1992 Order, as the FCC has ruled that the prior express consent defense—in

2

the context of providing one's phone number—is more limited. Specifically, the FCC recognizes that consumers provide their cell phone numbers to businesses for a variety of reasons, and only in limited instances does provision of the number constitute prior express consent to be called. This is evident in the 1992 Order, as well as subsequent orders issued by the FCC, and is consistent with cannons of agency interpretation.[1]

Further, even if the FCC's interpretation of prior express consent is limited to the statement in the 1992 Order described *supra*,[2] the Complaint still should not have been dismissed because there is an absence of facts that presumably must be pleaded to establish the defense. Namely, that Plaintiff provided his cell phone number to Walgreens "knowing" that he would subsequently receive calls at the number and whether he instructed Walgreens not to call the number he provided. With the Complaint lacking such allegations and the record otherwise being silent in this respect, it is unclear whether the consent defense is even applicable here and the Complaint should not have been dismissed based upon it.

**I.      THE FCC'S INTERPRETATION OF "PRIOR EXPRESS CONSENT" DOES NOT INCLUDE EVERY PROVISION OF A PHONE NUMBER TO A BUSINESS, SUCH AS PLAINTIFF'S PROVISION OF HIS NUMBER TO WALGREENS FOR IDENTITY VERIFICATION PURPOSES.**

In seeking to determine the FCC's interpretation of the statutory phrase "prior express consent," this Court looked to the FCC's 1992 Order. In that Order, the agency stated that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the

---

[1]    To be clear, Plaintiff does not seek reconsideration of this Court's holding that, pursuant to the Hobbs Act, 28 U.S.C. § 2342(1), federal courts must defer to the FCC's orders interpreting the statutory phrase "prior express consent." Rather, he seeks reconsideration of the Court's holding as to what the FCC's interpretation of the phrase is.

[2]    That "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary…." (Dkt. 38 at 5.)

3

contrary." 7 FCC Rcd at 8769. Based on that language, the Court determined the FCC had stated a "general rule," and held that because Plaintiff here had provided his cell phone number to Walgreens—albeit ten years prior and only for identification purposes—he had consented to receiving robocalls from Walgreens. (Dkt. 38 at 5.) Plaintiff respectfully submits, however, that the FCC's interpretation of the TCPA's consent defense—in the context of providing one's phone number to the caller—is not so broad. Plaintiff's contention is based, in part, on the fact that the very next line of the 1992 Order states: "Hence, telemarketers will not violate our rules by calling a number which was provided *as one at which the called party wishes to be reached*." 7 FCC Rcd at 8769 (emphasis added). The language emphasized above provides clarity that the FCC's interpretation of the TCPA's consent defense is not that *any* provision of a cell phone number constitutes prior express consent to receive robocalls. Rather, the 1992 Order finds that there is consent to be called where a phone number "was provided as one at which the called party wishes to be reached." *Id*.

In this case, the above language is critical to this Court's analysis of the TCPA claim because Plaintiff does not allege that he provided his cell phone number to Walgreens as a number at which he wished to be reached. To the contrary, the Complaint is clear that Plaintiff provided his cell phone number because a Walgreens pharmacist told him that the number was needed for identification purposes (i.e., to distinguish between customers who may have the same name). (Compl. ¶ 18.) Thus, provision of the number was more akin to providing a unique individual identifier, like a social security number. Under the 1992 Order, then, Plaintiff's provision of his phone number should not have been construed as prior express consent to receive robocalls from Walgreens.

4

Subsequent orders issued by the FCC support this narrower interpretation of "prior express consent" in the context of providing one's phone number. In its 2012 Order, for example, the FCC stated that "[c]onsumers who provide a wireless phone number *for a limited purpose*…do not necessarily expect to receive telemarketing calls that go beyond the limited purpose for which oral consent…may have been granted." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd 1830, 1840 (2012) (the "2012 Order"). Addressing a hypothetical raised by a commenter, the FCC noted that customers who provide a wireless phone number to a business as a point of contact for *service* calls do not necessarily expect—and thus do not necessarily consent to receive—*marketing* calls. *Id.*[3] Thus, as in this case, a consumer's provision of their cell phone number alone, or for a limited purpose only (e.g., identity verification), does not constitute "prior express consent" to receive marketing robocalls.

In its 2008 Order, the FCC reached the same conclusion—albeit in the context of debt collection calls. *See In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd 559, 564-65 (2008) (the "2008 Order"). There, the agency "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, *and* that such number was provided during the transaction that resulted in the debt owed." *Id.* That ruling, read in conjunction with the 1992 and 2012 Orders,

---

[3] Like the FCC, courts, too, have recognized the idea that customers who provide a number for one purpose do not necessarily expect to receive calls unrelated to that purpose. *See, e.g., In re Jiffy Lube Int'l, Inc. Text Spam Litig.*, 847 F. Supp. 2d 1253, 1258 n.7 (S.D. Cal. 2012) ("The court … is not persuaded that a customer's provision of a telephone number on the invoice in question [when they received oil changes] would constitute prior express consent [to receive marketing text messages]."); *Carlson v. Nevada Eye Care Prof'ls*, No. 2:13-cv-00364-RCJ-PAL, 2013 WL 2319143, *5 (D. Nev. May 28, 2013) ("A patient providing a telephone number to a health care provider only…consents to be contacted for reasons related to the particular care the patient has received or solicited, not for general marketing purposes.").

establishes that the provision of a cell phone number alone does not amount to "prior express consent" to be called.[4]

In addition to this common thread among the three FCC orders, this narrower reading of the prior express consent defense is also more consistent with the TCPA's statutory language. Indeed, reading the FCC orders as standing for the proposition that one's provision of a phone number alone is enough to make the defense applicable directly conflicts with the plain language of the TCPA, as it transforms the statutory term "express consent" into some form of implied consent. *See Thrasher-Lyon v. CCS Commercial, LLC*, No. 11 C 04473, 2012 WL 3835089, at *5 (Sept. 4, 2012) ("Giving out one's phone number, at least outside of the [debtor/creditor] relationship sanctioned by the FCC, is not 'express' consent to besiegement by automated dialing machines.").

And, while under the Hobbs Act, this Court would appear to be bound by an FCC ruling in direct conflict with the TCPA's plain language, where, as here, a reasonable reading of an agency's interpretation exists that does not conflict with the controlling statutory language, that reading must be adopted. *See, e.g., Robbins v. Bentsen*, 41 F.3d 1195, 1198 (7th Cir. 1994) ("Regulations cannot trump the plain language of statutes, and we will not read the two to conflict where such a reading is unnecessary."); *Carmichael v. The Payment Ctr., Inc.*, 336 F.3d 636, 640 (7th Cir. 2003) ("A statute and its implementing regulations should be read as a whole and, where possible, afforded a harmonious interpretation."). Using an administrative analogue

---

[4] Further, reading the FCC's interpretation of the consent defense broadly to include any provision of a cell phone number to a business for any reason would essentially turn the consent exception into the so-called established business relationship ("EBR") exception, which the FCC at one time adopted to exempt otherwise prohibited calls to residential landlines where the caller had an established business relationship with the consumer. *See generally* 2012 Order at 1845-48. The EBR exception was ultimately scrapped by the FCC because "a prior business relationship does not necessarily result in a consumer's willingness to receive prerecorded telemarketing calls and often adversely affects consumer privacy rights." *Id*. at 1847.

to the cannon of statutory interpretation regarding constitutional avoidance, this Court should presume that the FCC did not intend to interpret the TCPA in a manner inconsistent with the plain statutory language.[5] Consequently, this Court should adopt the narrower reading of the FCC's interpretation of the TCPA—where provision of a cell phone number for a purpose (such as identity verification) unrelated to subsequent robocalls is *not* prior express consent—as it is also consistent with the plain language of the TCPA.

In the end, when it comes to providing one's phone number to a business, the FCC's 1992, 2008, and 2012 orders, coupled with the plain language of the TCPA, all support an interpretation of prior express consent narrower than that adopted by this Court. Because Plaintiff provided his number to Walgreens for the limited purpose of verifying his identity, it was error to find that he gave prior express consent to receive robocalls. As such, Plaintiff respectfully requests that the Court reconsider, and vacate, its dismissal of his Complaint.

II. **EVEN UNDER THE INTERPRETATION ADOPTED BY THE COURT, DISMISSAL WAS NOT WARRANTED BECAUSE THE COMPLAINT DID NOT PLEAD ALL OF THE FACTS NECESSARY TO ESTABLISH THE AFFIRMATIVE DEFENSE OF PRIOR EXPRESS CONSENT.**

Even if the FCC's interpretation of prior express consent is confined to the statement in the 1992 Order described *supra*, dismissal would still be inappropriate because the Complaint does not establish on its face that the defense applies. As the Seventh Circuit has held, "[district] courts should usually refrain from granting Rule 12(b)(6) motions on affirmative defenses[]" because "[t]he mere presence of a potential affirmative defense does not render the claim for relief invalid[,]" and such "defenses typically turn on facts not before the court at th[e pleadings] stage in the proceedings." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th

---

[5] That is, in situations where a court is faced with two plausible interpretations of a statute, it should avoid the one that would raise constitutional problems because of "the reasonable presumption that Congress did not intend the alternative which raises serious constitutional doubts…." *Clark v. Martinez*, 543 U.S. 371, 381 (2005).

Cir. 2012) (citing *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)).[6] That is exactly the case here: two facts essential to establishing the prior express consent defense are missing from the face of the pleadings and not otherwise before the Court.

First, Plaintiff did not allege, and there is no evidence in the record to suggest, that he provided his cell phone number to Walgreens "knowing"[7] that he would subsequently receive calls at the number. *See* Black's Law Dictionary (9th ed. 2009) (defining "knowing" as "[h]aving or showing awareness or understanding; well-informed"). Instead, he alleges that he provided his phone number only for identity verification purposes, was not aware that he would be called on the number, did not wish to be called on the number, and never consented to be called on the number. (Compl. ¶¶ 18-19.) Second, the Complaint also lacks any allegations (and the record is silent) about whether or not Plaintiff instructed Walgreens not to call the number he provided.[8] The absence of these facts makes it unclear whether the prior express consent defense is applicable in this case and thus, dismissal was not warranted. *See Brownmark Films, LLC*, 682 F.3d at 690; *see also Chicago Faucet Shoppe, Inc. v. Nestle Waters N. Am. Inc.*, No. 12 C 08119, 2014 WL 541644, at *3 (N.D. Ill. Feb. 11, 2014) ("Because the statute of limitations defense depends on extrinsic evidence that has not been properly authenticated and that the plaintiff disputes, it cannot be resolved on a motion to dismiss."); *Second Amendment Arms v. City of*

---

[6] By contrast, the *Brownmark* court ultimately upheld dismissal of that case based upon the fair use defense because: (i) the focus on the infringement claim was limited to the distribution of a single television episode and the single original work that was allegedly infringed, (ii) both works (the original and subsequently distributed episode) were described in the complaint in question and attached to the defendant's motion to dismiss, and (iii) therefore, all of the facts necessary to consider the application of the affirmative defense were before the court. *Id.*

[7] *Cf*, (Dkt. 38 at 5) ("persons who *knowingly* release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary….") (emphasis added).

[8] At the very least, the Complaint's silence in this regard should have been construed in Plaintiff's favor. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011) ("In reviewing a plaintiff's claim, the court … must draw all reasonable inferences in the plaintiff's favor.").

*Chicago*, No. 10-CV-4257, 2012 WL 4464900, at *13 (N.D. Ill. Sept. 25, 2012) (complaint did not "set forth everything necessary to satisfy the affirmative defense…") (internal citations omitted).

In short, because the Complaint did not allege each of the facts necessary to establish the affirmative defense of prior express consent (under any reading of the defense) and the record is otherwise silent in this respect, the Complaint should not have been dismissed on this basis.[9]

## CONCLUSION

This Court dismissed Plaintiff's Complaint, relying on language in the FCC's 1992 Order to hold that Walgreens had established the affirmative defense of prior express consent to Plaintiff's TCPA claim. While Plaintiff does not dispute that the Court is bound by the FCC's interpretation of that defense, he respectfully contends that the FCC's interpretation is narrower than one adopted by this Court and does not include simply providing his cell phone number for the limited purpose of verifying his identity. Further, even applying the Court's interpretation of the defense, all of the facts necessary to support its application are not present on the face of the pleadings nor otherwise before the Court. For these reasons, dismissal of the Complaint was unwarranted.

Accordingly, Plaintiff respectfully requests that this Court reconsider its prior decision and enter an order (1) vacating its Memorandum Opinion and Order of February 10, 2014, (2)

---

[9] It also bears noting that a plaintiff typically pleads himself out of court only "when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). Here, Plaintiff can prevail on the merits of his TCPA claim without contradicting his Complaint. That is, instructing Walgreens not to contact him at the cell phone number he provided for identification purposes—which would prevent application of even this Court's broad reading of the consent defense—is consistent with his allegations that he was unaware he would receive calls as a result of providing his number, did not wish to receive calls at that number, and did not consent to receive such calls. (*See* Compl. ¶¶ 18-19.)

9

reinstating Plaintiff's claim, and (3) ordering such other and further relief as the Court deems just and proper.

                                                                      Respectfully submitted,

                                                                      **ROBERT KOLINEK**, individually and on behalf of all others similarly situated,

Dated: March 10, 2014                           By: /s/ Benjamin H. Richman
                                                                         One of Plaintiff's attorneys

                                                                      Jay Edelson
                                                                      jedelson@edelson.com
                                                                      Rafey S. Balabanian
                                                                       rbalabanian@edelson.com
                                                                      Benjamin H. Richman
                                                                      brichman@edelson.com
                                                                      EDELSON PC
                                                                      350 North LaSalle Street, Suite 1300
                                                                      Chicago, Illinois 60654
                                                                      Tel: 312.589.6370
                                                                      Fax: 312.589.6378

                                                                      Stefan L. Coleman, Esq.
                                                                      law@stefancoleman.com
                                                                      LAW OFFICES OF STEFAN L. COLEMAN, LLC
                                                                      201 South Biscayne Boulevard, 28th Floor
                                                                      Miami, Florida 33131
                                                                      Tel: 877.333.9427

## **CERTIFICATE OF SERVICE**

  I, Benjamin H. Richman, an attorney, hereby certify that on March 10, 2014, I served the above and foregoing ***Plaintiff Kolinek's Motion to Reconsider Order of Dismissal***, by causing a true and accurate copy of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system, on this the 10th day of March 2014.

                 /s/ Benjamin H. Richman

11