**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| ROBERT KOLINEK, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>WALGREEN CO., an Illinois corporation,<br><br>*Defendant*. | Case. No. 13-cv-04806<br><br>Hon. Mathew F. Kennelly |

**PLAINTIFF KOLINEK'S MOTION FOR LEAVE TO
PROVIDE SUPPLEMENTAL AUTHORITY IN SUPPORT OF
MOTION TO RECONSIDER ORDER OF DISMISSAL**

Plaintiff Robert Kolinek hereby respectfully requests that this Court grant him leave to provide the attached supplemental authority in support of his Motion to Reconsider Order of Dismissal (the "Motion"). (Dkt. 40.) In support hereof, Plaintiff states as follows:

On February 10, 2014, the Court dismissed Plaintiff's complaint, which alleged that Defendant Walgreen Co. ("Walgreens") violated the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA") by making "robocalls" to his cell phone. In so dismissing, the Court stated that it was bound by orders of the Federal Communications Commission ("FCC") that, based on the Court's interpretation, stated a general rule that any provision of one's cell phone number to a defendant constitutes consent to receive robocalls from that defendant.

On March 10, 2014, Plaintiff respectfully requested that the Court reconsider its dismissal order, noting that the FCC's interpretation of the consent defense is not that *any* provision of a cell phone number constitutes prior express consent, but rather, that the FCC has consistently taken the position that a cell phone owner who provides his cell phone number for a limited purpose does not consent to receive calls for other purposes. Thus, Plaintiff's provision of his

1

cell phone number to Walgreens for identification purposes was not consent to receive calls from Walgreens generally. Plaintiff's Motion for reconsideration cited several FCC orders in support.

On March 27, 2014—after briefing on the Motion was complete—the FCC issued an order in *In re GroupMe, Inc./Skype Communications S.A.R.L. Petition for Expedited Declaratory Ruling*, FCC 14-33, 2014 WL 1266074 (Mar. 27, 2014).[1] This order, particularly paragraphs 10-12, directly addresses the question raised in Plaintiff's Motion, namely whether the FCC has stated a general rule that *any* provision of a cell phone number constitutes consent, or whether the FCC's interpretation of the TCPA's consent defense requires the number to have been provided for the purpose of receiving the calls at issue. Reading its prior orders precisely as Plaintiff does in his Motion, the FCC in *GroupMe* emphasized that, in order to constitute consent, a consumer must have provided his cell phone number *for the purpose of receiving the calls at issue*, not for any other purpose. *See, e.g., id.* ¶ 12 ("[W]e further clarify that where the consumer has agreed to participate in a GroupMe group, agreed to receive associated calls and texts, and provided his or her wireless telephone number to the group organizer *for that purpose*, the TCPA's express consent requirement is satisfied….") (emphasis added).

WHEREFORE, because the FCC's *GroupMe* decision directly addresses the question raised in the Motion to reconsider but was issued only after briefing on the Motion was complete, Plaintiff Kolinek respectfully requests that this Court grant him leave to provide the attached supplemental authority in support of his Motion.

                                              Respectfully submitted,

                                              **ROBERT KOLINEK**, individually and on behalf of all others similarly situated,

Dated: March 31, 2014                          By: /s/ Benjamin H. Richman
                                                                         One of Plaintiff's attorneys

---

[1] A copy of the FCC's *GroupMe* order is attached hereto as Exhibit 1.

Jay Edelson
jedelson@edelson.com
Rafey S. Balabanian
rbalabanian@edelson.com
Benjamin H. Richman
brichman@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Stefan L. Coleman, Esq.
law@stefancoleman.com
LAW OFFICES OF STEFAN L. COLEMAN, LLC
201 South Biscayne Boulevard, 28th Floor
Miami, Florida 33131
Tel: 877.333.9427

**CERTIFICATE OF SERVICE**

       I, Benjamin H. Richman, an attorney, hereby certify that on March 31, 2014, I served the above and foregoing ***Plaintiff Kolinek's Motion for Leave to Provide Supplemental Authority in Support of Motion to Reconsider Order of Dismissal***, by causing a true and accurate copy of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system, on this the 31st day of March 2014.

                                                                       /s/ Benjamin H. Richman