# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ROBERT KOLINEK, individually and on behalf of all others similarly situated,

    *Plaintiff*,

vs.

WALGREEN CO., an Illinois corporation,

    *Defendant*.

Case No. 13-cv-4806

Honorable Matthew F. Kennelly

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S
## MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY

After Plaintiff filed a motion seeking reconsideration of this Court's order dismissing his TCPA suit against Walgreens with prejudice, this Court entered a briefing schedule stating in part that "[n]o reply may be filed absent prior leave of court based on a showing of good cause." ECF No. 43. Walgreens thereafter filed its Opposition to Plaintiff's Motion for Reconsideration, arguing that Plaintiff failed to provide any basis for reconsideration under Rule 59(e), waived the arguments he made in his Motion for Reconsideration by failing to raise those arguments in opposition to Walgreens' Motion to Dismiss, and that the new arguments were without merit in any event. Def. Opp'n to Pl. Recon. Mtn. (ECF No. 44). Plaintiff now attempts to rebut Walgreens' Opposition through an impermissible ersatz reply brief.

Plaintiff argued in his Motion for Reconsideration that this Court erred in holding that the 1992 Report and Order "established a 'general rule' that consumers who knowingly provide their phone numbers to a business consent to receive calls from that business." Pl. Recon. Mtn. at 2. He now claims that a recent FCC decision supports that argument. Pl. Mtn. (ECF No. 46) at 2 (attaching *In re GroupMe, Inc./Skype Commc'ns S.A.R.L. Pet. for Expedited Decl. Ruling*, FCC

14-33 (Mar. 27, 2014) ("*GroupMe*"). But the FCC in *GroupMe* reiterated and expressly relied on its general rule from the 1992 Report and Order, reasoning that how the consent is *communicated* (whether obtained directly from the called party or conveyed indirectly via an intermediary) does not change how consent is *defined*—that "'persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary.'" *GroupMe* ¶ 10 (quoting 1992 Report and Order ¶ 31); *see also GroupMe* ¶ 10 ("Our clarifications here are consistent with the 1992 TCPA Order . . . .").

In any event, the issue presented in *GroupMe* was whether "consent for certain calls under the TCPA may be given through intermediaries." *GroupMe* ¶ 4. The question was whether social networks providing texting services to groups could rely on consent conveyed by the group organizer that members have agreed to participate in the group and receive texts. The FCC concluded that "a consumer's prior express consent may be obtained through and conveyed by an intermediary, such as the organizer of a group," noting that "allowing intermediaries to obtain and convey consent . . . is efficient for a service such as *GroupMe*'s . . . ." *GroupMe* ¶¶ 6, 9. In such a situation, where the called party is not dealing directly with the caller but through an intermediary, the called party could not directly provide to the caller any express "instructions to the contrary" to limit the scope of his/her consent. *See id.* ¶ 11 (defining scope of consent in "the fact pattern presented by GroupMe" based on "the absence of instructions to the contrary"). Here, on the other hand, there was no intermediary and no restriction on plaintiff's ability to provide instructions to the contrary—as this Court found, Plaintiff "admit[ted] in his complaint" that he gave his cell phone number directly to Walgreens and "[Plaintiff's] complaint does not identify any 'instructions to the contrary' that he imposed at the time he provided his cell phone

number to Walgreens." *Kolinek v. Walgreen Co.*, No. 13cv4806. 2014 U.S. Dist. LEXIS 15986, at *6-7 (N.D. Ill. Feb. 10, 2014).

WHEREFORE, Plaintiff's Motion for Leave to Provide Supplemental Authority should be denied.

Dated: April 2, 2014

Respectfully submitted,

/s/ Bradley J. Andreozzi
Bradley J. Andreozzi (ARDC No. 6257334)
bradley.andreozzi@dbr.com
Justin O. Kay (ARDC No. 6286557)
justin.kay@dbr.com
**DRINKER BIDDLE & REATH LLP**
191 North Wacker Drive, Suite 3700
Chicago, IL 60606-1698
Tel: (312) 569-1000
Fax: (312) 569-3000

*Counsel for Defendant Walgreen Co.*