# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ROBERT KOLINEK, individually and on behalf of all others similarly situated,

    Plaintiff,

vs().

WALGREEN CO.,

    Defendant.

Case No. 13 C 4806

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Robert Kolinek alleges that Walgreen Co. (Walgreens) made unsolicited calls to the cellular telephones of its current and former clients, in violation of the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227(b)(1)(A)(iii). Walgreens moved to dismiss for failure to state a claim. The Court granted Walgreens' motion, concluding that the complaint established the TCPA-sanctioned affirmative defense of prior express consent. *See Kolinek v. Walgreen Co.*, No. 13 C 4806, 2014 WL 518174 (N.D. Ill. Feb. 10, 2014). Kolinek has moved for reconsideration of the Court's ruling. For the reasons stated below, the Court grants Kolinek's motion to reconsider and vacates its earlier decision.

## Background

Kolinek alleges in his complaint that he first filled a prescription at Walgreens sometime between 2002 and 2012. While filling that prescription, the Walgreens

pharmacist told Kolinek that his phone number "was needed for verification purposes (*i.e.,* if another customer named Robert Kolinek attempted to fill a prescription at the same Walgreens, the pharmacist would be able to confirm the correct person using the phone number on record)." Compl. ¶ 18. Kolinek gave his cellular phone number to Walgreens at that time. Kolinek began receiving automated "robocalls" from Walgreens on his cellular phone in early 2012. These calls reminded him to refill his prescriptions. Kolinek contends that he and thousands of other current and former Walgreens customers did not consent to receive these robocalls on their cell phones and that Walgreens violated the TCPA by making the calls.

Kolinek's claim case involves a provision of the TCPA that concerns automated telephonic communications to cellular phones. The provision states that

> [i]t shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –
>
> . . .
>
> > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.]

47 U.S.C. § 227(b)(1)(A). An "automatic telephone dialing system" is defined as "equipment which has the capacity to store or produce telephone number to be called, using a random or sequential number generator, and to dial such numbers." Id. § 227(a)(1).

Walgreens moved to dismiss. It argued that Kolinek's complaint established that

he had given "prior express consent" for the call within the meaning of the TCPA, and also that the call fell within the "emergency purposes" exception.

The Court granted Walgreens' motion to dismiss. The TCPA does not define "prior express consent." The Court concluded, however, that under the Administrative Orders Review Act (more commonly called the Hobbs Act), the Federal Communications Commission's (FCC) interpretation of the prior express consent defense is binding on federal district courts, including this one. *Kolinek*, 2014 WL 518174, at *2 (citing *CE Design, Ltd. v. Prism Bus. Media, Inc.*, 606 F.3d 443, 449-50 (7th Cir. 2010). The Court determined that in *In re Rules & Regs. Implementing Tel. Consumer Prot. Act of 1991*, 7 FCC Rcd. 8752, 8769 ¶ 31 (Oct. 16, 1992) ("1992 Order"), the agency had interpreted the defense in a way that barred Kolinek's claim. In light of its ruling, the Court did not address Walgreens' argument regarding the emergency purposes defense.

Kolinek then filed the present motion to reconsider, arguing that the Court had misunderstood the thrust of the FCC's ruling in the 1992 Order and in other rulings interpreting the prior express consent defense. After briefing on the motion was completed, the FCC issued a ruling entitled *In re Group Me/Skype Communications S.A.R.L. Petition for Expedited Declaratory Ruling*, FCC Rcd. 14-33, 2014 WL 126074 (Mar. 27, 2014) ("GroupMe Order"). Kolinek submitted this ruling as supplemental authority, and Walgreens has responded to that submission.

## Discussion

Rule 59(e) of Federal Civil Procedure allows a party to direct the court's attention to a "manifest error of law or fact or to newly discovered evidence." *United States v.*

*Resnick*, 594 F.3d 562, 568 (7th Cir. 2010).  Essentially, the rule allows "a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings."  *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).

Kolinek argues that the FCC interpretation of "prior express consent" is not articulated in the 1992 Order alone and that the Court must read that order together with others the FCC issued in 2008 and 2012, as well as the GroupMe Order.  *See In re Rules and Regs. Implementing Tel. Consumer Protection Act of 1991*, 23 FCC Rcd. 559 (Jan. 4, 2008) ("2008 Order"); *In re Rules and Regs. Implementing Tel. Consumer Protection Act of 1991*, 27 FCC Rcd. 1830 (Feb. 15, 2012) ("2012 Order").  The 2008 and 2012 Orders were available and were discussed by the parties during the briefing on the motion to dismiss, but the GroupMe Order, issued in 2014, was not.  The Court concludes that it is appropriate to review the matter afresh.  *See, e.g., Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (a manifest error of law is a misapplication or a failure to recognize controlling precedent and may be corrected through a motion to reconsider).

In its February 2014 decision, the Court read the FCC's 1992 Order as, in effect, establishing a general rule that when a consumer provides her cellular telephone number to a business for any reason, she has effectively consented to receive calls from the business at that number, irrespective of the purpose of the particular call.  The Court now concludes that it erred.  The 2014 GroupMe Order, and the 2008 and 2012 Orders when read in light of the 2014 Order, make it apparent that the FCC has established no such general rule.

4

The 1992 Order explains and justifies the FCC's first set of rules implementing the TCPA's restrictions on automatic telephone dialing systems and prerecorded messages. The agency noted that the TCPA permits autodialed and prerecorded message calls if the called party expressly consents. It further noted that a number of those who commented on the proposed rules "express[ed] the view that any telephone subscriber that provides his or her telephone number to a business does so with the expectation that the party to whom the number was given will return the call." *1992 Order*, 7 FCC Rcd. at 8769 ¶ 30. A countervailing view also had been expressed, noting that "some 800 numbers have the capacity to record the telephone number of an incoming call without the caller's knowledge or consent." *Id.*

In the passage of the 1992 Order that the Court relied upon in its February 2014 decision, the FCC was addressing these comments. The agency stated that if a call is otherwise subject to the prohibitions contained in the agency's rules, "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have been given, absent instructions to the contrary." *Id.* (footnote omitted). The FCC went on to state that "telemarketers will not violate our rules by calling a number which was provided as one at which the called party wishes to be reached," but that "if a caller's number is 'captured' by a Caller ID or ANI device without notice to the residential telephone subscriber, the caller cannot be considered to have given an invitation or permission" to receive calls. *Id.* ¶ 31.

Given the context, one reasonably could question whether the FCC's statement on which the Court relied was actually an expression of a general rule to the effect that providing a cellular phone number amounts to consent to receive calls at that number

5

irrespective of their purpose. At the time of the February 2014 decision, however, that was how it appeared to the Court.

The FCC's 2008 Order concerned a request for a ruling by a trade association representing debt collection agencies. The FCC concluded that "autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the 'prior express consent' of the called party" and are thus permissible. *2008 Order*, 22 FCC Rcd. at 564 ¶ 9. It relied on the aforementioned statement in the 1992 Order as well as the legislative history of the TCPA, which included a statement that the law's restrictions "'do[ ] not apply when the called party has provided the telephone number of such a line to the caller for use in normal business communications.'" *Id.* (quoting H.R. Rep. 102-317 at 17). The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." *Id.* at 564-65 ¶ 10.

In the 2012 Order, the FCC established rules imposing further restrictions on autodialed and prerecorded telemarketing calls to wireless numbers and residential telephone lines. The agency addressed a comment regarding the proposed rules that argued against a requirement for prior express written consent. The commenter indicated that its customers "may orally provide their wireless phone number as a point of contact and therefore those customers expect *marketing* and service calls." *2012 Order*, 27 FCC Rcd. at 1840 ¶ 25. The FCC disagreed with this. It stated: "Consumers who provide a wireless phone number for a limited purpose—for service calls only—do not necessarily expect to receive telemarketing calls that go beyond the

limited purpose for which oral consent regarding service calls may have been granted."
*Id.*

In retrospect, the Court should have taken from the 2012 Order an indication that the FCC considers the scope of a consumer's consent to receive calls to be dependent on the context in which it is given—contrary to what the Court had seen in the 1992 Order as a general rule that consent for one purpose means consent for all purposes. Any doubt in this regard is removed by the GroupMe Order, issued after the Court's February 2014 ruling. In that order, the FCC took the opportunity to "further clarify" the boundaries of prior express consent under the TCPA. *GroupMe Order*, 2013 WL 1266074, at *5 ¶ 12. The FCC said that a consumer gives "prior express consent" when she provides her wireless number to the private organizer of a text message group "agree[ing] to receive associated calls and texts." This, the FCC said, gives the business entity providing the private group messaging service the consumer's consent to receive certain administrative texts and calls related to the operation of the private messaging group as well as the private group members' texts. *Id.* The FCC went on to state that the "prior express consent requirement is satisfied with respect to both GroupMe and the group members regarding that particular group, *but only regarding that particular group.*" *Id.* (emphasis added). By that last clause, the FCC made it clear that turning over one's wireless number for the purpose of joining one particular private messaging group did not amount to consent for communications relating to something other than that particular group.

When one reads the cited FCC orders together, it is clear that the Court erred in its February 2014 ruling in this case. The FCC has established no general rule that if a

consumer gives his cellular phone number to a business, she has in effect given permission to be called at that number for any reason at all, absent instructions to the contrary. Rather, to the extent the FCC's orders establish a rule, it is that the scope of a consumer's consent depends on its context and the purpose for which it is given. Consent for one purpose does not equate to consent for all purposes.

This, in the Court's view, is a more natural reading of the TCPA's exception for a call "made with the prior consent of the called party." 47 U.S.C. § 227(b)(1)(A). The "rule" that the Court had erroneously found in the FCC 2008 Order amounted to a version of implied consent. But that is not what the statute requires; it says that prior *express* consent is needed. Walgreens' argument to the contrary, and the out-of-district cases it has cited in support, are unpersuasive.

Kolinek's complaint alleges that he gave Walgreens his cellular phone number in response to a request from a pharmacist who said it "was needed for potential identity verification purposes." Compl. ¶ 18. If that is what happened, it does not amount to consent to automated calls reminding him to refill his prescription. The Court does not, of course, adjudicate the accuracy of Kolinek's claim at this point; that must await factual development. For now, the Court is required to take his allegation as true. *See, e.g., Rooni v. Biser*, 742 F.3d 737, 738 (7th Cir. 2014). As a result, Walgreens is not entitled to dismissal under Rule 12(b)(6) based on its prior express consent defense.

As indicated earlier, Walgreens argued a second defense in its motion. specifically, the TCPA's exception for "a call made for emergency purposes." 47 U.S.C. § 227(b)(1)(A). The Court's determination not to dismiss Kolinek's case based on the prior express consent exception requires the Court to consider this second defense.

Because of the passage of time since the parties briefed the matter in the first instance, the Court sets the remainder of Walgreens' motion for oral argument. Argument will be held on Tuesday, July 22, 2014 at 3:30 p.m. This is a firm date. Any further citations of authority that either side wishes to rely upon, beyond authority already cited in the parties' brief, are to be provided to the Court and to opposing counsel in writing by no later than July 16, 2014. A telephone status hearing is set for July 9, 2014 at 9:00 a.m. to discuss the oral argument set for July 22. Plaintiff's attorney is to get defendant's attorney on the telephone and then call chambers (312-435-5618).

**Conclusion**

For the reasons stated above, the Court grants plaintiff's motion to reconsider [dkt. no. 40]. The Court's decision granting defendant's motion to dismiss, reported at 2014 WL 518174, is hereby vacated, as is the judgment entered in favor of defendant. A status hearing is set for July 9, 2014 at 9:00 a.m., and oral argument on the remainder of defendant's motion to dismiss is set for July 22, 2014 at 3:30 p.m., in Room 2525.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: July 7, 2014