IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT KOLINEK, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>WALGREEN CO., an Illinois corporation,<br><br>*Defendant*. | Case No. 1:13-cv-4806<br><br>Honorable Matthew F. Kennelly |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY
REGARDING THE TCPA'S EMERGENCY PURPOSE EXEMPTION**

Plaintiff Robert Kolinek, pursuant to the Court's Order entered July 7, 2014 (Dkt. 51), and in further support of his opposition to Defendant Walgreen Co.'s ("Walgreens") motion to dismiss, hereby submits the instant notice of supplemental authority regarding the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"), emergency purpose exemption, and states as follows:

By order entered June 4, 2014 in the case captioned *Grant v. Commonweath Edison Co.*, No. 13-cv-8310 (N.D. Ill.), the Honorable Gary Feinerman denied the defendant Commonweath Edison Co.'s ("ComEd") motion to dismiss the plaintiff's putative class action complaint pursuant to the TCPA's so-called "emergency purpose" exemption. (*See* Transcript of June 4, 2014 Proceedings, attached as Exhibit 1.) In that case, the plaintiff alleged that ComEd sent him and a putative class of individuals unauthorized text messages welcoming them to a utility emergency alert program, but not alerting them to any actual emergency. (*Id.* at 4:18 – 23.) In denying ComEd's motion to dismiss, the court held that because it was confined to the pleadings on a Rule 12(b)(6) motion, there was no factual predicate to which the emergency purpose

1

exemption could apply and to find otherwise would, at that stage of the proceedings, improperly draw an inference in favor of the defendant.[1] (*Id.* at 5:16 – 18.)

The same analysis is relevant to a decision on Walgreens' 12(b)(6) motion to dismiss inasmuch as Kolinek, like the plaintiff in *ComEd*, alleges that the calls he received from Walgreens were not for an emergency purpose, but instead, to promote Walgreens' pharmacy services. (Dkt. 1 ¶ 14.) Indeed, he expressly alleges that he had no prescriptions being filled, nor any to be refilled, with Walgreens at the time of receiving the calls. (*Id.* ¶¶ 18 – 20.)

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **ROBERT KOLINEK**, individually and on behalf of all others similarly situated, |
| Dated: July 16, 2014 | By: /s/ Benjamin H. Richman<br>       One of Plaintiff's Attorneys |

Jay Edelson
jedelson@edelson.com
Rafey S. Balabanian
rbalabanian@edelson.com
Benjamin H. Richman
brichman@edelson.com
Christopher L. Dore
cdore@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

---

[1] The *ComEd* court went further, holding that it could not, on a Rule 12(b)(6) motion nor based upon the pleadings, draw an inference in ComEd's favor that the text messages at issue were a necessary predicate to the emergency alert program and thus, that denial of the motion to dismiss was required. (*Id.* at 4:18 – 5:18.)

**CERTIFICATE OF SERVICE**

      I, Benjamin H. Richman, an attorney, hereby certify that on July 16, 2014, I served the above and foregoing ***Plaintiff's Notice of Supplemental Authority Regarding the TCPA's Emergency Purpose Exemption***, by causing a true and accurate copy of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system, on this the 16th day of July 2014.

                                              /s/ Benjamin H. Richman