IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ROBERT KOLINEK, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>WALGREEN CO., an Illinois corporation,<br><br>*Defendant*. | Case No. 13-cv-4806<br><br>Honorable Matthew F. Kennelly |

**RESPONSE OF DEFENDANT WALGREEN CO.
TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Pursuant to this Court's Order dated July 7, 2014, Plaintiff Robert Kolinek filed his Notice of Supplemental Authority (ECF No. 54), attaching a copy of the transcript of a June 4, 2014 hearing before Judge Feinerman in *Grant v. Commonwealth Edison Co.*, No. 13-cv-8310 (N.D. Ill.), which Plaintiff claims is relevant to the oral argument on Defendant's Motion to Dismiss scheduled for July 22, 2014, regarding the "emergency purposes" exception to the TCPA. 47 U.S.C. § 227(b)(1)(A). Although Defendant disagrees with Plaintiff's characterization of Judge Feinerman's decision, Defendant will await the upcoming oral argument to explain why Plaintiff's characterization is incorrect and why Judge Feinerman's decision actually supports dismissal in this case.

Defendant cannot leave un-rebutted on the record, however, Plaintiff's mischaracterization of the contents of his Complaint. Plaintiff asserts in his Notice of Supplemental Authority that the calls he received from Walgreens could not come within the emergency purpose exemption for calls regarding health or safety because "he expressly alleges that he had no prescriptions being filled, nor any to be refilled, with Walgreens at the time of

- 2 -

receiving the calls." ECF. No. 54 at 2 (citing to Complaint ¶¶18-20). The Complaint, however, contains no such allegation—nor could it without violating Rule 11 because that statement is categorically false.

If this case were to go forward, the undisputable evidence would show the prescription refill reminder calls that Plaintiff alleges he received were made only with respect to specific, active prescriptions with Walgreens that were eligible to be refilled pursuant to a doctor's orders. But correcting the false assertion made by Plaintiff in the Notice of Supplemental Authority is not to say that the emergency purpose defense raises an issue of fact precluding Rule 12(b)(6) dismissal because the Complaint does not contain that false assertion. On the contrary, the Complaint specifically alleges that the calls at issue were "'reminders' encouraging customers to refill an eligible prescription at a Walgreens pharmacy." Complaint ¶14.

|  |  |
|---|---|
| Dated: July 18, 2014 | Respectfully submitted, |
|  | /s/ Bradley J. Andreozzi<br>Bradley J. Andreozzi (ARDC No. 6257334)<br>bradley.andreozzi@dbr.com<br>Justin O. Kay (ARDC No. 6286557)<br>justin.kay@dbr.com<br>**DRINKER BIDDLE & REATH LLP**<br>191 North Wacker Drive, Suite 3700<br>Chicago, IL 60606-1698<br>Tel: (312) 569-1000<br>Fax: (312) 569-3000<br>*Counsel for Defendant Walgreen Co.* |