**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT KOLINEK, individually and on behalf of all others similarly situated,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| vs. | ) ) | Case No. 13 C 4806 |
| | ) ) | |
| **WALGREEN CO.,** | ) ) | |
| **Defendant.** | ) | |

## ORDER REGARDING REMAINDER OF MOTION TO DISMISS

Defendant Walgreen Co. (Walgreens) has moved to dismiss plaintiff Robert Kolinek's claim under the Telephone Consumer Protection Act. Kolinek alleges in his complaint that starting in 2012, he received "robocalls" on his cellular telephone "prompting him to refill his prescriptions at Walgreens." He alleges that he did not consent to receive such calls and that the calls ran afoul of a provision of the TCPA that makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A).

Walgreens's motion to dismiss is based on the statute's "prior express consent" and "emergency purposes" exceptions. These are affirmative defenses on which the defendant bears the burden of proof. *See Kolinek v. Walgreen Co.*, No. 13 C 4806, 2014 WL 518174, *2 (N.D. Ill. Feb. 10, 2014) ("*Kolinek I*"), *vacated on other grounds on reconsideration*, 2014 WL 3056813 (N.D. Ill. July 7, 2014) ("*Kolinek II*"). "The mere presence of a potential affirmative defense does not render the claim for relief invalid." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). Thus as a general rule, dismissal under Rule 12(b)(6) is inappropriate when the motion to dismiss seeks to establish an affirmative defense. Rather, dismissal is appropriate only

if all the elements of a defense are set out entirely in the plaintiff's complaint. *See, e.g., Jones v. Bock*, 549 U.S. 199, 215 (2007); *Brownmark Films*, 682 F.3d at 690 & n.1; *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012); *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).

The Court previously ruled, on reconsideration, that Walgreens had not established the prior express consent defense. Specifically, the Court concluded that taking Kolinek's allegations regarding consent as true, all elements of the defense were not established by the complaint. *Kolinek II*, 2014 WL 3056813, at *4. In this regard, the Court noted that it was not "adjudicat[ing] the accuracy of Kolinek's claim [regarding consent] at this point; that must await factual development. For now, the Court is required to take his allegation as true." *Id.* By this comment the Court intended to convey that although the complaint's relatively spare allegations regarding the pertinent facts were insufficient to establish the defense, further factual development might require a different conclusion.

The parties have also briefed and argued the "emergency purposes" exception. What the Court just characterized as the complaint's relatively spare allegations regarding the pertinent facts preclude dismissal under Rule 12(b)(6) on this basis as well. If the agency charged with interpreting the TCPA—namely, the Federal Communications Commission—had read the exception as covering any call to a customer about prescriptions, prescription refills, or anything of the sort, that interpretation would not only bind the Court but would also dictate the conclusion in this case. *See CE Design, Ltd. v. Prism Bus. Media, Inc.*, 606 F.3d 443, 449–50 (7th Cir. 2010). But in fact there is no such interpretation of the TCPA by the FCC. The allegations in the complaint do not say enough about the nature or contents of the call to make it appropriate to dismiss the complaint at this stage of the case based on this particular affirmative defense. As with the express consent defense, further factual development is necessary. For this reason, the Court need not address the parties' countervailing arguments regarding regulations and commentary interpreting other statutes issued by agencies other than the FCC.

For these reasons, the Court denies the remainder the motion to dismiss. Walgreens is directed to answer the complaint by August 25, 2014. The case is set for

a status hearing on September 3, 2014 at 9:30 a.m. to set a schedule for further proceedings.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 11, 2014