IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ROBERT KOLINEK, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>WALGREEN CO., an Illinois corporation,<br><br>*Defendant*. | Case No. 13-cv-4806<br><br>Honorable Matthew F. Kennelly<br><br>JURY TRIAL DEMANDED |

## DEFENDANT WALGREEN CO.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Walgreen Co., ("Walgreens"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 8(b), answers the Complaint of Plaintiff Robert Kolinek ("Plaintiff" or "Kolinek") as follows. Walgreens answers only factual allegations contained in the Complaint. To the extent that any portion of the Complaint asserts conclusions of law, no responsive pleading is required. Walgreens denies any allegations that are not specifically admitted below.

### NATURE OF THE ACTION

1. Walgreen Co. is the largest operator of retail drugstores in the United States, maintaining more than 8300 storefronts throughout the country.

**ANSWER:** Walgreens admits that it operates the largest retail drugstore chain in the United States and that, as of May 31, 2014, it operated 8,217 Drugstores and 11 Specialty Pharmacies in 50 states, the District of Columbia, Puerto Rico, Guam, and the U.S. Virgin Islands.

2. A primary component of Defendant's business is the provision of pharmacy services.

      **ANSWER:**    Walgreens admits the allegations contained in Paragraph 2.

      3.    Desiring to increase its market share in the pharmacy services industry, Defendant Walgreen recently instituted a marketing program in which automated calls featuring artificial or prerecorded voices—more commonly known as robocalls—are placed to thousands of consumers.

      **ANSWER:**    Walgreens denies the allegations contained in Paragraph 3, except admits that for many patients who have an active prescription at Walgreens that is eligible under the prescribing physician's orders to be refilled, Walgreens provides the service of notifying such patients shortly before the supply of the prescribed medicine is scheduled to run out (assuming that the medicine is being taken in the quantities directed by the physician); that such notifications remind patients that the supply of the medicine will soon be exhausted and allow patients to conveniently refill the prescription if they wish to do so (or to discuss the matter with their doctors); and that in some cases such notifications are made by automated calls featuring artificial or prerecorded voices to the telephone numbers voluntarily provided by the patients as their home telephone numbers. Walgreens specifically denies that prescription refill reminders are "a marketing program" and avers that these informational calls are medical alerts.

      4.    These robocalls are made to consumers who have previously filled prescriptions at Defendant's pharmacies and purportedly "remind" consumers that they should refill their prescriptions at Walgreens.

      **ANSWER:**    Walgreens denies the allegations contained in Paragraph 4, except admits that when a patient of a Walgreens pharmacy has an active prescription on file that is due to be refilled under the prescribing doctor's orders, several days before the prescription would be exhausted if used as directed, Walgreens may (with the consent of the patient) contact that patient via a pre-recorded interactive call at the telephone number provided by that patient in

order to remind him or her that the prescription is eligible to be refilled under the prescribing doctor's orders.

5. Unfortunately, Walgreens took no steps to obtain, and in fact did not obtain, the prior express consent of these consumers to make such robocalls. Instead, Defendant simply mined through its database of phone numbers from consumers who had previously filled prescriptions at Walgreen pharmacies, and began robocalling these numbers with the aforementioned "reminders." In this fashion, Walgreens automatically opted all of the consumers in its database into the robocall program, and required them to affirmatively opt-out in order to avoid Defendant's repeated robocalls.

**ANSWER:** Walgreens denies the allegations contained in Paragraph 5.

6. By making the robocalls at issue in this Complaint, Defendant caused Plaintiff and the members of the Class actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited telephone calls, and the monies paid to their wireless carriers for the receipt of such calls.

**ANSWER:** Walgreens denies the allegations contained in Paragraph 6.

7. Defendant repeatedly made (or directed to be made on its behalf) thousands of unsolicited telephone calls to Plaintiff's and the other members of the putative Class's cellular telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. ("TCPA").

**ANSWER:** Walgreens denies the allegations contained in Paragraph 7 and specifically denies that prescription refill reminder calls are either unsolicited or in violation of the TCPA or that such calls are made to phone numbers identified in Walgreens' records as cell phone numbers; and denies knowledge or information sufficient to form a belief as to the truth of the allegation regarding the number of calls that may have been made to cell phones that were not identified as such in Walgreens' records.

8. The TCPA was enacted in order to protect consumers from unsolicited phone calls that are of the sort alleged in this case. In response to Defendant's unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited telephone calling activities and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

**ANSWER:** Walgreens denies the allegations contained in Paragraph 8—and specifically denies that the TCPA was enacted to "protect" consumers from the sort of medical alerts and informational calls at issue in this case—except admits that Plaintiff's complaint seeks an injunction and an award of statutory damages and costs and fees, but denies that Plaintiff is entitled to any relief whatsoever.

## PARTIES

9. Plaintiff Robert Kolinek is a natural person and citizen of the State of Florida.

**ANSWER:** Walgreens denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. Defendant Walgreen Co. is a corporation organized and existing under the laws of the State of Illinois with its principal place of business located at 200 Wilmot Road, Deerfield, Illinois, 60015. Defendant Walgreen regularly does business throughout the State of Illinois, in this District, and nationwide.

**ANSWER:** Walgreens admits the allegations contained in Paragraph 10.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute.

**ANSWER:** Walgreens responds that Paragraph 11 is a statement of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Walgreens acknowledges that Plaintiff purports to bring suit under the TCPA and purports to invoke the subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1331, but denies that any claim is properly asserted or that Plaintiff has suffered any injury or has standing to assert any claim. Except as specifically admitted, Walgreens denies the allegations of Paragraph 11.

12. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant Walgreen Co. maintains its primary place of business in this District and is an Illinois corporation.

**ANSWER:** Walgreens admits that it is headquartered within the boundaries of the Northern District of Illinois and is incorporated in Illinois. The remaining allegations in Paragraph 12 are legal conclusions to which no response is required. To the extent a response is required, Walgreens denies such allegations.

## COMMON FACTUAL ALLEGATIONS

13. Defendant Walgreen operates thousands of retail drugstores nationwide and is the largest chain of pharmacies in the United States.

**ANSWER:** Walgreens admits the allegations contained in Paragraph 13.

14. In January 2012, Defendant implemented an automated system that included robocall refill reminders. These calls were not alerts informing a consumer that a requested prescription had been filled; rather, they were "reminders" encouraging consumers to refill an eligible prescription at a Walgreens pharmacy. In essence, because Defendant realizes that consumers have numerous choices of where to have their prescriptions filled, the robocall "reminders" serve as advertisements to draw consumers back to a Walgreens pharmacy. Therefore, the robocalls were not made as informational updates, but rather commercial solicitations.

**ANSWER:** Walgreens denies the allegations of Paragraph 14 (and specifically denies that prescription refill reminder calls are commercial solicitations or advertisements, or serve to "draw consumers back to a Walgreens pharmacy"), except admits that starting in approximately January 2012, Walgreens began notifying patients—who already had an active prescription with Walgreens that was eligible to be refilled under the prescribing doctor's orders—shortly before the supply of the medicine would be exhausted (assuming it was being taken as directed by the prescribing physician), that the prescription could be refilled should the patient elect to do so, thereby providing such patients with a reminder that the supply of the medicine would soon run

out and a convenient means to enable the patient to refill and schedule a pick-up of that prescription.

15. In implementing these promotional robocalls, Defendant took no steps to acquire the consent of consumers who had previously filled prescriptions at a Walgreen pharmacy. Instead, Defendant simply utilized its database of phone numbers and opted all previous customers into the robocall program.

**ANSWER:** Walgreens denies the allegations contained in Paragraph 15.

16. Plaintiff and the members of the putative Class did not provide Defendant with their informed and express consent to receive robocalls.

**ANSWER:** Walgreens denies the allegations contained in Paragraph 16.

17. In fact, the sudden onset of unexpected robocalls from Defendant came as such a surprise to consumers that dozens of complaints appeared online in early 2012 from consumers believing the calls were "scam" calls posing as Walgreens in an attempt to collect personal information (e.g., the automated calls request the recipient's birth date).

**ANSWER:** Walgreens asserts that the generalized and vague allegations of Paragraph 17 regarding the state of mind of unidentified consumers, and unidentified complaints appearing at unspecified locations online, are not particularized factual allegations to which a response can meaningfully be made, but to the extent a response is required, Walgreens denies knowledge or information sufficient to form a belief as to the truth of such allegations, except admits that prescription refill reminder calls to a Walgreens patient do request that the patient input his or her birthdate at the start of the call as an identity verification in order to assure patient privacy.

18. One such surprised consumer was Plaintiff Kolinek who began receiving robocalls from Defendant in early 2012 prompting him to refill his prescriptions at Walgreens. Plaintiff first filled a prescription at Walgreens several years (as many as ten years) prior to the commencement of the unsolicited calls. At that time, Plaintiff provided his cellular telephone number to a Walgreens pharmacist who informed him that the number was needed for verification purposes (i.e., if another customer named Robert Kolinek attempted to fill a prescription at the same Walgreens, the pharmacist would be able to confirm the correct person using the phone number on record). At the time Plaintiff provided his phone number to

Defendant, he did not consent to receive automated robocalls or any calls prompting him to refill his prescriptions at Walgreens.

**ANSWER:** Walgreens denies the allegations contained in Paragraph 18, except: (i) admits that Plaintiff voluntarily provided his telephone number to Walgreens when filling a prescription, and thereby consented to receive calls at that telephone number regarding his prescriptions; and that Plaintiff thereafter received prescription refill reminder calls at that phone number and did not instruct Walgreens at any time not to contact him at that number and did not opt out of receiving such calls (which he could have done simply by pressing a number on his telephone); and (ii) denies knowledge or information sufficient to form a belief as to the truth of (a) the allegations concerning Plaintiff's state of mind when he began to receive prescription refill reminder calls or (b) the details of his purported conversation with an unidentified pharmacist at an unidentified time "as many as ten years" ago at one of the more than eight thousand Walgreens' pharmacies, as to which investigation is continuing.

19. Likewise, in the years following this original transaction with Defendant, Plaintiff has never provided his express consent to receive robocalls from Defendant. Nor has Plaintiff created an online account with Defendant through Walgreens.com.

**ANSWER:** Walgreens denies the allegations contained in Paragraph 19, except admits that Plaintiff has not created an online account at Walgreens.com.

20. Defendant was and is aware that the above-described telephone calls were and are being made to consumers without those consumers' prior express consent.

**ANSWER:** Walgreens denies the allegations contained in Paragraph 20.

21. The above-described calls violated the TCPA's restriction on using an artificial or prerecorded voice to call consumers' cellular telephones. Further, Defendant acted "knowingly" within the meaning of the TCPA by knowingly calling consumers' telephones using an artificial or prerecorded voice to call, without the prior express consent of the individual being called. Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff and Class Members are entitled to the greater of the amount of their actual damages or $500 per call together, trebled.

**ANSWER:** Walgreens denies the allegations contained in Paragraph 21.

## CLASS ALLEGATIONS

22. Plaintiff Kolinek brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and a class defined as follows:

> All persons in the United States (1) who first filled a prescription through Defendant Walgreen Co. prior to January 1, 2012; (2) who have not created an online account through [Walgreens.com](Walgreens.com); (3) who received a call on his or her cellular telephone; (4) featuring a prerecorded or artificial voice; (5) from Defendant Walgreen Co.; (6) prompting the recipient to refill a prescription at a Walgreens pharmacy.

Excluded from the Class is 1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current and former employees, officers, and directors, 2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, 3) persons who execute and file a timely request for exclusion, 4) the legal representatives, successors, or assigns of any such excluded person; and 5) Plaintiff's counsel and Defendant's counsel.

**ANSWER:** Walgreens acknowledges that Plaintiff purports to bring a class action on behalf of the identified class pursuant to the specified provisions of the Federal Rules of Civil Procedure, but denies that any claim is properly asserted or is amenable to class certification. Except as specifically admitted, Walgreens denies the allegations of Paragraph 22

23. **Numerosity:** The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. Defendant has made robocalls to thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendant's records.

**ANSWER:** Walgreens asserts that the allegations of Paragraph 23 are statements of Plaintiff's legal conclusions to which no response is required, but to the extent that a response is deemed required, Walgreens denies such allegations. To the extent that Paragraph 23 contains allegations of fact, Walgreens denies each and every such allegation, except admits that patients who received prescription refill reminder calls from Walgreens can be identified from Walgreens' records but denies knowledge or information sufficient to form a belief as to the

truth of the allegation regarding the number of such calls that may have been made to cell phones that were not identified as such in Walgreens' records.

24. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited robocalls.

**ANSWER:** Walgreens asserts that the allegations of Paragraph 24 are statements of Plaintiff's legal conclusions to which no response is required, but to the extent that a response is deemed required, Walgreens denies such allegations. To the extent that Paragraph 24 contains allegations of fact, Walgreens denies each and every such allegation.

25. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

**ANSWER:** Walgreens asserts that the allegations of Paragraph 25 are statements of Plaintiff's legal conclusions to which no response is required, but to the extent that a response is deemed required, Walgreens denies such allegations. To the extent that Paragraph 25 contains allegations of fact, Walgreens denies each and every such allegation.

26. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

   a) Whether Defendant's conduct constitutes a violation of the TCPA;

   b) Whether Defendant systematically made telephone to members of the Class who did not previously provide Defendant with their prior express consent to receive such calls;

   c) Whether Defendant has a policy or practice of using artificial or prerecorded voice messaging to make telephone calls;

   d) Whether Defendant systematically place calls using a prerecorded or artificial

        voice to persons that did not previously provide Defendant with consent to call their respective telephone numbers;

e)   Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct; and

f)   Whether the calls made by Defendant using a prerecorded or artificial voice violated Class members' respective rights to privacy.

**ANSWER:** Walgreens asserts that the allegations of Paragraph 26 are statements of Plaintiff's legal conclusions to which no response is required, but to the extent that a response is deemed required, Walgreens denies such allegations. To the extent that Paragraph 26 contains allegations of fact, Walgreens denies each and every such allegation.

27.   **Superiority:** This case is also appropriate for class certification as class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense required for individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

**ANSWER:** Walgreens asserts that the allegations of Paragraph 27 are statements of Plaintiff's legal conclusions to which no response is required, but to the extent that a response is deemed required, Walgreens denies such allegations. To the extent that Paragraph 27 contains allegations of fact, Walgreens denies each and every such allegation.

## COUNT I

### Violation of the TCPA, 47 U.S.C. § 227
### (On behalf of Plaintiff and the Class)

28.     Plaintiff incorporates each and every paragraph of this complaint as if fully set forth herein.

**ANSWER:**     Walgreens incorporates by reference, as if fully set forth herein, its responses to the allegations in Paragraphs 1 through 27 of the Complaint.

29.     Defendant and/or its agents made unsolicited telephone calls to cellular telephone numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

**ANSWER:**     Walgreens denies the allegations contained in Paragraph 29.

30.     Defendant and/or their agents made unsolicited telephone calls to telephone numbers belonging to Plaintiff and the other members of the Class using a prerecorded or artificial voice, more commonly known as a "robocall."

**ANSWER:**     Walgreens denies the allegations contained in Paragraph 30.

31.     By making, or having made on its behalf, the unsolicited robocalls utilizing an artificial or prerecorded voice to Plaintiff and the Class's cellular telephones without prior express consent, Defendant has violated 47 U.S.C. § 227 (b)(1)(A)(iii).

**ANSWER:**     Walgreens denies the allegations contained in Paragraph 31.

32.     As a result of Defendant's unlawful conduct, Plaintiff and the members of the Class suffered actual damages in the form of monies paid to receive unsolicited telephone calls and therefore, Plaintiff, on behalf of himself and the other members of the Class, seeks an Order under section 227(b)(3)(B) awarding a minimum of $500 in damages for each of Defendant's violations of the TCPA.

**ANSWER:**     Walgreens denies the allegations contained in Paragraph 32, except admits that Plaintiff's complaint seeks an award of statutory damages under the referenced section of the TCPA, but denies any wrongdoing or unlawful conduct or that Plaintiff is entitled to any relief whatsoever.

33. Further, Plaintiff, on behalf of himself and the other members of the Class, seek an Order under section 227(b)(3)(A) of the TCPA enjoining Defendant's unlawful telephone calling activities described in this Complaint.

**ANSWER:** Walgreens admits that Plaintiff's complaint seeks an injunction under the referenced section of the TCPA, but denies any wrongdoing or unlawful conduct or that Plaintiff is entitled to any relief whatsoever.

34. By all of the above, the Defendant engaged in willful and knowing violations of the TCPA's restriction on using an artificial or prerecorded voice to call Plaintiff and Class Members' telephones.

**ANSWER:** Walgreens denies the allegations contained in Paragraph 34.

35. Should the Court determine that Defendant's conduct was willful and knowing, it may, under section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

**ANSWER:** Walgreens asserts that the allegations of Paragraph 35 are statements of Plaintiff's legal conclusions to which no response is required. To the extent that a response is deemed required, Walgreens denies such allegations, except admits that the referenced section of the TCPA addresses circumstances (not applicable her) under which a court may treble a damages award and respectfully refers the Court to the TCPA for the complete contents and context thereof, but denies any wrongdoing or unlawful conduct or that Plaintiff is entitled to any damages, much less trebled damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Robert Kolinek, individually and on behalf of the Class, pray for the following relief:

1. An order certifying the Class as defined above, appointing Robert Kolinek as the representative of the Class, and appointing his counsel as Class Counsel;
2. An award of actual and statutory damages;
3. An injunction requiring Defendant to cease all unsolicited telephone calling activities, and otherwise protecting the interests of the Class;
4. An award of reasonable attorneys' fees and costs; and

5. Such other and further relief that the Court deems reasonable and just.

**ANSWER:** Walgreen denies that Plaintiff is entitled to the relief requested in the "wherefore" clause in the "Prayer for Relief" section of the Complaint, including all subparts thereof.

## WALGREENS' SEPARATE OR ADDITIONAL DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burdens of proof or persuasion that would otherwise rest on Plaintiff, Walgreens asserts the following additional or affirmative defenses. Walgreens reserves all rights to assert additional or amended defenses:

1. The Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

2. The TCPA, as applied to medical alerts such as prescription refill reminder calls, violates the First Amendment to the Constitution of the United States.

3. Plaintiff's claims, as well as any claims of putative class members, are barred, in whole or in part, because they consented to receive the prescription refill reminder calls at issue in this matter.

4. Plaintiff's claims, as well as any claims of putative class members, are barred in whole or in part, because the prescription refill reminder calls at issue in this matter are medical alerts that are exempt from the TCPA under the emergency purpose exemption.

5. Plaintiff's claims, as well as any claims of putative class members, are barred in whole or in part, because the prescription refill reminder calls at issue in this matter are allowed by 47 C.F.R. § 64.1200(a)(2).

6. Plaintiff's claims, as well as any claims of putative class members, are barred, in whole or in part, because they were not charged for the prescription refill reminder calls at issue in this matter.

7. Plaintiff's claims, as well as any claims of putative class members, are barred, in whole or in part, by the primary jurisdiction doctrine.

8. Plaintiff's claims, as well as any claims of putative class members, are barred, in whole or in part, by the doctrine of laches or are otherwise time barred.

9. Plaintiff's claims, as well as any claims of putative class members, are barred, in whole or in part, by the doctrine of release.

10. Plaintiff's claims, as well as any claims of putative class members, are barred, in whole or in part, by the doctrines of estoppel and equitable estoppel.

11. Plaintiff's claims, as well any claims of putative class members, are barred, in whole or in part, by the doctrines of waiver and/or ratification.

12. Plaintiff's claims, as well as any claims of putative class members, are barred, in whole or in part, for lack of any actual injury or standing to assert a claim.

13. Plaintiff's claims, as well as any claims of putative class members, are barred, in whole or in part, by the doctrine of recoupment and/or set-off.  Walgreens is entitled to offset and recoup against any judgment that may be entered for Plaintiff or any class members for all obligations owing to Walgreens, including but not limited to any unpaid account balances and/or any damages incurred in connection with any termination of contracts between Walgreens and Plaintiff.

14. Plaintiff's claims, as well as any claims of putative class members, are barred, in whole or in part, because any award would constitute unjust enrichment.

15. Plaintiff's claims, as well as any claims of putative class members, are barred, in whole or in part, by the terms and conditions and/or limitations of liability contained in any applicable agreements with Walgreens or with Plaintiff's or putative class members' medical providers or insurers.

16. Plaintiff's claims, as well as any claims of putative class members, are barred, in whole or in part, because any alleged damages were not caused by Walgreens but instead by intervening and superseding causes or circumstances, or by the acts or omissions of third parties for which Walgreens is not responsible.

17. Plaintiff's claims, as well as any claims of putative class members, are barred, in whole or in part, because they failed to mitigate their damages, if any.

18. Plaintiff's claims on behalf of the putative class are barred because this case is not maintainable as a class action under Federal Rule of Civil Procedure 23 because the proposed class does not satisfy the requirements described therein, including, but not limited to, class definition, ascertainability, commonality, typicality, predominance, adequacy of representation, superiority, and manageability.

19. Plaintiff's claims on behalf of the putative class are barred because Plaintiff is not a proper representative to bring this action on behalf of any proposed class.

20. Plaintiff's claims, as well as any claims of putative class members, are barred, in whole or in part, because Walgreens did not willfully or knowingly violate the Telephone Consumer Protection Act of 1991 or any of its regulations.

21. Plaintiff's claims, as well as any claims of putative class members, are barred, in whole or in part, because Walgreens substantially complied with the Telephone Consumer Protection Act of 1991 and its regulations.

22. To the extent that Plaintiff or the putative class may seek recovery of attorneys' fees, such fees are not recoverable under the Telephone Consumer Protection Act of 1991.

\* \* \*

Walgreens specifically reserves all separate or affirmative defenses that it may have against each putative class member—it is not possible at this time for Walgreens to delineate all such defenses against the putative class members because no classes have been certified (if any can be, which Walgreens denies) and the putative class members are not parties to the litigation.

Walgreens also expressly reserves and asserts all affirmative defenses available under any applicable law. Walgreens reserves its right to supplement its Answer and to assert additional defenses in the event that discovery or other means indicate that such additional defenses would be applicable.

## **WALGREENS' PRAYER FOR RELIEF**

WHEREFORE, Walgreens respectfully prays for judgment as follows:

1. That Plaintiff's Complaint be dismissed with prejudice and judgment entered in favor of Walgreens;

2. That Plaintiff and any member of the putative class take nothing by the Complaint; and

3. That Walgreens be awarded such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Walgreens demands a trial by jury.

- 17 -

Dated: August 25, 2014                Respectfully submitted,

                                            /s/ Bradley J. Andreozzi
                                            Bradley J. Andreozzi (ARDC No. 6257334)
                                            bradley.andreozzi@dbr.com
                                            Justin O. Kay (ARDC No. 6286557)
                                            justin.kay@dbr.com
                                            **DRINKER BIDDLE & REATH LLP**
                                            191 North Wacker Drive, Suite 3700
                                            Chicago, IL 60606-1698
                                            Tel:    (312) 569-1000
                                            Fax:   (312) 569-3000

                                            *Counsel for Defendant Walgreen Co.*