IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT KOLINEK, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>WALGREEN CO., an Illinois corporation,<br><br>*Defendant*. | Case No. 1:13-cv-4806<br><br>Honorable Matthew F. Kennelly |

**JOINT MOTION FOR EXTENSION OF
DEADLINE TO FILE MOTION FOR PRELIMINARY APPROVAL**

Plaintiff Robert Kolinek ("Plaintiff") and Defendant Walgreen Co. ("Defendant") (collectively, the "Parties"), pursuant to Fed. R. Civ. P. 6(b), hereby respectfully move the Court to enter an Order extending the deadline for Plaintiff to move for preliminary approval of the Parties' proposed class action settlement by thirty (30) days. In support of the instant motion, the Parties state as follows:

1.     By the Court's Minute Order of February 14, 2015, the extended deadline for Plaintiff to file a motion for preliminary approval of the Parties' proposed class action settlement is February 24, 2015. (Dkt. 75.) The Court granted the extension at the request of the Parties, and admittedly, in seeking the extension from the previous deadline, the Parties promised that they would be seeking no further extensions from the Court.

2.     Unfortunately, new facts have come to light within the last few days, which prevent the Parties from finalizing the proposed settlement on the timeline that the Parties anticipated. That is, as the Parties previously advised the Court, though they reached a settlement in principal at the end of last year, a material term of the settlement was that they

1

would engage in a period of confirmatory discovery so as to ensure that the settlement reached in principal (which was based on the information that had been discovered up to that point) was fair to the Parties and the Class. Part of that confirmatory discovery was an analysis of the telephone numbers that Walgreens had called to determine whether they were cellular or landline numbers,[1] which is critical to determining the final class size. That process has been ongoing for several weeks now, and the analysis was only completed yesterday, February 19.

3. Ultimately, the cell phone scrub yielded a larger potential class size than anticipated. In reviewing the unexpected results, the Parties determined that there were two technical glitches with the manner in which the data was identified and pulled that call into question the reliability of that data for identifying potential class members and for estimating the class size. The Parties now need to assemble the correct data and re-scrub the database of millions of telephone numbers, and then assess the results of the corrected scrub.

4. Once they receive the results of the corrected scrub, the Parties will need to analyze the implications of those results for estimating the class size, and there likely will be issues that require discussion between the parties, including with respect to altering the anticipated notice plan and potentially other issues regarding the structure of the settlement. Given the issues they must work through, the Parties may also find it helpful to reconvene the mediation with Judge Andersen.

---

[1] Confirmatory discovery has also shown that Walgreens does not make prescription refill reminder calls to telephone numbers that are identified in its database as cellular telephone numbers, but patients may provide cellular telephone numbers as their point of contact without identifying the phone numbers as cellular numbers. Indeed, to the extent Walgreens only has a cellular telephone number for a given customer, and the number is identified as such, then its system is set up such that Walgreens will not place a refill reminder call to that number. Hence, the cellular telephone numbers that did receive refill reminder calls were not identified in Walgreens' system as such, which meant that the Parties had to engage an independent third party to perform a "cell phone scrub" (basically analyzing the numbers to determine which are cell phones and which are landlines).

5. As a result of all this, the Parties are in need of relief from the Court in terms of extending the deadline for the filing of the preliminary approval motion by thirty (30) days. The Parties believe that a thirty-day extension will give them sufficient time to work through the remaining issues, and to the extent it is necessary, to mediate any outstanding issues with Judge Andersen. The Parties are committed to moving forward with settlement as expeditiously as possible, and they have been working very hard to do so, but quite candidly, the Parties need to make sure that they have accurate data and have fully addressed the issues raised by that data in order to present a settlement to this Court that is worthy of its approval.

6. The Parties would like to state that they greatly appreciate the Court's patience thus far in allowing them the time requested to finalize the settlement, and respectfully submit that good cause exists to grant the instant motion.

**WHEREFORE**, Plaintiff Robert Kolinek and Defendant Walgreen Co. respectfully request that the Court enter an order (i) granting the instant motion, (ii) extending the Parties' deadline to file a motion for preliminary approval by thirty (30) days from February 24, 2015 to March 26, 2015, and (iii) for such other and further relief as the Court deems reasonable and just.

//
//
//
//
//
//
//
//

                                                  Respectfully submitted,

                                                  **ROBERT KOLINEK**, individually and on behalf of all others similarly situated,

Dated: February 20, 2015            By: /s/ Rafey S. Balabanian
                                                          One of Plaintiff's Attorneys

                                                  Jay Edelson
                                                  jedelson@edelson.com
                                                  Rafey S. Balabanian
                                                  rbalabanian@edelson.com
                                                  Benjamin H. Richman
                                                  brichman@edelson.com
                                                  Courtney C. Booth
                                                  cbooth@edelson.com
                                                  EDELSON PC
                                                  350 North LaSalle Street, Suite 1300
                                                  Chicago, Illinois 60654
                                                  Tel: 312.589.6370
                                                  Fax: 312.589.6378

                                                  **WALGREEN CO.**,

Dated: February 20, 2015            By: /s/ Bradley J. Andreozzi
                                                          One of Defendant's Attorneys

                                                  Bradley J. Andreozzi
                                                  bradley.andreozzi@dbr.com
                                                  Justin O. Kay
                                                  justin.kay@dbr.com
                                                  **DRINKER BIDDLE & REATH LLP**
                                                  191 North Wacker Drive, Suite 3700
                                                  Chicago, IL 60606-1698
                                                  Tel:    (312) 569-1000
                                                  Fax:   (312) 569-3000

**CERTIFICATE OF SERVICE**

  I, Rafey S. Balabanian, an attorney, hereby certify that on February 20, 2015, I caused to be served the above and foregoing ***Joint Motion for Extension of Deadline to File Motion for Preliminary Approval*** by causing a true and accurate copy of such paper to be filed and served on all counsel of record via the court's CM/ECF electronic filing system, on this the 20th day of February, 2015.

              /s/  Rafey S. Balabanian