**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| ROBERT KOLINEK, individually and on behalf of all others similarly situated, *Plaintiff*, v. WALGREEN CO., an Illinois corporation, *Defendant*. | Case. No. 13-cv-04806 Hon. Matthew F. Kennelly |

## PRELIMINARY APPROVAL ORDER

This matter having come before the Court on Plaintiff's Motion for Preliminary Approval of Class Action Settlement ("Settlement") of the above-captioned matter (the "Action") between Plaintiff Robert Kolinek ("Plaintiff") and Defendant Walgreen Co. ("Defendant"), as set forth in the Class Action Settlement Agreement between Plaintiff and Defendant (the "Settlement Agreement"), and the Court having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

1.  Unless defined herein, all defined terms in this Order shall have the respective meanings ascribed to the same terms in the Settlement Agreement.

2.  The Court has conducted a preliminary evaluation of the Settlement set forth in the Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that the Agreement meets all applicable requirements of Federal Rule of Civil Procedure 23 for settlement purposes only, including that the Settlement Class is sufficiently numerous, that there are questions of law and fact common to members of the Settlement Class that predominate, that the claims of Kolinek are typical of the claims of the Settlement Class, that Kolinek and his counsel adequately represent the interests of the

Settlement Class, and that a class action is a superior method of adjudicating this action. The Court further finds that: (i) there is good cause to believe that the settlement is fair, reasonable, and adequate, (ii) the Settlement has been negotiated at arm's length between experienced attorneys familiar with the legal and factual issues of this case and was reached with the assistance of the Honorable Wayne R. Andersen (ret.) of JAMS, and (iii) the Settlement warrants Notice of its material terms to the Settlement Class for their consideration and reaction. Therefore, the Court grants preliminary approval of the Settlement.

3. Pursuant to Federal Rule of Civil Procedure 23(b)(3), and for settlement purposes only, the Court certifies the proposed Settlement Class, consisting of: All individuals in the United States to whom Walgreens placed a Prerecorded Prescription Call to their cellular telephone on or before the date of this Order.

4. For settlement purposes only, the Court hereby approves the appointment of Plaintiff Robert Kolinek as Class Representative.

5. For settlement purposes only, the Court hereby approves the appointment of the following attorneys as Class Counsel and finds that they are competent and capable of exercising the responsibilities of Class Counsel:

> Jay Edelson
> Rafey S. Balabanian
> Ryan D. Andrews
> Benjamin H. Richman
> EDELSON PC
> 350 North LaSalle Street, Suite 1300
> Chicago, Illinois 60654

6. On August 5, 2015 at 9:30 a.m., or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement, and to determine whether: (a) final approval of the

Settlement should be granted and (b) Class Counsel's application for attorney's fees and expenses, and an incentive award to the Class Representative should be granted. No later than July 2, 2015, Plaintiff must file his papers in support of Class Counsel's application for attorneys' fees and expenses, and no later than July 29, 2015, Plaintiff must file his papers in support of final approval of the Settlement and in response to any objections.

7. Pursuant to the Settlement Agreement, Kurtzman Carson Consultants d/b/a KCC is hereby appointed as Settlement Administrator and shall be required to perform all of the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

8. To aid in the efficient submission of claims, the Settlement Agreement allows claimants to submit claims online without the need for a manual signature. Claimants who submit an electronic Claim Form shall be bound to the same extent as if they had used a manual signature and the Claim Form will contain a statement to that effect.

9. The Court approves the proposed plan for giving Notice to the Settlement Class (i) by direct email Notice to valid email addresses, or, if no email address is obtainable for Settlement Class Members, by direct mail Notice to the last-known addresses of the Settlement Class Members and (ii) the creation of the Settlement Website, as more fully described in the Settlement Agreement. The plan for giving Notice, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto. The Court hereby directs the Parties and Settlement Administrator to complete all aspects of the notice plan no later than sixty (60) days after the entry of this Order.

10. All persons who meet the definition of the Settlement Class and who wish to exclude themselves from the Settlement Class must submit their request for exclusion in writing

no later than the Objection/Exclusion deadline of one hundred five (105) days after entry of this Order. To be valid, any request for exclusion must be sent to the Settlement Administrator and postmarked on or before the Objection/Exclusion deadline. The request for exclusion must be personally signed by the Settlement Class Member seeking to be excluded from the Settlement Class, and include the Settlement Class Member's name and address, the cellular telephone number on which he or she allegedly received a Prerecorded Prescription Call, the caption for the Action (i.e., *Kolinek v. Walgreen Co.*, No. 13-cv-04806 (N.D. Ill.)), and a statement that he or she wishes to be excluded from the Settlement Class. A request to be excluded that does not include all of the foregoing information, that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Persons serving such a request shall be deemed to remain members of the Settlement Class and shall be bound as Settlement Class Members by this Settlement Agreement, if approved.

11. Any member of the Settlement Class may comment in support of, or in opposition to, the Settlement at his or her own expense; *provided, however,* that all comments and objections must (i) be filed with the Clerk of the Court or, if the Settlement Class Member is represented by counsel, filed through the CM/ECF system and (ii) be sent via mail, hand or overnight delivery service to Class Counsel and Defendant's counsel as described in the Notice, no later than the Objection/Exclusion Deadline. Any member of the Settlement Class who intends to object to this Settlement Agreement must include in his or her written objection (i) his or her name and address, (ii) all arguments, citations, and evidence supporting the objection (including copies of any documents relied on), (iii) a statement that he or she is a Settlement Class Member, (iv) the cellular phone number on which he or she allegedly received a Prerecorded Prescription Call, (v) a statement whether the objector intends to appear at the Final

Approval Hearing, with or without counsel, (vi) and the signature of the objecting Settlement Class Member.

12. Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Paragraph and as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding.

13. The Settlement Agreement and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the Settlement Agreement and this Order, are not and shall not in any event be construed, deemed, used, offered or received as evidence of an admission, concession, or evidence of any kind by any Person or entity with respect to: (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action or in any other civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Defendant has denied and continues to deny the claims asserted by Plaintiff. Notwithstanding, nothing contained herein shall be construed to prevent a Party from offering the Settlement Agreement into evidence for the purpose of enforcing the Settlement Agreement.

14. The certification of the Settlement Class shall be binding only with respect to the Settlement of the Action. In the event that the Settlement Agreement fails to become effective, is

overturned on appeal, or does not become final for any reason, the Parties shall be restored to their respective positions in the Action as of the date of the signing of the Agreement, and no reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

    **IT IS SO ORDERED**.

ENTERED: 4/3/2015

_____
HONORABLE MATTHEW F. KENNELLY
UNITED STATES DISTRICT JUDGE