## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ROBERT KOLINEK, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>WALGREEN CO., an Illinois corporation,<br><br>*Defendant*. | Case. No. 13-cv-04806<br><br>Hon. Matthew F. Kennelly |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Agreement" or "Settlement Agreement") is entered into by and among Plaintiff Robert Kolinek ("Kolinek" or "Plaintiff"), the Settlement Class (as defined herein), and Defendant Walgreen Co. ("Walgreens" or "Defendant") (together, the "Parties"). This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined below), upon and subject to the terms and conditions of this Settlement Agreement, and subject to the final approval of the Court.

## RECITALS

A.     On July 3, 2013, Plaintiff Kolinek filed a putative class action in the United States District Court for the Northern District of Illinois, captioned *Kolinek v. Walgreen Co.*, Case No. 1:13-cv-04806 (the "Action"). Plaintiff's complaint alleged a single claim—that Walgreens violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii), when it placed allegedly unsolicited prerecorded prescription refill reminder calls to consumers' cellular telephones. (Dkt. 1.)

B.     On August 30, 2013, Walgreens moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Walgreens did not violate the TCPA

because: (1) Plaintiff had consented to being called on his cellular telephone by voluntarily providing his telephone number to Walgreens when refilling a prescription previously, and (2) the calls fell within the TCPA's "emergency purpose" exemption, 47 U.S.C. § 227(b)(1)(A), as communications concerning health or safety, as the calls are only made to active pharmacy patients with a current prescription at Walgreens for a maintenance medication that is due under the prescribing physician's orders to be refilled. (*See* Dkt. 20 at 6–15.)

C.      After full briefing on the motion to dismiss (*see* Dkts. 20, 26, 30), Walgreens submitted a notice of supplemental authority (Dkt. 34), calling the Court's attention to a Federal Communications Commission ("FCC") amicus brief in another matter and an order dismissing a TCPA claim in another matter, both of which had been filed subsequent to Defendant's reply.

D.      On February 10, 2014, the Court granted Walgreens' motion and dismissed Plaintiff's complaint, finding that by providing his telephone number to Walgreens, he had, in fact, provided consent to receive Walgreens' telephone calls on his cellular telephone. (Dkt. 38.)

E.      On March 10, 2014, Plaintiff moved the Court to reconsider its Order granting Walgreens' motion to dismiss, arguing that the provision of a telephone number at a particular time, for a particular purpose, does not constitute prior express consent to receive calls at any other time, for any other purpose. (Dkt. 40 at 3–7.) Even if it could, Plaintiff argued, his complaint did not, on its face, contain all of the facts necessary to establish the prior express consent defense as Walgreens had raised it. (*Id.* at 7–9.) Walgreens opposed Plaintiff's motion to reconsider. (Dkt.  44.)

F.      On July 7, 2014, the Court granted Plaintiff's motion to reconsider, vacating its prior order on Defendant's motion to dismiss, and ruling that the consent defense raised issues of fact and could not be resolved based on the pleadings. (Dkt. 51.) Oral argument on Defendant's

2

"emergency purpose exception" motion to dismiss was then set for July 22, 2014. (*Id.* at 9.)

G.      On August 11, 2014, the Court denied the remainder of Defendant's motion to dismiss, holding that the allegations in the Complaint did not say enough about the nature and content of the calls to make it appropriate to dismiss the case on the pleadings based on the emergency purpose defense. (Dkt. 66 at 2.) On August 25, 2014, Walgreens answered the complaint and raised twenty-two affirmative defenses. (Dkt. 68.)

H.      After the Court's ruling, the Parties began to informally exchange information related to Walgreens' prerecorded prescription call program—such as when the program was initiated, how Walgreens collected and stored telephone numbers, how many calls Walgreens placed, and how many individuals received them. In addition, the Parties exchanged information regarding Plaintiff Kolinek's provision of his cellular telephone number and other issues related to any alleged "consent."

I.      While informal discovery was underway, the Parties began to discuss the possibility of settlement. The Parties participated in numerous teleconferences, in which they discussed both the substantive issues of the case as well as their perspectives on a potential resolution of the claims at issue.

J.      On October 15, 2014, the Parties participated in a formal mediation session with the Honorable Wayne R. Andersen (Ret.) of JAMS Chicago. With Judge Andersen's guidance, the Parties engaged in numerous rounds of arm's-length negotiations throughout the course of the day. With Judge Andersen's assistance, by the end of the mediation session the Parties had agreed to some, but not all, of the material terms of an agreement in principle to resolve the Action on a classwide basis. The day closed with Plaintiff's making a proposed settlement offer, which Defendant countered one week later. Finally, on October 24, 2014, the Parties finalized

3

the material terms of the class relief.

K.     As a material term of their agreement in principle to settle the Action, the Parties agreed to engage in further formal discovery to confirm the fairness, adequacy and reasonableness of the proposed settlement. Accordingly, on December 2, 2014, Plaintiff served written interrogatories and document requests regarding, *inter alia*, Walgreens' practices and procedures for obtaining telephone numbers from consumers and consent to call them, how those numbers are stored, how many numbers have been called, and a host of other information relevant to the claims and defenses in and ultimate settlement of the Action. In addition, the Parties scheduled a Rule 30(b)(6) deposition of Walgreens regarding these same topics.

L.     On January 16, 2015, Plaintiff took the deposition of Chris Helzerman, Walgreens' Director of Outbound Programs, Customer Care Operations, whom Walgreens had designated as its Rule 30(b)(6) designee for the specified topics.

M.     Plaintiff Kolinek believes that the alleged violations of the TCPA asserted in the Action have merit, and that he would have ultimately succeeded in obtaining adversarial certification of the proposed Settlement Class under Federal Rule of Civil Procedure 23, and in prevailing on the merits at summary judgment or at trial. Nonetheless, Plaintiff and Class Counsel recognize that Walgreens has raised factual and legal defenses in the Action that present a risk that Plaintiff may not prevail and/or that a class might not be certified for trial. Plaintiff and Class Counsel also have taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulty and delay inherent in such litigation. Therefore, Plaintiff believes that it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice, and barred pursuant to the terms and conditions set forth in this Agreement.

N.      Based on their comprehensive examination and evaluation of the law and facts relating to the matters at issue in the Action, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to resolve the alleged claims of the Settlement Class, and that it is in the best interests of the Settlement Class members to settle the claims raised in the Action pursuant to the terms and conditions set forth in this Agreement.

O.      At all times, Walgreens has denied, and continues to deny, any wrongdoing whatsoever.  Specifically, Walgreens has denied that the calls at issue—which Walgreens views as important healthcare notifications to remind patients on maintenance medications to follow their treatment plans, and which it contends are made with the consent of patients and to promote their health and well-being—violate the TCPA or any other statute or law. In addition, Walgreens maintains that it has meritorious defenses to class certification and to the claim alleged in the Action and is prepared to vigorously defend this suit. Nevertheless, taking into account the uncertainty and risks inherent in any litigation, Walgreens has concluded that further defense of the Action would be protracted, burdensome, and expensive, and that it is desirable and beneficial to fully and finally settle and terminate the Action in the manner and upon the terms and conditions set forth in this Agreement.

P.      The Parties agree that all Persons shall have an individual right to exclude themselves from the Settlement Class, such that participation in the Monetary and Prospective Relief provided by this Agreement (as defined below) shall be voluntary.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff Kolinek, the Settlement Class, and Defendant Walgreens, by and through their respective counsel, that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, and in consideration of the benefits flowing to the

Parties from the Settlement Agreement set forth herein, the Action and the Released Claims shall be fully and finally compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions set forth in this Agreement.

## AGREEMENT

**1.      DEFINITIONS.**

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1.      **"Action"** means the case captioned *Kolinek v. Walgreen Co.*, Case No. 1:13-cv-04806, pending in the United States District Court for the Northern District of Illinois.

1.2.      **"Approved Claim"** means a Claim Form submitted by a Settlement Class Member that is (a) submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement, (b) fully and truthfully completed and executed, with all of the information requested in the Claim Form, and (c) signed by the Settlement Class Member, physically or electronically, affirming that the Settlement Class Member received the Prerecorded Prescription Calls on his or her cell phone without his or her prior express consent.

1.3.      **"Claim Form"** means the document substantially in the form attached hereto as Exhibit A, as approved by the Court. The Claim Form, to be completed by Settlement Class Members who wish to file a Claim for a payment pursuant to this Agreement, shall be available in paper and electronic format. The Claim Form will require each Settlement Class Member to include the Settlement Class Member's (1) name, (2) current address, (3) cellular telephone number that received the Prerecorded Prescription Calls, and (4) affirmation that the Settlement Class Member received such Prerecorded Prescription Call(s) without his or her prior express consent.

1.4. **"Claims Deadline"** means the date by which all Claim Forms must be postmarked or submitted on the settlement website established pursuant to Paragraph 4.2(d) to be considered timely and shall be set as a date no later than fourteen (14) days before the Final Approval Hearing. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order and in the Final Judgment as well as in the Notice and the Claim Form.

1.5. **"Class Counsel"** means Jay Edelson, Rafey S. Balabanian, Ryan D. Andrews, and Benjamin H. Richman of Edelson PC.

1.6. **"Class Representative"** means the named Plaintiff in this Action, Robert Kolinek.

1.7. **"Court"** means the United States District Court for the Northern District of Illinois, the Honorable Matthew F. Kennelly presiding, or any judge who shall succeed him as judge in this Action.

1.8. **"Defendant"** means Walgreen Co., an Illinois corporation.

1.9. **"Defendant's Counsel"** means Bradley J. Andreozzi and Justin O. Kay of Drinker Biddle & Reath LLP.

1.10. **"Effective Date"** means the first business day after which all of the events and conditions specified in Paragraph 9.1 have been met and have occurred.

1.11. **"Escrow Account"** means a separate interest-bearing escrow account to be established by the Settlement Administrator, from which all payments out of the Settlement Fund, including for Approved Claims made by Settlement Class Members, Settlement Administration Expenses, any incentive award to the Class Representative, and any Fee Award to Class Counsel, will be made. The Escrow Account shall be established under terms acceptable to Plaintiff and Defendant at a depository institution insured by the Federal Deposit Insurance

Corporation and that has total assets of at least five hundred million dollars ($500,000,000) and a short-term deposit rating of at least P-1 (Moody's) or A-1 (Standard & Poor's). The money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less. The costs of establishing the Escrow Account shall be deducted from the Settlement Fund. Any interest earned on the Escrow Account shall be considered part of the Settlement Fund.

1.12. **"Fee Award"** means the amount of attorneys' fees and reimbursement of costs and expenses awarded by the Court to Class Counsel from the Settlement Fund.

1.13. **"Final"** means one business day following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving this Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award and/or incentive award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

1.14. **"Final Approval Hearing"** means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement, and the Court will determine the Fee Award and the incentive award to the Class Representative.

1.15. **"Final Judgment"** means the Final Judgment and order(s) to be entered by the

8

Court approving the Settlement Agreement and determining the Fee Award and the incentive award to the Class Representative.

1.16. **"Notice"** means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be sent to the Settlement Class substantially in the manner set forth in this Agreement, fulfills the requirements of Due Process and Federal Rule of Civil Procedure 23, and is substantially in the form of Exhibits B, C, and D attached hereto.

1.17. **"Notice Date**" means the date by which notice is complete, which shall be a date no later than sixty (60) days after entry of Preliminary Approval.

1.18. **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person within the Settlement Class must be postmarked and/or filed with the Court, which shall be designated as a date no later than forty-five (45) days after the Notice Date, or such other date as ordered by the Court.

1.19. **"Parties"** means Plaintiff Robert Kolinek and the Settlement Class, on the one hand, and Defendant Walgreen Co., on the other.

1.20. **"Person"** shall mean, without limitation, any individual and their spouses, heirs, predecessors, successors, representatives, and assigns.

1.21. **"Plaintiffs"** means Robert Kolinek and the Settlement Class Members, for purposes of this settlement only.

1.22. **"Preliminary Approval"** means the order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and approving the form of the Notice.

1.23. **"Preliminary Approval Order"** means the proposed order preliminarily approving the Agreement and directing Notice to the Settlement Class, to be submitted to the

Court in conjunction with Plaintiff's motion for preliminary approval of the Agreement.

     1.24.  **"Prerecorded Prescription Calls"** means any prerecorded voice prescription refill reminder call to a cellular telephone placed by Walgreens and/or any third parties acting on its behalf.

     1.25.  **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations (including "Unknown Claims" as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the TCPA or other federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against the Released Parties, or any of them, arising out of the facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the alleged making of Prerecorded Prescription Calls including all claims that were brought or could have been brought in the Action relating to such calls, belonging to any and all Releasing Parties.

     1.26.  **"Released Parties"** means Defendant Walgreen Co, as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, agents, associates, affiliates, divisions, holding companies, employers, employees, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment

advisors, legal representatives, successors in interest, companies, firms, trusts, and corporations.

1.27. **"Releasing Parties"** means Plaintiffs and their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these Persons and entities.

1.28. **"Settlement Administration Expenses"** means the expenses reasonably incurred by or on behalf of the Settlement Administrator in administering the Settlement, including expenses relating to identifying the members of the Settlement Class, providing Notice, processing Claim Forms, and mailing checks for Approved Claims, as well as any expenses reasonably incurred in the sending of notice to the relevant governmental agencies pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), with all such expenses to be paid from the Settlement Fund.

1.29. **"Settlement Administrator"** means Kurtzman Carson Consultants d/b/a KCC, selected by the Parties and approved by the Court, that shall provide Notice to the Settlement Class, and process and pay Approved Claims submitted by Settlement Class Members as set forth in this Agreement.

1.30. **"Settlement Class"** means all individuals in the United States to whom Walgreens placed a Prerecorded Prescription Call to their cellular telephone.

1.31. **"Settlement Class Member"** means a Person who falls within the definition of the Settlement Class as set forth above and who has not submitted a valid request for exclusion.

1.32. **"Settlement Fund"** means the non-reversionary cash fund that shall be

11

established by Defendant in the total amount of eleven million dollars ($11,000,000.00) to be deposited into the Escrow Account, plus all interest earned thereon. From the Settlement Fund, the Settlement Administrator shall pay all Approved Claims made by Settlement Class Members, Settlement Administration Expenses, any incentive award to the Class Representative, and any Fee Award to Class Counsel. The Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the above-listed payments are made. The Settlement Fund includes all interest that shall accrue on the sums deposited in the Escrow Account. The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings. The Settlement Fund represents the total extent of Defendant's monetary obligations under this Agreement. In no event shall Defendant's total monetary obligation with respect to this Agreement exceed or be less than eleven million dollars ($11,000,000.00) plus the interest earned on such sum.

1.33. **"Unknown Claims"** means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have,

waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

**2.    SETTLEMENT RELIEF.**

2.1.    **Payments to Settlement Class Members.**

(a)    Defendant shall establish the Settlement Fund within twenty-eight (28) days after Preliminary Approval.

(b)    Settlement Class Members shall have until the Claims Deadline to submit Claim Forms. Each Settlement Class Member who submits an Approved Claim shall be entitled to a payment of a *pro rata* share of the amount remaining in the Settlement Fund after payment of all Settlement Administration Expenses, any incentive award to the Class Representative, and any Fee Award to Class Counsel. The payment for each Approved Claim will be increased or decreased depending on the total number of Approved Claims.

(c)    Within ninety (90) days after the Effective Date, or such other date as the Court may set, the Settlement Administrator shall pay from the Settlement Fund all Approved Claims by check and send said checks via first-class U.S. mail to the Settlement Class Members who submitted all such Approved Claims.

(d)    All cash payments issued to Settlement Class Members via check will

state on the face of the check that the check will expire and become null and void unless cashed within ninety (90) days after the date of issuance.

(e)     Any un-cashed checks issued to Settlement Class Members in accordance with this Agreement, as well as any unclaimed funds remaining in the Settlement Fund after payment of all Approved Claims, all Settlement Administration Expenses, the Fee Award to Class Counsel, and the incentive award to the Class Representative shall be distributed to Settlement Class Members with Approved Claims if practicable, or in a manner as otherwise directed by the Court upon application made by Class Counsel.

(f)     If, after determining the total number of Approved Claims submitted, the amounts paid to each Settlement Class Member who submitted an Approved Claim would be less than fifteen dollars ($15), each claiming Settlement Class Member will have a second opportunity to exclude himself or herself from the Settlement (the "downstream opt-out"), provided that he or she exercises such option within forty-five (45) days after the Settlement Administrator has posted notice of the amount of the payment per Approved Claim on the settlement website. In such instance, Walgreens may choose in its discretion to pay such Settlement Class Members who have submitted Approved Claims the difference between the amount they received under the Settlement and fifteen dollars ($15), thereby mooting the downstream opt-out.

2.2.    **Prospective Relief:** Notwithstanding its position that by voluntarily providing their telephone numbers to Walgreens, the members of the Settlement Class have already consented to receive Prerecorded Prescription Calls, Walgreens agrees to implement the following procedures to ensure and/or confirm that Persons in the Settlement Class, and its other customers, have provided prior express consent to receive Prerecorded Prescription Calls to cell

14

phones:

(a)     Pursuant to this Agreement, Walgreens has or shall utilize expert analysis and independent, third-party data to identify customer telephone numbers that have received Prerecorded Prescription Calls during the class period as assigned to wireless or landline telephone service.

(b)     Walgreens shall implement procedures to engage its customers to confirm the accuracy of their communications preferences on file, including their consent to receive automated calls on the telephone numbers included in their customer/patient profiles.  Such confirmation procedures may include a combination of engaging customers on Walgreens.com, prompts when customers call and interact with Walgreens' automated voice systems, interactions at point of sale and other means of interacting with customers.

(c)     Walgreens shall additionally provide or continue to provide to customers the option to elect to receive, and unsubscribe from, Prerecorded Prescription Calls through channels such as Walgreens.com and Walgreens' telephonic customer service systems and by contacting Walgreens by other available means such as, for example, calling a store or visiting a retail location in person.

(d)     These policies shall be implemented no later than one (1) year after the Effective Date (except as otherwise permitted by the Court upon application of Walgreens for an extension to implement the prospective relief contemplated herein) and remain in effect until further order of the Court or until there are changes in the law related to the above practices that occur after the Effective Date. In the event of any such changes in the law, Defendant shall adjust its policies and procedures to remain in

compliance with such laws then in effect.

**3.      RELEASE**

3.1      The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

3.2      Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against each and every one of the Released Parties.

**4.      NOTICE TO THE CLASS.**

4.1.     Upon entry of the Preliminary Approval Order, the Settlement Administrator shall cause the Notice describing the Final Approval Hearing, the terms of the compromise embodied in this Settlement Agreement, and the Claim Form to be disseminated to the Settlement Class as provided herein. Such notice shall comport with due process and Rule 23, the costs of which shall be Settlement Administration Expenses.

4.2.     The Notice shall include:

(a)      *Class List*.  To the extent Defendant has not done so already, upon execution of this Settlement Agreement, Defendant shall provide to the Settlement Administrator the list of all telephone numbers that have received Prerecorded Prescription Calls in order to allow the Settlement Administrator to determine which of those numbers (which were not previously identified to Walgreens as assigned to cellular service) are in fact cell phone numbers.  The Settlement Administrator shall use this information in consultation with Walgreens to prepare a list of the members of the Settlement Class (the "Class List").

(b)     *Direct Email Notice.*  No later than sixty (60) days after the entry of Preliminary Approval, the Settlement Administrator shall send Notice via email substantially in the form attached as Exhibit B, along with an electronic link to the Claim Form, to all Settlement Class Members for whom a valid email address is obtainable with reasonable effort from the Walgreens customer records. If no valid email address exists or is obtainable with reasonable effort for a person in the Settlement Class, or in the event that the transmission of any email notice results in a "bounce-back," the Settlement Administrator shall send Notice via First Class U.S. Mail through a postcard notice and accompanying Claim Form with return postage pre-paid in the form attached as Exhibit C, to each physical address reasonably obtainable from the Walgreens customer records.

(c)     *Direct Mail Notice.*  No later than sixty (60) days after the entry of Preliminary Approval, the Settlement Administrator shall send Notice and accompanying Claim Form (with return postage pre-paid via postcard), substantially in the form attached as Exhibit C, via First Class Mail through a postcard to the last known physical address of those Settlement Class Members for whom Walgreens does not have a valid email address.

(d)     *Internet Notice.*  Within forty-five (45) days after the entry of Preliminary Approval, the Settlement Administrator will develop, host, administer and maintain a dedicated settlement website located at URL www.prescriptioncallsettlement.com, which shall include the ability to electronically file Claim Forms online. The Notice on the settlement website shall be substantially in the form of Exhibit D attached hereto.

(e)     *CAFA Notice.*  Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, Defendant shall cause to be served upon the

Attorneys General of each U.S. State in which Settlement Class Members reside, the

Attorney General of the United States, and other required government officials, notice of

the proposed settlement as required by law.

4.3.     The Notice shall advise the Settlement Class of their rights under the Settlement,

including the right to be excluded from, comment upon, and/or object to the Settlement

Agreement or its terms. The Notice shall specify that any objection to this Settlement

Agreement, and any papers submitted in support of said objection, shall be received by the Court

at the Final Approval Hearing, only if the Person making an objection shall, on or before the

Objection/Exclusion Deadline approved by the Court and specified in the Notice, file notice of

his or her intention to do so and at the same time (a) file copies of such papers he or she proposes

to submit at the Final Approval Hearing with the Clerk of the Court, (b) file copies of such

papers through the Court's CM/ECF system if the objection is from a Settlement Class Member

represented by counsel, and (c) send copies of such papers via mail, hand, or overnight delivery

service to both Class Counsel and Defendant's Counsel.

4.4.     Any member of the Settlement Class who intends to object to this Settlement

Agreement must include his or her name and address, include all arguments, citations, and

evidence supporting the objection (including copies of any documents relied on), state that he or

she is a Settlement Class Member, provide the cellular phone number on which he or she

allegedly received a Prerecorded Prescription Call, and provide a statement whether the objector

intends to appear at the Final Approval Hearing, with or without counsel, accompanied by the

signature of the objecting Settlement Class Member.  Any Settlement Class Member who fails to

timely file a written objection with the Court and notice of his or her intent to appear at the Final

Approval Hearing in accordance with the terms of this Paragraph and as detailed in the Notice,

and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding.

      4.5.     A member of the Settlement Class may request to be excluded from the Settlement Class by sending a written request for exclusion to the Settlement Administrator postmarked on or before the Objection/Exclusion deadline, which must be personally signed by the Settlement Class Member seeking to be excluded from the Settlement Class, and include his or her name and address, the cellular telephone number on which he or she allegedly received a Prerecorded Prescription Call, the caption for the Action (i.e., *Kolinek v. Walgreen Co.*, No. 13-cv-04806 (N.D. Ill.)), and a statement that he or she wishes to be excluded from the Settlement Class. A request to be excluded that does not include all of the foregoing information, that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Persons serving such a request shall be deemed to remain members of the Settlement Class and shall be bound as Settlement Class Members by this Settlement Agreement, if approved. Any member of the Settlement Class who elects to be excluded shall not: (1) be bound by any orders or the Final Judgment; (2) be entitled to relief under this Settlement Agreement; (3) gain any rights by virtue of this Settlement Agreement; nor (4) be entitled to object to any aspect of this Settlement Agreement. "Mass" or "class" requests for exclusion shall not be allowed.

**5.      SETTLEMENT ADMINISTRATION.**

      5.1.     The Settlement Administrator shall, under the supervision of the Court, administer

the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Settlement Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with information concerning Notice, administration and implementation of the Settlement Agreement. Should the Court request, the Parties, in conjunction with the Settlement Administrator, shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts paid to Settlement Class Members on account of Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

(a)     Forward to Defendant's Counsel, with copies to Class Counsel, all documents and other materials received in connection with the administration of the Settlement Agreement within thirty (30) days after the date on which all Claim Forms have been finally approved or disallowed per the terms of the Settlement Agreement;

(b)     Receive exclusion forms and other requests from the Settlement Class and promptly provide a copy of such requests to Class Counsel and Defendant's Counsel upon receipt ("the Opt-Out List"). If the Settlement Administrator receives any exclusion forms or other requests from the Settlement Class after the Objection/Exclusion Deadline, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel;

      (c)     Provide weekly reports to Class Counsel and Defendant's Counsel, including without limitation, reports regarding the number of Claim Forms received, the current number of Approved Claims, the estimated payment per Settlement Class Member with an Approved Claim, and the number of opt-outs and objections received; and

      (d)     Make available for inspection by Class Counsel or Defendant's Counsel the Claim Forms, any documentation submitted in support thereof, and any correspondence received by the Settlement Administrator at any time upon reasonable notice.

5.2.    The Settlement Administrator shall employ reasonable procedures to screen claims for abuse or fraud, including without limitation, by cross-referencing the information provided on the Claim Form against the Class List. The Settlement Administrator shall reject a Claim Form, or any part of a claim for a payment reflected therein, where there is evidence of abuse or fraud. The Settlement Administrator shall also reject a Claim Form that does not contain all requested information necessary to screen the claim for fraud or abuse, after giving the claimant a reasonable opportunity of no greater than twenty-one (21) days to provide any requested missing information.

5.3.    Both Defendant's Counsel and Class Counsel shall have the right to challenge the acceptance or rejection of a Claim Form submitted by Settlement Class Members. The Settlement Administrator shall follow any agreed-to decisions of Defendant's Counsel and Class Counsel. To the extent Defendant's Counsel and Class Counsel are not able to agree on the disposition of a challenge, the Honorable Wayne R. Andersen (ret.), or if Judge Andersen is unavailable, a mutually agreed-upon neutral from JAMS, shall timely decide such challenge.

5.4.     In the exercise of their duties outlined in this Agreement, both the Settlement Administrator and Judge Andersen shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

5.5.     The Final Approval Hearing shall be set for a date no less than ninety (90) days after the Notice described in Paragraph 4.2(e) is disseminated.

5.6.     The Settlement Administrator and Class Counsel shall keep the Class List and all personal information obtained therefrom, including the identity, telephone numbers, email addresses, and U.S. mailing addresses of the Settlement Class strictly confidential in accordance with applicable law and confidentiality agreements that they shall execute or have already executed. The Parties agree that the Class List may not be used for any purpose other than effectuating the terms of this Agreement or the duties or obligations arising hereunder. The Class List and other information provided to the Settlement Administrator and Class Counsel shall not include medical or health information, such as the prescriptions filled, for any member of the Settlement Class.

## 6.     TERMINATION OF SETTLEMENT.

6.1.     **Termination By Any Party.** Subject to Paragraph 9 below, the Class Representative, on behalf of the Settlement Class, or Defendant, shall have the right to terminate this Settlement Agreement by providing written notice of the election to do so to all other Parties hereto within ten (10) days of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme

22

Court; or (v) the date upon which an Alternative Judgment, as defined in Paragraph 9.1(d) of this Agreement, is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

6.2.    **Termination at the Discretion of Walgreens.**  Walgreens shall have the right, at its sole discretion, to terminate this Settlement Agreement by providing written notice of its election to do so to all other Parties hereto within ten (10) days after the final Opt-Out List has been served on the Parties by the Settlement Administrator if the number of requests for exclusion received from Settlement Class Members exceeds five thousand (5,000).  In the event that Walgreens exercises such a right, Class Counsel shall have fourteen (14) days thereafter, or such longer period as agreed to by the Parties, to address the concerns of the Persons who have elected to be excluded from the Settlement.  If through such efforts the total number on the Opt-Out List subsequently becomes and remains fewer than five thousand (5,000), Walgreens shall withdraw its election to terminate the Settlement Agreement.  In no event, however, shall Walgreens have any further obligation under this Settlement Agreement to any Person who has elected to be excluded from the settlement unless he or she withdraws his or her request for exclusion.

## 7.    PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER.

7.1.    Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for entry of an Order of Preliminary Approval of the settlement set forth in this Agreement, which shall include, among other provisions, a request that the Court:

(a)    appoint Plaintiff Robert Kolinek as representative of the Settlement Class;

(b)    appoint Class Counsel to represent the Settlement Class;

> (c)     certify the Settlement Class under Fed. R. Civ. P. 23 for settlement purposes only and without prejudice to Defendant's right to contest class certification if this Agreement is not approved;

> (d)     preliminarily approve this Agreement for purposes of disseminating notice to the Settlement Class;

> (e)     approve the form and contents of the Settlement Class Notice and Claim Form for dissemination to the Settlement Class, as well as the method of its dissemination to members of the Settlement Class;

> (f)     schedule a Final Approval Hearing to review comments and/or objections regarding this Agreement, to consider its fairness, reasonableness and adequacy, and the application for an award of attorneys' fees and reimbursement of expenses and to consider whether the Court shall issue a Judgment approving this Agreement, granting Class Counsel's application for the Fee Award and an incentive award to the Class Representative, and dismissing the Action with prejudice.

7.2.     After Notice to the Settlement Class is given, Class Counsel shall move the Court for entry of a Final Judgment, which shall include, among other provisions, a request that the Court:

> (a)     find that it has personal jurisdiction over all Settlement Class Members and subject matter jurisdiction to approve this Settlement Agreement, including all attached Exhibits;

> (b)     approve the Settlement Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Settlement

24

Agreement according to its terms and conditions; and declare the Settlement Agreement to be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members and Releasing Parties;

(c)     find that the Notice implemented pursuant to the Settlement Agreement (1) constitutes the best practicable notice under the circumstances, (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their rights to object to or exclude themselves from this Settlement Agreement and to appear at the Final Approval Hearing, (3) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and (4) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution and the rules of the Court;

(d)     find that the Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement;

(e)     dismiss the Action on the merits and with prejudice, without fees or costs to any party except as provided in this Settlement Agreement;

(f)     incorporate the Release set forth above, make the Release effective as of the date of the Final Judgment, and forever discharge the Released Parties as set forth herein;

(g)     permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the Settlement Class from filing, commencing, prosecuting,

intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

(h)     authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all Exhibits to this Agreement) that (1) shall be consistent in all material respects with the Final Judgment, and (2) do not limit the rights of Settlement Class Members;

(i)     without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

(j)     incorporate any other provisions, consistent with the material terms of this Agreement, as the Court deems necessary and just.

## 8.     CLASS COUNSEL'S ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND INCENTIVE AWARD.

8.1.     Class Counsel will apply to the Court for an award of reasonable attorneys' fees and unreimbursed expenses incurred in the Action as the Fee Award. The amount of the Fee Award shall be determined by the Court based on petition from Class Counsel. Class Counsel has agreed, with no consideration from Defendant, to limit their request to thirty-five percent (35%) of the Settlement Fund. Payment of the Fee Award shall be made from the Settlement Fund and should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund to be distributed to Settlement Class Members with Approved Claims.

8.2.    Class Counsel shall be paid the Fee Award, in an amount determined by the Court, from the Settlement Fund within seven (7) days after the Effective Date.  Payment of the Fee Award shall be made via wire transfer to an account designated by Class Counsel after providing necessary information for electronic transfer.

8.3.    In addition to any payment to which he may be entitled under this Agreement on account of an Approved Claim, and in recognition of the time and effort he expended on behalf of the Settlement Class, subject to the Court's approval, the Class Representative shall be paid from the Settlement Fund an incentive award in the total amount of five thousand dollars ($5,000). Should the Court award less than this amount, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund to be distributed to Settlement Class Members with Approved Claims.

8.4.    The Class Representative shall be paid the incentive award, as determined by the Court, from the Settlement Fund within seven (7) days after the Effective Date.  Payment of the incentive award to the Class Representative shall be made via check to the Class Representative, such check to be sent care of Class Counsel.

## 9.    CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.

9.1.    The Effective Date of this Settlement Agreement shall not occur unless and until each and every one of the following events occurs, and shall be the date upon which the last (in time) of the following events occurs:

(a)    This Agreement has been signed by the Parties, Class Counsel and Defendant's Counsel;

(b)    The Court has entered an order granting Preliminary Approval of the Agreement;

27

(c)     The Court has entered an order finally approving the Settlement

Agreement, following notice to the Settlement Class and a Final Approval Hearing, as

provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or

a judgment substantially consistent with this Agreement; and

(d)     The Final Judgment has become Final, as defined above, or, in the event

that the Court enters an order and final judgment in a form other than that provided above

("Alternative Judgment") to which the Parties have consented, that Alternative Judgment

has become Final.

9.2.    If some or all of the conditions specified in Paragraph 9.1 are not met, or in the

event that this Settlement Agreement is not approved by the Court, or the settlement set forth in

this Agreement is terminated or fails to become effective in accordance with its terms, then this

Settlement Agreement shall be canceled and terminated subject to Paragraph 9.3, unless Class

Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement. If

any Party is in material breach of the terms hereof, any other Party, provided that it is in

substantial compliance with the terms of this Agreement, may terminate this Agreement on

notice to all other Parties. Notwithstanding anything herein, the Parties agree that the Court's

decision as to the amount of the Fee Award to Class Counsel set forth above or the incentive

award to the Class Representative, regardless of the amounts awarded, shall not prevent the

Agreement from becoming effective, nor shall it be grounds for termination of the Agreement.

9.3.    If this Agreement is terminated or fails to become effective for the reasons set

forth in Paragraphs 6.1, 6.2, 9.1, or 9.2 above, the Parties shall be restored to their respective

positions in the Action as of the date of the signing of this Agreement. In such event, any Final

Judgment or other order entered by the Court in accordance with the terms of this Agreement

shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into and, pursuant to Paragraph 10.4 below, this Agreement shall not be used for any purpose whatsoever against any of the Parties.

**10.     MISCELLANEOUS PROVISIONS.**

10.1     The Parties: (1) acknowledge that it is their intent to consummate this Settlement Agreement; and (2) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement. Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking entry of an order granting Preliminary Approval of this Agreement and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

10.2     The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff and the Settlement Class, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiff or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

10.3     The Parties have relied upon the advice and representation of counsel, selected by them, concerning the claims hereby released. The Parties have read and understand fully this Agreement and have been fully advised as to the legal effect hereof by counsel of their own selection and intend to be legally bound by the same.

10.4    Whether the Effective Date occurs or this Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement:

(a)    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

(b)    is, may be deemed, or shall be used, offered or received against Defendant as, an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

(c)    is, may be deemed, or shall be used, offered or received against Plaintiff or the Settlement Class, or each or any of them as an admission, concession or evidence of, the infirmity or strength of any claims asserted in the Action, the truth or falsity of any fact alleged by Defendant, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d)    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other

30

tribunal. However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. Moreover, if this Settlement Agreement is approved by the Court, any party or any of the Released Parties may file this Settlement Agreement and/or the Final Judgment in any action that may be brought against such party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim;

(e) is, may be deemed, or shall be construed against Plaintiff and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

(f) is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff and the Settlement Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

10.5 The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

10.6 The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

10.7    All of the Exhibits to this Settlement Agreement are material and integral parts hereof and are fully incorporated herein by reference.

10.8    This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

10.9    Except as otherwise provided herein, each Party shall bear its own attorneys' fees and costs incurred in any way related to the Action.

10.10   Plaintiff represents and warrants that he has not assigned any claim or right or interest relating to any of the Released Claims against the Released Parties to any other Person or party and that he is fully entitled to release the same.

10.11   Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

10.12   This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signature by digital, facsimile, or in PDF format will constitute sufficient execution of this Agreement. A

complete set of original executed counterparts shall be filed with the Court if the Court so requests.

10.13   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

10.14   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Illinois without reference to the conflicts of laws provisions thereof.

10.15   This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one party than another.

10.16   Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel:

| **If to Plaintiff's Counsel:** | **If to Defendant's Counsel:** |
|---|---|
| Rafey S. Balabanian | Bradley J. Andreozzi |
| Benjamin H. Richman | Justin O. Kay |
| Edelson PC | Drinker Biddle & Reath LLP |
| 350 North LaSalle Street, Suite 1300 | 191 North Wacker Drive, Suite 3700 |
| Chicago, Illinois 60654 | Chicago, Illinois 60654 |

[SIGNATURES APPEAR ON FOLLOWING PAGE.]

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys.

**ROBERT KOLINEK**, individually and on behalf of the Settlement Class,

Dated: 3/26/15

By: _____

**EDELSON PC**
Attorneys for Plaintiff Robert Kolinek

Dated: _____

By: _____
       Rafey S. Balabanian, Esq.

Dated: _____

**WALGREEN CO.**

By: _____

Its: _____

**DRINKER BIDDLE & REATH LLP**
Attorneys for Defendant Walgreen Co.

Dated: _____

By: _____
       Bradley J. Andreozzi, Esq.

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys.

**ROBERT KOLINEK**, individually and on behalf of the Settlement Class,

Dated: _____            By: _____

**EDELSON PC**
Attorneys for Plaintiff Robert Kolinek

Dated: _3/26/15_            By: _____
                                        Rafey S. Balabanian, Esq.

Dated: _____            **WALGREEN CO.**

                                        By: _____

                                        Its: _____

**DRINKER BIDDLE & REATH LLP**
Attorneys for Defendant Walgreen Co.

Dated: _____            By: _____
                                        Bradley J. Andreozzi, Esq.

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys.

**ROBERT KOLINEK**, individually and on behalf of the Settlement Class,

Dated: _____        By: _____

**EDELSON PC**
Attorneys for Plaintiff Robert Kolinek

Dated: _____        By: _____
                                    Rafey S. Balabanian, Esq.

Dated: _March 26, 2015_        **WALGREEN CO.**

                               By: _____

                               Its: _____

**DRINKER BIDDLE & REATH LLP**
Attorneys for Defendant Walgreen Co.

Dated: _____        By: _____
                                    Bradley J. Andreozzi, Esq.

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys.

**ROBERT KOLINEK**, individually and on behalf of the Settlement Class,

Dated: _____     By: _____

**EDELSON PC**
Attorneys for Plaintiff Robert Kolinek

Dated: _____     By: _____
                                Rafey S. Balabanian, Esq.

Dated: _____     **WALGREEN CO.**

                           By: _____

                           Its: _____

**DRINKER BIDDLE & REATH LLP**
Attorneys for Defendant Walgreen Co.

Dated: March 26, 2015      By: _____
                                Bradley J. Andreozzi, Esq.

34

# Exhibit A

*Kolinek v. Walgreen, Co.*, No. 13-cv-4806

### CLAIM FORM

***Instructions.*** *Fill out each section of this form and sign where indicated.*

| First Name | Last Name |
|---|---|
| **Street Address** | |

| City | State | ZIP Code |
|---|---|---|

**Cellular Telephone Number at which you received Prerecorded Prescription Call(s)**

**Class Member Affirmation**: By submitting this Claim Form and checking the box below, I declare that I am a member of the Settlement Class and that the following statement is true (box must be checked to receive payment):

☐      I received one or more prerecorded telephone calls from Walgreens at the cellular telephone number written above reminding me that my prescription was due for refill ("Prerecorded Prescription Calls") and I did not consent to receive these calls. *I recognize by affirming here that such calls were made without my consent, that I will be removed from the list of persons eligible to receive* Prerecorded Prescription Calls *from Walgreens and will not receive such calls in the future unless I separately provide my consent, which I may (but need not) do below.*

I state under penalty of perjury under the laws of the State in which this Affirmation is executed and the United States of America that the information provided above is true and correct.

Signature: _____     Date: _____ - _____ - _____
                                                                                        (MM-DD-YY)
Printed Name: _____

*             *             *

**Voluntary Request to Receive Future Prerecorded Prescription Calls**:
☐      I now wish to receive Prerecorded Prescription Calls from Walgreens, and I consent to receive such calls. *I understand that providing this consent is not required for me to submit a claim in the settlement, nor is it required for me to purchase any goods or services from Walgreens.*

# Exhibit B

**NOTICE OF CLASS ACTION SETTLEMENT**

*Kolinek v. Walgreen, Co.*, Case No. 13-cv-4806

**IF YOU RECEIVED A PRERECORDED CALL FROM WALGREENS ON YOUR CELL PHONE
REMINDING YOU TO REFILL YOUR PRESCRIPTION,
A CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS.**

*For complete information, visit www.prescriptioncallsettlement.com or call [toll-free number].*

*A Federal Court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

A settlement has been reached in a class action lawsuit against **Walgreen Co.** ("Walgreens"). The lawsuit alleges that Walgreens made prerecorded calls to the cellular telephones of certain pharmacy customers to remind them when their prescriptions were due for refill ("Prerecorded Prescription Calls"). The suit alleges that Walgreens made these calls without customer consent. Walgreens denies any wrongdoing and maintains that Prerecorded Prescription Calls are medical alerts that its customers want, and are made with their consent. The settlement does not establish who is correct, but rather is a compromise to end the lawsuit. The lawsuit is called *Kolinek v. Walgreen Co.*, Case No. 13-cv-04806, and is in the U.S. District Court for the Northern District of Illinois.

•   **Why am I Being Contacted?** Our records show you may be a "Settlement Class Member." Settlement Class Members are all individuals in the United States who received Prerecorded Prescription Calls from Walgreens on their cellular phones. You may be entitled to payment under the Settlement if you affirm that you did not consent to receive the Prerecorded Prescription Calls, but in that case you will not be eligible to receive these reminder calls on your cell phone in the future unless you provide consent for future calls (which you may do on the Claim Form).

•   **What Can I Get Out of the Settlement?** If you're eligible and the Court approves the Settlement, you could receive a cash payment. Settlement Class Members will receive equal shares of an $11 million Settlement Fund that Walgreens has agreed to create, after the payment of expenses and fees. If the individual payments per Settlement Class Member would be less than $15, you will have a second chance to exclude yourself from the Settlement or Walgreens may pay you the difference up to $15. The Settlement Administrator will post additional information about the payment amount on www.prescriptioncallsettlement.com if necessary.

•   **How Do I Get My Payment?** Just complete and verify the short and simple Claim Form available at www.prescriptioncallsettlement.com. You can also call [toll-free number] to request a paper copy of the Claim Form. *All Claim Forms must be received by [claims deadline].*

•   **What are My Options?** You can do nothing, submit a Claim Form, comment on or object to any of the Settlement terms, or exclude yourself from the Settlement. If you do nothing or submit a Claim Form, you won't be able to sue Walgreens in a future lawsuit about the claims addressed in the Settlement. If you exclude yourself, you won't get a payment but you'll keep your right to sue Walgreens on the issues the settlement concerns. You must contact the settlement administrator by mail to exclude yourself. You can also object to the settlement if you disagree with any of its terms. *All Requests for Exclusion and Objections must be received by [exclusion/objection deadline].*

•   **Do I Have a Lawyer?** Yes. The Court has appointed lawyers from the law firm Edelson PC as "Class Counsel." They represent you and other Settlement Class Members. The lawyers will request to be paid from the Settlement Fund. You can hire your own lawyer, but you'll need to pay your own legal fees. The Court has also chosen Robert Kolinek—a Class Member like you—to represent the Class.

•   **When Will the Court Approve the Settlement?** The Court will hold a final approval hearing on [date] at [time] at the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St., Chicago, IL 60604, Courtroom 2103. The Court will hear objections, determine if the Settlement is fair, and consider Class Counsel's request for fees and expenses (up to 35% of the Settlement Fund) and an incentive award to the class representative. These requests will be posted on the settlement website on [date].

*Visit www.prescriptioncallsettlement.com for complete information.*

# Exhibit C

**[4.25 x 6 postcard notice –]**

---

LEGAL NOTICE

*Kolinek v. Walgreen, Co.*, Case No. 13-cv-4806

## If you received a prerecorded call from Walgreens on your cell phone reminding you to refill your prescription, a class action settlement may affect your rights.

A Federal Court authorized this notice.
You are <u>not</u> being sued.
This is <u>not</u> a solicitation from a lawyer.

*See reverse for details.*
*For complete information, visit*
*www.prescriptioncallsettlement.com*
*or call [toll-free number].*

Walgreens Prescription Call
Set lement
[admin address]

First-Class
Mail
US Postage
Paid
Permit #___

<<BARCODE>>
Postal Service: Please do not mark barcode.

<<FIRST>><<LAST>>
<<CO>>
<<ADDR1>><<ADDR2>>
<<CITY>><<ST>><<ZIP>>
<<COUNTRY>>

---

A settlement has been reached in a class action lawsuit against **Walgreen Co.** ("Walgreens"). The lawsuit alleges that Walgreens made prerecorded calls to the cellular telephones of certain pharmacy customers to remind them when their prescriptions were due for refill ("Prerecorded Prescription Calls"), without their consent. Walgreens denies any wrongdoing and maintains that Prerecorded Prescription Calls are medical alerts that its customers want, and are made with their consent. The settlement does not establish who is correct, but rather is a compromise to end the lawsuit. The lawsuit is called *Kolinek v. Walgreen Co.*, Case No. 13-cv-04806, and is in the U.S. District Court for the Northern District of Illinois.

**Why am I being contacted?** Our records show you may be a "Settlement Class Member." Settlement Class Members are all individuals in the United States who received Prerecorded Prescription Calls from Walgreens called on their cellular phones. You may be entitled to payment under the settlement if you affirm that you did not consent to receive the Prerecorded Prescription Calls, but in that case you will not be eligible to receive these reminder calls on your cell phone in the future unless you provide consent for future calls (which you may do on the Claim Form).

**What can I get out of the settlement?** If you're eligible and the Court approves the settlement, you could receive a cash payment. Settlement Class Members will receive equal shares of an $11 million Settlement Fund that Walgreens has agreed to create, after the payment of expenses and fees. If the individual payments would be less than $15, you will have a second chance to exclude yourself from the settlement or Walgreens may pay you the difference up to $15.

**How do I get my payment?** Just complete and verify a short and simple Claim Form available at www.prescriptioncallsettlement.com. You can also call [toll-free number] for a paper copy of the Claim Form. *All Claim Forms must be received by [claims deadline].*

**What are my options?** You can do nothing, submit a Claim Form, comment on or object to any of the settlement terms, or exclude yourself from the settlement. If you do nothing or submit a Claim Form, you won't be able to sue Walgreens in a future lawsuit about the claims addressed in the settlement. If you exclude yourself, you won't get a payment but you'll keep your right to sue Walgreens on the issues the settlement concerns. You must contact the settlement administrator by mail to exclude yourself. You can also object to the settlement if you disagree with any of its terms. *All Requests for Exclusion and Objections must be received by [exclusion/objection deadline].*

**Do I have a lawyer?** Yes. The Court has appointed lawyers from the law firm Edelson PC as "Class Counsel." They represent you and other Settlement Class Members. The lawyers will request to be paid from the Settlement Fund. You can hire your own lawyer, but you'll need to pay your own legal fees. The Court has also chosen Robert Kolinek—a Class Member like you—to represent the Class.

**When will the Court approve the settlement?** The Court will hold a final approval hearing on [date] at [time] at the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St., Chicago, IL 60604, Courtroom 2103. The Court will hear objections, determine if the settlement is fair, and consider Class Counsel's request for fees and expenses (up to 35% of the Settlement Fund) and an incentive award, which will be posted on the settlement website.

*Visit [www.prescriptioncallsettlement.com] for complete information.*

# Exhibit D

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

*Kolinek v. Walgreen, Co.*, No. 13-cv-4806

# If you received a prerecorded call from Walgreens on your cell phone reminding you to refill your prescription, a class action settlement may affect your rights.

*A Federal Court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

- A Settlement has been reached in a class action lawsuit against Walgreen Co. ("Defendant" or "Walgreens"). The suit concerns whether Walgreens violated a federal law called the Telephone Consumer Protection Act by making prerecorded calls to the cellular telephones of certain pharmacy customers to remind them when their prescriptions at Walgreens were due for refill ("Prerecorded Prescription Calls"). Walgreens denies any wrongdoing and maintains that Prerecorded Prescription Calls are necessary medical alerts that its customers want, and are made with their consent and authorized by law. The Settlement does not establish who is correct, but rather is compromise to end the lawsuit.

- You are included in the Settlement if you received a Prerecorded Prescription Call on your cell phone from Walgreens. You may be entitled to a cash payment if you affirm that you received such call or calls without your consent, but in that case you will not be eligible to receive these reminder calls on your cell phone in the future unless you provide consent for future calls (which you may do on the Claim Form).

- Those who submit valid claims will be eligible to receive an equal, or *pro rata*, share of an $11 million settlement fund that Walgreens has agreed to establish. Each individual who submits a valid claim will receive a portion of this fund, after all notice and administration costs, the incentive award, and attorneys' fees have been paid. Walgreens has also agreed to implement procedures to verify the accuracy of customers' contact preferences on file and confirm that it has consent to call customers' cellular telephones.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF** | You will receive no payment, but you will retain any rights you currently have to sue Defendant about the issues in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **ATTEND A HEARING** | Ask to speak in Court about the fairness of the Settlement. |

| **DO NOTHING** | You will receive no payment under the Settlement and give up your rights to sue the Defendant about the issues in this case |
| --- | --- |

These rights and options—**and the deadlines to exercise them**—are explained in this notice.

The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be provided only after any issues with the Settlement are resolved. Please be patient.

## BASIC INFORMATION

### 1. What is this notice and why should I read it?

A Court authorized this notice to let you know about a proposed Settlement with the Defendant. You have legal rights and options that you may act on before the Court decides whether to approve the proposed Settlement. You may be eligible to receive a cash payment as part of the Settlement. This notice explains the lawsuit, the Settlement, and your legal rights.

Judge Matthew F. Kennelly of the U.S. District Court for the Northern District of Illinois is overseeing this class action. The case is called *Kolinek v. Walgreen Co.*, Case No. 13-cv-04806. The person who filed the lawsuit, Robert Kolinek, is the Plaintiff. The company he sued, Walgreens, is the Defendant. You need not live in Illinois to get a payment under the Settlement.

### 2. What is a class action lawsuit?

A class action is a lawsuit in which one or more plaintiffs—in this case, Robert Kolinek—sue on behalf of a group of people who have similar claims. Together, this group is called a "Class" and consists of "Class Members." In a class action, the court resolves the issues for all class members, except those who exclude themselves from the class. After the Parties reached an agreement to settle this case, the Court granted preliminary approval of the Settlement and recognized it as a case that should be treated as a class action for settlement purposes.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

### 3. What is this lawsuit about?

The lawsuit alleges that Walgreens placed Prerecorded Prescription Calls to certain pharmacy customers' cellular telephones without their consent. The lawsuit alleges Walgreens violated a federal law called the Telephone Consumer Protection Act because consumers did not agree to receive these calls.

Walgreens denies these allegations and contends that it acted with customers' consent and that Prerecorded Prescription Calls are necessary medical alerts authorized by law. No court has decided who is right. The parties are entering into the Settlement to avoid time-consuming and expensive litigation. The Settlement is not an admission of wrongdoing by Walgreens. More information about the complaint in the lawsuit and the Defendant's answer can be found in the "Court Documents" section of the settlement website at www.prescriptioncallsettlement.com.

### 4. Why is there a Settlement?

The Court has not decided whether the Plaintiff or the Defendant should win this case. Instead, both sides agreed to a Settlement. That way, they can avoid the uncertainty and expense of ongoing

litigation, and Class Members will get compensation now rather than years later—if ever. The Class Representative and his attorneys ("Class Counsel") believe that the Settlement is in the best interests of the Class Members.

## WHO'S INCLUDED IN THE SETTLEMENT?

| 5. How do I know if I am in the Settlement Class? |
| --- |

The Court decided that this Settlement includes a Class of "all individuals in the United States to whom Walgreens placed a Prerecorded Prescription Call to their cellular telephone." A "Prerecorded Prescription Call" is any prescription refill reminder call that Walgreens made to a cellular telephone using a prerecorded voice.

If you meet the above definition, you are a Class Member. Most Class Members will receive a postcard summary of this notice in the mail.

| 6. What were the allegedly unconsented calls about? |
| --- |

The calls covered by this Settlement were prerecorded messages reminding customers when their prescriptions at a Walgreens pharmacy were due for refill.

## THE SETTLEMENT BENEFITS

| 7. What does the Settlement provide? |
| --- |

**Cash Payments to Class Members:** Defendant has agreed to create an $11 million Settlement Fund, from which Class Members who submit valid claims will receive cash payments. To get a payment, Class Members must submit a valid claim before the deadline of [claims deadline]. The amount Class Members will receive will depend on the total number of valid claims received. If the number of valid claims is low, then the amount of individual payments will go up. But if the number of valid claims is high, then the amount of individual payments will go down.

If the individual payments per Settlement Class Member would be less than $15, you will have a second chance to exclude yourself from the Settlement or Walgreens may pay you the difference up to $15. The Settlement Administrator will post additional information about the payment amount on this website if necessary.

All un-cashed checks issued to Class Members and any unclaimed money in the Settlement Fund will be equally redistributed to the other claiming Class Members if practical, or otherwise as directed by the Court.

**Change In Walgreens Practices:** As part of the Settlement, Walgreens has also agreed to implement procedures to ensure that customers have consented to receive Prerecorded Prescription Calls to their cell phones. Walgreens has agreed to use expert analysis and independent third-party data to identify which customer telephone numbers that have received Prerecorded Prescription Calls during the class period were assigned to cell phone rather than landline service. Walgreens has also agreed to implement procedures to engage with customers to confirm the accuracy of their communications preferences on file, including their consent to receive prerecorded calls on the telephone numbers included in their customer/patient profiles. Walgreens has also agreed to provide or continue to provide customers with the option to elect to receive, and unsubscribe from, Prerecorded Prescription Calls through various channels such as Walgreens.com, Walgreens' telephonic

customer service systems and by contacting Walgreens through other means.

## HOW TO GET BENEFITS

### 8. How do I make a claim?

If you want to get settlement benefits, you must fill out and submit a valid claim form. An online claim form is available on this website and can be filled out and submitted online. If you received a postcard in the mail about the Settlement, the postcard will tell you how to receive a claim form. You can also get a paper claim form by calling [toll-free number]. We encourage you to submit a claim online. It's faster and it's free.

The Claim Form requires you to provide the following information: (1) your name and address, (2) the cellular telephone number at which you received Prerecorded Prescription Call(s), and (3) a sworn statement that you received the call or calls without your consent. If you affirm that you received the calls without your consent, you will not be eligible to receive these reminder calls on your cell phone in the future unless you provide consent for future calls, which you can also do on the Claim Form.

### 9. When will I get my payment?

The hearing to consider the fairness of the Settlement is scheduled for [Final Approval Hearing Date]. If the Court approves the Settlement, eligible Class Members whose claims were approved by the Settlement Administrator will be sent a check. Please be patient. All checks will expire and become void 90 days after they are issued.

## THE LAWYERS REPRESENTING YOU

### 10. Do I have a lawyer in this case?

Yes, the Court has appointed lawyers Jay Edelson, Rafey S. Balabanian, Ryan D. Andrews, and Benjamin H. Richman of Edelson PC as the attorneys to represent you and other Class Members. These attorneys are called "Class Counsel." In addition, the Court appointed Plaintiff Robert Kolinek to serve as the Class Representative. He's a class member like you. Class Counsel can be reached by calling 1-866-354-3015.

### 11. Should I get my own lawyer?

You don't need to hire your own lawyer because Class Counsel is working on your behalf. But if you want your own lawyer, you will have to pay that lawyer. For example, you can ask your lawyer to appear in Court for you if you want someone other than Class Counsel to represent you.

### 12. How will the lawyers be paid?

Class Counsel will ask the Court for attorneys' fees and expenses of up to 35% of the Settlement Fund and will also request an award of $5,000 for the Class Representative. The Court will determine the proper amount of any attorneys' fees and expenses to award Class Counsel and the proper amount of any award to the Class Representative. The Court may award less than the amounts requested. Any money not awarded will stay in the Settlement Fund to pay Class Members.

## YOUR RIGHTS AND OPTIONS

### 13. What happens if I do nothing at all?

If you do nothing, you will receive no payment under the Settlement, you will be in the Class, and if the Court approves the Settlement, you will also be bound by all orders and judgments of the Court. Unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendant for the claims or legal issues being resolved by this Settlement.

### 14. What happens if I ask to be excluded?

If you exclude yourself from the Settlement, you will receive no payment under the Settlement. However, you will not be in the Class. You will keep your right to start your own lawsuit against Defendant for the same legal claims made in this lawsuit. You will not be legally bound by the Court's judgments related to the Class and the Defendant in this class action.

### 15. How do I ask to be excluded?

You can ask to be excluded from the Settlement. To do so, you must send a letter stating that you want to be excluded from the Settlement in *Kolinek v. Walgreen Co.*, Case No. 13-cv-04806. Your letter must also include your (1) name and address, (2) the cellular telephone number at which you received the Prerecorded Prescription Call(s), (3) a statement that you wish to be excluded from the Class, and (4) your signature. You must mail your exclusion request no later than **[objection / exclusion deadline]** to:

> *Kolinek v. Walgreen Co.* Settlement Administrator
> P.O. Box 0000
> City, ST 00000-0000

You can't exclude yourself on the phone or by email.

### 16. If I don't exclude myself, can I sue the Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue the Defendant for the claims being resolved by this Settlement.

### 17. If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, do not submit a Claim Form to ask for a payment.

### 18. How do I object to the Settlement?

If you do not exclude yourself from the Class, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should deny approval by filing an objection. To object, you must file a letter or brief with the Court stating that you object to the Settlement in *Kolinek v. Walgreen Co.*, Case No. 13-cv-0480 no later than **[objection / exclusion deadline]**. Your objection should be sent to the United States District Court for the Northern District of Illinois at the following address:

> Clerk of Court
> Everett McKinley Dirksen United States Courthouse
> 219 South Dearborn Street
> Chicago, IL 60604

If you are represented by a lawyer, the lawyer must file your objection through the Court's CM/ECF system. Include your lawyer's contact information in the objection.

The objection must be in writing and include the case name *Kolinek v. Walgreen Co.*, Case No. 13-cv-04806. Your objection must be personally signed and include the following information: (1) your name and address, (2) all arguments, citations, and evidence supporting your objection, including copies of any documents you rely on, (3) a statement that you are a Class Member, and (4) the cellular telephone number at which you received the Prerecorded Prescription Call(s). If you wish to appear and be heard at the hearing on the fairness of the Settlement, you or your attorney must say so in your written objection.

In addition to filing your objection with the Court, you must send copies of your objection and any supporting documents to both Class Counsel and the Defendant's lawyers at the addresses listed below:

| Class Counsel | Defense Counsel |
|---|---|
| Benjamin H. Richman | Bradley J. Andreozzi |
| EDELSON PC | DRINKER BIDDLE & REATH LLP |
| 350 North LaSalle Street | 191 North Wacker Drive |
| Suite 1300 | Suite 3700 |
| Chicago, IL 60654 | Chicago, IL 60606 |

Class Counsel will file with the Court and post on the settlement website its request for attorneys' fees and incentive award on [date 2 weeks before objection deadline].

### 19. What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

### 20. When and where will the Court hold a hearing on the fairness of the Settlement?

The Court will hold the final fairness hearing at [time] on [date], before the Honorable Matthew F. Kennelly at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604 in Courtroom 2103. The purpose of the hearing is for the Court to determine whether the Settlement is fair, reasonable, and adequate, and in the best interests of the Class. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed Settlement, including those related to the amount requested by Class Counsel for attorneys' fees and expenses and the incentive award to the Class Representative.

**Note:** The date and time of the fairness hearing are subject to change by Court Order. Any changes will be posted at the settlement website, www.prescriptioncallsettlement.com or through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.ilnd.uscourts.gov.

### 21. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to come to the hearing at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed or mailed on time and meets the other criteria described in the Settlement, the Court will consider it. You may also pay a lawyer to attend, but you don't have to.

### 22. May I speak at the hearing?

Yes. If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement. If you filed an objection (*see* Question 18 above) and intend to appear at the hearing, you must state your intention to do so in your objection.

## GETTING MORE INFORMATION

### 23. Where can I get additional information?

This notice summarizes the proposed Settlement. For the precise terms and conditions of the settlement, please see the Settlement Agreement available at www.prescriptioncallsettlement.com, contact Class Counsel at 1-866-354-3015, access the Court docket in this case through the Court's PACER system at https://ecf.ilnd.uscourts.gov, or visit the office of the Clerk of the Court for the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604 between 8:30 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO <u>NOT</u> CONTACT THE COURT, THE JUDGE, OR THE DEFENDANT WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS.**