**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT KOLINEK, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 13-cv-04806 |
| WALGREEN CO., an Illinois corporation, | ) ) | Hon. Matthew F. Kennelly |
| Defendant. | ) | |

---

## OBJECTION OF MELINDA ERIN FRANZ

---

**NOW COMES** Melinda Erin Franz ("Franz")[1], by and through her undersigned counsel, pursuant to (1) the Notice of Proposed Settlement of Class Action, (2) Rule 23(d) of the Federal Rules of Civil Procedure, and (3) equity, and would respectfully submit her Notice of Objection, Intention to Appear and Request to Be Heard at the August 5, 2015 Fairness Hearing:

---

[1]Melinda Erin Franz is a member of the Class, as she received a prerecorded call from Walgreens on her cellular telephone reminding her to refill a prescription. She resides at 8631 Gleason Drive, Knoxville, TN 37923. Her telephone number is (334) 324-1180.

## I.  PRELIMINARY STATEMENT

> *"When it comes to class actions, a court must 'give careful scrutiny to the terms of proposed settlements in order to make sure that class counsel are behaving as honest fiduciaries for the class as a whole.'"*[2]

Ms. Franz submits that the proposed settlement is unfair and unreasonable in many respects. <u>First</u>, the plan of allocation calling for $34 payments to Class members is trivial in comparison to the $500-$1500 statutory damages available to Class members per violation under the Telephone Consumer Protection Act (TCPA or "the Act"), 47 U.S.C. §227(b)(3). <u>Second</u>, Class Counsel's fee request of $2,824,200 (36% of the settlement fund) is exorbitant in view of the several factors, including the minimal amount of work completed in this case and Class Counsel's failure to provide any details at all concerning their actual hours spent on the case. <u>Third</u>, a portion of the proposed settlement – injunctive relief – is illusory, as it merely requires the Defendant to do something that the law already requires it to do, notwithstanding the proposed settlement agreement. <u>Fourth</u>, while incentive awards for named Plaintiffs are common-place and often appropriate, that is not the case here, where the named Plaintiff's participation was, at best, *de minimis*: he did not have to respond to discovery; was not deposed; did not have to execute an affidavit for class certification or summary judgment purposes; and did not have to testify at trial.

---

[2] *Mirfasihi v. Fleet Mortg. Corp.*, 356 F.3d 781, 785 (7th Cir. 2004) (collecting cases).

Unfortunately, the reality of this proposed settlement is that it benefits Class Counsel vastly more than it does the consumers who comprise the Settlement Class. The conclusion is unavoidable: this proposed settlement gives preferential treatment to Class Counsel, not to the hundreds of thousands of unnamed consumers whose interests they were appointed to safeguard.

For all of this, the proposed settlement in this case is not fair within the meaning of Rule 23, should be rejected, and the application of attorneys' fees should be summarily denied.

## II.   PERTINENT FACTS

On July 3, 2013, Plaintiff, on behalf of a class of similarly-situated consumers, asserted a single claim against the Defendant for violating the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii), by placing allegedly unsolicited pre-recorded prescription refill reminder calls to consumers' cellular telephones. [Doc. 1]. Defendant moved to dismiss [Doc. 20], the parties briefed the issues presented by that motion [Docs. 20, 26, 30, 40, 44], and the Court eventually denied the motion on August 11, 2014. [Doc. 51, 66]. After the Court's ruling, the parties began discussing the prospect of settlement and on October 24, 2014, the parties reached an agreement to settle the claims of the Class. [Doc. 98-1, at Page ID#: 646-47].

After agreeing in principle to settle the claims of Class members, Class Counsel engaged in limited confirmatory discovery, including a single deposition of Defendant's corporate representative. [Doc. 98-1, at Page ID#: 647].

The parties settled the claims of Class members for $11,000,000. [Doc. 98-1, at Page ID#: 654-56]. Under the proposed settlement, Class members may receive up to $34 for valid claims, or, if their claims are less than $15, be permitted a second opportunity to exclude themselves. [Doc. 98-1, at Page ID#: 657; Doc. 110-1, at Page ID#: 829].

The total cost for notice and administration expenses is expected to be $3,150,000. [Doc. 110-1, at Page ID#: 829]. Class Counsel seek attorneys' fees of $2,824,200, that is, thirty-six (36%) of the $11 million settlement fund – less the costs of notice and administration and Plaintiff's $5,000 incentive award (totaling $3,155,000). [Doc. 110, at Page ID#: 803]. Thus, the net settlement fund available to Class members will be $5,020,800, that is, less than 46% of the gross settlement fund.

Finally, under the proposed settlement, the named Plaintiff will receive $5,000 as an incentive award.

## III.    STANDARD OF REVIEW

### A.    Standard for Approving Class Action Settlements

> *"Because class actions are rife with potential conflicts of interests between class counsel and class members, district judges are expected to give careful scrutiny to the terms of the proposed settlements in order to make sure that class counsel are behaving as honest fiduciaries for the class as a whole."*[3]

Absent class members have little at stake and thus insufficient incentive to closely monitor class counsel and his strategic choices. *See Mars Steel Corp. v. Continental Ill. Nat'l Bank & Trust Co.*, 834 F.2d 677, 681 (7th Cir. 1987). Accordingly, the role of the district court in evaluating proposed settlements is akin "to the high duty of care that the law requires of fiduciaries." *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 280 (7th Cir. 2002).[4]   District courts must "exercise the highest degree of vigilance in scrutinizing proposed settlements of class actions." *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006) (quoting *Reynolds*, at 279).

---

[3]*Mirfasihi v. Fleet Mortgage Corp.*, 356 F.3d 781, 785 (7th Cir. 2004) (citations omitted) (collecting cases).

[4]A district court must act as a "fiduciary of the class," for the rights and interests of absent class members. *Mirfasihi v. Fleet Mortg. Corp.*, 450 F.3d 745, 748 (7th Cir. 2006) (quoting *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 280 (7th Cir. 2002)).

## B.    The Settlement in This Case Demands Stricter Scrutiny

> A trial judge's instinct, in our adversarial system of legal justice, is to approve a settlement, trusting the parties to have negotiated to a just result as an alternative to bearing the risks and costs of litigation.  But the law quite rightly requires more than a judicial rubber stamp when the lawsuit that the parties have agreed to settle is a class action.  The reason is the built-in conflict of interest in class action suits.  The defendant (as RadioShack's lawyer candidly admitted at the oral argument) is interested only in the bottom line: how much the settlement will cost him.  And class counsel, as "economic man," presumably is interested primarily in the size of the attorneys' fees provided for in the settlement, for those are the only money that class counsel, as distinct from the members of the class, get to keep.  The optimal settlement from the joint standpoint of class counsel and defendant, assuming they are self-interested, is therefore a sum of money moderate in amount but weighted in favor of attorneys' fees for class counsel. Ordinarily – in this case dramatically – individual members of the class have such a small stake in the outcome of the class action that they have no incentive to monitor the settlement negotiations or challenge the terms agreed upon by class counsel and the defendant.[5]

When, as here, judicial approval of a proposed settlement is sought prior to class certification, the Court must determine whether a class can be certified pursuant to Fed. R. Civ. P. 23(a) and 23(b).  "A class settlement cannot technically be approved unless, by definition, a class is upheld." 4 *Newberg on Class Actions* § 11.27 (4th ed. 2006).  When, as in this case, the Court is asked to certify a class and approve its settlement in a single proceeding, the requirements of Rule 23(a),

---

[5]*Redman v. Radioshack Corp.*, 768 F.3d 622, 629 (7th Cir. Ill. 2014).

which are intended to protect the rights of absent class members, "demand undiluted, even heightened, attention." *Literary Works in Elec. Databases Copyright Litig. v. Thomson Corp.*, 654 F.3d 242, 259 (2d Cir. 2011) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997)).

Most importantly, the Court's consideration of a proposed settlement is binary: it must either approve or reject the settlement as proposed. If the Court concludes that there a proposed settlement is deficient, it must reject the entire settlement outright, and may not "delete, modify, or substitute certain provisions." *Davis v. J.P. Morgan Chase & Co.*, 827 F. Supp. 2d 172, 176 (W.D. N.Y. 2011).

### C.    The Importance of Objectors in Class Action Settlements

As Judge Posner of the Seventh Circuit recently observed, the submissions and arguments of objectors are often important to the Court's consideration of class action settlements. In *Redman v. Radioshack Corp.*, 2014 U.S. App. LEXIS 18181, at **13-14 (7th Cir. Sept. 19, 2014), Judge Posner stated:

> The judge asked to approve the settlement of a class action is not to assume the passive role that is appropriate when there is genuine adverseness between the parties rather than the conflict of interest recognized and discussed in many previous class action cases, and present in this case. *See, e.g., Eubank v. Pella Corp.*, 753 F.3d 718, 720 (7th Cir. 2014); *Staton v. Boeing Co.*, 327 F.3d 938, 959-61 (9th Cir. 2003); *In re GMC Pick—Up Truck Fuel Tank Products Liability Litigation*, 55 F.3d 768, 801, 819-20 (3d Cir. 1995). Critically the judge must assess the value of the settlement to the class and the reasonableness of the agreed-upon attorneys' fees for class counsel, bearing in mind that the higher the fees the less compensation will be received by the class

members. When there are objecting class members, the judge's task is eased because he or she has the benefit of an adversary process: objectors versus settlors (that is, versus class counsel and the defendant).

*Id.* at *13-14.

## IV. OBJECTIONS

### A. The Settlement Relief is Inadequate

A court may approve a settlement "only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In considering whether a class action settlement is fair, adequate and reasonable, a court

> "must consider 'the strength of plaintiffs' case compared to the amount of defendants' settlement offer, an assessment of the likely complexity, length and expense of the litigation, an evaluation of the amount of opposition to the settlement among affected parties, the opinion of competent counsel, and the stage of the proceedings and the amount of discovery completed at the time of settlement.'"

*Synfuel Technologies, Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006) (quoting *Isby v. Bayh*, 75 F.3d 1191, 1199 (7th Cir. 1996)).

In most cases, a court cannot make an informed judgment about the fairness, reasonableness, and adequacy of a class without assessing the likelihood and value to the class of the case's possible outcomes, referred to as the net expected value of the litigation. *See Williams v. Rohm & Haas Pension Plan*, 658 F.3d 629, 634 (7th Cir. 2011) (citing *Synfuel*, 463 F.3d at 653). A court must normally "weigh the value of the proposed settlement against the total amount

that the class could recover, discounted by the weaknesses and risks inherent in the class' claims." *Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 578 (N.D. Ill. 2011). Here, the parties present no evidence that would allow the Court to quantify or otherwise assess the value to the Class of continued litigation.

Class members are slated to receive $34 for valid claims. A survey of other TCPA cases indicates that $20-$40 per claimant is on the low side of compensation. *See, e.g., Grannan v. Alliant Law Grp., P.C.*, 2012 WL 216522, *7 (N.D. Cal. Jan. 24, 2012) ($300 to $325 per class member).[6] Indeed, the Telephone Consumer Protection Act (TCPA or "the Act"), 47 U.S.C. §227(b)(3), under which the action was brought, authorizes an award of actual damages, or $500 per violation, whichever is greater. These amounts are trebled for wilful violations. *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 639 (7th Cir. Ill. 2012).

What's more, the gross settlement fund will be more than 50% diluted after deductions for attorneys' fees ($2,824,200), notice and administration costs ($3,150,000), and incentive awards ($5,000), making the net settlement fund for claims just $5,020,800, less than half (46%) of the gross settlement fund.

---

[6]The proposed settlement is also unfair because it appears to not compensate class members in the way the TCPA is intended: that is per automated call not per claimant. "It is perfectly fair and reasonable, and indeed common and accepted, for settlement benefits to turn on the strength of class member's claims." *In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico on April 20, 2010*, 910 F. Supp.2d 891, 948 (E.D. La. 2012), aff'd, 739 F.3d 790 (5th Cir. 2014).

## B.    Class Counsel's Fee Request Is Exorbitant

Rule 23(h) of the Federal Rules of Civil Procedure allows a court to award reasonable attorneys' fees. Fed. R. Civ. P. 23(h).   Such a payment from the settlement fund is "'based on the equitable notion that those who have benefited from litigation should share in its costs.'" *Sutton v. Bernard*, 504 F.3d 688, 691 (7th Cir. 2007) (quoting *Skelton v. General Motors Corp.*, 860 F.2d 250, 252 (7th Cir. 1988)).

A lawyer who recovers a common fund for a class she represents is entitled to reasonable attorneys' fees and reimbursement of expenses prior to the distribution of the balance to the class. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). "Courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable." *In re Bluetooth Headset Product Liability Lit.*, 654 F.3d 935, 941 (9th Cir. 2011).   After all, the district court's discretion is not unlimited, and "[a] conclusory statement that a fee is reasonable in light of the success obtained is generally insufficient." *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1988).[7]

---

[7]Awarding attorney's fees out of the common fund logically raises concerns that class members no longer have someone representing their interests. The Sixth Circuit has accurately characterized these fears:

> In assessing the reasonableness of requests for fees in class actions resulting in the creation of a common fund, a court must consider factors that are not present in statutory fee shifting cases. The interest of class counsel in obtaining fees is adverse to the interest of the class in

As the Seventh Circuit recently said:

> Almost all class actions are settled, and as we've noted in recent cases a class action settlement may be the product of tacit collusion between class counsel and defendant. *See, e.g., Pearson v. NBTY, Inc.*, 772 F.3d 778, 786-87 (7th Cir. 2014); *Redman v. RadioShack Corp.*, 768 F.3d 622, 629 (7th Cir. 2014); *Eubank v. Pella Corp.*, 753 F.3d 718, 720 (7th Cir. 2014). The reason is that the optimal settlement for these antagonists is one that awards large attorneys' fees to class counsel but modest damages to the class members, for then the overall cost of the settlement to the defendant is capped at a relatively modest level while the class counsel receive generous attorneys' fees.

*CE Design Ltd. v. King Supply Co.*, 2015 U.S. App. LEXIS 11117 , at *7-8(7th Cir. June 29, 2015).

In common fund cases, "the measure of what is reasonable [as an attorney fee] is what an attorney would receive from a paying client in a similar case." *Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 408 (7th Cir. 2000). "It is not

---

> obtaining recovery because the fees come out of the common fund set up for the benefit of the class. In addition, there is often no one to argue for the interests of the class (that their recovery should not be unfairly reduced), since it is to be expected that class members with small individual stakes in the outcome will not file objections, and the defendant who contributed to the fund will usually have scant interest in how the fund is divided between the plaintiffs and class counsel.

*Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). As a result, the Court approving the settlement must take on the fiduciary mantle discarded by class counsel and act as a fiduciary for all parties, but particularly for absent class members. *Court Awarded Attorney Fees, Report of the Third Circuit Task Force,* 108 F.R.D.237, 255 (1985).

the function of the judge in fee litigation to determine the equivalent of the medieval just price. It is to determine what the lawyer would receive if he were selling his services in the market rather than being paid by the court." *Matter of Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 568 (7th Cir. 1992). This requires the district judge to "ascertain the appropriate rate for cases of similar difficulty and risk, and of similarly limited potential recovery." *Kirchoff v. Flynn*, 786 F.2d 320, 326 (7th Cir. 1986).

Here, Class Counsel seek a fee in the amount of $2,824,200.00 (representing 36% of the Settlement Fund. To be sure, Class Counsel's request for over $2.8 million in fees is not remotely supported by the record.

Class Counsel argues that the market rate is 30% in TCPA cases involving similar settlement amounts. Initially, Class Counsel maintain that they have a 33% contingency fee agreement with the Plaintiff [Doc. 110, at Page ID#: 812] and that awards in other TCPA cases show that fee awards are based on a percentage of the recovery starting at 30% and scaling down. Class Counsel argue that this case is a "typical TCPA class action." [Doc. 110, at Page ID#: 814]. Class Counsel also argue that the risk they took justifies a fee award of 36%.

This case was not a typical TCPA class action at all and the risk encountered – and work performed – by Class Counsel does not warrant such a large fee. The case was settled very early on in the proceedings and there is little or no evidence in the record concerning the work performed. In support of their

fee motion, Class Counsel submitted a declaration generally attesting to their work and efforts on behalf of the Plaintiff and Class in this case. They did not provide their hourly rates, billing records, or even a summary of their time.

Make no mistake, the law is clear that to satisfy their burden of justifying a proposed rate, Class Counsel may not simply submit "self-serving affidavit" to substantiate their market rates. Rather, they are "required to present some evidence, other than [the attorney]'s affidavit, that the requested rates were the market rates for someone of [the attorney]'s experience." *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 556 (7th Cir. 1999); *see also Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (fee applicant must "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with" prevailing market rate).[8]

Here, other than a self-serving declaration, the bulk of Class Counsel's "evidence" concerns fee awards in other class action settlements. Many of those awards, it appears, were either unopposed or agreed upon by defendants and arrived at after negotiations. In the end, Class Counsel's conclusion that these rates represent "market rates" is well off the mark.

---

[8]Class Counsel should be required to submit their detailed contemporaneous hours spent in this case for the purpose of conducting a lodestar cross-check against the reasonableness of any proposed percentage fee.

Moreover, contrary to Class Counsel's suggestion, the "market price" for attorneys' fees in a TCPA class is not and should be considered to be 30%. In *Rose v. Bank of America Corp., et al.*, 2014 WL 4273358 (N.D. Cal. August 29, 2014), the district court observed:

> The Court compared a number of TCPA class action settlements in which attorneys from the instant case participated: in *Grannan*, 2012 WL 216522, a granted request for 25% of the Settlement Fund reflected a multiplier of 1.47. In *Adams v. AllianceOne, Inc.*, 08-CV-248-JAH (S.D. Cal. Sept. 28, 2012), a granted request for 30% of the Settlement Fund reflected a multiplier of 3.81. In *Arthur v. Sallie Mae, Inc.*, 10-CV-198-JLR (W.D. Wash.), a granted request for 20% of the Settlement Fund reflected a multiplier of 2.59.

*Id.* at *10; *see also Arthur v. Sallie Mae, Inc.*, 2012 WL 4075238 (W.D. Wash. Sept. 17, 2012). Many courts simply refuse to award even 30% in TCPA cases. *E.g., Steinfeld v. Discover*, 2014 U.S. Dist. LEXIS 48540, *5 (N.D. Cal. Mar. 31, 2014) (25% of $8.7 million fund, reflecting "multiplier of approximately 3.5").

To warrant this fee, Class Counsel argue that they spent "substantial time and effort litigating this case," including:

> ■ "briefing numerous motions, including a motion for class certification, a motion to dismiss, supplemental motions on the issue of whether the prerecorded prescription calls fell under the TCPA's emergency purpose exception, a motion for reconsideration, a motion for protective order, and a motion for preliminary approval of the settlement" [Doc. 110-1, at Page ID#: 829];

- conducting "formal and informal discovery (including issuing and reviewing the responses to interrogatories and document requests), worked with a third-party administrator to review data compiled from Walgreens' customer databases, and conducted a Rule 30(b)(6) deposition" [Doc. 110-1, at Page ID#: 829]; and

- mediations, numerous follow-up arm's-length settlement negotiations with Walgreens' counsel, and drafting a comprehensive Settlement Agreement [Doc. 110-1, at Page ID#: 829].

In fact, the record reveals that Class Counsel did extraordinarily little work to warrant such a fee. It is no wonder they have neglected to submit detailed records, time summaries, or even to discuss the amount of time expended on this matter or their hourly rates. Substantively, before reaching a settlement in October 2014, Class Counsel filed or briefed the following:

- the Complaint [Doc. 1];

- a placeholder motion to certify [Doc. 3];

- a response to Walgreens' motion to dismiss [Doc. 26];

- a motion to reconsider [Doc. 40]; and

- several motions to extend time

In addition, Class Counsel appeared at seven (7) hearings. [Docs. 21, 52, 57, 62, 69, 74, and 75]. For this, Class Counsel seek an astonishing 36% of the settlement fund.

The facts above and the law in this Circuit demonstrate the unreasonableness of Class Counsel's fee request. In *Americana Art China Co., Inc.*

*v. Foxjire Printing and Packaging, Inc.*, 743 F.3d 243 (7th Cir. 2014), the Seventh Circuit affirmed a district court's use of the lodestar methodology in determining a reasonable fee in a TCPA class action. This approach would also be an acceptable methodology to determine fees in this case, perhaps with a percentage of recovery cross-check. If the Court does apply a percentage analysis as the primary tool of analyzing attorneys' fees, then it should also apply a lodestar cross-check.

Finally, while Class Counsel maintain that the risks they faced in this case justify their 36% fee, the risk they faced was considerably lower than they suggest and substantially overcompensates them beyond the rates needed to induce Class Counsel to take on a case of this nature. Given that Class Counsel appear to have a diversified portfolio of class action cases, including TCPA cases, there should be an expected return in attorneys' time for bringing a TCPA action.

Class Counsel have also unfairly resisted providing necessary information about their fees before the objection deadline. Class Counsel's fee request contained no lodestar information whatsoever. In *Redman v. Radioshack*, 2014 U.S. App. LEXIS 18181, at *37-*38 (7th Cir. Sept. 19, 2014), Judge Posner explained that there was "no excuse" for this violation of Rule 23(h):

> From reading the proposed settlement the objectors knew that class counsel were likely to ask for $1 million in attorneys' fees, but they were handicapped in objecting because the details of class counsel's hours

> and expenses were submitted later, with the fee motion, and so they did not have all the information they needed to justify their objections.

*Id.* at *37-*38; *see also* Rubenstein, 3 *Newberg on Class Actions* § 8:24 (5th ed. 2014) ("[C]lass members ought to have the opportunity to review the full fee motion and object to it in writing, particularly in common fund cases where they are paying the fee themselves. Knowing the level of the fee alone is a weak substitute for reviewing the full fee petition as the latter ought to provide more detail about counsel's time and efforts, precisely the detail that would make the opportunity to object meaningful.").

Accordingly, because the fee request here contained no information on Class Counsel's lodestar, Franz, like the objectors in *Redman*, has been handicapped from fully analyzing the fee request.

In the final analysis, Class Counsel's fee for such limited work evokes the observation of the California Court of Appeals nearly forty (40) years ago:

> [t]hat the use of the device of a class action is subject to abuse in a number of ways is a well known fact. . . . [I]t is the responsibility of the court to guard the integrity of the class action device as well as its own integrity. . . . The present arrangement leaves the unfortunate impression that defendants are buying themselves out of a lawsuit by direct compensation of plaintiffs' counsel.

*Anthony v. Superior Court*, 130 Cal. Rptr. 758, 766 (Cal. App. 1976).

### C.   *Illusory Settlement Relief*

As part of the proposed settlement, Defendant has agreed to implement procedures to ensure that customers have consented to receive Pre-recorded Prescription Calls to their cell phones.   However, these actions are already required by law and should not be considered as constituting settlement relief.

### D.   *Unearned Incentive Award*

Finally, Plaintiff seeks an incentive award in the amount of five thousand dollars ($5,000) for his "time and effort" expended on behalf of the Settlement Class, to be paid from the Settlement Fund.   However, there is no evidence in the record that the Plaintiff did much more than allow his name to be placed on the complaint.   He did not participate in written or oral discovery, execute affidavit for class certification or summary judgment, or testify at trial.   He is not entitled to an incentive award of $5,000.   Indeed, that sum alone would pay the claims of nearly 150 Class members.   An award of $500 would appear a reasonable incentive for Plaintiff's efforts in this case.

## V.   ADOPTION OF OTHER OBJECTIONS

Ms. Franz hereby adopts and incorporates by reference herein all other proper and timely objections submitted by other objectors in this matter.

## VI.   NOTICE OF APPEARANCE, INTENTION TO APPEAR, AND REQUEST TO BE HEARD

**NOTICE** is hereby given that the undersigned counsel is appearing on behalf of Ms. Franz in the above-styled action.   Counsel requests that he be allowed to be heard via telephone at the Fairness Hearing.

## VII.   CONCLUSION

Ms. Franz respectfully requests that this Court:

1.   Reject the proposed settlement;

2.   Deny Class Counsel's motion for attorney's fees or award Class Counsel a substantially lesser amount than they seek;

3.   Deny the request to award an incentive fee to the named Plaintiff;

4.   Award such other relief as is just and necessary in this matter.

Respectfully submitted, this 17th day of July, 2015.


_Melinda Erin Franz_
Melinda Erin Franz


_W. Allen McDonald_
W. Allen McDonald, Esq.
249 N. Peters Road, Suite 101
Knoxville, TN 37923-4917
Tel: 865-246-0800

*Counsel for Melinda Erin Franz*

**CERTIFICATE OF SERVICE**

I do hereby certify that on July 17, 2015, a copy of the foregoing was submitted electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Benjamin H. Richman
EDELSON PC
350 North LaSalle Street
Suite 1300
Chicago, IL 60654

Bradley J. Andreozzi
DRINKER BIDDLE & REATH LLP
191 North Wacker Drive
Suite 3700
Chicago, IL 60606

This 17th day of July, 2015.

/s/ W. Allen McDonald
W. Allen McDonald