# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT KOLINEK** individually and all others similarly situated, | Class Action No. 13-CV-04806 |
| Plaintiffs, | HON. MATTHEW KENNEDY |
| v. | |
| **WALGREEN CO.**, an Illinois corporation, | |
| Defendant. | |

## OBJECTION TO THE PROPOSED SETTLEMENT

TO THE HONORABLE MATTHEW KENNEDY:

Gary Sibley ("Objector") is a member of the class and objects to the Settlement and files this Objection to the Class Action Settlement that is currently before the Court for the following reasons:

1. Gary Sibley, hereinafter "Sibley" is a member of the class and for years has had prescriptions filled at the Walgreens at 3418 McKinney Ave., Dallas, Texas 75204. He has received telephone calls concerning prescription refills on his cell phone, 214-520-2100 or 214-207-8666 as described in the Complaint. His address is 2711 N. Haskell, Suite 550, Dallas, Texas 75204.

2. He objects to the settlement and does not request to speak to the Court at the Fairness Hearing, but requests the Court to consider my objection.

3. **Objection to Certification**

The Court found the class was proper under Federal Rule of Civil Procedure 23; however, Objector urges the Court to reconsider that ruling as the requirements of commonality, typicality and adequacy are not met.

Objection to Proposed Settlement – Page 1

The class is defined in The Original Complaint as:

All persons in the United States (1) who first filled a prescription through Defendant Walgreen Co., prior to January 1, 2012 (2) who have not created an online account through Walgreens.com (3) who received a call on his or her cellular telephone (4) featuring a prerecorded or artificial voice (5) from Defendant Walgreen Co.; (6) prompting the recipient to refill a prescription at a Walgreen pharmacy.

and is defined in the Settlement Agreement as:

All individuals in the United States to whom Walgreens placed a Prerecorded Prescription Call to their cellular telephone.

The Settlement takes an action that requested the statutory penalty of $500.00 per call with a total of 9.2 million cellular telephone numbers which Walgreen placed during the relevant period.[1] We are also told that the recovery will be approximately $20.00[2] per class member. The total available to the class after expenses and the requested attorneys' fee will be about 5.5 million. It appears that given the amount expected to be paid to each class member there will be very few claims compared to the size of the class.

4. **Objection to Failure of Rule 23(a)(3) Typicality**

Typicality requires representative parties' claims and defenses to be typical of the class. Fed. R. Civ. P. 23(a)(3); *Amchem Prods., Inc.*, 521 U.S. at 613. Commonality and typicality tend to merge due to sharing the same purpose — tools to determine under the circumstances "whether . . . maintenance of a class action is economical and . . . the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence" — yet both are distinct requirements a potential certification must satisfy. *Gen. Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 157 n.13 (1982); FED. R. CIV. P. 23(a)(2)–(a)(3). The typicality requirement ensures named plaintiffs have incentives aligned with absent class members in order that the absent members' interests will be fairly

---

[1] Plaintiff's Memorandum of Law in Support of Motion For Approval of Attorneys' Fees, page 8.
[2] Plaintiff's Memorandum in Support of Preliminary Approval of Class Action Settlement, page 3.
Objection to Proposed Settlement – Page 2

represented. *Danvers Motor Co., v. Ford Motor Co.*, 543 F.3d 141, 149-50 (3d Cir. 2008). Typicality necessary for class certification only exists where "[1] the named plaintiffs' claims arise from the same event or course of conduct that gives rise to the claims of the class members and [2] are based on the same legal theory." *Id.* at 150. Typicality requires, at minimum, strong similarity between the legal theories utilized by the class representative and the rest of the class. Further, typicality must be determined with regard to the defendant's actions, not his potential defenses against individual class members. *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 532 (3d Cir. 2004). If class members likely need to pursue differing, possibly conflicting legal theories to succeed, the class lacks sufficient typicality. All we know is that Walgreen had some 9.2 million cellular telephone numbers in the campaign, the parties may know, but the class has not been told how many calls each class member received. Class members who bother to take the time to file a claim receive the same amount whether they received one call or twenty calls. This also calls into question whether there should be subclasses based on the number of calls received.

5. **Objection to the Settlement**

The few class members who file a claim are receiving minimal benefits, $20.00, given the $500.00 per call penalty.[3] The relief is in the form of prospective practice changes in Defendant Walgreen's procedures given recent changes to 47 CFR Subpart L, merely requires Walgreen to follow the law.

While it is certainly true, as class counsel suggests, that settlements of class actions are to be favored, it is not the Court's task to simply rubber-stamp a settlement. The court must thoroughly review the proposed settlement. Some court's have gone so far as to name the district judge in the settlement phase of the class action suit as a fiduciary of the class and to

---

[3] Proof of actual damages is not required.
Objection to Proposed Settlement – Page 3

impose the high duty of care that the law requires of a fiduciary. *Reynolds v. Beneficial National Bank*, 288 F.3d 277, 280 (7th Cir. 2002).

Likewise, as class counsel suggests, that the benefits of settlement v. continued litigation must be considered in approving or rejecting the settlement. This settlement is not fair, reasonable or adequate to the class members who are giving up much and receiving little as a large amount of the actual settlement fund is going for notice and attorneys' fees. The Court needs to carefully consider the benefits all members are receiving.

6. **Objection to Requested Award of Attorneys' Fees**

The Court should reduce the requested award of attorneys' fees.

(a) The Court should base the attorneys' fees on 25% of the actual class recovery.

(b) I object to the attorneys' fees award in this case because it amounts to unjust enrichment. Although many times a Court will consider a 'benchmark," the actual recovery should depend on the work expended, the time consumed and the results obtained. "Any single rate, however, is arbitrary and cannot capture variations in class actions' valuations." *Manual for Complex Litigation*, Fourth §14.11, p. 184).

While class counsel have made every effort to make their fees appear reasonable by comparing them to other Telephone Consumer Protection Act cases, it is incumbent on the court to review the facts of this case. The case has been settled rather early in the process and the Court, serving as a fiduciary for the absent class, must critically examine class counsel's application and award no more than what is absolutely required to provide reasonable compensation to class counsel.

While Class Counsel in their Memorandum For Approval of Attorney Fees (dkt. 105-1) mention *American Art China Company, Inc. v. Foxfire Printing & Packaging, Inc.* 743 F.3d 243 (7th Cir. 2014), they attempt to avoid its holding and use of the lodestar method to calculate fees.

In class counsel's Motion for Fees and Expenses[4], Class Counsel seeks fees in the amount to $2,824,200.00 amounting to 36% of the settlement. I urge the Court to award the fees based on the Lodestar method or at least require a Lodestar cross-check.

Class members have had no meaningful opportunity to review the fee request because hourly records were not filed. The class has been basically told "trust us" as our fee request is in line with other cases. However, *Moore's Federal Practice,* §23.124[4] (*Mathew Bender,* 3d ed. 2009) counsels that "any objection deadline set by the court should provide the eligible parties with an adequate opportunity to review all the materials that may have been submitted in support of the motion and, in appropriate cases, conduct discovery concerning the fee request."

> "The plain text of the rule requires a district court to set the deadline for objections to counsels' fee request on a date after the motion and documents supporting it have been filed."
> *In Re: Mercury Interactive Corp. Securities Litigation,* 618 F.3d 988, 993.

*In Re: Mercury Interactive Corp. Securities Litigation,* 618 F.3d 988 (9th Cir. 2010), is instructive. In holding that Rule 23(h) and due process require the fee motion to precede the objection deadline, the *Mercury* court held, at p. 993-94:

> The plain text of the rule requires that any class member be allowed an opportunity to object to the fee "motion" itself, not merely to the preliminary notice that such a motion will be filed. In this case, although notice of the motion was provided to the class, class members were deprived of an adequate opportunity to object to the motion itself because, by the time they were served with the motion, the time within which they were required to file their objections had already expired.
>
> The Advisory Committee Notes to the 2003 amendments to Rule 23(h) further support this reading of the rule. They elaborate that "[i]n setting the

---

[4] . Plaintiff's Motion For Approval of Attorneys' Fee, (dkt. 103).
Objection to Proposed Settlement – Page 5

date objections are due, the court should provide sufficient time after the full fee motion is on file to enable potential objectors to examine the motion." Fed. R. Civ. P. 23, 2003 Advisory Committee Notes, ¶ 68. The Advisory Committee Notes further contemplate that, in appropriate cases, the court will permit an "objector discovery relevant to the objections." Id. ¶ 69. Clearly, the rule's drafters envisioned a process much more thorough than what occurred in this case.

Commentators also agree with this logical interpretation of the rule. . . . . Allowing class members an opportunity thoroughly to examine counsel's fee motion, inquire into the bases for various charges and ensure that they are adequately documented and supported is essential for the protection of the rights of class members. It also ensures that the district court, acting as a fiduciary for the class is presented with adequate, and adequately-tested, information to evaluate the reasonableness of a proposed fee.

In this case, Teachers was denied such an opportunity. At the time that its objections to the fee request were due, Teachers could make only generalized arguments about the size of the total fee because they were only provided with generalized information. Teachers could not provide the court with critiques of the specific work done by counsel when they were furnished with no information of what the work was, how much time it consumed, and whether and how it contributed to the benefit of the class.

## 7. Prospective Relief.

The supposed benefit to the class is in the form of Prospective Relief. However, Defendant Walgreen does no more than agree to follow current law.

A Court should consider the following factors that a Court, in granting approval to a class settlement, when considering a prospective relief settlement, the court should review the settlement and consider the following:

(1) How much is the relief worth to the class as a practical matter?

(2) What is the real cost to Defendant?

(3) Does the relief do anything more than restate the obligation that Defendant has under existing law?

I would submit that the answers to the listed above are:

(1) Very little.

(2) Very little

(3) No

Considering what the class is being asked to give up, and what little benefit the class will receive, the Court should reject the purposed settlement.

8. I wish to incorporate in this objection the valid objections made by other objectors.

## RELIEF

I request the Court to reject the settlement or, in the alternative, reduce the amount of attorney's fees.

Respectfully submitted,

*[signature]*

Gary W. Sibley
Texas Bar 18337700
2711 No. Haskell, Suite 550
Dallas, TX 75204
214-522-5222
Fax: (214) 855-7878
g@juris.cc

## CERTIFICATE OF SERVICE

I, Gary W. Sibley hereby certify that on the 16 day of July 2015, a true and correct copy of the Objection to Proposed Settlement was served on all counsel of record by United States mail.

Clerk of the Court
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, Il 60604

Benjamin H. Richman
EDELSON PC
350 North State Street
Suite 1300
Chicago, Illinois 60654

Bradley J. Andreozzi
Drinker Biddle & Reath LLP
191 North Wacker Drive
Suite 3700
Chicago, Illinois 60606

*[signature]*

Gary W. Sibley