

July 13, 2015



JUL 2 0 2015

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Clerk of Court
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

Benjamin H. Richman
Edelson PC
350 North Lasalle Street
Suite 1300
Chicago, IL 60654

Bradley J. Andreozzi
Drinker Biddle & Reathe LLP
191 North Wacker Drive
Suite 3700
Chicago, IL 60606

Re:   *Kolinek vs. Walgreens*, Objection to Settlement, Case No. 13-cv-04806

Dear Clerk and Counsel:

I write to object to the settlement in *Kolinek vs. Walgreens*, Case No. 13-cv-04806. I am a class member and I received the attached card in the mail. The cell phone number on which I received the Prerecorded Prescription Calls was 513-748-0587.

The first basis for my objection is the fact that the objection protocol in this case required me to list my cell phone number. There was no reason that the objection needed this information added to it, and it is an invasion of my privacy to require it.

The second basis for my objection is the relief presented in the settlement is inadequate in light of the amounts sought in the Complaint. Plaintiff's Complaint initially sought a $500 fine for each violation of the TCPA by the Defendant. Class Counsel has now settled the action and proposes to pay each consumer approximately $34 for each violation. This is less than a 7% return on what was alleged in the complaint. Really, 7% is the best we can do for the Class?

This leads to the third basis for my objection. For this meager result, Class Counsel is seeking attorneys' fees in an amount of $2,824,400 or 36% of the created Settlement Fund. As an aside, if Class Counsel received 7% of the Settlement Fund it would be entitled to $770,000 in attorneys' fees.

Class Counsel's memorandum in support of the fee award makes the following generic statement regarding the work performed in the case:

> Class Counsel were required to spend substantial time and effort litigating this case without compensation. This work included briefing numerous

motions, including a motion for class certification, a motion to dismiss, supplemental motions on the issue of whether the calls fell under the TCPA's emergency purpose exception, a motion for reconsideration, a motion for protective order, and a motion fro preliminary approval of the settlement. (Citation omitted.) Class Counsel also conducted formal and informal discovery (including issuing and reviewing the responses to interrogatories and document requests), worked with a third-party administrator to review data compiled from Walgreens' customer databases, and conducted a Rule 30(b)(6) deposition. (Citation omitted/)

Nowhere in Class Counsel's memorandum does it identify how many hours of work were required for these efforts or the identities and rates of the attorneys performing the work. For example, the work to review Walgreens database, was a contract attorney hired to perform this work and at what rates? As another example, if Class Counsel spent 2000 hours litigating the case (a number which seems on the high side under the circumstances described above), the hourly rate for Class Counsel would exceed $1400 per hour.

Plaintiff's counsel doesn't want this Court to engage in such an analysis and would rather argue that they are entitled to a percentage of the pot of money created because of the work and "risk" involved in the case.

As Ted Frank from the Class Action Fairness Group argued recently in the *Capital One* TCPA class action settlement,

The award in this case is not because the underlying TCPA action was extraordinarily risky: the evidence showed that class counsel won settlements in 16 out of 38 TCPA class actions over the last four years and collected handsome fees for 64% of the hours they devoted to TCPA litigation. Moreover, the court found only that this case was "slightly" more risky than typical TCPA litigation. Nor did it reflect extraordinary litigation efforts: the case settled immediately after the filing of the MDL complaint…Nor is this an extraordinary settlement: as mentioned, class members' multiple $500 statutory claims were settled for about $4/class member before attorneys' fees.

Likewise in this case, Class Counsel was profiled in the New York Times and has settled a fair amount of electronic based class actions over the past several years, including many of the TCPA variety, as demonstrated by the Class Counsel's resume, attached in support of their Motion for Fees. If the case was truly "risky", Class Counsel would not have brought it, as it employs experts in its firm to review technology company protocol and procedures. This settlement was certainly not the result of extraordinary litigation efforts, as it settled before the filing of a motion for class certification. Further, as argued above, the settlement was not extraordinary as the $500 claims settled for $34 class member.

As Ted Frank so eloquently said in the *Capital One* case,

[w]hen deciding on appropriate fee levels in common-fund cases, courts must do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time. We do not believe a sophisticated arms-length transaction would produce this sort of windfall for these sorts of results.

I request the Court consider my objections to the Settlement and issue relief accordingly.

Very truly yours,

John Dipuccio
3133 Troy Avenue
Cincinnati, Ohio 45213-1319

LEGAL NOTICE
*Kolinek v. Walgreen Co.*, Case No. 13-cv-04806

**If you received a prerecorded call from Walgreens on your cell phone reminding you to refill your prescription, a class action settlement may affect your rights.**

A Federal Court authorized this notice.
You are <u>not</u> being sued.
This is <u>not</u> a solicitation from a lawyer.
*See reverse for details.*
*For complete information, visit www.PrescriptionCallSettlement.com or call 1-877-392-3209.*

*Kolinek v. Walgreen Co.*
**Settlement Administrator**
P.O. Box 43358
Providence, RI 02940-3358

PRESORTED
FIRST-CLASS
U.S. POSTAGE
**PAID**
YORK, PA
PERMIT NO. 12039



Postal Service: Please do not mark barcode

Claim #: WTT-102325162901 - 1130590

\*\*\*\*\*\*\*AUTO\*\*SCH 5-DIGIT 45213
01139544 r569772 T1771  2896  000036
John Dipuccio
3133 Troy Ave.
Cincinnati, OH 45213-1319

**WTT**

---

*Kolinek v. Walgreen Co.*, No. 13-cv-04806
**CLAIM FORM**
*Instructions. Fill out each section of this form and sign where indicated.*

First Name: _____  Last Name: _____    **+**
Street Address: _____
City: _____  State: _____  ZIP Code: ___ ___ ___ ___ ___
Cellular Telephone Number at which you received Prerecorded Prescription Call(s): 513-748-0587

<u>**Class Member Affirmation**</u>: By submitting this Claim Form and checking the box below, I declare that I am a member of the Settlement Class and that the following statement is true (box must be checked to receive payment):

☐ I received one or more prerecorded telephone calls from Walgreens at the cellular telephone number written above reminding me that my prescription was due for refill ("Prerecorded Prescription Calls") and I did not consent to receive these calls. *I recognize by affirming here that such calls were made without my consent, that I will be removed from the list of persons eligible to receive Prerecorded Prescription Calls from Walgreens and that I will not receive such calls in the future unless I separately provide my consent, which I may (but need not) do below.*

I state under penalty of perjury under the laws of the State in which this Affirmation is executed and the United States of America that the information provided above is true and correct.

Signature: _____  Date: ___ - ___ - ___
Printed Name: _____                  (MM-DD-YY)

<u>**Voluntary Request to Receive Future Prerecorded Prescription Calls**</u>:

☐ I now wish to receive Prerecorded Prescription Calls from Walgreens, and I consent to receive such calls. *I understand that providing this consent is not required for me to submit a claim in the settlement, nor is it required for me to purchase any goods or services from Walgreens.*

Questions, visit www.PrescriptionCallSettlement.com or call 1-877-392-3209

  102325162901
WTTCRD1