UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Kolinek | § | |
| | § | |
| vs. | § | No. 1:13-cv-04806 |
| | § | |
| | § | Honorable Matthew F. Kennelly |
| Walgreen Co. | § | |

## MOTION TO QUASH SUBPOENAS, MOTION FOR PROTECTIVE ORDER AND MOTION FOR STAY OF DISCOVERY

Class members Gleith Cozby, Rendee Bullard, Sharon Hughes and Christinna Oldham (collectively the "Objectors"), together with undersigned counsel of the law firm Plews Shadley Racher & Braun LLP ("Objectors' Counsel"), respectfully move the Court for an order to quash pursuant to Fed. R. Civ. P. 45(d)(3), a protective order pursuant to Fed. R. Civ. P. 26(c), and for a stay of pending discovery arising from subpoenas issued by the attorneys for class representative Robert Kolinek ("Class Counsel").[1]

## BACKGROUND

Class Counsel reached a settlement with defendant Walgreen Co. ("Walgreens") in this matter and submitted the settlement to the Court for approval on March 26, 2015. (Dkt. #91.) Following a preliminary evaluation of the settlement, the Court issued a Preliminary Approval Order on April 3, 2015. (Dkt. #97.) This order certified the proposed settlement class consisting of all individuals in the United States to whom Walgreens placed a "Prerecorded Prescription Call" to their cellular telephone on or before the date of the Court's order. On July 9, 2015, Class Counsel filed its Motion for Approval of Attorneys' Fees, Expenses, and Incentive Award (Dkt. #103) and Memorandum of Law in Support ("Fee Motion"). (Dkt. #110.) In the Fee

---

[1] Pursuant to Rule 26(c), Objectors' Counsel contacted Class Counsel to request they immediately withdraw the subpoenas in order to avoid the need for the filing of this Motion. (**Exhibit A**.) Objectors' Counsel has not received a response to this email as of the time of this filing.

Motion, Class Counsel seeks approximately $3,150,000 for notice and administration expenses and an additional $2,824,200 in attorneys' fees out of the $11 million settlement fund. (*Id*. at p. 803.) Class Counsel further stated that it anticipates each claiming class member will receive $34 per claim. (*Id*.)

The Objectors filed their joint Objection to the Class Action Settlement on July 16, 2015, which included challenges to the proposed settlement on the basis that: (1) the class lacks a predominance of common issues; and (2) the $2.8 million in attorneys' fees sought by Class Counsel are excessive for their work performed in this case. (Dkt. #113.) Similar objections were filed by eight other members of the class.

On Sunday, July 26, 2015, Class Counsel issued a Subpoena to Testify at a Deposition in a Civil Action on the Objectors.[2] (**Exhibit B, Exhibit C**, and **Exhibit D**.) The Objectors were served with these subpoenas on Monday, July 27, 2015. The subpoenas command the attendance of the Objectors at depositions in Dallas, Texas on August 3, 2015 and instruct the Objectors to produce a vast number of documents dating back to August 3, 2006.

In addition to serving the Objectors with subpoenas, Class Counsel also served Objectors' Counsel with a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action. (**Exhibit E**.) This subpoena seeks a large volume of documents dating back to August 3, 2006, including all documents relating to objections filed in previous class action settlements in any court, all communications between Objectors and Objectors' Counsel, and communications with other attorneys in this action. In addition to being unauthorized, the subpoenas are overly broad, unduly burdensome, and seek information not

---

[2] Ms. Cozby, Ms. Hughes, and Ms. Oldham have each been served with a subpoena. It is believed that a subpoena was also sent to Ms. Bullard, but it has not yet been received due to Ms. Bullard's travel schedule.

relevant as to whether the class lacks a predominance of common issues or whether a 36% fee in this case is excessive. The subpoenas also seek information protected by privilege.

After conferring with other class objectors and their attorneys, Objectors' Counsel learned that similar subpoenas were served on many of the other objecting class members in this case. These subpoenas, like those sent to Objectors, were issued on July 26, 2015 and seek to compel the objecting class members to attend depositions in different parts of the country beginning on August 3, 2015. (See e.g., **Exhibit F**.) In other words, after taking just one (1) deposition of the defendant Walgreens while prosecuting the entire case, Class Counsel have now turned on their own class members and seek to depose numerous class members who have simply exercised their right to object to the settlement permitted by Rule 23 and the Court's Preliminary Approval Order and question the propriety of the large attorneys' fee award sought by Class Counsel. Further, Class Counsel has served subpoenas for the production of documents on a number of the attorneys who have filed appearances on behalf of objecting class members. (*See e.g.*, letter dated July 28, 2015 from Jonathan E. Fortman objecting to the improper and unauthorized subpoena served on Fortman, **Exhibit G**.) None of the subpoenas sent to the other objecting parties or their counsel were served on Objectors or Objectors' Counsel; similarly, none of the subpoenas sent to Objectors or Objectors' Counsel were served on the other parties, including Walgreens and the other objecting parties and their counsel.

The short period of time for responding and the heavy-handed nature of these subpoenas have imposed tremendous stress and burden upon the Objectors. For example, Ms. Oldham is more than 8 ½ months pregnant. She is also the mother of a 2 ½ year child and, given her advanced pregnancy, is unavailable to attend any deposition. Meanwhile, Ms. Hughes is a 64-year old grandmother. She is unavailable to attend the deposition, which is scheduled to take

3

place nearly eighty (80) miles from her home. Rendee Bullard and Christinna Oldham are also both unavailable to attend the depositions on such short notice due to their busy professional careers and their previously scheduled plans and travels. Objectors' Counsel are also unavailable due to pre-existing travel plans and client commitments. The subpoenas commanding the Objectors[3] to appear for depositions and to produce voluminous documents dating back to August 3, 2006 on just eight-days' notice has put the Objectors through significant stress and is unworkable for Objectors' Counsel.

## DISCUSSION

Class Counsel's subpoenas are both procedurally and substantively improper. The subpoenas serve no other purpose than to harass and intimidate the class objectors who are exercising their rights to oppose Class Counsel's outlandish fee award request. As the Seventh Circuit has repeatedly made clear, "objectors play an essential role in judicial review of proposed settlements of class actions. . . ." *Pearson v. NBTY, Inc.* 772 F.3d 778, 787 (7th Cir. 2014); s*ee also*, *Eubank v. Pella Corp*, 753 F.3d 718, 720-21 (7th Cir. 2014). Judge Posner recently emphasized that the submissions and arguments of objectors are often important to a court's consideration of class action settlements. In *Redman v. Radioshack Corp.*, 768 F.3d 622 (7th Cir. 2014), Judge Posner stated:

> The judge asked to approve the settlement of a class action is not to assume the passive role that is appropriate when there is genuine adverseness between the parties rather than the conflict of interest recognized and discussed in many previous class action cases, and present in this case. *See, e.g., Eubank v. Pella Corp.*, 753 F.3d 718, 720 (7th Cir. 2014); *Staton v. Boeing Co.*, 327 F.3d 938, 959-61 (9th Cir. 2003); *In re GMC Pick-Up Truck Fuel Tank Products Liability Litigation*, 55 F.3d 768, 801, 819-20 (3rd Cir. 1995). Critically the judge must assess the value of the settlement to the class and the reasonableness of the agreed-upon attorneys' fees for class counsel, bearing in mind that the higher the

---

[3] On June 30, 2015, Ms. Hughes and Ms. Oldham filed a Motion to Withdraw from this litigation, including a withdrawal of their objections. (Dkt. #142.) Their depositions are now particularly unwarranted in light of their request to withdraw.

4

> fees the less compensation will be received by the class members. When there are objecting class members, the judge's task is eased because he or she has the benefit of an adversary process: objectors versus settlors (that is, versus class counsel and the defendant).

*Id.* at 629.

Just last month the Seventh Circuit reaffirmed its view on class action settlements and large attorneys' fees awards to class counsel in holding that:

> Almost all class actions are settled, and as we've noted in recent cases a class action settlement may be the product of tacit collusion between class counsel and defendant. *See, e.g., Pearson v. NBTY, Inc.*, 772 F.3d 778, 786-87 (7th Cir. 2014); *Redman v. Radioshack Corp.*, 768 F.3d 622, 629 (7th Cir. 2014); *Eubank v. Pella Corp.*, 753 F.3d 718, 720 (7th Cir. 2014). The reason is that the optimal settlement for these antagonists is one that awards large attorneys' fees to class counsel but modest damages to the class members, for then the overall cost of the settlement to the defendant is capped at a relatively modest level while the class counsel receive generous attorneys' fees.

*CE Design Ltd. v. King Supply Co.*, 2015 U.S. App. LEXIS 11117, at *7-8 (7th Cir. June 29, 2015). *See also*, *Redman*, 768 F.3d at 629 (noting that class counsel is "interested primarily in the size of the attorneys' fees provided for in the settlement"). Allowing the lead class counsel to serve burdensome discovery requests upon objecting class members would have a chilling effect on the willingness of class members to exercise their right to object to unfair settlements. For this reason, and because of the procedural defects within Class Counsel's subpoenas and the complete lack of necessity to the class for these discovery requests, Class Counsel's subpoenas should be quashed.

**I.** **Class Counsel's Issuance of the Subpoenas Violates the Federal Rules of Civil Procedure and is Without Authority from the Court.**

Class Counsel's service of the subpoenas upon both the Objectors and Objectors' Counsel violates the Federal Rules of Civil Procedure. First, Rule 45(a)(4) provides:

> *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of

> premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

Fed. R. Civ. P. 45(a)(4).

Each of the subpoenas served on the Objectors and Objectors' Counsel contained requests for the production of documents. However, no notice and copy of the subpoena was *ever* served upon each party before it was served on the person to whom it was directed. Nor did Class Counsel serve Objectors with any of the subpoenas served on the other class objectors and class objector representatives. In other words, unbeknownst to the Court and to the other class members, Class Counsel improperly served approximately a dozen subpoenas seeking the production of documents without giving advance copies to the other parties as required by the Federal Rules of Civil Procedure. This is a clear violation of the rules. This violation alone warrants the quashing of these subpoenas. *See e.g., Williams v. Weems Comm. Mental Health Ctr.*, U.S. Dist. LEXIS 21845 at *5 (S.D. Miss. Apr. 7, 2006) ("A party's failure to serve a copy of a subpoena on his opponent, as required by Rule [45(a)(4)], has been held to substantiate a decision to quash a subpoena.") (citing *Butler v. Biocare Med. Techs., Inc.*, 348 F.3d 1163, 1173 (10th Cir. 2003)); *Murphy v. Board of Educ.*, 196 F.R.D. 220 (W.D.N.Y. 2000) (quashing subpoenas for failure to serve them on other parties and sanctioning attorney for failure to do so).

Not only did Class Counsel fail to give the required advance notice of their intent to serve subpoenas for the production of documents, they failed to give *any notice* of the scheduled depositions of the objecting class members. This is a clear violation of Rule 30(b)(1), which provides in pertinent part:

> *Notice in General.* A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address.

Fed. R. Civ. P 30(b)(1).

6

The failure to give reasonable notice is grounds for quashing a subpoena to take a deposition. *Peterson v. Union Pac. R.R.*, 2007 U.S. Dist. LEXIS 62134 (C.D. Ill. Aug. 23, 2007) (quashing subpoena where only four-day notice of deposition was provided). Here, Class Counsel has failed to provide *any* notice to other parties for *any* of the depositions it seeks to take. The depositions are scheduled for Monday, August 3, 2015 and Tuesday, August 4, 2015, in various cities across the country, including Dallas, Texas, days in which Objectors Counsel are unavailable due to pre-existing travel plans and client commitments. In other words, Class Counsel intends to take numerous depositions of objecting class members in all corners of the country *without notifying other parties of its intent to do so, which prevents other parties and their counsel from attending and participating in these depositions*. This tactic is nothing more than an attempt by Class Counsel to deprive the objecting class members of their right to attend depositions of other parties to the litigation.

In addition to Class Counsel's repeated failure to adhere to the requirements of the Federal Rules of Civil Procedure, perhaps most troublesome is Class Counsel's failure to first obtain leave of court to serve discovery on unnamed class plaintiffs. Such leave is required. "In a class action, even a putative class action, the party seeking discovery from an unnamed class member must first show a particularized need for said discovery and first seek permission from the court." *In re Skelaxin Antitrust Litig.*, 292 F.R.D. 544, 550 (E.D. Tenn. 2013); MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.14 (2004) ("Discovery of unnamed members of a proposed class requires a demonstration of need."). This showing of need is to occur *before* the discovery has been served. The Court has not authorized any form of discovery of the unnamed class members in this case. Class Counsel never sought leave to serve discovery, and no order exists allowing for discovery in this case.

7

In previous cases, this Court has instructed class attorneys to seek leave before serving discovery on unnamed class members. For example, in *Levitt v. Southwest Airlines, Co.*, 1:11-cv-08176 (April 16, 2013) (Dkt. #114), the Court made this requirement crystal clear: "[B]*efore* any discovery request (including a notice of deposition) is served upon an objector or commenter regarding the settlement, a motion requesting leave is to be filed and noticed for presentment before the Court, including notice to the proposed recipient of the discovery request." (emphasis in original). Even in *Levitt*, where the Court's Preliminary Approval Order noted that the Court "may order" a deposition of an objector prior to the fairness hearing, the Court required class counsel seek leave of Court to serve discovery on class objectors. There is no order in the present case contemplating any form of discovery on unnamed class members. Depositions of class members have not been authorized. By serving discovery without seeking leave of Court, Class Counsel has disregarded the rule that counsel must "first seek permission from the court." *Skelaxin*, 292 F.R.D. at 550.

Class Counsel never made any attempt to show a particularized need for discovery before serving discovery. Instead, Class Counsel sent burdensome subpoenas to unnamed class members without any authority to do so. Class Counsel never filed a motion or otherwise sought leave from the Court to serve this discovery. Nor does any order from the Court give Class Counsel the authority to serve discovery upon unnamed class members. The Court should therefore quash these improper subpoenas, issue a protective order, and stay the discovery sought by Class Counsel.

II.     **Class Counsel Cannot Demonstrate Any Need for the Requested Discovery.**

Class Counsel cannot demonstrate the requisite "particularized need" for the burdensome discovery they have requested. First, the subpoenas to the Objectors seek information which is

8

wholly unrelated to the content of their objections. There is no probative value in allowing Class Counsel to depose the Objectors in this matter, let alone a "particularized need" for the information sought. Further, the subpoenas sent to Objecting Counsel seek voluminous documents dating back to 2006 which have nothing to do with the present objections. Without a demonstrated need for this discovery, Class Counsel's subpoenas must be quashed.

A party seeking the deposition of absent class members has the "severe" burden of showing necessity and the absence of any improper motive to take undue advantage of the class members. *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974). Discovery may not be designed as a tactic to take advantage of the class members or as a strategy to reduce the number of objectors. *Id*. at 340. The party seeking discovery has the burden of demonstrating its merits. *Id.* at 341. Here, the information sought is not necessary, but instead is a strategy to diminish the number of objectors and protect Class Counsel's attorneys' fee award.

A similar situation was encountered in *Corpac v. Rubin & Rothman, LLC*, 2012 U.S. Dist. LEXIS 99977 (E.D.N.Y. July 18, 2012). A class member ("Sejour") objected to a class action settlement and class counsel subsequently sought to depose Sejour. *Id*. at *2-5. The court noted that a party seeking discovery from an absent class member must make a strong showing for the need for discovery and narrowly tailor the discovery requests. *Id*. at *5 (citing *In re Publication Paper Antitrust Litigation*, 2005 U.S. Dist. LEXIS 13691 (D. Conn. July 5, 2005)).[4] *Id*. at *6. Class counsel argued that the Court should permit the deposition of Sejour on the "narrowly tailored" ground of his "nefarious motivations underpinning his objections and request to intervene." *Id*. The court disagreed. Class counsel's focus on motive for the objections raised a concern that the proposed discovery was being sought to gain tactical advantage, rather than

---

[4] The issues raised by Sejour were: the adequacy of the settlement amount; the language regarding the release of claims, the calculation of the class size and the defendant's net worth; and the amount of the proposed attorney's fees. *Id*. at * 5. Similarly here, the issues raised in the Objection are not matters the Objectors could testify to.

needed information for the class. *Id*. at *7 (citations omitted). The district court denied the request to depose and granted the objector's motion to quash the subpoena. *Id*.

Similarly in *In re Fine Paper Antitrust Litigation*, 751 F.2d 562 (3rd Cir. 1984), class counsel complained that the trial court quashed subpoenas served upon objector's counsel. According to class counsel, the subpoenas were sent for the purpose of cross-examination to establish the objector's motivation in pressing their objections to the requested fees. *Id*. at 586. The Court of Appeals affirmed the district court's "refusal to permit an already cluttered record to be further confused by an inquiry so completely collateral to the central issue of reasonableness of the fee requests." *Id*. at 587. The Third Circuit noted that the position of the objectors was "hardly unique" and failed to see how the motives of the objectors, other than the obvious financial one of maximizing their recovery, would make any fact of consequence to the determination of reasonable fees more or less probable. *Id*.

Like class counsel in *Corpac* and *Fine Paper*, Class Counsel here seek to depose the Objectors for the purpose of protecting their financial interests in the settlement. The issues raised by the Objectors are "hardly unique," and resolution of these issues will not require deposition testimony from the Objectors. These subpoenas have been sent for a clear tactical purpose: to harass, intimidate, and discourage the Objectors. This is an improper purpose for discovery. The subpoenas to the objectors should therefore be quashed.

The subpoena sent to Objectors' Counsel also should be quashed. Class Counsel's requests are completely irrelevant to the asserted objections (i.e., predominance and attorneys' fees), seek voluminous documents dating back nearly a decade and are therefore not "narrowly tailored," and seek communications and documents protected by attorney-client privilege and work product doctrine. The legal arguments presented to the Court in the Objections are "hardly

unique" and do not require any discovery into the files of Objectors' Counsel. These subpoenas are nothing more than an attempt to gain an unfair advantage and scare off potential objectors.

Class Counsel has failed to show, and cannot show, any particularized need for the discovery sought from the Objectors or Objectors' Counsel. The discovery sought is unduly burdensome, harassing, and has no relation to the objections raised in this case. Because Class Counsel cannot show any particular need for the discovery, these subpoenas should be quashed.

## CONCLUSION

The subpoenas served by Class Counsel are procedurally improper. Class Counsel violated both Rule 45(a)(4) and Rule 30(b)(1) by failing to provide reasonable notice of the subpoenas and depositions to other parties. The subpoenas further violate the requirement that Class Counsel must first obtain leave of court to serve discovery on unnamed class plaintiffs. Such leave is required before any discovery request, including a notice of deposition, is served upon an objector. Substantively, the requests go far beyond the bounds of what constitutes reasonable discovery of unnamed class members. Class Counsel's subpoenas are nothing more than an attempt to harass and intimidate objectors and their counsel in order to protect Class Counsel's fees.

We respectfully request the Court: (1) issue an order to quash these subpoenas; (2) issue a protective order in favor of the Objectors and Objectors' Counsel; (3) stay discovery sought by Class Counsel against all of the Objectors and Objectors' Counsel, and all other class members and their counsel who filed objections; and (4) provide all other relief the Court deems appropriate.

Dated this 31st day of July, 2015.

/s/ Arthur J. Howe
**Howe Law LLC**
155 N. Wacker Dr.
Suite 450
Chicago, IL 60606-1750
Tel: (312) 600-8336
Fax: (312) 465-1395
howe@howe-llc.com

/s/Christopher J. Braun
Christopher J. Braun
IN Bar ID No. 19930-49
Justin Allen
IN Bar ID No. 31204-49
**Plews Shadley Racher & Braun LLP**
1346 N. Delaware St.
Indianapolis, IN 46202-2415
Tel: 317-637-0700
Fax: 317-631-0781
cbraun@psrb.com
jallen@psrb.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on July 31, 2015 and was filed with the Clerk of Court using CM/ECF, and that as a result a copy of this filing has been served upon every counsel of record.

/s/ Arthur J. Howe
**Howe Law LLC**
155 N. Wacker Dr.
Suite 450
Chicago, IL 60606-1750
Tel: (312) 600-8336
Fax: (312) 465-1395
howe@howe-llc.com