IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT KOLINEK, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 13-cv-04806 |
| v. | ) ) | Hon. Matthew F. Kennelly |
| WALGREEN CO., an Illinois corporation, | ) ) | |
| Defendant. | ) | |

## MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER

COMES NOW unnamed class member Melinda Erin Franz ("Movant"), by and through counsel and together with undersigned counsel of the law firm Lacy, Price & Wagner, P.C. ("Movant's Counsel"), pursuant to Fed. R. Civ. P. 45(d)(3) and Fed. R. Civ. P. 26(c), and moves this Honorable Court for an order quashing the subpoena issued for Movant's deposition in this matter, for an order quashing the subpoena served on Movant's Counsel by Class Counsel, and for a protective order prohibiting Class Counsel from serving additional discovery on Movant or Movant's Counsel, and state to the Court as follows:

### BACKGROUND

1. Plaintiff brought this civil action against Defendant for alleged violations of the Telephone Consumer Protection Act on behalf of all members of an unnamed class. See Compl. [Doc. 1]. After a minimal amount of effort by Class Counsel and a brief mediation, the case settled. See Pl.'s Motion for Preliminary Approval of Class Action Settlement [Doc. 91]. The fairness hearing is currently scheduled for August 5, 2015, in Chicago, see Preliminary Approval Order [Doc. 97], although Defendant filed a Motion to Continue the fairness hearing [Doc. 139] on July 30, 2015. The Court has not yet ruled on that motion.

2. Movant is one of the unnamed class members who would be bound by the terms of the settlement negotiated by Plaintiff and Class Counsel. Movant previously objected to the settlement agreement on grounds that the proposed settlement is unfair, unreasonable, and provides inadequate value for the class. See Objection of Melinda Erin Franz [Doc. 118].

3. Now, in retaliation for exercising her right to object to the settlement and in hopes that Movant will simply capitulate and withdraw her objection, Class Counsel has served Movant with a subpoena to produce documents and to appear for a deposition in Knoxville, Tennessee, on Monday, August 3, 2015, at 10:00 a.m. The subpoena was served late on the night of Tuesday, July 28, 2015 – a mere four business days prior to the contemplated deposition. A copy of the subpoena is attached hereto as **Exhibit A**.

4. Class Counsel also improperly served a document subpoena on Movant's Counsel, a copy of which is attached hereto as **Exhibit B**, which does not comply with the Federal Rules of Civil Procedure and seeks almost exclusively information subject to attorney-client privilege and to Tennessee Rule of Professional Conduct 1.6 (regarding confidentiality of information in representing a client). Movant's Counsel objects to that subpoena pursuant to Fed. R. Civ. P. 45(d)(2)(B).

5. The deposition subpoena served upon Movant is nothing more than an attempt to intimidate Movant and to ensure clear sailing for the settlement and for Class Counsel's large, unearned attorney fee award. Additionally, the subpoena is fatally defective for a myriad of reasons and should be quashed.

**ARGUMENT**

6. First, because Movant is an unnamed class member, Class Counsel must obtain permission from the Court prior to taking her deposition.

> The taking of depositions of absent class members is-- as is true of written interrogatories-- appropriate in special circumstances. And, not unlike the use of interrogatories, **the party seeking the depositions has the burden of showing necessity and absence of any motive to take undue advantage of the class members. However, in light of the nature of the deposition process-- namely, the passive litigants are required to appear for questioning and are subject to often stiff interrogation by opposing counsel with the concomitant need for counsel of their own-- we are of the view that the burden confronting the party seeking deposition testimony should be more severe than that imposed on the party requesting permission to use interrogatories.** The record in this action is devoid of any showing that defendants met that burden.

Clark v. Universal Builders, Inc., 501 F.2d 324, 341 (7th Cir. 1974) (emphasis added); see also Gardner v. Awards Marketing Corp., 55 F.R.D. 460, 462-63 (D. Utah 1972) (noting that discovery to unnamed class members should "be authorized only upon a strong showing of necessity or at least of likely material aid in the resolution of common issues" and finding that such discovery in the context of the Gardner case "would be incompatible with the rationale of Rule 23, an undue burden upon the members of the class, unnecessary, and unjustifiably dilatory"). There is no absolute right to discovery in connection with the determination of fairness of a class action settlement. See, e.g., Jaffe v. Morgan Stanley & Co., Inc., 2008 WL 346417, at *2 (N.D. Cal. Feb. 7, 2008).

7. Because Class Counsel made no effort whatsoever to obtain permission of the Court prior to serving a deposition subpoena on Movant, Class Counsel has not met its "burden of showing necessity and absence of any motive to take undue advantage of the class members." Clark, 501 F.2d at 341; see also In re Skelaxin Antitrust Litig., 292 F.R.D. 544, 550 (E.D. Tenn. 2013) (noting the "particularized need" that must be shown prior to taking discovery of unnamed class members). Rather, the timing and circumstances of Class Counsel's subpoena (and the fact that Class Counsel has apparently served subpoenas on all or most of the members of the class who objected to the settlement, as well as their attorneys) strongly suggests that it is

intended to silence legitimate class objectors, and Class Counsel has not explained to the Court the need for such discovery. Therefore, Class Counsel has not shown "that the information requested is necessary … and that the [discovery] is not designed as a tactic to take undue advantage of the class members or as a stratagem to reduce the number of claimants." Clark, 501 F.2d at 340 (internal quotation marks omitted). Instead, Class Counsel has kept the Court in the dark about its discovery requests to class members, and as a result the Court has had no opportunity to evaluate whether Class Counsel has met this burden and to impose reasonable limits on discovery. See Blackie v. Barrack, 524 F.2d 891, 906 n.22 (9th Cir. 1975) ("The district judge may reasonably control discovery to keep the suit within manageable bounds, and to prevent fruitless fishing expeditions with little promise of success.").

8. The Preliminary Approval Order [Doc. 97] in this case does not authorize Class Counsel to take the deposition of class members (nor their attorneys), and this Court has recognized in the context of other class actions that the Court has discretion to allow class counsel to take depositions of class members, including objectors, but that class counsel must first seek permission from the Court. See Notification of Docket Entry, Levitt v. Southwest Airlines Co., No. 1:11-cv-08176 (N.D. Ill. Apr. 16, 2013), ECF Doc. No. 114.

9. Courts do not distinguish between plaintiff's counsel and defense counsel when insisting on a showing of need prior to engaging in class member discovery: "Absent a showing of such particularized need, the Court will not permit general discovery from passive class members." In re Carbon Dioxide Industry Anti-Trust Litigation, 155 F.R.D. 209, 212 (M.D. Fla. 1993) (emphasis added). The fact that here, rather than Defendant seeking discovery from class members, it is Class Counsel attempting to subpoena testimony and documents from several of its own class members (while Class Counsel took a grand total of one other deposition during

4

the entire course of its litigation with Defendant) underscores the importance of courts requiring a showing of need prior to serving burdensome discovery upon class members. The only success Class Counsel could hope for by serving subpoenas on objectors would be scaring off class members like Movant who have dared to question the propriety of the terms of the settlement and Class Counsel's fee request.

10. Failure to seek the Court's permission prior to taking discovery from class members alone is grounds to quash the subpoena issued for Movant's deposition. See Order Granting Motion to Quash Subpoena, Daniels v. Lifelock Inc. Marketing and Sales Practices Litig., No. 10-cv-1554 (S.D. Cal. July 29, 2010), ECF Doc. No. 8 (quashing subpoena because class counsel failed to request permission from the district court in which the underlying litigation was pending prior to attempting to depose an objector) (citing Jaffe, ¶ 6 *supra*); see also Opinion & Order, Van Horn v. Nationwide, No. 1:08-cv-605 (N.D. Ohio Dec. 8, 2009), ECF Doc. No. 259 (granting motion to quash subpoena served on objectors by class counsel).

11. Second, the subpoena served on Movant is void and unenforceable *ab initio* because Class Counsel failed to serve a copy of the subpoena on each other party to this action prior to serving the subpoena on Movant. See Fed. R. Civ. P. 45(a)(4) ("If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.").

12. Third, the subpoena's request for documents does not seek any non-privileged information "that is relevant to any party's claim or defense" and is not "reasonably calculated to lead to the discovery of admissible information" in violation of Fed. R. Civ. P. 26(b)(1). Class Counsel concedes that Mrs. Franz is a class member with standing to object. See Pl.'s Mem. in

Support of Class Action Settlement [Doc. 137-1] ¶ 4, at Page ID 1103 (confirming that Class Counsel has investigated the cell phone numbers provided by objectors and raising no issue regarding the status of Movant as a class member). Thus, the sole purpose for serving a subpoena on Movant is to further Class Counsel's scheme to intimidate the objectors themselves and to discourage attorneys from representing objectors in this case and in future cases involving Class Counsel. The documents requested in connection with the subpoena do not seek any information relevant to the merits of Movant's objection, and, even if they did, Class Counsel would not be able to make use of that information because this Court's deadline for Class Counsel to respond to objections has already passed. See Preliminary Approval Order [Doc. 97] ¶ 6. The subpoena seeks a deposition on August 3, 2015, a mere two days before the originally scheduled date for the fairness hearing and after Class Counsel has already filed all of its briefs. Movant's objection presents legal arguments related to the fairness of the settlement and the appropriateness of Class Counsel's attorney fee request that the Court may resolve based upon the law and arguments of counsel. There are no disputed facts regarding Movant relevant in any way to the issues to be resolved at the fairness hearing, and Class Counsel should have sought the Court's permission if they felt that they could make a good faith argument that discovery from her is necessary for the Court to assess the fairness and adequacy of the settlement agreement.

13. Turning to the subpoena for documents served upon Movant's Counsel, it too represents Class Counsel's clear and unabashed effort to intimidate objectors and their counsel in order to avoid court scrutiny of the settlement. Worse yet, Class Counsel seeks privileged and confidential information relating to current and former clients that Movant's Counsel has represented in class action objections.

14. Under the Tennessee Rules of Professional Conduct, attorneys are required to keep any information relating to the representation of a client in confidence except so far as disclosure is required or permitted under those rules or applicable law. Importantly, in Tennessee, the confidentiality a lawyer owes to his current and former clients applies to any and all information regarding representation, not merely a client's secrets or confidences. Under Rule 1.6 of the Tennessee Rules of Professional Conduct, absent informed consent of the client to do otherwise, a lawyer must assert on behalf of the client all non-frivolous claims to prevent revealing any information relating to the lawyer's representation of a client. If the Court orders the lawyer to reveal information relating to the representation of a client, the lawyer is required to consult with the client about the possibility of an appeal.

15. In addition, documents sought in the subpoena served upon Movant's Counsel are irrelevant to any determination concerning the adequacy of the settlement and Class Counsel's fee request. Moreover, the effort required for the firm to review each and every piece of paper, email and attachment that might possibly be responsive and to then undertake an appropriate privilege review would be monumental. Thus, the burden or expense of the proposed discovery substantially outweighs any likely benefit, considering the needs of this case, the resources of Mrs. Franz and this firm, the importance of the issues, and the importance of the discovery for the Fairness Hearing.

WHEREFORE, Movant requests that the Court quash the deposition subpoena served upon her by Class Counsel as well as the subpoena served upon Movant's Counsel. Additionally, Movant requests that the Court enter a protective order, see Fed. R. Civ. P. 26(c) (permitting courts to enter protective orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"), preventing Class Counsel from serving Movant or

Movant's Counsel with any discovery requests in this matter without first seeking permission from the Court and prohibiting Class Counsel from seeking any information from Movant's Counsel regarding representation of other clients.

Respectfully submitted this 31st day of July, 2015.

/s/ W. Allen McDonald
W. Allen McDonald, Esq.
249 N Peters Road
Suite 101
Knoxville, TN 37923-4917
Tel: 865 246 0800
*Counsel for Melinda Erin Franz*

**CERTIFICATE OF SERVICE**

I do hereby certify that on July 31, 2015, a copy of the foregoing was submitted electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. All other parties will be served by regular U.S. Mail.

Benjamin H. Richman
EDELSON PC
350 North LaSalle Street
Suite 1300
Chicago, IL 60654

Bradley J. Andreozzi
DRINKER BIDDLE & REATH LLP
191 North Wacker Drive
Suite 3700
Chicago, IL 60606

Christopher J. Braun
Justin A. Allen
PLEWS SHADLEY RACHER & BRAUN LLP
1346 N. Delaware St.
Indianapolis, IN 46202-2415
cbraun@psrb.com

jallen@psrb.com

Pamela Sweeney
2590 Richardson Street
Madison Wisconsin 53711
Paige Nash
4134Hawthorne Ave.
Dallas, Texas 75219-2231

Jonathan E. Fortman
250 St. Catherine Street
Florissant, MO 63031
jef@fortmanlaw.com

Steve A. Miller PC
1625 Larimer Street, No. 2905
Denver, CO 80202
sampc01@gmail.com

John C. Kress
THE KRESS LAW FIRM LLC
4247 S. Grand Blvd.
St. Louis, MO 63111
jckress@thekresslawfirm.com

Lyndy Streight
2770 NW 19th St.
Oklahoma City, Oklahoma 73107

Gary W. Sibley
2711 No. Haskell, Suite 550
Dallas, TX 75204
g@juris.cc

Michael Beskine
141 NE 3rd Ave. # 8002
Eighth Floor
Miami, FL 33132

John Dipuccio
3133 Troy Ave
Cincinnati, OH 45213- I319

Jimmy Fuzzell
2338 E. Glenwood Ave.
Knoxville, TN 37917

Rita Hartsell
673 South Oak Ridge Road
Oakboro, NC 28129

                                                                                  /s/ W. Allen McDonald
                                                                                  W. Allen McDonald, Esq.