IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ROBERT KOLINEK, individually and on behalf of a class of similarly situated individuals,<br><br>   *Plaintiff*,<br><br>  v.<br><br>WALGREEN CO., an Illinois corporation,<br><br>   *Defendant*. | Case No. 13-cv-04806<br><br>Hon. Matthew F. Kennelly |

**SUPPLEMENTAL DECLARATION OF RAFEY S. BALABANIAN IN SUPPORT OF MOTION FOR APPROVAL OF ATTORNEYS' FEES AND EXPENSES**

Pursuant to 28 U.S.C. § 1746, I hereby declare and state as follows:

  1.  I am an attorney admitted to practice in the United States District Court for the Northern District of Illinois. I am entering this supplemental declaration in support of Plaintiff's Motion and Memorandum of Law in Support of Motion for Approval of Attorneys' Fees, Expenses, and Incentive Award. This declaration is based upon my personal knowledge unless otherwise indicated. If called upon to testify as to the matters stated herein, I could and would competently do so.

  2.  I am a Partner and the General Counsel of the law firm Edelson PC, which has been retained to represent the named Plaintiff in this matter, Robert Kolinek. I, along with my colleagues Jay Edelson, Benjamin H. Richman and Ryan D. Andrews, have been appointed Class Counsel in this matter.

  3.  On August 5, 2015, the Parties appeared before the Court for the scheduled Final Fairness Hearing (the "Hearing"). (Dkt. 152.)

4.  During the Hearing, the Court, *inter alia*, requested that Class Counsel provide a declaration setting forth their "lodestar" to date, by way of a chart of the personnel who worked on the case, each of their years of experience, each of their billing rates, and the total number of hours expended on the case. (*See id.*)

5.  To that end, I have reviewed the attorney billing records for both my law firm and the Law Offices of Stefan L. Coleman (which acted as our co-counsel in this matter). We (along with Mr. Coleman) have logged just over 1,900 hours representing Plaintiff and the Settlement Class without compensation.

6.  Our combined total lodestar of $842,924.50 represents the work that we have undertaken since the inception of this case, and does not include the additional work that will be necessary through the Final Fairness Hearing scheduled for August 24, 2015 nor any appeals that may be taken from the Court's ultimate ruling on the approvability of the proposed Settlement. Based on the lodestar amount, the requested attorneys' fees of $2,824,200 represent a risk multiplier of 3.35.[1]

7.  Although we are primarily a plaintiff's class action firm, we also represent clients on an hourly basis in complex litigation and other matters, including from time to time, the defense of certain non-consumer class actions. The hourly rates used to calculate the lodestar figure are the same as those charged to our firm's hourly-paying clients. Moreover, federal courts across the country have routinely approved my firm's hourly rates as reasonable.

---

[1] To put Class Counsel's lodestar in perspective, the plaintiffs' attorneys in the *In re Capital One Telephone Consumer Protection Act Litig.*, No. 1:12-cv-10064 (N.D. Ill.) matter expended a total of 4,268 hours in the case with a total lodestar of just over $2.2 million. Up to the point of final approval, that case had not experienced significantly more substantive litigation than did this one, settling shortly after MDL transfer and consolidation. In that case, the ultimate fee award was determined based on a percentage of the $75 million settlement fund (less the costs of notice and administration), with Judge Holderman awarding $15,668,265.00, which represented a risk multiplier on counsel's lodestar of 7.07. *Id.* at dkt. 329.

8. As the Court requested, the level of experience, billable rates and the hours for each attorney and law clerk that worked on this matter are incorporated in the chart below. In my opinion, the expenditure of time by the attorneys and law clerks that worked on this case was reasonable and necessary.

9. We have also reviewed the hours expended by the attorneys and staff working on this Action and reduced any hours deemed duplicative or excessive.

| ATTORNEY (Position) | YEARS OF EXPERIENCE | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|---|
| Jay Edelson (Managing Partner) | 19 | 105.0 | $685 | $71,925.00 |
| Rafey S. Balabanian (Partner & General Counsel) | 10 | 467.5 | $570 | $266,475.00 |
| Ryan D. Andrews (Partner) | 10 | 65.0 | $570 | $37,050.00 |
| Christopher L. Dore (Partner) | 6 | 114.2 | $450 | $51,390.00 |
| Benjamin H. Richman (Partner) | 6 | 314.1 | $450 | $141,345.00 |
| Roger Perlstadt (Associate) | 12 | 48.7 | $515 | $25,080.50 |
| Courtney C. Booth (Associate) | 2 | 336.4 | $295 | $99,238.00 |
| Law Clerks | n/a | 253.4 | $215 | $54,481.00 |
| | | | | |
| Stefan L. Coleman (Partner) | 9 | 213.2 | $450 | $95,940.00 |
| TOTAL | | 1,917.5 | | $842,924.50 |

10. Based on my experience with several similar settlements, I anticipate additional hours of work will be required through final approval and administration of the Settlement, should the Court approve it.

11. In addition, Class Counsel have incurred $9,667.08 in reimbursable expenses, which include the costs of postage, courier service, copying fees for courtesy copies, mediation fees, filing fees, and the additional expenses required to see this matter through final approval.

3

Nevertheless, Class Counsel is not seeking reimbursement for such expenses separate from the requested award of attorneys' fees and expenses. (*See* dkt. 110.)

*          *          *

I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of August at Chicago, Illinois.

/s/ Rafey S. Balabanian