# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT KOLINEK, individually and on behalf of all others similarly, | ) ) ) |
| Plaintiff, | ) Case No. 13-cv-04806 ) |
| v. | ) Honorable Matthew F. Kennelly ) ) |
| WALGREEN CO., | ) ) |
| Defendant. | ) ) |

## MOTION OF CLASS MEMBER TODD SPANN TO WITHDRAW OBJECTIONS TO CLASS ACTION SETTLEMENT

Comes now Todd Spann ("Objector"), by and through counsel, and pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure hereby seeks leave of this Court to withdraw his objection to approval of this Class Action Settlement ("Settlement"). In support of this motion, Objector states as follows:

1. Objector is an absent class member who filed his objection to this class action settlement on July 17, 2015. [Dkt. 117].

2. Objector Spann's primary objection with the terms of the Settlement concerned the prospective relief set forth in Section 2.2 of the Settlement Agreement.

3. Specifically, Objector Spann objected to the prospective relief in that the language used in the Settlement Agreement could be interpreted to require absent class members who have come to rely upon Defendant's prescription refill reminder calls as part of their healthcare to "opt-in" to continue to receive the calls which could potentially harm class members who were unaware of the need to take some affirmative action to continue receiving the calls.

4. Objector Spann's interpretation of Section 2.2 of the Settlement Agreement was supported by the Claim Form which required a Class Member making a claim to check a box on the form to continue receiving prescription refill reminder calls. Those who did not take that affirmative action were deemed to have not given consent for such calls in the future. In other words, the Claim Form contained the ability to "opt-in" to continue to receiving the calls rather than specifically giving the Class Member the ability to affirmatively "opt-out" of such calls.

5. In addition, the Notice sent to Class Members and the Frequently Asked Questions section of the settlement website did not specify that those who were already receiving the prescription reminder calls would continue to receive such calls until the Class Member chose to "opt-out" from receiving the calls.

6. On July 10, 2015, after the Settlement Agreement in this case had been executed but prior to its Effective Date, the Federal Communication Commission released its Declaratory Ruling and Order ("FCC Order") in which it found that a patient giving their telephone number to a healthcare provider has given "prior express consent" for additional non-marketing calls and that such calls are exempt from the Telephone Consumer Protection Act ("TCPA"). *Declaratory Ruling and Order*, Docket No. FCC 15-72, Federal Trade Commission, ¶ 141 (July 10, 2105)

7. Objector Spann provided the relevant portions of the FCC Order to this Court in his Notice of Additional Authority filed on August 4, 2015. [Dkt. 151].

8. The FCC Order and the authority cited therein sets forth an exemption to the TCPA for prescription refill reminder calls to wireless customers as long as certain procedures are followed.

9. The FCC Order clarified the "prior express consent" issue and set forth a procedure which required healthcare providers such as Defendant to offer its customers a means to "opt-out" of the calls.

10. Section 2.2 of the Settlement Agreement required Defendant to implement certain procedures to ensure that its customers consented to prescription refill reminder calls. Such procedures were to be implemented within one year and remain in effect "until further order of the Court or until such time as there are changes in the law related to the above practices that occur **after** the Effective Date." (Emphasis added).

11. As the FCC Order was issued after execution of the Settlement Agreement but prior to its Effective Date, Objector Spann was concerned that Class Members would still be required to affirmatively "opt-in" to receive the prescription refill reminder calls even though the calls were now exempt under the TCPA.

12. On July 17, 2015, at the time the objection of Todd Spann was filed, Jonathan E. Fortman, counsel for Mr. Spann, emailed a courtesy copy to Class Counsel and invited Class Counsel to contact him concerning the issues raised in Mr. Spann's objection.

13. On August 5, 2015, Class Counsel telephoned counsel for Mr. Spann and a brief discussion occurred in which counsel for Mr. Spann set forth his proposal as to how the prospective relief could be modified or clarified to ensure absent Class Members that they would continue to receive prescription refill reminder calls unless they chose to "opt-out" from the calls.

14. Over the following eight (8) days, Mr. Spann's counsel and Class Counsel clarified and narrowed the issues and traded proposals as to the means by which Mr. Spann's concerns could be adequately addressed.

15. Those efforts culminated in a letter dated August 11, 2015 from Class Counsel to counsel for Mr. Spann, a copy of which was also provided to counsel for Defendant. Class counsel represented to counsel for Mr. Spann that Class Counsel and counsel for Defendant were

agreeable to putting the August 11, 2015 letter into the record. Accordingly, a copy of that letter is attached hereto as Exhibit A.

16. In the August 11th letter, Class Counsel sets forth their interpretation as to the terms contained within the Settlement Agreement. More importantly, Class Counsel affirmatively stated that those receiving the prescription refill reminder calls would continue to receive those calls until they "opt-out" which will ensure that absent Class Members that rely on those calls will not be subjected to unnecessary risk to their health.

17. Class Counsel also represents that pursuant to Section 2.2(d), Defendant will comply with applicable calling standards and make necessary adjustments to its practices and procedures on a forward looking basis. Objector Spann interprets that to mean that Defendant will comply with the July 10th FCC Ruling and make any adjustments necessary to comply with the procedures set forth in that ruling even though such ruling was issued prior to the Effective Date of this Settlement.

18. Based upon the representations and clarifications by Class Counsel in the August 11th letter as a result of Mr. Spann's objection, and the agreement by Class Counsel and Defendant to place the August 11th letter into the public record, Mr. Spann believes that the interests of the absent Class Members are now being protected and those who have come to rely upon Defendant's prescription refill reminder calls will continue to receive such calls without interruption.

19. In addition, based upon the representations made in the August 11th letter, Objector Spann believes that "opt-out" procedures comply with the FCC Order and that Defendant, in fact, will implement procedures that exceed its obligations set forth in the FCC Order while also protecting those who rely on its prescription refill reminder calls.

20. Objector Spann believes that the representation made by the parties directly addresses concerns raised by several Class Members who filed letters with the Court and benefits the entire class which potentially exceeds nine million members.

21. Based upon the foregoing, Objector Spann now believes that the proposed Settlement is fair, reasonable and adequate and should be approved.

22. The parties acknowledge that counsel for Objector Spann may seek an award of attorneys' fees from this Court by separate motion for their efforts described herein. However, the withdrawal of Mr. Spann's objection shall not be contingent on the awarding of any attorneys' fees to his counsel.

WHEREFORE, for the foregoing reasons, Class Member Todd Spann hereby moves this Court for its Order permitting him to withdraw his Objection to the proposed Class Action Settlement.

Respectfully submitted,

/s/ Jonathan E. Fortman

JONATHAN E. FORTMAN (40319MO)
Law Office of Jonathan E. Fortman, LLC
250 St. Catherine Street
Florissant, Missouri 63031
Ph# (314) 522-2312
Fax: (314) 524-1519
Email: jef@fortmanlaw.com

STEVE A. MILLER (CA Bar No. 171815)
Steve A. Miller, PC
1625 Larimer Street, No. 2905
Denver, CO 80202
Ph# 303-892-9933
Fax: 303-892-8925
Email: sampc01@gmail.com

JOHN C. KRESS (53396MO)
The Kress Law Firm, LLC
4247 S. Grand Blvd
St. Louis, MO 63111
Ph.#: (314) 631-3883
Fax: (314) 332-1534
Email: jckress@thekresslawfirm.com

## SIGNATURE OF TODD SPANN

Comes now Todd Spann and states that he has reviewed the foregoing Motion to Withdraw Objections to Class Action Settlement and that based upon the averments set forth in the motion he believes that the settlement in this matter is now fair, reasonable and adequate to himself and all other Class Members and should be approved.

_____
Todd Spann

## CERTIFICATE OF SERVICE

On this 14th day of August, 2015 this document was served upon all parties via the Court's ECF filing system.

/s/ Jonathan E. Fortman
Jonathan E. Fortman