# EXHIBIT A

Edelson PC

350 North LaSalle Street, Suite 1300, Chicago, Illinois 60654
t 312.589.6370 f 312.589.6378

www.edelson.com

August 11, 2015

VIA ELECTRONIC MAIL

Jonathan E. Fortman
jef@fortmanlaw.com
Kelly Spann
kms@fortmanlaw.com
250 St. Catherine Street
Florissant, Missouri 63031

Steve A. Miller
sampc01@gmail.com
Steve A. Miller, PC
1625 Larimer Street, No. 2905
Denver, Colorado 80202

John C. Kress
jckress@thekresslawfirm.com
The Kress Law Firm, LLC
4247 South Grand Boulevard
St. Louis, Missouri 63111

    *Re:*    *Kolinek v. Walgreen Co.*, No. 13-cv-4806 (N.D. Ill.)

Dear Counsel:

    As we have discussed over the phone and in writing, you agreed to withdraw your objection if you got more comfort over the issue of whether class members are generally required to affirmatively opt in to continue receiving the Prescription Reminder Calls.

    Let us start by taking you through the Settlement. As an initial matter, not a single provision in the Agreement calls for Walgreens to cease all Prescription Reminder Calls. Instead, the Prospective Relief provisions in the Agreement that you take issue with require Walgreens to "*ensure and/or confirm*" that Class members and customers who are already receiving the Calls (or those who are not, but wish to receive them in the future) "have provided prior express consent...." *See* Agreement § 2.2. Each of the Prospective Relief provisions in the Agreement make that clear:

    1.     To start, Provision 2.2(a) requires Walgreens to "identify customer telephone numbers that have received Prerecorded Prescription Calls during the class

Edelson PC

*Kolinek v. Walgreen Co.*
August 11, 2015
Page 2 of 3

    period as assigned to wireless or landline telephone service." In that way, Walgreens will determine for which of the numbers it called (i.e., cell phone numbers) additional confirmation of consent may be necessary.

2. For its part, Provision 2.2(b) is designed to "*confirm* the accuracy of [customers'] communications preferences on file, including their consent to receive automated calls...." Rather than require Class members or other customers to "opt-in" to receive Calls, this provision creates various methods—e.g., on the Walgreens.com website, via telephone or at the point of sale—to *confirm* that Walgreens accurately understands and honors its customers' communication preferences. For example, if customers now indicate that they do not want to receive Prescription Reminder Calls anymore, then Walgreens will cease making them.

3. Similarly, Provision 2.2(c) requires Walgreens to provide or continue to provide various methods by which Class members and other customers can elect to receive Calls going forward or unsubscribe from Calls they are *already receiving*. This provision (like the others) does not, however, require that all Walgreens customers "opt-in" before the Calls will continue.[1]

    We can further confirm that this is exactly how the process has worked in practice as well. Walgreens has continued making Calls to Class members and its other customers, with the exception of only those individuals who (i) have submitted Claim Forms affirmatively representing that they did not consent to receive the Calls and who also do not request to receive Calls going forward,[2] or (ii) have otherwise communicated with Walgreens their desire for the Calls to cease.

    Nevertheless, to the extent you believe that there was any ambiguity in the past, let this letter stand as further confirmation of how the settlement works. We, along with Walgreen's are happy to put this letter into the record.

---

[1] Also notable, Provision 2.2(d) not only sets a deadline by which the above procedures shall be implemented, but further addresses the concern raised in your draft Stipulation—i.e. it requires Walgreens to otherwise comply with applicable calling standards and make necessary adjustments to its practices and procedures to comply on a forward looking basis.

[2] Although you don't address it in your letter, the Settlement's claims process is consistent with the above-described approach as well. The Claim Form requires *only* those individuals who confirm that they *have not previously consented* to receive the Calls (by checking the appropriate box) to opt-in to receive future Calls (again, by checking a box on the Claim Form). That make sense: if a Class member represents on the Claim Form that she did not consent to receive the Calls, Walgreens will of course stop making them. But, if the same Class member represents on the Claim Form that she now wishes to receive the Calls, Walgreens will honor that election.

      In terms of your request for fees, you are free to file an appropriate motion seeking fees if you feel like this letter benefitted the class (or on other grounds, such as your general vetting of the settlement).

                                  Best,

                                  EDELSON PC

                                  Jay Edelson

CC VIA ELECTRONIC MAIL:    Bradley J. Andreozzi (bradley.andreozzi@dbr.com)
                                      Rafey S. Balabanian (rbalabanian@edelson.com)
                                      Benjamin H. Richman (brichman@edelson.com)