**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT KOLINEK, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 13-cv-04806 |
| v. | ) ) | Hon. Matthew F. Kennelly |
| WALGREEN CO., an Illinois corporation, | ) ) | |
| Defendant. | ) | |

## MOTION FOR CLARIFICATION AND/OR RECONSIDERATION OF AUGUST 12, 2015 ORDER [DOC. 156][1]

COMES NOW Melinda Erin Franz ("Movant"), by and through counsel and together with undersigned counsel of the law firm Lacy, Price & Wagner, P.C. ("Movant's Counsel"), pursuant to Fed. R. Civ. P. 59 and moves this Honorable Court for an order clarifying the Court's Order [Doc. 156] or alternatively reconsidering the Order as it relates to the subpoena for records served upon Movant's counsel. In support of the motion, Movant and Movant's Counsel would show unto the Court as follows:

## BACKGROUND

1.      Movant is one of the unnamed class members who would be bound by the terms of the settlement negotiated by Plaintiff and Class Counsel. Movant previously objected to the settlement agreement on the grounds, among others, that the proposed settlement provides inadequate value for the class and Class Counsel's fee request is exorbitant. See Objection of Melinda Erin Franz [Doc. 118].

---

[1] This Order also substituted Arthur Howe for the undersigned as counsel as counsel of record for Movant. Instead, Movant intended for local counsel Lloyd C. Chatfield to be substituted by Attorney Howe. This issue is being addressed by separate motion [Doc. 163].

2.      After Movant filed her objection, Class Counsel served her with a subpoena to produce documents and to appear for a deposition.

3.      Class Counsel also served a document subpoena on Movant's Counsel, which sought information regarding Movant's Counsel's representation of other clients.

4.      On July 31, 2015, Movant and Movant's Counsel filed a <u>Motion to Quash and Motion for Protective Order</u> [Doc. 145].  In that motion, Movant and her counsel asked the Court to quash the deposition subpoena served upon her by Class Counsel as well as the subpoena served upon Movant's Counsel. Additionally, Movant requested that the Court enter a protective order pursuant to Fed. R. Civ. P. 26(c) prohibiting Class Counsel from seeking any information from Movant's Counsel regarding representation of other clients.

5.      On August 12, 2015, the Court heard argument on the motion.  The transcript of the hearing was entered by the clerk's office on August 14, 2015 [Doc. 158].

6.      Importantly, during the hearing, there was no argument or discussion regarding the document subpoena served on Movant's Counsel.  Rather, the discussion was limited to the subpoena served upon Movant.

7.      An example of the limitation of the argument to the subpoena served upon Movant is found on Page 6 of the transcript wherein the Court stated

> I'm looking at **the attachment** to the Franz motion.  Basically, it's essentially a **six-item or seven- or eight-item request for documents**. It's for retainer agreements relating to this case; retainer agreements that the particular objector had with the same lawyers in other cases; records showing that you got one of the calls that's at issue, so that would be a class membership thing I'm assuming; non-privileged documents that support your objection, we will come back to that; non-privileged documents including correspondence between you and any person other than your attorneys that relate to this action; so, in other words, if they wrote to anybody else; correspondence with other objectors; and then stuff that you may have filed in other cases in which you acted as

> an objector; and then correspondence you had with the lawyers
> before the existence of an attorney-client relationship.

(Emphasis added)

8.      However, there were two attachments to the Franz motion.  The first attachment

was the subpoena to Mrs. Franz (which contained an eight-item request for documents).  The

second attachment was the document subpoena to Movant's Counsel (containing 17 separate

document requests), which was not discussed by the Court or counsel.

9.      At the conclusion of the hearing, the Court orally issued the following ruling:

> This is the way we're going to proceed. I'm enforcing the subpoena
> to the extent it requests documents. I am putting a hold for the
> moment on the subpoena to the extent it requests a deposition. We
> are going to kind of see where we get. I don't think that the
> subpoena is overbroad with perhaps one exception, which I will
> tell you about in one second here once I pull it back up again.
>
> MR. HOWE: Your Honor, might I be heard briefly?[2]
>
> THE COURT: I have heard you and I am ruling. Might you not
> interrupt me while I am ruling.
>
> Going back to the state request and the subpoena, I think the time
> frame is a little bit overbroad. I'm only going to run it back to
> 2010. I don't think it's overly broad if it goes back to 2010 because
> it's asking for objections in other cases. I think five years is
> enough.
>
> MR. BALBANIAN: Yes, your Honor.
>
> THE COURT: I think the requests for retainer agreements are
> relevant, I think the requests for documents that show whether the
> person is actually a class member is relevant, and the rest of it I
> think directly relates to matters that are potentially an issue in the
> case.
>
> So the subpoena is enforced with the one modification. The
> subpoenas, rather, for documents are enforced with the one
> modification, and so the motion to quash -- and one of them is
> called Motion to Quash, that's document 145. The other is called

---

[2] Mr. Howe intended to raise the issue of the subpoenas to the law firms at this point in the hearing.

> Motion to Quash For a Protective Order and to Stay Discovery,
> that's 144. They are denied in part and deferred in part. The part
> that's deferred is the part about live depositions. They are to be
> complied with by a week from today, so the compliance date is
> moved to the 19th of August. When am I having you coming back?
>
> MR. BALBANIAN: The 24th, your Honor.
>
> THE COURT: If you think on the 24th that there's more that you
> need, if you really need a deposition, we will talk about that then.

10.     Following the hearing, the Court entered a Notification of Docket Entry [Doc.

156], stating, *inter alia,* "[m]otion to quash and for protective order and to stay discovery [144]

and motion to quash [145] are both denied in part and deferred in part as stated in open court."

11.     All briefing related to the proposed settlement has been filed. The Court thus has

all the information and documentation before it to rule on Mrs. Franz's objections to the

proposed settlement (namely the inadequacy of the settlement and unreasonableness of Class

Counsel's fee request) following the Fairness Hearing scheduled for September 24, 2015.

Furthermore, Class Counsel has failed to articulate any need for the documents it seeks from

Movant's Counsel.

## LEGAL STANDARDS

12.     "The general purpose of a motion for clarification is to explain or clarify

something ambiguous or vague, not to alter or amend." *Montgomery Cnty. v. Microvote Corp.*,

No. 97-6331, 2000 WL 341566, at *1 (E.D. Pa. Mar. 31, 2000) (quoting *Resolution Trust Co. v.*

*KPMG Peat Marwick*, No. 92-1373, 1993 WL 211555, at *2 (E.D.Pa. June 8, 1993)).

13.     Rule 59(e) of the Federal Rules of Civil Procedure allows a party to direct the

court's attention to a "manifest error of law or fact or to newly discovered evidence." *United*

*States v.Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). Essentially, the rule allows "a district court

to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary

appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).

14.     "Because the attorney-client privilege promotes full and frank communication between those in need of legal assistance and their advocates, courts have long recognized the vital role the privilege plays in the administration of justice…As candid attorney-client communications are therefore worthy of maximum legal protection, it is expected that clients and their attorneys will zealously protect documents believed, in good faith, to be within the scope of the privilege." *American Nat. Bank and Trust Co. v. Equitable Life*, 406 F.3d 867 (7th Cir. 2005) (internal citations and quotation marks omitted).

15.     The work product doctrine provides an independent source of protection under Rule 26(b)(3), serving dual purposes: (1) to protect an attorney's thought processes and mental impressions against disclosure; and (2) to limit the circumstances in which attorneys may piggyback on the fact-finding investigation of their more diligent counterparts. *Sandra T.E. v. South Berwyn School Dist. 100*, 600 F.3d 612, 621 (7th Cir. 2009) (*Hickman v. Taylor*, 329 U.S. 495 (1947)). "Unlike the attorney-client privilege, the attorney has an independent privacy interest in his work product and may assert the work-product doctrine on his own behalf; the doctrine's protection is not waived simply because the attorney shared the information with his client." *Sandra T.E.* 600 F.3d 612, 618 (citing *Hobley v. Burge*, 433 F.3d 946, 949-50 (7th Cir. 2006)).

16.     To invoke the work product doctrine successfully, a party need only establish (1) that the materials sought are documents or tangible things, (2) that the documents were prepared in anticipation of litigation or for trial, and (3) that the documents were prepared by or for

another party or by or for that other party's representative. *Caremark, Inc. v. Affiliated Computer Servs., Inc.*, 195 F.R.D. 610, 613 (N.D. Ill. 2000).

17.     Finally, the fundamental right of litigants to enter into a confidential settlement is clear.  "There exists a strong public interest in favor of secrecy of matters discussed by parties during settlement negotiations. This is true whether settlement negotiations are done under the auspices of the court or informally between the parties. The ability to negotiate and settle a case without trial fosters a more efficient, more cost-effective, and significantly less burdened judicial system."  *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.,* 332 F.3d 976, 980 (6th Cir. 2003) (recognizing a common law settlement privilege).  *See also Lake Utopia Paper Ltd. v. Connelly Containers, Inc.,* 608 F.2d 928, 930 (2d Cir. 1979) (cautioning that without confidentiality, counsel will "conduct themselves in a cautious, tight-lipped, non-committal manner more suitable to poker players in a high-stakes game than to adversaries attempting to arrive at a just resolution of civil dispute").

18.     The fact that the dismissals of objections filed for other clients of Movant's Counsel arose in the context of mediation enhances the auspices of confidentiality.  The *Alternative Dispute Resolution Act of 1998*, 28 U.S.C. §§ 651-58 (2000), reflects the strong federal policy favoring alternative dispute resolution. That Act requires every federal judicial district to "devise and implement its own alternative dispute resolution program ... to encourage and promote the use of alternative dispute resolution ..." Id. § 651(b).  These ADR programs are universally confidential.

19.     Appellate mediation under Fed. R. App. P. 33 is similarly confidential.  The Seventh Circuit advises parties to an appeal that "[t]he Court requires all participants to keep what is said in these conferences strictly confidential. Communications, oral and written, which

take place in the course of Rule 33 proceedings may not be disclosed to anyone other than the

litigants, their counsel, and the conference attorney." The Settlement Conference Program U.S.

Court of Appeals for the Seventh Circuit.[3]  The Ninth Circuit Court of Appeals (where Movant's

Counsel was involved in one appeal) has detailed rules concerning the confidentiality of its

mediation process:

> (c)   Confidentiality.  To encourage efficient and frank settlement
> discussions, the Court establishes the following rules to achieve strict
> confidentiality of the mediation process.
>
>   (1)   The Circuit Mediators will not disclose mediation related
> communications to the judges or court staff outside the mediation unit.
>
>   (2)   Documents, e-mail and other correspondence sent only to the
> Circuit Mediators or to the mediation unit are maintained separately from
> the court's electronic filing and case management system and are not made
> part of the public docket.
>
>   (3)   Should a Circuit Mediator confer separately with any participant
> in a mediation, those discussions will be maintained in confidence from
> the other participants in the settlement discussions to the extent that that
> participant so requests.
>
>   (4)   Any person, including a Circuit Mediator, who participates in the
> Circuit Mediation Program must maintain the confidentiality of the
> settlement process.  The confidentiality provisions that follow apply to any
> communication made at any time in the Ninth Circuit mediation process,
> including all telephone conferences. Any written or oral communication
> made by a Circuit Mediator, any party, attorney, or other participant in the
> settlement discussions:
>
>   (A)   except as provided in (B), may not be used for any purpose
> except with the agreement of all parties and the Circuit Mediator; and
>
>   (B)   may not be disclosed to anyone who is not a participant in the
> mediation except
>
>     (i)   disclosure may be made to a client or client
> representative, an attorney or co-counsel, an insurance
> representative, or an accountant or other agent of a participant on a

---

[3] Found at https://www.ca7.uscourts.gov/conf_aty/Green_Sheet.pdf

need-to-know basis, but only upon receiving assurance from the recipient that the information will be kept confidential;

     (ii)   disclosure may be made in the context of a subsequent confidential mediation or settlement conference with the agreement of all parties.  Consent of the Circuit Mediator is not required.[4]

Ninth Circuit Court of Appeals, Circuit Rule 33-1.

## ARGUMENT

20.    Respectfully, the Court's ruling on the <u>Motion to Quash and Motion for Protective Order</u> [Doc. 145] requires clarification and/or reconsideration concerning the obligation, if any, of Movant's Counsel to turn over privileged and confidential documents relating to its representation of other clients.[5]

21.    As set forth in the prior motion, under the Tennessee Rules of Professional Conduct, attorneys are required to keep **<u>any</u>** information relating to the representation of a client in confidence except so far as disclosure is required or permitted under those rules or applicable law, not merely a client's secrets or confidences.

22.    Under Rule 1.6 of the Tennessee Rules of Professional Conduct, absent informed consent of the client to do otherwise, a lawyer must assert on behalf of the client all non-frivolous claims to prevent revealing any information relating to the lawyer's representation of a client.  If the Court orders the lawyer to reveal information relating to the representation of a client, the lawyer is required to consult with the client about the possibility of an appeal.

---

[4] Under the Ninth Circuit's rules, written settlement agreements are not confidential except as agreed by the parties; however, the parties to the appeal agreed that the terms of the dismissal were confidential.

[5] Movant will produce non-privileged documents requested in the subpoena to her, but continues to question Class Counsel's motivations.  Class Counsel concedes that Mrs. Franz is a class member with standing to object. See Pl.'s Mem. in Support of Class Action Settlement [Doc. 137-1] ¶ 4, at Page ID 1103 (confirming that Class Counsel has investigated the cell phone numbers provided by objectors and raising no issue regarding the status of Movant as a class member).

23.     Given the breadth of documents sought by Class Counsel and the large umbrella of confidentiality afforded Movant's Counsel's current and former clients, a detailed privilege log would not be appropriate.  *See* <u>Fed. R. Civ. P. 26, Advisory Committee Notes to 1993 Amendment</u> (explaining that a document-by-document privilege log may not be required when the preparation of the log is prohibited by its cost or if the log itself would reveal privileged information).

24.     In addition, as described in the prior motion, the documents sought by Class Counsel in the subpoena served upon Movant's Counsel are irrelevant to any determination concerning the adequacy of the settlement and Class Counsel's fee request.  The Court's order does not provide any basis for the relevancy of the documents requested from Movant's Counsel.

25.     Also, the effort required for the firm to review each and every piece of paper, email and attachment that might possibly be responsive and to then undertake an appropriate privilege review and preparation of a privilege log would be monumental. Thus, the burden or expense of the proposed discovery substantially outweighs any likely benefit, considering the needs of this case, the resources of Movant and Movant's Counsel, the importance of the issues, and the importance of the discovery for the Fairness Hearing.

26.     Moreover, many of the documents requested from Movant's Counsel are protected by confidentiality agreements with third parties.  Specifically, the terms surrounding the voluntary dismissal of objections in other cases handled by Movant's Counsel included express confidentiality provisions.  In addition, the dismissals were the result of confidential mediations.

WHEREFORE, Movant and Movant's Counsel respectfully requests that this Court clarify and/or reconsider its order [Docs. 156 and 158] and that the Court (1) quash the subpoena

served by upon Movant's Counsel seeking documents regarding information about its representation of other clients, (2) issue a protective order precluding Class Counsel from discovering information related to Movant's Counsel's representation of other clients, including information regarding the terms by which objections filed for other clients were dismissed, and (3) grant Movant and Movant's Counsel such further relief as the Court deems appropriate.

Respectfully submitted this 19th day of August, 2015.

/s/ W. Allen McDonald
W. Allen McDonald, Esq.
249 N Peters Road
Suite 101
Knoxville, TN 37923-4917
Tel: 865 246 0800
*Counsel for Melinda Erin Franz*

## CERTIFICATE OF SERVICE

I do hereby certify that on August 19, 2015, a copy of the foregoing was submitted electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. The following will be served by regular U.S. Mail:

Pamela Sweeney
2590 Richardson Street
Madison Wisconsin 53711

Paige Nash
4134 Hawthorne Ave.
Dallas, Texas 75219-2231

Lyndy Streight
2770 NW 19th St.
Oklahoma City, Oklahoma 73107

Gary W. Sibley
2711 No. Haskell, Suite 550
Dallas, TX 75204

Michael Beskine
141 NE 3rd Ave. # 8002
Eighth Floor
Miami, FL 33132

John Dipuccio
3133 Troy Ave
Cincinnati, OH 45213- 1319

Jimmy Fuzzell
2338 E. Glenwood Ave.
Knoxville, TN 37917

Rita Hartsell
673 South Oak Ridge Road
Oakboro, NC 28129

/s/ W. Allen McDonald
W. Allen McDonald, Esq.