## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **Robert Kolinek, Individually and on behalf of a class of similarly situated individuals,** | § § § § | |
| | § | **Case No. 1:13-cv-04806** |
| **Plaintiff,** | § § | **Honorable Matthew F. Kennelly** |
| **vs.** | § § | |
| **Walgreen Co., an Illinois corporation,** | § § | |

### MOTION FOR CLARIFICATION OF AUGUST 12, 2015 DISCOVERY ORDER

On August 12, 2015, the Court heard oral argument on a Motion to Quash Subpoenas, Motion for Protective Order, and Motion for Stay of Discovery ("Motion to Quash") filed by counsel for Gleith Cozby, Rendee Bullard, Sharon Hughes, and Christinna Oldham (the "Objectors"). (Dkt. #144). The Motion to Quash was filed in response to: (a) a Subpoena To Testify at a Deposition in a Civil Action and a Subpoena Rider that was served by Edelson PC ("Class Counsel") upon three of the Objectors (See e.g., Subpoena served on Gleith Cozby attached hereto as **Exhibit A**); and (b) a Subpoena to Produce Documents, Information, or Objects Or To Permit Inspection of Premises in a Civil Action that Class Counsel served upon the Objectors' counsel at Plews Shadley Racher & Braun LLP ("Objectors' Counsel") (attached hereto as **Exhibit B**).

The subpoena served on the Objectors consisted of eight (8) requests for documents and a deposition notice. By contrast, the subpoena served on Objectors' Counsel contains no deposition notice but includes twenty-six (26) requests for documents covering a wide range of categories, including, among other things: all documents relating to objections filed by Objectors' Counsel in any other class action case in any court in the United States, all documents

relating to settlements involving Objectors' Counsel's former clients in other class actions, and all documents relating to fee arrangements with any objectors in such cases.  In its Motion to Quash, Objectors' Counsel requested, among other things, "an order to quash these subpoenas" and "a protective order in favor of the Objectors and Objectors' Counsel."  (Dkt. #144 at p. 11.)

The Court denied the Motion to Quash in part and instructed compliance with the subpoenas sent to the Objectors by August 19, 2015.  (Dkt. #156.)  In response to the Court's August 12 ruling, Ms. Cozby, Ms. Hughes, and Ms. Oldham responded to the subpoenas on August 19, 2015.[1]   Ms. Bullard was never served with a subpoena and therefore has no subpoena to respond to.

The Court's oral ruling and subsequent docket entry were silent as to the subpoena served on Objectors' Counsel and the pending Motion to Quash this subpoena.  Accordingly, Objectors' Counsel respectfully request clarification from the Court regarding the subpoena served on Objectors' Counsel.

## **Background**

The transcript[2] from the August 12 hearing demonstrates that the Court's ruling was limited to the subpoenas served on the individual Objectors:

> I'm looking at the attachment to the Franz motion.  Basically, it's essentially a six-item or seven- or eight-item request for documents. It's for retainer agreements

---

[1] Ms. Cozby has produced the responsive, non-privileged documents in her possession or control.  Meanwhile, as detailed in their written responses to the subpoenas, Ms. Hughes and Ms. Oldham have no responsive, non-privileged documents in their possession or control, which are not already available to Class Counsel.  They are not professional objectors as alleged by Class Counsel as they have never objected to a class settlement prior to this case, they have not maintained any records of the calls they received from Walgreen, and they have no non-privileged documents or correspondence related to their objection.

More importantly, there is no longer any basis for seeking discovery from Ms. Hughes or Ms. Oldham.  On July 30, 2015, Ms. Hughes and Ms. Oldham filed their Withdrawal of Objection, withdrawing both their objections and their interests in the claims they submitted via Walgreen's online claim submission form.  (Dkt. #142.)  Neither Ms. Hughes nor Ms. Oldham is receiving any compensation from anyone in response to their decision to withdraw. Instead, they simply want out of this class action completely.

[2] For the Court's convenience, a complete copy of the August 12 hearing transcript is attached hereto as **Exhibit C**.

> relating to this case; retainer agreements that the particular objector had with the same lawyers in other cases; records showing that you got one of the calls that's at issue, so that would be a class membership thing I'm assuming; non-privileged documents that support your objection, we will come back to that; non-privileged documents including correspondence between you and any person other than your attorneys that relate to this action; so, in other words, if they wrote to anybody else; correspondence with other objectors; and then stuff that you may have filed in other cases in which you acted as an objector; and then correspondence you had with the lawyers before the existence of an attorney-client relationship.

(*Id.* at 6:15-7:4).

The Court's summary of the "attachment to the Franz motion" (i.e., the subpoena sent to objector Melinda Franz) is an accurate description of the contents of the subpoenas served on Melinda Franz and the Objectors, including the deposition notices. However, the Court's summary does not include any description of the twenty-six categories of requests contained in the subpoena served on Objectors' Counsel.

The twenty-six subpoena requests sent to Objectors' Counsel are far broader than the eight requests sent to the Objectors and were not referenced at all during the August 12 hearing. While Objectors' Counsel briefed the issues in its Motion to Quash, there was no argument or discussion at the hearing on the issues surrounding the requests to Objectors' Counsel. The Court heard argument on the appropriateness of discovery to unnamed class members (*Id.* at 7:11-15:14), the effects of allowing discovery to objectors (15:15-25; 18:2-20), and the relevance and necessity of discovery at this stage in the litigation (16:1-13; 18:21-19:19). However, neither the parties nor the Court made any reference to the subpoenas and the twenty-six categories of documents that were served on Objectors' Counsel or to the issues of privilege or confidentiality implicated by those subpoenas.[3]

Following oral argument, the Court issued the following ruling:

---

[3] Notably, the words "confidential" and "privilege" (and their derivatives) are not found at all in the transcript index aside from the above-referenced excerpt discussing the subpoena to Melinda Franz.

THE COURT: This is the way we're going to proceed. I'm enforcing the subpoena to the extent it requests documents. I am putting a hold for the moment on the subpoena to the extent it requests a deposition. We are going to kind of see where we get. I don't think that the subpoena is overbroad with perhaps one exception, which I will tell you about in one second here once I pull it back up again.

MR. HOWE: Your Honor, might I be heard briefly?[4]

THE COURT: I have heard you and I am ruling. Might you not interrupt me while I am ruling.

Going back to the state request and the subpoena, I think the time frame is a little bit overbroad. I'm only going to run it back to 2010. I don't think it's overly broad if it goes back to 2010 because it's asking for objections in other cases. I think five years is enough.

MR. BALBANIAN: Yes, your Honor.

THE COURT: I think the requests for retainer agreements are relevant, I think the requests for documents that show whether the person is actually a class member is relevant, and the rest of it I think directly relates to matters that are potentially an issue in the case.

So the subpoena is enforced with the one modification. The subpoenas, rather, for documents are enforced with the one modification, and so the motion to quash -- and one of them is called Motion to Quash, that's document 145. The other is called Motion to Quash For a Protective Order and to Stay Discovery, that's 144. They are denied in part and deferred in part. The part that's deferred is the part about live depositions. They are to be complied with by a week from today, so the compliance date is moved to the 19th of August.

(*Id.* at 20:8-21:13, emphasis added to show scope of Court's ruling.)

The Court subsequently entered a Notification of Docket Entry stating, "Motion to quash and for protective order and to stay discovery [144] and motion to quash [145] are both denied in part and deferred in part as stated in open court." (Dkt. #156.) In sum, neither the Court's oral ruling nor the subsequent docket entry addresses the subpoenas sent to Objectors' Counsel. Due

---

[4] Because there had not been any previous discussion of the subpoenas served on Objectors' Counsel, Mr. Howe attempted to raise the issues associated with these subpoenas at this time in hopes of confirming the scope of the Court's ruling.

to the irrelevant, unduly burdensome, and sensitive nature of the documents requested, Objectors' Counsel respectfully request clarification of the Court's order.

**Argument**

**I.    The documents sought by the subpoenas to Objectors' Counsel are irrelevant to the issues presently before the Court.**

The discovery requested of Objectors' Counsel is wholly irrelevant to this litigation. The Objectors have raised two issues regarding the proposed Class settlement: (1) the Class lacks a predominance of common issues and is therefore not certifiable; and (2) the attorneys' fees requested by Class Counsel are excessive. In light of these issues, it is difficult to see *any* justification for discovery in this case, let alone discovery of irrelevant, sensitive documents from Objectors' Counsel dating back many years. In addition, the information and documentation sought by the subpoenas over the past decade are overly broad and unduly burdensome.

The questions actually relevant to the objections have been fully briefed and will likely be resolved in mere days at the Fairness Hearing scheduled for August 24, 2015. Class Counsel completed its briefing upon filing Plaintiff's Memorandum In Support of Final Approval of Class Action Settlement on July 29, 2015 (Dkt. #137) and its August 7, 2015 Filing of the Supplemental Declaration of Rafey S. Balabanian in Support of Motion For Approval of Attorneys' Fees and Expenses (Dkt. # 154).

Class Counsel has never provided any justification for its need for discovery in this case. There is no basis for compelling the production of these documents from Objectors' Counsel and certainly not after the substantive briefing has been completed. The Court currently has all the information and documentation before it to rule on the objections and legal issues arising from the Class settlement proposed by Class Counsel. Nothing in Objectors' Counsel's files from

5

other cases over the past decade has any bearing on the sufficiency of the legal arguments made by the Objectors in the present litigation, namely, that the Class definition is overbroad and that Class Counsel's fee request should be reduced. The Court should therefore quash these subpoenas as being irrelevant and unduly burdensome.

## II. Most of the documents sought by the subpoenas to Objectors' Counsel are confidential and/or protected by attorney-client privilege.

The majority of documents requested by Class Counsel are protected by attorney-client privilege, subject to confidentiality agreements, and/or contain client confidences.[5] For example, the subpoena requests all documents relating to objections, settlements, and fee sharing agreements relating to not only the present litigation, but Objectors' Counsel's previous representations on behalf of class action objectors. These requests encompass settlement agreements in other cases which are subject to confidentiality provisions and would require a considerable amount of additional processes associated with notifying prior clients, opposing counsel, class counsel and/or other objectors' counsel regarding the requested disclosure of such confidential documents and client confidences and allowing them to exercise their contractual rights to object to any such disclosure. Disclosing these documents to Class Counsel would result in a breach of the settlement agreements and a violation of attorney-client confidentiality.

The subpoena asks for communications in other cases that are protected by attorney-client privilege, including communications between Objector's Counsel and their clients. The Rules of Professional Conduct clearly prohibit the disclosure of such confidential and privileged material. *See e.g.*, Ind. R. Prof. Conduct 1.6 ("A lawyer shall not reveal information relating to representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted [by the Rules of

---

[5] The table attached as **Exhibit D** details Objectors' Counsel's initial objections to each request.

Professional Conduct].”); N.D. Ill. LR83.51.6 (providing similar restrictions on the disclosure of client information).

Class Counsel's requests are nothing more than a fishing expedition for documents which are unrelated to the specific legal questions at issue in this dispute and which are clearly protected by privilege. The only materials related to the case at bar have been provided pursuant to the subpoenas to the Objectors. Virtually every request directed at Objectors' Counsel encompasses documents that are subject to attorney-client privilege or confidentiality. The Court should quash the subpoena directed to Objectors' Counsel and/or issue a protective order to protect these sensitive materials and to protect the confidences of Objectors' Counsel's clients.

## Conclusion

The documents requested by Class Counsel in its subpoena to Objector's Counsel are irrelevant to this dispute and contain confidential and privileged information. Requiring Objectors' Counsel to produce irrelevant and sensitive documents can serve no other purpose in this litigation than to harass and intimidate in hopes of squelching anyone who objects to Class Counsel's settlement or its award of attorney fees. Objector's Counsel respectfully requests that the Court clarify its August 12, 2015 ruling regarding discovery to: (1) quash the subpoena directed to Objectors' Counsel; (2) issue a protective order to prevent disclosure of confidential material; and (3) grant all other relief the Court deems appropriate.

Dated this 19th day of August, 2015.

/s/ Arthur J. Howe
**Howe Law LLC**
155 N. Wacker Dr.
Suite 4250
Chicago, IL 60606-1750
Tel: (312) 600-8336
Fax: (312) 465-1395
howe@howe-llc.com

7

/s/ Christopher J. Braun
Christopher J. Braun
IN Bar ID No. 19930-49
Justin Allen
IN Bar ID No. 31204-49
**Plews Shadley Racher & Braun LLP**
1346 N. Delaware St.
Indianapolis, IN 46202-2415
Tel: 317-637-0700
Fax: 317-631-0781
cbraun@psrb.com
jallen@psrb.com

## <u>CERTIFICATE OF SERVICE</u>

I, Arthur J. Howe, hereby certify that a true and correct copy of the attached **MOTION FOR CLARIFICATION OF AUGUST 12, 2015 DISCOVERY ORDER** was served on this 19th day of August, 2015 electronically via CM/ECF upon all registered users for this case.

/s/ Arthur J. Howe