AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

ROBERT KOLINEK )
*Plaintiff* )
v. ) Civil Action No. 13-cv-04806
)
WALGREEN CO., an Illinois Corporation )
*Defendant* )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records, Plews Shadley Racher & Braun LLP, 1346 N. Delaware Street, Indianapolis, IN 46202

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See attached rider.

| Place: See attached Rider | Date and Time: 08/03/2015 at 5:00 pm CT |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/26/2015

*CLERK OF COURT*

OR

_____        s/ Benjamin H. Richman
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Robert Kolinek _____, who issues or requests this subpoena, are:

Benjamin H. Richman / 350 N. LaSalle St. Suite 1300, Chicago, IL 60654 / brichman@edelson.com / 312.589.6377

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case: 1:13-cv-04806 Document #: 165-2 Filed: 08/19/15 Page 2 of 11 PageID #:1510

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ROBERT KOLINEK, individually and on behalf of a class of similarly situated individuals,<br><br>*Plaintiff,*<br><br>v.<br><br>WALGREEN CO., an Illinois corporation,<br><br>*Defendant.* | Case No. 13-cv-04806<br><br>Hon. Matthew F. Kennelly |

## SUBPOENA RIDER TO THE CUSTODIAN OF RECORDS
## FOR PLEWS SHADLEY RACHER & BRAUN LLP

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Robert Kolinek hereby requests that the Custodian of Records for Plews Shadley Racher & Braun, LLP, in accordance with the Definitions and Instructions set forth herein, produce for inspection and copying the documents at one of the following locations no later than Monday, August 3, 2015 at 5:00 p.m. CT:

1. The offices of Edelson PC, c/o Benjamin H. Richman, 350 North LaSalle Street, Suite 1300, Chicago, Illinois 60654; brichman@edelson.com; or

2. The Clerk of the United States District Court for the Southern District of Indiana, Clerk's Office, Room 105, 46 East Ohio Street, Indianapolis, IN 46204.

### DEFINITIONS

1. "GLEITH COZBY" means or refers to the Objector in THIS ACTION represented by YOU.

2. "RENDEE BULLARD" means or refers to the Objector in THIS ACTION represented by YOU.

1

3. "CHRISTINNA OLDHAM" means or refers to the Objector in THIS ACTION represented by YOU.

4. "SHARON HUGHES" means or refers to the Objector in THIS ACTION represented by YOU.

5. "DOCUMENT" or "DOCUMENTS" shall mean any writings, letters, telegrams, memoranda, correspondence, email messages, memoranda or notes of conferences or telephone conversations, reports, studies, lists, compilations of data, papers, books, records, contracts, deeds, leases, agreements, pictures, photographs, transcripts, tapes, microfilm, computer data files, printouts, accounting statements, mechanical and electrical recordings, checks, pleadings, and other tangible things upon which any handwriting, typing, printing, drawing, representation, photostatic, or other magnetic or electrical impulses or other form of communication is recorded, stored or produced, including audio and video recordings and electronically-stored information (including but not limited to e-mails, web pages, websites, computer discs, computer programs and computer files, including, where applicable, compiled and uncompiled source code), whether or not in printout form. These terms shall also mean copies of documents even though the originals are not in your possession, custody or control; every copy of a document which contains handwritten or other notations or which otherwise does not duplicate the original of any other copy; all attachments to any document; and any other document, item and/or information discoverable under federal law and procedure, including, without limitation, the items referenced in Federal Rules of Civil Procedure 34(a)(1) and 45(d)(1).

6. "CHRISTOPHER J. BRAUN" means or refers to the Attorney in THIS ACTION representing objectors GLEITH COZBY, RENDEE BULLARD, SHARON HUGHES, and CHRISTINNA OLDHAM.

7. "JUSTIN A. ALLEN" means or refers to the Attorney in THIS ACTION representing objectors GLEITH COZBY, RENDEE BULLARD, SHARON HUGHES, and CHRISTINNA OLDHAM.

8. "PLAINTIFF" means or refers to the Plaintiff and Class Representative in THIS ACTION, Robert Kolinek.

9. "RELATE TO" means to consist of, concern, discuss, mention, regard, refer to, reflect or be in any way logically, factually or legally connected, directly or indirectly, with the matter described.

10. "THIS ACTION" refers to the litigation captioned *Robert Kolinek v. Walgreen Co.,* Case No. 13-cv-04806, pending in the United States District Court for the Northern District of Illinois.

11. "YOU" or "YOUR" means Plews Shadley Racher & Braun, LLP, including CHRISTOPHER J. BRAUN, JUSTIN A. ALLEN, and any other partner, associate, employee, agent, representative, or administrator of said office.

## INSTRUCTIONS

Unless otherwise specified, the "Relevant Time Period" to which these requests are directed is from, and including, August 3, 2006 until the present.

If YOU cannot respond to a request in full after exercising due diligence to secure the information requested, so state and respond to the extent possible, specifying YOUR inability to respond to the remainder, stating whatever information YOU have concerning the unresponded portion and detailing what YOU did in attempting to secure the unknown information.

If YOU object to producing a DOCUMENT because of a privilege, YOU must provide the following information:

(1) the nature of the privilege claimed and/or the privilege rule being invoked;

3

  (2) the date, type, and location of the DOCUMENT withheld, and such other information sufficient to identify the material, including, where appropriate, the author, the addressee, and the relationship between the author and the addressee; and

  (3) the general subject matter of the DOCUMENT withheld.

All DOCUMENTS are to be produced in the form, order, and manner in which they are maintained in YOUR files. If YOU provide any DOCUMENTS in electronic media or machine-readable form, you must provide all information and things necessary for PLAINTIFF to fully access, read, and decode into plain English text all data and files so provided.

All electronic DOCUMENTS, file systems, digital media and electronically-stored information are to be produced in their respective native formats with all associated metadata intact and, if such electronic DOCUMENTS or electronically stored information are no longer available in their native formats for any reason, please identify the reasons such native format DOCUMENTS are no longer so available and the dates each such DOCUMENT became unavailable.

If any DOCUMENT requested has been lost or destroyed since its creation, identify the nature of the DOCUMENT, the date of the document, the persons who sent and received the original and any copy of the DOCUMENT, a summary of the content of the DOCUMENT, and describe when, where, how, and by whom said DOCUMENT was lost or destroyed, and state the name of the person(s) who last had custody thereof.

## DOCUMENTS TO BE PRODUCED

1. All non-privileged DOCUMENTS that support the objection filed by YOU in THIS ACTION.

2. All DOCUMENTS that RELATE TO any and all objections that YOU filed to the approval of any class action settlement in any court in the United States (state or federal), including evidence of any payments made to YOU in exchange for withdrawing an objection or dismissing any appeal of an objection overruled at the trial court level.

3. All DOCUMENTS that RELATE TO the resolution of any and all objections that YOU filed to the approval of any class action settlement in any court in the United States (state or federal), including evidence of any payments made to YOU in exchange for withdrawing an objection or dismissing any appeal of an objection overruled at the trial court level.

4. All DOCUMENTS that RELATE TO any gain or benefit to a class that resulted from an objection that YOU filed to the approval of any class action settlement in any court in the United States (state or federal).

5. All DOCUMENTS that RELATE TO any and all objections that YOU filed to the approval of an application for attorneys' fees in connection with any class action settlement in any court in the United States (state or federal), including evidence of any payments made to YOU in exchange for withdrawing an objection or dismissing any appeal of an objection overruled at the trial court level.

6. All DOCUMENTS that RELATE TO the resolution of any and all objections that YOU filed to an application for attorneys' fees in connection with any class action settlement in any court in the United States (state or federal), including evidence of any payments made to

YOU in exchange for withdrawing an objection or dismissing any appeal of an objection overruled at the trial court level.

7. All DOCUMENTS that RELATE TO any gain or benefit to a class that resulted from an objection by YOU to an application for attorneys' fees in connection with any class action settlement in any court in the United States (state or federal).

8. All DOCUMENTS that RELATE TO any payments made to any objector to a class action represented by YOU.

9. All DOCUMENTS that RELATE TO any agreement describing the circumstances under which GLEITH COZBY might receive any financial compensation in connection with any objections that YOU filed to any class action settlement, including but not limited to THIS ACTION.

10. All DOCUMENTS that RELATE TO any agreement describing the circumstances under which RENDEE BULLARD might receive any financial compensation in connection with any objections that YOU filed to any class action settlement, including but not limited to THIS ACTION.

11. All DOCUMENTS that RELATE TO any agreement describing the circumstances under which SHARON HUGHES might receive any financial compensation in connection with any objections that YOU filed to any class action settlement, including but not limited to THIS ACTION.

12. All DOCUMENTS that RELATE TO any agreement describing the circumstances under which CHRISTINNA OLDHAM might receive any financial compensation in connection with any objections that YOU filed to any class action settlement, including but not limited to THIS ACTION.

13. All DOCUMENTS that RELATE TO any agreement describing the circumstances under which GLEITH COZBY might receive any financial compensation in connection with any objections that YOU filed to an application for attorneys' fees in connection with a class action settlement, including but not limited to THIS ACTION.

14. All DOCUMENTS that RELATE TO any agreement describing the circumstances under which RENDEE BULLARD might receive any financial compensation in connection with any objections that YOU filed to an application for attorneys' fees in connection with a class action settlement, including but not limited to THIS ACTION.

15. All DOCUMENTS that RELATE TO any agreement describing the circumstances under which SHARON HUGHES might receive any financial compensation in connection with any objections that YOU filed to an application for attorneys' fees in connection with a class action settlement, including but not limited to THIS ACTION.

16. All DOCUMENTS that RELATE TO any agreement describing the circumstances under which CHRISTINNA OLDHAM might receive any financial compensation in connection with any objections that YOU filed to an application for attorneys' fees in connection with a class action settlement, including but not limited to THIS ACTION.

17. All DOCUMENTS that RELATE TO any agreement describing the circumstances under which an objector might receive any financial compensation in connection with any objections that YOU filed to any class action settlement.

18. All DOCUMENTS that RELATE TO any communication between YOU and GLEITH COZBY concerning THIS ACTION including the retainer or engagement agreement between YOU and GLEITH COZBY.

19. All DOCUMENTS that RELATE TO any communication between YOU and RENDEE BULLARD concerning THIS ACTION including the retainer or engagement agreement between YOU and RENDEE BULLARD.

20. All DOCUMENTS that RELATE TO any communication between YOU and SHARON HUGHES concerning THIS ACTION including the retainer or engagement agreement between YOU and SHARON HUGHES.

21. All DOCUMENTS that RELATE TO any communication between YOU and CHRISTINNA OLDHAM concerning THIS ACTION including the retainer or engagement agreement between YOU and CHRISTINNA OLDHAM.

22. ALL DOCUMENTS that RELATE TO any communication between YOU and any lawyer concerning THIS ACTION, including, but not limited to any lawyer associated with an objection filed in THIS ACTION.

23. ALL DOCUMENTS that RELATE TO any agreement or fee sharing arrangement between YOU and any lawyer associated with an objection filed in THIS ACTION.

24. All DOCUMENTS that RELATE TO any agreement describing the circumstances under which an objector might receive any financial or other compensation in connection with any objections filed by Plews Shadley Racher & Braun LLP, to an application for attorneys' fees in connection with any class action settlement.

25. ALL DOCUMENTS that RELATE TO any appeal bond that YOU have been ordered to pay in the appeal of any class action settlement approval where YOU have been or represented the objector(s).

26.  ALL DOCUMENTS that RELATE TO any sanctions, monetary or otherwise, that have been ordered against YOU in any other class action where YOU have been or represented the objector(s), at the trial or appellate level.

\*           \*           \*

**ROBERT KOLINEK**, individually and on behalf of the Settlement Class,

Dated: July 26, 2015

By: /s/Benjamin H. Richman
    One of Plaintiff's Attorneys

Jay Edelson
jedelson@edelson.com
Rafey S. Balabanian
rbalabanian@edelson.com
Ryan D. Andrews
randrews@edelson.com
Benjamin H. Richman
brichman@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378