# EXHIBIT G

IN THE DISTRICT COURT OF CLEVELAND COUNTY
STATE OF OKLAHOMA

KILEY STROUD, individually )
AND ON BEHALF OF )
THOSE SIMILARLY SITUATED, )
)
      Plaintiff, )
)
v. ) Case No. CJ-2003-968 L
)
eMachines, Inc, a foreign )
CORPORATION DOING )
BUSINESS IN OKLAHOMA )
)
      Defendant. )

ORDER GRANTING FINAL APPROVAL
TO CLASS ACTION SETTLEMENT
AND FINAL JUDGMENT

On December 21, 2012, this Court granted preliminary approval to the proposed class action settlement set forth in the Settlement Agreement. The Court also provisionally certified a nationwide class for settlement purposes (the "Class" or "Settlement Class"), approved the procedure for giving notice to the members of the Class and set a final fairness hearing to take place on March 25, 2013 at 1:30 p.m. As regards notice, the December 21, 2012, order was amended by order signed January 9, 2013.

As used in this Final Judgment "Settlement Class" is defined and composed of the following: All Persons (as defined above) who are residents and citizens of the United States, other than those excluded below, who, on or after December 31, 1997, purchased from eMachines or from an authorized eMachines reseller any one or more of the following eMachines computer models: eTower 266, eTower 300c, eTower 300k, eTower 333c, eTower 333cs, eTower 333k, eTower 366c, eTower 366i, eTower 366id,

1

putative class member looked on www.Secondipity.com during the Notice period the Acer, eMachines, and Gateway products on www.Secondipity.com during that period would have been substantially similar (as required by paragraph 7.2(a) of the Settlement Agreement) to what would have been available on www.emachinesredeem.com on that same date, except that www.emachinesredeem.com would have had additional Acer, eMachines, and Gateway products available if necessary to satisfy the terms of Paragraph 7 of the Settlement Agreement; and [ii] OPCE 317 (Testifying as to the Acer, eMachines, and Gateway products on www.Secondipity.com available on March 18, 2013) is an accurate illustration of the foregoing clause [i].

(d)     After objectors Kress and Connors filed their objections, the Certified Class Representatives and Class Counsel and the Settling Defendants and Acer, agreed to modify the procedure for electing the cash option in three ways. First, Settlement Class members no longer are required to first visit the Replacement Computer website before making the election of cash. Second, the Replacement Computer Website will provide a method of electing the cash option online or by mail rather than only by mail. Third, members of the Settlement Class who are awarded returned goods credit certificates may use any remaining balance of the certificates to pay for expedited shipping, in addition to the uses of such certificates permitted in the Settlement Agreement. Based on the Court's approval of these changes, the objectors Kress and Connors withdrew their objections and announced their support for the settlement. For this change, the Court awards objectors Kress' and Connors' attorneys a reasonable fee as provided below. The fee awarded to Kress' and Connors' attorneys is a Capped Item, subject to the cap in §11 of the Settlement Agreement.

(e)     The Court finds, approves and orders the matters stated and agreed to in this section 9.

10.     Purported and apparent Objections were filed by Stanley L. Derickson, Maureen

10

December 21, 2012 and in the class notice for filing a valid written objection.

(g) The Court finds that none of the objectors listed in §10(f) above (Stanley L. Derickson, Clyde Padgett, Mark P. Millen, Cery Perle, and Spare Backup, Inc.) are members of the class or have standing to object.

(h) The objections of Stanley L. Derickson, Clyde Padgett, Mark P. Millen, Cery Perle, and Spare Backup, Inc. are struck.

(i) Only John Kress and Maureen Connors appeared at the fairness hearing, through attorney Smith. Stanley L. Derickson, Clyde Padgett, Mark P. Millen, Cery Perle, and Spare Backup, Inc. did not appear at the fairness hearing. No motions for continuance of the fairness hearing were made, in writing or orally to the Court or Clerk. No one requested to appear at the fairness hearing by telephone.

(j) As noted above, after their objection was filed certain changes were made to the procedure for electing the cash option for the benefit of the Settlement Class. The Court hereby awards their (Kress' and Connors') attorneys a total aggregate attorneys' fee of four-thousand eight-hundred (4,800) returned goods credit certificates, which shall have the same attributes, restrictions, and limitations as the returned goods credit certificates awarded to Class Counsel and which 4,800 certificates are subject to the Cap Deposit as Capped Items and subject to Settling Defendants' and Acer's limited liability for Capped Items, capped at $50,000,000.00 for all Capped Items including the 4,800 returned goods credit certificates awarded to counsel for objectors Kress and Connors. Said returned goods credit certificates shall be issued to said objectors' (Kress' and Connors') counsel and be redeemed for cash only if, as, and when the returned goods credit certificates awarded and issued to Class Counsel are redeemed and actually realized in cash by Class Counsel.