IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT KOLINEK, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>WALGREEN CO., an Illinois corporation,<br><br>*Defendant*. | Case. No. 13-cv-04806<br><br>Hon. Matthew F. Kennelly |

### DECLARATION OF BENJAMIN H. RICHMAN

Pursuant to 28 U.S.C. § 1746, I hereby declare and state as follows:

1.    I am an attorney admitted to practice in the United States District Court for the Northern District of Illinois. I am entering this declaration in support of Plaintiff's Motion for Leave to Take Limited Depositions of Objectors Gleith Cozby, Rendee Bullard, Melinda Franz, and Paige Nash (the "Motion"). This declaration is based upon my personal knowledge, except where expressly noted otherwise. If called upon to testify to the matters stated herein, I could and would competently do so.

2.    I am a Partner in the law firm of Edelson PC, which has been retained to represent the named Plaintiff in this matter, Robert Kolinek, and have been appointed as Settlement Class Counsel in this matter.

***Service on Objector Rendee Bullard***

3.    My firm originally received electronic confirmation from our process server that the subpoena to Ms. Bullard had been served on August 7, 2015. We therefore communicated the same to Ms. Bullard's counsel via letter and demanded her response.

1

4. Following additional meet and confers with Bullard's local counsel, Arthur Howe, wherein he requested written confirmation of the service (which I agreed to provide). I learned that the process server's original e-mail confirmation of service was made in error. In reality, the process server has been unable to serve Bullard despite attempts to do so.

5. Accordingly, I spoke with Mr. Howe via telephone and informed him of the same. I further requested that Mr. Howe and/or his co-counsel at the Plews Shadley firm agree to accept service of the subpoena on behalf of Ms. Bullard. Although Mr. Howe was personally open to the idea, he told me that the decision would ultimately be up to his co-counsel at Plews Shadley. Mr. Howe and I did not speak again regarding the issue of service, but Bullard's lead counsel at the Plews Shadley firm later responded to my request via letter and stated that neither his firm nor Mr. Howe's would agree (or be permitted) to accept service of the subpoena on Ms. Bullard's behalf.

***Attachments***

6. Attached to Plaintiff's Motion as Exhibit 2 is a true and accurate excerpt of transcript of the August 24, 2015 hearing in this matter.

7. Attached to Plaintiff's Motion as Exhibit 3 is a true and accurate excerpt of the transcript of the August 12, 2015 hearing in this matter.

8. Attached to Plaintiff's Motion as Exhibit 4 is a true and accurate copy of the August 19, 2015 Letter from Justin A. Allen and the attached document production made by and on behalf of Objector Gleith Cozby.

9. Attached to Plaintiff's Motion as Exhibit 5 is a true and accurate copy of the September 28, 2015 Letter from Christopher Braun to Benjamin H. Richman.

10. Attached to Plaintiff's Motion as Exhibit 6 is a true and accurate copy of the September 15, 2015 Letter from Benjamin H. Richman to Christopher Braun, Justin A. Allen, and Arthur J. Howe.

11. Attached to Plaintiff's Motion as Exhibit 7 is a true and accurate copy of Plews Shadley's written subpoena responses and document production.

12. Attached to Plaintiff's Motion as Exhibit 8 is a true and accurate copy of Objector Melinda Franz's document production.

13. Attached to Plaintiff's Motion as Exhibit 9 is a true and accurate copy of the August 11, 2015 E-mail from W. Allen McDonald to Arthur J. Howe.

14. Attached to Plaintiff's Motion as Exhibit 10 is a true and accurate copy of Lacy Price's written subpoena responses and document production.

15. Attached to Plaintiff's Motion as Exhibit 11 is a true and accurate copy of the September 15, 2015 E-mail from Rafey S. Balabanian to W. Allen McDonald.

16. Attached to Plaintiff's Motion as Exhibit 12 is a true and accurate copy of the September 11, 2015 Letter from W. Allen McDonald to Benjamin Richman.

17. Attached to Plaintiff's Motion as Exhibit 13 is a true and accurate copy of the September 8, 2015 Letter from Benjamin H. Richman to W. Allen McDonald.

18. Attached to Plaintiff's Motion as Exhibit 14 is a true and accurate copy of Objector Paige Nash's written subpoena responses and document production.

19. Attached to Plaintiff's Motion as Exhibit 15 is a true and accurate copy of Thomas L. Cox, Jr.'s written subpoena responses and document production.

20. Attached to Plaintiff's Motion as Exhibit 16 is a true and accurate copy of the July 30, 2015 e-mail exchange between Jay Edelson and Brent Vullings.

21. Attached to Plaintiff's Motion as Exhibit 17 is a true and accurate copy of the September 2, 2015 through September 23, 2015 e-mail exchange between Benjamin H. Richman and Brent Vullings.

        *       *       *

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of October 2015 at Chicago, Illinois.

                /s/ Benjamin H. Richman