# PLEWS SHADLEY
# RACHER & BRAUN LLP
ATTORNEYS AT LAW

1346 North Delaware Street
Indianapolis, Indiana 46202-2415
Phone: (317) 637-0700
Fax: (317) 637-0710
www.psrb.com

**Justin A. Allen**
jallen@psrb.com

August 19, 2015

**_Via Certified and Electronic Mail_**

Benjamin H. Richman
EDELSON PC
350 N. LaSalle St. Suite 1300
Chicago, IL 60654

      Re:    _**Robert Kolinek v. Walgreen Co.**_**, Case No. 1:13-cv-04806**
            **Discovery Responses**

Dear Mr. Richman:

    Enclosed with this letter are the responses of Gleith Cozby, Sharon Hughes, and Christinna Oldham to your July 26, 2015 document requests in the above-referenced matter.

                    Kind regards,

                    Justin A. Allen

JAA/rww
Enclosures

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION



| | |
|---|---|
| Robert Kolinek, Individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>Walgreen Co., an Illinois corporation, | Case No. 1:13-cv-04806<br><br>Honorable Matthew F. Kennelly |

### RESPONSES AND OBJECTIONS TO
### CLASS COUNSEL'S SUBPOENA AND RIDER TO GLEITH COZBY

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and the Court's August 12, 2015 Order, Gleith Cozby ("Cozby"), by counsel, hereby makes the following responses and objections to Plaintiff Robert Kolinek's ("Kolinek") Subpoena To Testify At a Deposition and the Subpoena Rider to Gleith Cozby.

### General Objections

1.      Cozby objects to the instructions and definitions to the extent they seek information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity prohibiting or exempting disclosure of the information. Cozby claims privilege with respect to all such documents and information.

2.      Cozby objects to the instructions and definitions to the extent they impose burdens or obligations greater than those required by the Federal Rules of Civil Procedure.

3.      Cozby objects to the instructions and definitions to the extent they seek information that is not within Cozby's custody and/or control or which is at least equally available to Kolinek.

4.      Each response to Kolinek's request for production is subject to these general objections, all of which are expressly preserved and not waived. Cozby's responses are framed on the basis of these objections.

5.      Cozby objects to each request for production to the extent that it seeks information not relevant to the facts of this case, information not reasonably calculated to lead to the discovery of admissible evidence, privileged information, materials prepared in anticipation of litigation, or information otherwise outside the scope and limits of discovery.

6.      Cozby bases her responses to Kolinek's request for production on the assumption that Kolinek does not intend to seek information protected by the attorney-client privilege, the work-product rule, or other applicable privileges or limitations. To the extent that Kolinek requests such information, Cozby objects and claims the privileges and protection specified above to the fullest extent provided by law.

7.      Cozby objects to each request for production to the extent that it contains certain terms that are vague, ambiguous, unspecific, and/or call for the production of such a great quantity of materials as to being impractical, unduly burdensome and oppressive.

8.      Cozby objects to each request to the extent it is compound.

9.      Cozby objects to each request to the extent it is duplicative of other requests.

10.     Discovery is continuing in this case. Consequently, Cozby expressly reserves the right to amend, alter, or supplement her responses as information and documents are discovered.

## Responses and Objections

1.      Any client retainer agreements between Plews Shadley Racher & Braun, LLP and YOU that RELATE TO this ACTION.

**RESPONSE:** Objection. This request seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence and seeks information and documents that are irrelevant to the issues in this case. Further, this request seeks documents which are confidential or protected by attorney-client privilege. Subject to, limited by and without waiving her general and specific objections, all non-privileged responsive documents in Cozby's possession or control have been produced.

2.      Any client retainer agreements between Plews Shadley Racher & Braun, LLP and YOU that RELATE TO any other class, derivative, or private attorney general action (whether or not certified as such), in any court or arbitration organization, in which YOU acted as an objector to a proposed settlement agreement.

**RESPONSE:** Objection. This request seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence and seeks information and documents that are irrelevant to the issues in this case. Further, this request seeks documents which are confidential or protected by attorney-client privilege. Subject to, limited by and without waiving her general and specific objections, all non-privileged responsive documents in Cozby's possession or control have been produced.

3.      All phone records or other DOCUMENTS that RELATE TO any telephone calls at issue in this ACTION received by YOU from or on behalf of the Defendant Walgreens Co.

**RESPONSE:** Objection. This request calls for documents which are a part of public record or are equally available to Class Counsel. Subject to, limited by and without waiving her general and specific objections, Cozby responds that no such documents are in her possession or control.

4.      All non-privileged DOCUMENTS that support YOUR objection in this ACTION.

**RESPONSE:** Objection. This request calls for documents which are a part of public record or are equally available to Class Counsel. Subject to, limited by and without waiving her general and specific objections, Cozby responds that no such documents are in her possession or control.

5. All non-privileged DOCUMENTS, including all correspondence, between YOU and any person other than YOUR attorneys at Plews Shadley Racher & Braun, LLP that RELATE TO this ACTION.

**RESPONSE:** Objection. This request seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence. Further, this request seeks documents which are confidential or protected by attorney-client privilege. Subject to, limited by and without waiving her general and specific objections, all non-privileged responsive documents in Cozby's possession or control have been produced.

6. All DOCUMENTS, including all correspondence, between YOU and Rendee Bullard, Sharon Hughes, and Christinna Oldham that RELATE TO YOUR objection in this ACTION.

**RESPONSE:** Subject to, limited by and without waiving her general and specific objections, all non-privileged responsive documents in Cozby's possession or control have been produced.

7. All DOCUMENTS, including without limitation pleadings, motions, briefs, memoranda, declarations, affidavits, and orders filed by YOU or on YOUR behalf in any class, derivative, or private attorney general action (whether or not certified as such), in any court or arbitration organization, in which YOU acted as an objector to a proposed settlement agreement.

**RESPONSE:** Objection. This request seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence. Further, this request seeks documents which are confidential or protected by attorney-client privilege. In addition, this request calls for documents which are a part of public record or are equally available to Class Counsel. Subject to, limited by and without waiving her general and specific objections, all non-privileged responsive documents in Cozby's possession or control have been produced.

8. All DOCUMENTS, including without limitation correspondence, notes of telephone conversations, telephone bills, and electronic mail, that evidence, refer, or RELATE TO any communications between YOU and YOUR attorneys at Plews Shadley Racher & Braun, LLP, that RELATE TO the subject matter of this ACTION that occurred before the existence of YOUR attorney-client relationship with the attorneys at Plews Shadley Racher & Braun, LLP.

**RESPONSE:** Objection. This request seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence. Further, this request seeks documents which are confidential or protected by attorney-client privilege. Subject to, limited by and without waiving her general and specific objections, all non-privileged responsive documents in Cozby's possession or control have been produced.

Dated this 19th day of August, 2015.

/s/Christopher J. Braun
Christopher J. Braun
IN Bar ID No. 19930-49
Justin Allen
IN Bar ID No. 31204-49
**Plews Shadley Racher & Braun LLP**
1346 N. Delaware St.
Indianapolis, IN 46202-2415
Tel: 317-637-0700
Fax: 317-631-0781
cbraun@psrb.com
jallen@psrb.com

/s/ Arthur J. Howe
**Howe Law LLC**
155 N. Wacker Dr.
Suite 450
Chicago, IL 60606-1750
Tel: (312) 600-8336
Fax: (312) 465-1395
howe@howe-llc.com

UNITED STATES DISTRICT COURT
NORTHEASTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE SOUTHWEST AIRLINES VOUCHER
LITIGATION

DENNIS D. GIBSON &
GLEITH E. COZBY

Objectors.

Case No. 11-CV-8176

OBJECTION TO PROPOSED
SETTLEMENT AND
OPPOSITION TO MOTION FOR
ATTORNEYS' FEES, COSTS,
AND INCENTIVE AWARDS

Hon. Matthew Kennelly

OBJECTION OF CLASS MEMBERS DENNIS D GIBSON AND GLEITH E. COZBY
TO THE PROPOSED SETTLEMENT

Dennis D. Gibson's mailing address is 6322 Desco Drive, Dallas, Texas 75225; His

telephone number is 214-728-0730. His email address is gibson@bridgemarkns.com. Gleith E.

Cozby's mailing address is 7402 Marquette, Dallas, Texas 75225; Her telephone number is 214-

577-5436. Her email address is gleithcozby@yahoo.com.

## CLASS MEMBERSHIP

On multiple occasions prior to August 1, 2010, Dennis Gibson and Gleith Cozby flew

Business Select on Southwest Airlines. During most of these flights, Dennis Gibson and Gleith

Cozby did not use drink coupons. Thus, Gibson and Cozby qualify as class members with the

right to object the fee request and this settlement.

## SETTLEMENT IS NOT FAIR

The burden of proving the fairness of a proposed class action settlement is always on its

proponents, without the benefit of any presumption to aid in meeting this burden. See Newburg

& Conte, 1 Newburg on Class Actions § 11.42, at 11-94 (3d ed. 1993) (citing, inter alia, *In re*

*General Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106 (7th Cir.), cert. denied, 444 U.S. 870 (1979)). See also *Gautreax v. Pierce*, 690 F.2d 616, 630-31 (7th Cir. 1982); *Blanchard v. Edgemark Financial Corp.*, 175 F.R.D. 293, 300 (N.D. Ill.1997).

The Court, meanwhile, has an independent duty to closely scrutinize class settlements to safeguard the rights of absent class members. See *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 123 (8th Cir), cert. denied, 423 U.S. 864 (1975). In *Amchem Products. Inc. v. Windsor*, 117 S. Ct. 2231 (1997), the Supreme Court held that the rights of absent class members must be "the dominant concern" of the Court, especially in the settlement context.

Class action settlements require a higher level of scrutiny than ordinary cases because there always exists a potential conflict of interest between the class and class counsel. See *Mars Steel v. Continental Ill. Nat. Bank & Trust*, 834 F.2d 677, 681-2 (7th Cir. 1987). Indeed, one of the key dangers inherent in class action settlements is that class counsel may accept a lower recovery for the class in exchange for larger attorneys' fees. See Richard A. Posner, *An Economic Analysis of Law* 570 (4th ed. 1992) ("the absence of a real client impairs the incentive of the lawyer for the class ... [the lawyer] will be tempted to offer to settle with the defendant for a small judgment and a large legal fee"). Because the risk of collusive settlements is much greater in class actions than in ordinary litigation, it is "imperative" that a trial judge conduct a "careful inquiry" into the fairness of a proposed class settlement. *Mars Steel* 834 F. 2d 682. "The primary purpose of a fairness hearing is to protect class members ... whose rights may not have been given due regard by the negotiating parties." *Ficalora v. Lockheed Calif. Co.*, 751 F.2d 995, 996 (9th Cir. 1985).

In *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999), the Supreme Court noted that one factor counseling against certification of the settlement class was the fact that certain claimants

"had more valuable claims...[,] the consequence being a[n]. . . instance of disparate interests." Id. at 857. Thus, the Supreme Court held in Ortiz that when class members have claims of varying strength or merit, it is an abuse of discretion to approve a settlement that treats them all the same. Id. See also, Paul D. Carrington & Derek P. Apanovitch, The Constitutional Limits of Judicial Rulemaking: The Illegitimacy of Mass-Tort Settlements Negotiated under Federal Rule 23, 39 Ariz. L. Rev. 461, 471 (1997) ("The modification of rights from those that can be enforced at trial to those that will be measured by weak conjecture [at settlement] effects a transfer of wealth from class members with clearly meritorious claims to those whose claims are more dubious. The wealth transfer is most apparent when the court-approved settlement treats diverse class members as if their claims were of equal worth.").

These intra-class allocation concerns are not lessened by the ability of a class member to opt out of the class. As a practical matter, the opportunity to opt out means little to class members who, like the Appellants, have small claims that would not be independently viable. *In re Relafen Antitrust Litig.*, 221 F.R.D. at 286. The opportunity to opt out does not rescue a settlement that is otherwise unfair in its allocation.

In this case, some class members' are time barred. The allocation of the settlement is not fair, reasonable or adequate.

## THE ATTORNEYS' FEES REQUESTED DO NOT FOLLOW THE MANDATES OF THE CLASS ACTION FAIRNESS ACT

At the fee determination stage, "the district judge must protect the class's interest by acting as a fiduciary for the class." *In re Rite Aid Corp. Securities Litigation*, 396 F.3d 294, 307 (3d Cir. 2005).

There is a much greater conflict of interest between the members of the class and the class lawyers than there is between an individual client and his lawyer. The class members are

interested in relief for the class but the lawyers are interested in their fees, and the class members' stakes in the litigation are too small to motivate them to supervise the lawyers in an effort to make sure that the lawyers will act in their best interests.

Section 1712 of the Class Action Fairness Act provides that "If a proposed settlement in a class action provides for a recovery of coupons to a class member, the portion of any attorney's fee award to class counsel that is attributable to the award of the coupons shall be based on the value to class members of the coupons that are redeemed."

This coupon settlement provides that upon successful submission of a claim form, class members will receive a "drink voucher entitling a Southwest Customer to one free drink during a Southwest flight." The settlement coupon expires one year after issuance. Class counsel's $3 million fee request, however, treats the settlement coupons as cash without regard for the number of drink coupons that will actually be redeemed. This is a violation of the plain language of the statute.

Class counsel here argues that the $3 million request is proper because it is 10% of the $29 million common benefit achieved by the settlement. Southwest, however, is only issuing coupons to those who successfully substitute a claim form. To redeem the coupon, the claimant must actually use the settlement coupon on a Southwest flight prior to the one-year expiration date. In basing the fee request on $29 million in coupons, class counsel assumes both a 100% claims rate and a 100% redemption rate of the settlement coupons. Settling parties use coupons to inflate the apparent value of the proposed settlement by claiming the coupons' nominal value is the actual value to the class members. See Geoffrey P. Miller & Lori S. Singer, Nonpecuniary Class Action Settlements, 60 L & CONTEMP. PROBS. 97, 108 (1997). Class counsel's inflated valuation of the settlement violates CAFA.

**B.**    **Class Counsel's Fee Request Is Impermissibly Disproportionate to Class Recovery and Renders the Settlement Unfair.**

If CAFA's requirement that the attorney-fee award be based on redeemed coupons is ignored, class counsel would receive 'a disproportionate distribution of the settlement." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). In performing the *Bluetooth*, disproportionality analysis, courts should compare the fees and the value of the funds actually available, rather than the amount potentially available. [T]he actual benefit provided to the class is an important consideration when determining attorneys fees. *Baby Prods*, 708 F.3d 163, 2013 U.S. App. LEXIS 3379, *35,

The other two *Bluetooth* red flags for unfairness are also present: a clear-sailing agreement and reversion to the defendant of unawarded attorneys' fees. 654 F3d at 948-49. The combination of all three demonstrates the settlement's unfairness: class counsel has negotiated $3 million in cash for itself, segregated from class recovery. It has negotiated protection from scrutiny on the fee award from Southwest. And if the fee award is reduced, the excess is returned to Southwest, rather than the class—even though Southwest was willing to pay the full $3 million to resolve the litigation. The only reason to have a reversion to Southwest instead of the class is to attempt to protect an excessive fee award from scrutiny, and deter challenges to the fee award. The $3 million should be considered part of a constructive common fund, and the fact that it is shielded from the class is inherently unfair. *Id.*

The valuation of the coupons at the face value, rather than the redemption value, is egregious because coupon redemption rates are low: The vast majority of class members will not make claims on the fund.

Indeed, numerous factors will negatively affect the redemption of the drink coupons here. The drink coupons one-year expiration date will likely decrease redemption because redemption rates of coupons decrease as a function of expiration date. The coupons low $5 face value, will affect redemption as coupons with lower face values are less likely to the redeemed. Finally, because claimants must purchase an expensive plane ticket in order to use the $5 drink coupon, redemption will likely be decreased See *Synfuel*, 463 F.3d at 654 (noting that in-kind/coupon compensation "requires the claimant to return to the Defendant to do business with bit, something at least some class members likely would prefer not to do.")

"Because redemption rates have a direct and potentially devastating impact on the actual value received by the class, such lack of evidence prevents any reasoned assessment of the settlements actual value to the class." *Sobel*, 2011 U.S. Dist. LEXIS 68984, at *36; *Synfuel*, 463 F.3d at 653-54 (requiring this assessment). For example, assuming a generous 10% claim-and-redemption rate of the drink coupons, the amount actually redeemed would be $2,900,000, which is *less* than class counsels $3 million fee request. Not only is awarding fees based on redeemed coupons required by CAFA, it will ensure that a fee award will be appropriately proportionate to the actual class benefit.

## CONCLUSION

The Court should deny approval. Even if the Court were to approve the settlement, it should defer awarding fees until the actual number of redeemed coupons is known, and then scale the Rule 23(h) award to reflect proportionality with the benefit actually realized by the class.

## CERTIFICATE OF SERVICE

The undersigned certifies Gibson and Cozby filed the foregoing Objection via the ECF

system for the Northern District of Illinois, thus effecting service on all attorneys registered for

electronic filing.   Additionally, the following were served via CMRRR:


Hon. Matthew F. Kennelly
UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
Everett McKinley Dirksen United States Courthouse
Chambers 2188
219 South Dearborn Street
Chicago, Illinois 60604

Joseph J. Siprut
Aleksandra M.S. Vold
SIPRUT PC
17 North State Street, Suite 1600
Chicago, Illinois 60602

H. Thomas Wells, Jr.
MAYNARD COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203


Dated: April 11, 2013

DENNIS D. GIBSON                                    GLEITH E. COZBY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

THE AMERICAN MEDICAL ASSOCIATION,                    00 Civ. 2800 (LMM) (GWG)
et al.

                        Plaintiffs,                  **CERTIFICATE OF SERVICE**

        - against -

UNITED HEALTHCARE CORPORATION,
et al.

                        Defendants.
_____X

        **Leland L. Greene,** an attorney admitted to practice law before the Courts of the State of

New York and this Court, certify under the penalties of perjury that I served the foregoing Notice

of Appeal and Notice of Change of Address upon those listed on the attached Service List.

Dated:   Garden City, New York
         October 28, 2010

                              Law office of LELAND L. GREENE


                              Leland L. Greene, Esq. (LG 8074)
                              1565 Franklin Avenue- Second Fl.
                              Mineola, New York 11501
                              TEL   (516) 746-3800
                              FAX   (516) 222-6577
                              e-mail:  _LGreeneLAW@aol.com_

## PARTIES COUNSEL AND OBJECTORS
## SERVICE BY E-MAIL

Barry M. Epstein. Esq.
Lynne Kizis. Esq.
Barbara G. Quackenbos. Esq.
Shanno Bishop. Esq.
Wiletz, Goldman & Spitzer, P.A.
90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, NJ 07095-0958
bepstein@Wilentz.com
bquackenbos@Wilentz.com
Lkizis@Wilentz.com
Sbishop@Wilentz.com

Johantan Cuneo, Esq
David W. Stanley, Esq.
507 C Street, N.E.
Washington, D.C. 20002
(jonc@Cuneolaw.com)
(davids@Cuneolaw.com)

Klari Neuwelt Esq.
110 East 59 Street
New York, NY 10022
(kneuwelt@aol.com)

Joseph A Tabacco, Esq.
One California Street - Suite 900
San Francisco , CA 94111
(Jtabacco@bermandevalerio.com)

A. Ross Pearlson, Esq.
Sills Cunnis & Gross PC
Legal Center-1 Riverfront Plaza
Newark, NJ 07102
(Rpearlson@sillscummis.com)

James E. Cecchi, Esq.
Carella, Byrne, Cecchi & Olstein
5 Becker Farm Road
Roseland, NJ 07068
(Jcecchi@carellabyrne.com)

Wood R. Foster, Esq.
Siegel. Grill. Greupner, Duffy & Foster, PA
1300 Washington Square
100 Washington Ave. South
Minneapolis. MN 55401
(Woodfoster@sbgdf.com)

Paul M. Sod, Esq.
337 R Central Avenue
Lawrence, NY 11559
(Paulmsod@gmail.com)

Jonathan B. Alper. Esq.
274 Kipling Court
Heathrow. FL 32746
tJalper@alperlaw.com)

*Counsel for Plaintiffs*

Jeffrey S. Klein, Esq.
Nicholas J. Pappas. Esq.
Martin Geagan, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Jeffrey.Klein@weil.com
nicholas.Papas@weil.com
Martin.Geagan@weil.com

*Counsel for Defendants*

## OBJECTORS AND OBJECTOR'S COUNSEL
### SERVICE BY E-MAIL OR FIRST CLASS MAIL

Ms. Phyllis Deets (pdeets@gmail.com)
2512 Chambers Road 202
Tustin, CA 99737

*Objector*

Earnest W. Wotring, Esq.
Connelly Baker & Wotring LLP
700 JP Morgan Chase Tower
600 Travis Street
Houston TX 77002
ewotring@connellybaker.com

Susan J. Levy, Esq.
40 East 10TH Street - Suite 2K
New York, NY 10003
Susanjlevy@aol.com

*Counsel to American Surgical Assistants*

Thomas E. Chase, Esq.
Rottenberg Lipman Rich, PC
369 Lexington Avenue
New York, NY 10017
tchase@rlrpclaw.com

*Counsel to Arizona Chiropractic Society et al.*

Scott Odierno, Esq.
Odierno Law Firm
560 Broad Hollow Road - Suite 102
Melvill, NY 11747

*Counsel to Benzion Benatar, M.D.*

Ms. Donna Corrow
303 South Prospectors Road
Apache Junction, AZ 85119
*Objector*

Carmen S. Giordano, Esq.
100 Church Street - Rm. 6-104
New York, NY 10007
carmen@csgiordano.com

*Counsel to Theresa DiCamillo*

Darron L. Tooch, Esq.
Glenn E. Solomon, Esq.
John A. Mills, Esq.
Hooper, Lundy & Bookman, PC
1875 Centruy Park East - Suite 1600
Los Angeles, CA 90067-2517
Dtooch@health-law.com
Gsolomon@health-law.com
jmills@health-law.com

*Counsel to Tarzana & Downey*

Forrest S. Turkish, Esq.
Law Office of Forrest S. Turkish
595 Broadway
Bayonne, NJ 07002

Edward F. Siegel, Esq.
27600Chagrin Blvd
Cleveland, OH 44122
efsiegel@efslaw.com

*Counsel to Steven Emmet, M.D. et al.*

Ms. Martha Frazer
253 W. 256TH Street
Bronx, NY 10471

*Objector*

George & Rita Goodwine
2121 Lakeshore Drive
Monteagle, TN 37356

*Objector*

Tom Cox, Esq.
4934 Tremont
Dallas, TX 75214
tom@coxlegal.com

*Counsel to Janis Johnson*

Myron Pavlon-Blum
350 Central Park West
New York, NY 10025

Thomas A. Crosley, Esq.
755 E. Mulberry-Suite 250
San Antonio, TX 78212

*Counsel to Samanth Rodriguez*

Ms. Charmain Schuh
714 W. Cleveland Lane
Lafayette, CO 80026

John J. Pentz, Esq.
2 Clock Tower Place -Suite 440
Maynard MA 01754
clasaxn@earthlink.com

Edward W. Cocchran Esq.
2003 Marchmont Road
Shaker Heights, OH 44122
edwardcochran@wowway.com

*Counsel to Jeffrey Sinclair et al.*

Ms. Philippa H. Solomon
9 Marshall Drive
Edison, NJ 08819

*Objector*

Karen P. Klindt, Paralegal
University of Rochester Medical Center
175 Corporate Woods
Bld 175 - Suite 110
Rochester, NY 14623

*Counsel to University of
Rochester Medical Center*

Mr. Samuel Juniper
506 McNeil Avenue
Point Pleasant, WV 25550-1723

*Objector*

Niki W. Johnson
3141 Hood Street - Suite 200
Dallas, TX 75219

Terry W. Jones
P.O. Box 32
Brooker, FL 32622

Don Kozich
601 No. Rio Vista Blvd-Suite #113
Ft. Lauderdale, FL 33301

Robert K. Erlanger, Esq.
122 East 42ND Street-Suite 519
New York, NY 10168

*Counsel to Richard Neitzel, et al.*

Mr. Wesley T. Fortune
Fortune Huff Law LLC
777 Cherry Hill drive
Pickerington, OH 43147
wes@walkerlawohio.com

# UNITED STATES COURT OF APPEALS
### for the
### SECOND CIRCUIT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of February, two thousand and eleven,

Matthew Crema, Edward F. Mitchell, Jr., Clifford E., Michele S. Wilson, individually and on behalf of all others similarly situated, David Finley, Colleen Finley, S. Joseph Domina, Theresa DiCamillo, Sandra Taylor, individually and on behalf of all others similarly situated, Peter Oborski, Helene Coull, Michael Grisham, Susie Grisham, Paul Steinberg

Plaintiffs - Appellees,

American Medical Association, Medical Society of the State of New York, M.D. Michael J. Attkiss, individually and on behalf of all others similarly situated, Missouri State Medical Association, M.D. John Marcum, M.D. William B. Ericson, Jr.,

Plaintiffs - Counter Defendants - Appellees,

Richard Neitzel, Marc Risse, Laura Fortman,

Intervenors - Plaintiffs - Appellees-Cross-Appellants,

Toby Ann Stavisky, Cynthia Falk, Mary Gilmartin, Janet Stravitz, Gail Temple,

Intervenors - Plaintiffs - Appellees,

v.

**ORDER**
Docket Number: 10-3996

Tara Castaldo, Brian Crouch, Steven R Lippy, Richard
Matt, Daniel E. Rocker, Richard D. Wallace, M..D
Steven Emmet, Jeffrey Sinclair, Anne Cheh-Falb, Mark
Nykaza, David Mikolay,

  ADR Providers - Appellants,

Charmain Schuh, Gleith Cozby,

  Objectors - Appellants,

Metropolitan Life Insurance Company, United
Healthcare Services, Inc., United Health Group
Incorporated, United Healthcare of the Midwest, Inc.,
United Healthcare Services of Minnesota, Inc., Ingenix,
Inc.,

  Defendants - Appellees,

United Healthcare Corporation, United Healthcare
Insurance Company, United Healthcare Insurance
Company of New York, American Airlines,
Incorporated,

  Defendants - Counter Claimants - Appellees.

---

    APPELLANT Gleith Cozby has filed a scheduling notification pursuant to the Court's
Local Rule 31.2, setting 03/30/2011 as the brief/joint appendix filing date.

    The scheduling notification hereby is so ordered.

                            For The Court:

                            Catherine O'Hagan Wolfe,
                            Clerk of Court



# MANDATE

> 1 : 00-cv-2800
> Trial Judge: Lawrence M. McKenna

## UNITED STATES COURT OF APPEALS
### FOR THE
### SECOND CIRCUIT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of March, two thousand and eleven,

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:
> DATE FILED: March 28, 2011

Matthew Crema, Edward F. Mitchell, Jr., Clifford E., Michele S. Wilson, individually and on behalf of all others similarly situated, David Finley, Colleen Finley, S. Joseph Domina, Theresa DiCamillo, Sandra Taylor, individually and on behalf of all others similarly situated, Peter Oborski, Helene Coull, Michael Grisham, Susie Grisham, Paul Steinberg

Plaintiffs - Appellees,

American Medical Association, Medical Society of the State of New York, M.D. Michael J. Attkiss, individually and on behalf of all others similarly situated, Missouri State Medical Association, M.D. John Marcum, M.D. William B. Ericson, Jr.,

Plaintiffs - Counter Defendants - Appellees,

Richard Neitzel, Marc Risse, Laura Fortman,

Intervenors-Appellants,

Toby Ann Stavisky, Cynthia Falk, Mary Gilmartin, Janet Stravitz, Gail Temple,

Intervenors - Plaintiffs - Appellees,

v.

**ORDER**
Docket Number(s): 10-3996
10-4807
10-4416
10-4669
10-4627

# MANDATE ISSUED ON 03/25/2011

Tara Castaldo, Brian Crouch, Steven R Lippy, Richard
Matt, Daniel E. Rocker, Richard D. Wallace, M..D
Steven Emmet, Jeffrey Sinclair, Anne Cheh-Falb, Mark
Nykaza, David Mikolay,

ADR Providers - Appellants,

Charmain Schuh, Gleith Cozby,

Objectors - Appellants,

Metropolitan Life Insurance Company, United
Healthcare Services, Inc., United Health Group
Incorporated, United Healthcare of the Midwest, Inc.,
United Healthcare Services of Minnesota, Inc., Ingenix,
Inc.,

Defendants - Appellees,

United Healthcare Corporation, United Healthcare
Insurance Company, United Healthcare Insurance
Company of New York, American Airlines,
Incorporated,

Defendants - Counter Claimants - Appellees.

---

The parties in the above-referenced case have filed a stipulation withdrawing this appeal
pursuant to FRAP 42. Each party has submitted a separate electronically signed counterpart
reflecting the negotiated terms of the stipulation.

The stipulations are hereby "So Ordered".

For The Court:

Catherine O'Hagan Wolfe,
Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals Second Circuit

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

THE AMERICAN MEDICAL ASSOCIATION, et al.,

                  Plaintiffs,

        -against-

UNITED HEALTHCARE CORPORATION, et al.,

                Defendants

Master File No.

00 Civ. 2800 (LMM)(GWG)

### DECLARATION OF GLEITH COZBY

BEFORE ME, the undersigned Notary Public, personally appeared Gleith Cozby having been sworn, testified and deposed as follows:

My name is Gleith Cozby. I am over the age of 18 and am fully competent and authorized to make this declaration. The matters stated herein are within my personal knowledge and are true and correct.

1. I have lived at my current address for less than one year. For a significant part of the class period, I was married to William E. Baldridge and my name was Gleith Baldridge. We submitted health claims under those names.

2. The assertion that I have asserted no health claims during the class period is incorrect. For example, my daughter Brooke was born in January of 2005. My treatment for that pregnancy and birth were submitted to one or more of the defendants.

Declaration of Gleith Cozby

Page 1

3.  I have never previously objected to a class action settlement.  I am not a

    serial objector.

4.  I cannot afford to pay a $60,000.00 bond.

5.  My annual salary is $53,000.00

6.  I am a single mother with three minor children.

7.  I have approximately $500.00 in a checking or savings account. I do not

    have any stocks, bonds or other liquid investments.

8.  I rent a home.

GLEITH COZBY

SUBSCRIBED AND SWORN before me this 3rd day of January, 2011.

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

Adrienne Hickey
Typed Printed Name of Notary Public

My Commission Expires:

3/27/2011



ADRIENNE HICKEY
Notary Public, State of Texas
My Commission Expires
March 27, 2011

Declaration of Gleith Cozby

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO. 13-033620 CA 01

LADY J. SUAREZ and GUSTAVO
E. OLIVA,

           Plaintiffs,

v.

ANHEUSER-BUSCH COMPANIES,
LLC,

           Defendant.

_____/

CLASS REPRESENTATION

COMPLEX BUSINESS LITIGATION DIV.

## OBJECTION OF DENNIS D. GIBSON & GLEITH E. COZBY
## TO SETTLEMENT

Dennis Gibson and Gleith Cozby are settlement class members. They have executed and submitted their claim forms. They purchased Kirin beer during the Class Period. Gibson and Cozby have not opted out of the settlement. Thus, they have standing to bring this objection. Gibson and Cozby will not attend the Fairness Hearing.

### Plaintiffs' Case

Plaintiffs brought this action against Defendant, on behalf of themselves and all other persons who, from October 25, 2009 up to and including December 17, 2014 (the "Class Period"), purchased in the United States for consumption and not resale bottles and/or cans of Kirin Ichiban beer or Kirin Light beer. Plaintiffs have alleged that Anheuser-Busch Companies, LLC ("A-B") misrepresented to consumers that Kirin Ichiban and Kirin Light beers are brewed in and imported from Japan. Plaintiffs allege that these beers are in fact domestically brewed but

Page 1

priced as a premium imported beer. Plaintiffs maintain that Defendant's actions constitute

violations of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201-501.2101.

Plaintiffs claim that Defendant was unjustly enriched by said conduct.

### Class Certification Issues

The proposed classes are overbroad. The desire to resolve a case by settlement cannot

overcome the predominance requirement. A settlement also does not relieve a district court of

its duty to perform a robust analysis of the plaintiffs' predominance showing. *In re Grand*

*Theft Auto Video Game Consumer Litigation,* 251 F.R.D. 139, 156 (S.D.N.Y. 2008).

It is correct that, when confronted with a request for settlement only certification, a

district court need not inquire whether a case, if tried, would present intractable management

problems, for the proposal is that there would be no trial. *Amchem Prods. Inc. v. Windsor, 521*

*U.S. 591, 620* (1997). The manageability problems that a plaintiff typically faces in a multi—

state class are providing jury instructions capable of being understood by a jury and a trial plan

that adequately sets forth how the trial will proceed. *In re Prempro Products Liability Litigation,*

*230* F.R.D. *555, 568* (E.D. Ark. *2005).* Objectors do not challenge the class certification at issue

on appeal based on management issues. There are no management issues in this objection.

With the exception of manageability issues, the certification standards are the same for

a settlement class as if the court were certifying the class for litigation because, under

*Amchem,* manageability is the *only* aspect of class certification that is different in *any other*

*way* from certifying a litigation class. *Amchem, 521* U.S. at 620.

Predominance measures whether the class is sufficiently cohesive to warrant certification.

Id. at 623. In determining whether class or individual issues predominate in a putative class

action suit, a court must take into account the claims, defenses, relevant facts, and applicable

substantive law. *Klay v. Humana*, 382 F.3d 1241, 1254 (1 1th Cir. 2004) (emphasis added)

(citing *Castano v. American Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996)).

## Plaintiffs' Motion For Preliminary Approval

Plaintiffs' class certification analysis regarding predominance is as follows:

> The predominant issues raised by Plaintiffs and the Class, all susceptible to common proof, include the allegedly deceptive A-B conduct in labeling, packaging, and marketing Kirin Beer as a Japanese imported beer; and A-B's monetary gains as a direct result of that deception. Moreover, courts have certified claim under FDUTPA, holding that individual proof of reliance is not required in class actions under FDUTPA. See, e.g, *Turner Greenberg Assocs. v. Pathman*, 885 So. 2d 1004 (Fla. 4th DCA 2004) ("[A] demonstration of reliance by an individual consumer is not necessary in the context of FDUTPA."); *Fitzpatrick v. General Mills, Inc.*, 263 F.R.D. 687, 693 (S.D. Fla. 2010) (under FDUTPA, a plaintiff "may rely on any evidence concerning that message, including advertisements to which he or she was not personally exposed.") *see also Nelson v. Mead Johnson Nutrition Co.*, 270 F.R.D. 689, 692 & n.2 (S.D. Fla. 2010) (noting that deceptive marketing may injure consumers even without individual reliance upon misrepresentations); *Roggenbuck Trust v. Dev. Res. Group, LLC*, 505 F. App'.x 857, 862 (11th Cir. 2013) ("a plaintiff need not prove [actual] reliance on the allegedly false statement to recover damages under FDUPTA, but rather a plaintiff must simply prove that an objective reasonable person would have been deceived.") (alteration in original); *State Office of the Attorney Gen., Dep't of Legal Affairs v. Commerce Commercial Leasing, LLC*, 946 So. 24 1253, 1258 (1st DCA 2007) ('A deceptive or unfair trade practice constitutes a somewhat unique tortious act because, although it is similar to a claim of fraud, it is different in that, unlike fraud, a party asserting a deceptive trade practice claim need not show actual reliance on the representation or omission at issue,"); *Latman v. Costa Cruise Lines, N.V.*, 758 So. 2d 699, 703 (Fla. 3d DCA 2000) (holding that consumers could recover for false port charges even where "the consumers paid no attention to the sales tax amount").

## The FDUPTA Does Not Apply To Most Class Members

A-B is headquartered in Missouri. Kirin beer is brewed in Los Angeles, California and Williamsburg, Virginia. Consumers who purchased Kirin in a state other than Florida would not be governed by the FDUPTA. *Montgomery v. New Piper Aircraft, Inc.* 209 F.R.D. 221 (S.D. Fl. 2001).

## There Is No Predominance For A National Class

*In re Sears, Roebuck & Co., Tools Mktg. and Sales Pratices Litig.*, 2007 U.S. Dist. LEXIS 89349, 2007 WL 4287511 *9 (N.D. Ill. 2007) is a virtual mirror of this case and shows why class certification of a national class is not appropriate for this case. In *Sears,* the Defendant sold a line of tools under its proprietary "Craftsman" brand and promoted the brand as being made in the United States. Sears also advertised Craftsman tools as being of higher quality because they were made in America by "American workers." *Id.* at *3.

Plaintiffs alleged that Sears's "Made in USA" claim was deceptive because many, if not most, Craftsman tools were foreign-made or contained significant foreign components. *Id.* at *3-4. Plaintiffs contended that Sears violated Federal Trade Commission ("FTC") guidelines, which provide that "manufacturers and marketers should not indicate, either expressly or implicitly, that a whole product line is of U.S. origin when only some products in the product line are made in the U.S. according to the 'all or virtually all' standard." *Id.* at *4. In plaintiffs' view, Sears exploited consumers' patriotism and desire to buy domestically-produced goods and to support American workers and the American economy. The "Made in USA" claim enabled Sears to sell Craftsman tools at inflated prices. *Id.*

The Plaintiff sought to certify a nationwide class. *Id.* at *8. The Court denied the motion, finding that a serious problem with plaintiffs' class definition was its overbreadth. *Id.* at *13.

Page 4

The district court noted that the Seventh Circuit held that a proposed [*14] class was not sufficiently identifiable or definite. *Id.* at *14, citing *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514-15 (7th Cir. 2006). In *Oshana*, the Plaintiff complained that the Coca-Cola Company ("Coke") deceived consumers of Diet Coke in Illinois by failing to disclose that fountain Diet Coke and bottled Diet Coke were not the same product. *Id.* at 509. Like the *Sears* plaintiffs, *Oshana* asserted claims for unjust enrichment and statutory consumer fraud. The Seventh Circuit observed that both of these claims required proof that the plaintiff was deceived in some manner. *Id.* at 513-15. The proposed class was defined as "[a]ll individuals who purchased for consumption and not resale fountain Diet Coke in Illinois from March 12, 1999 through the date of entry of an order certifying the class." *Id.* at 510. The district court determined, and the Seventh Circuit agreed, that the class definition was improper because membership in the proposed class required only the purchase of a fountain Diet Coke during a certain period of time, explaining as follows:

> Such a class could include millions who were not deceived and thus have no grievance under the [Illinois Consumer Fraud and Deceptive Practices Act]. Some people may have bought fountain Diet Coke because it contained saccharin, and some people may have bought fountain Diet Coke even though it had saccharin. Countless members of Oshana's putative class could not show any damage, let alone damage proximately caused by Coke's alleged deception.

*Id.* at 514.

The Court in *Sears* noted that the putative class would include people who (1) bought Craftsman tools but never saw any Craftsman advertising; (2) bought Craftsman tools but never saw advertising representing that the tools were made in the United States; and (3) bought Craftsman tools with the knowledge that those tools were not made in the United States. *Sears*, 2007 U.S. Dist. LEXIS 89349 at *15. The court found that none of those class members could prove deception. *Id.* at *16. The Court noted that this deficiency doomed class certification. *Id.*

The Sears Court also discussed plaintiffs' unjust enrichment claims. The Plaintiffs contended that the elements of unjust enrichment "focus entirely upon Defendant's uniform scheme of misleading conduct relating to the origin of its Craftsman products." *Id.* at *26. In plaintiffs' view, they were required to show merely that they conferred a benefit on Sears, Sears knew of the benefit, and Sears unjustly retained the benefit. Based on this analysis, plaintiffs argued that they would prove unjust enrichment with common evidence because they simply have to show Sears's knowledge and conduct, which was the same evidence for all class members, and that plaintiffs purchased Craftsman products that were not all or virtually all made in the United States, "which permitted Defendant to garner unjust profits." *Id.* Plaintiffs maintained that "Sears knew of the benefit conferred upon it by Plaintiffs and other consumers through the premium prices Plaintiffs and other consumers paid for Sears' Craftsman products due to Sears' marketing and advertising that all Craftsman products are made in the USA." *Id.*

The *Sears* court provided that "in spite of the Seventh Circuit's statement in *Oshana* that deception must be proven where it is the basis for an unjust enrichment claim, see 472 F.3d at 515, and in spite of the previous ruling that at least under Illinois law the unjust enrichment claims require proof of fraud, see *In re Sears, Roebuck & Co. Tools Marketing & Sales Practices Litigation*, Nos. 05 C 4742, 05 C 2623, 2006 U.S. Dist. LEXIS 92169, 2006 WL 3754823, at *4 (N.D. Ill. Dec. 18, 2006), plaintiffs persist in arguing that their unjust enrichment claims do not require proof of deception. Plaintiffs cite no case law in support of their position, and it is rejected." *Id.* at *26-27.

The *Sears* court provided Plaintiffs' unjust enrichment claim was based on wrongful conduct--fraud. Generally speaking, then, plaintiffs would have to demonstrate that they were deceived by Sears's advertising and marketing; that as a result, they conferred a benefit on Sears;

Page 6

and that it would be unjust for Sears to retain that benefit. *Id.* at *27-28. Thus, each plaintiff was exposed to a different representation or mix of representations. Moreover, plaintiffs will have to demonstrate causation--a link between the alleged deception and the enrichment. Plaintiffs argue that they will rely on proof that class members paid a premium for Craftsman products as a result of the deception, evidently trying to avoid the complication that proving each class member's motivation for buying Craftsman products would be highly individualized. But regardless of what prices were paid, it would be necessary to show that each class member purchased the tool and paid the price as a result of defendant's deception. *Id.* at *28.

The Court found that proof of unjust enrichment involved individualized issues of deception and causation and that these issues outweighed any common issues. *Id.* at *31. For similar reasons, a nationwide class is not appropriate in this case.

Analyzing variations among the applicable state law standards is an essential element of the predominance inquiry. *See, e.g., In re American Medical Systems, Inc.,* 75 F.3d 1069. 1085 (6th Cir. 1996); *Walsh v. Ford Motor Co.,* 807 F.2d 1000, 1017 (D.C. Cir. 1986). In this case, the differences in state law are not minor; they are material. Variances exist in state common laws of unjust enrichment. The actual definition of 'unjust enrichment varies from state to state. Some states do not specify the misconduct necessary to proceed, while others require that the misconduct include dishonesty or fraud. Other states only allow a claim of unjust enrichment when no adequate legal remedy exists. Many states, but not all, permit an equitable defense of unclean hands. Those states that permit a defense of unclean hands vary significantly in the requirements necessary to establish the defense. *Clay v. American Tobacco Co.,* 188 F.R.D. 483, 501 (S.D. Ill. 1999). Moreover, consumers who continued to purchase Kirin after knowing that

Kirin was brewed in the U.S. do not have an unjust enrichment claim. *Vaccariello v. XM Satellite Radio, Inc.*, 295 F.R.D. 62, 75 (S.D.N.Y. 2011).

Fraud claims are particularly unsuitable for class certification. The Supreme Court of Illinois applying Illinois law ruled in *Price v. Philip Morris, Inc.*, 848 N.E.2d 1 (In. 2005), that each member of the class must prove that he or she was deceived: "[T] meet the causation element of a Consumer Fraud Act claim, the members of the class must have actually been deceived in some manner by the defendant's alleged misrepresentations of fact." Id. at 52. In this case, there is no showing that all class members saw, heard, or read any of the Defendants' advertisements, let alone were deceived by them. Decisions in which courts have refused to certify similar claims for class treatment are commonplace. See *Thorogood v. Sears Roebuck & Co.*, 547 F.3d 742, 747-48 (7th Cir. 2008) (predominance necessary to certify class action did not exist for sales of clothes dryer allegedly deceptively labeled and advertised as containing stainless steel drum and "resists rust" in violation of states' consumer protection laws); *In re Light Cigarettes Marketing Sales Practices Litig.*, 2010 WL 4901785, at *13 (D. Me. 2010) (whether a class member was damaged because of the defendants' false advertising was an individualized inquiry that could not be proved on a classwide basis); *Benedict v. Altria Group, Inc.*, 241 F.R.D. 668, 679 (D. Ran. 2007) (under the Kansas Consumer Protection Act, plaintiff must show reliance by each class member to prevail). A nationwide class cannot be properly certified in this case.

## Attorneys' Fees

Where, as here, a class action has been certified specifically for the purpose of settlement, "the district judge has a heavy duty to ensure that any settlement is 'fair, reasonable, and adequate' and that the fee awarded plaintiffs' counsel is entirely appropriate." *Piambino v.*

*Bailey*, 757 F.2d 1112, 1138 (11th Cir. 1985). That scrutiny includes determining what is real value and what is illusion created to mask the relative payment of the class counsel as compared to the amount of money actually received by the class members. *Feder v. Frank (In re HP Inkjet Printer Litig.)*, 716 F.3d 1173, 1179 (9th Cir. 2013).

The settling parties have designed a claims-made settlement which requires class members to submit claim forms in order to receive settlement payments.

Claims rates in claims-made consumer settlements are extremely low. Hypothetical benefits are not actual class benefits, and a settlement should be valued by the amount the class actually receives. Notes of Advisory Committee on 2003 Amendments to Rule 23 ("it may be appropriate to defer some portion of the fee award until actual payouts to class members are known" (emphasis added)); *Id.* ("fundamental focus is the result actually achieved for class members" (emphasis added); *Id.* (citing 15 U.S.C. §§ 77z-1(a)(6); 78u-4(a)(6) (fee award should not exceed a "reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class" (emphasis added))). Federal Judicial Center, *Manual for Complex Litigation* (Fourth) § 21.71 (2004) ("In cases involving a claims procedure..., the court should not base the attorney fee award on the amount of money set aside to satisfy potential claims. Rather, the fee awards should be based only on the benefits actually delivered."); cf. *Dennis v. Kellogg Co.*, 697 F.3d 858, 868 (9th Cir. 2012) (chronicling problem of "fictitious" fund valuations that "serve only the 'self-interests' of the attorneys and the parties, and not the class.").

In *Eubank v. Pella Corp*, 753 F.3d 718 (7th Cir. 2014), on the basis of an expert report calculating the hypothetical maximum number of claims that could be made, the district court found that the settlement relief was worth $90 million, and concluded that the settlement and its $11 million attorney award was thus fair. *Id.* at 723. But *Eubank* criticized the district court for

failing to look at the number of claims that would actually be made and succeed: "without such an estimate no responsible prediction of the value of the settlement to the members of the class could be made." *Id.*

In the Third Circuit's *Baby Products*, the parties created a $35.5 million settlement fund where the attorneys collected $14 million for themselves. 708 F.3d at 169. The Third Circuit reversed: the district court failed to meet its affirmative obligation to consider the class's actual recovery, and the appeals court's own questioning revealed the class received less than $3 million. *Id.* at 170, 174. "[I]f the parties have not on their own initiative supplied the information needed to make the necessary findings, the court should affirmatively seek out such information." *Id.* at 174. The failure to do so meant that the district court had failed to consider whether class counsel had "adequately prioritize[d] direct recovery," requiring reversal of settlement approval and the accompanying attorney award. *Id.* at 178.

Based on the low value relief available, the claims rate may be very low. *See Spillman v. RPM Pizza, LLC.*, No 10-349-BAJ-SCR, 2013 U.S. Dist. LEXIS 72947. At *8 (M.D. La May 23, 2013) (.27% claims rate for $15 max claim); *Lagarde v. Support.com, Inc.*, No. 12-0609 JSC, 2013 U.S. Dist. LEXIS 67875 at *7 (N.D.Cal. May 13, 2013) (claims rate); *Livingsocial*, 2013 U.S. Dist. LEXIS 40059, at *52 (.25% claims rate); see also *Sullivan v. DB Invs., Inc.* 667 F.3d 273, 329 n.60 (3d Cir. 2011)(en banc)(noting evidence that "consumer claim filing rates rarely exceed seven percent, even with the most extensive notice campaigns.")

The proper evaluation of the settlement is what the class actually receives. See Notes of Advisory Committee on 2003 Amendments to Rule 23 ("it may be appropriate to defer some portion of the fee award until actual payouts to class members are known" (emphasis added)); *Id.* ("fundamental focus is the result actually achieved for class members" (emphasis added); *Id.*

Page 10

(citing 15 U.S.C. § 77z-1(a)(6); 78u-4(a)(6) (fee award should not exceed a "reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class" (emphasis added))). *See also ALI Principles* § 3.13; Federal Judicial Center, Manual for Complex Litigation (Fourth) 21.71(2004) ("the fee awards should be based only on the benefits actually delivered."). "[N]umerous courts have concluded that the amount of the benefit conferred logically is the appropriate benchmark against which a reasonable common fund fee charge should be assessed." *In re Prudential Ins. Co. America Sales Practices Litig.*, 148 F.3d 283, 338 (3d Cir. 1998). The "key consideration in determining a fee award is reasonableness in light of the benefit actually achieved" *HP Inkjet*, 716 F.3d at 1177 (9th Cir. 2013) (emphasis added) (internal citation and quotation omitted). "[T]he actual benefit provided to the class is an important consideration when determining attorneys' fees." *In re Baby Products Antitrust Litig.*, 708 F.3d 163, 179 n.13 (3d Cir. 2013); *Bluetooth*, 654 F.3d 3d at 943 (reversing and remanding after district court failed to make comparison between attorney award and value of settlement benefit to class); *cf Dennis*, 697, F.3d at 868 (instructing that settlement valuation "must be examined with great care to eliminate the possibility that it serves only the 'self interests' of the attorneys and the parties, and not the class by assigning a dollar number to the fund that is fictitious").

The settlement also provides prospective injunctive relief. The calculation of attorneys' fees based upon a percentage of the settlement including value placed on prospective relief is erroneous.

## CONCLUSION

Dennis D. Gibson and Gleith E. Cozby respectfully request that this settlement class not be certified and the attorneys' fees be a reasonable percentage in proportion to the amount actually distributed to the class.

_____

Dennis D. Gibson
4925 Greenville, Suite 200
Dallas, Texas 75206
(214) 292-6627

_____

Gleith E. Cozby
7402 Marquette
Dallas, Texas 75225
(214) 577-5436

A true copy of the foregoing has been served via Federal Express and *CMRRR* on March 25, 2015.

Clerk of the Court
Eleventh Judicial Circuit Court
73 W. Flagler Street, Suite 242
Miami, Florida 33130

Thomas A. Tucker Ronzetti, Esq.
KOZYAK, TROPIN & THROCKMORTON, LLP
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, Fl. 33134

Stanley H. Wakshlag
KENNY NACHWALTER, P.A.
201 South Biscayne Blvd., Suite 1100
Miami, Florida 33131-4327

# PLEWS SHADLEY RACHER & BRAUN LLP
## ATTORNEYS AT LAW

GEORGE M. PLEWS [1]
PETER M. RACHER
CHRISTOPHER J. BRAUN [1,2]
DAVID E. JOSE
JEFFREY D. CLAFLIN
FREDERICK D. EMHARDT
S. CURTIS DEVOE
JEFFREY D. FEATHERSTUN
JOHN M. KETCHAM [1,3]
ALEXANDRA S. SYLVIA [4]
BRETT E. NELSON [5]
JOHN D. MORIARTY
AMY E. ROMIG [6]
TODD J. JANZEN
GREGORY M. GOTWALD
JONATHAN P. EMENHISER
THAO T. NGUYEN [9]
TONYA J. BOND [1]
STEPHANIE T. ECKERLE
TODD G. RELUE [8]

SENIOR COUNSEL:
SUE A. SHADLEY
JOHN B. BRIDGE
JEFFREY A. TOWNSEND

OF COUNSEL:
CHRISTINE C.H. PLEWS
MARY ANN F. SAGGESE [6]
F. RONALDS WALKER [1,7]
ANGELA M. GREEN [3]

1346 NORTH DELAWARE STREET
INDIANAPOLIS, INDIANA 46202-2415
TELEPHONE (317) 637-0700
FACSIMILE (317) 637-0710

53732 GENERATIONS DRIVE
SOUTH BEND, INDIANA 46635-1539
TELEPHONE (574) 273-1010
FACSIMILE (574) 271-2050

www.psrb.com

SENDER'S E-MAIL: cbraun@psrb.com

AUGUST 18, 2015

THERESA M. WILLARD [1]
SHELLEY M. JACKSON
DANIEL P. CORY
JOSH S. TATUM
COLIN E. CONNOR
SEAN M. HIRSCHTEN
MATTHEW D. NEUMANN
ASHLEY N. OSAR [7]
JUSTIN A. ALLEN
RYAN T. LEAGRE

[1] REGISTERED MEDIATOR
[2] ALSO ADMITTED IN THE
 DISTRICT OF COLUMBIA
[3] ALSO ADMITTED IN MICHIGAN
[4] ALSO ADMITTED IN KENTUCKY
[5] REGISTERED TO PRACTICE
 BEFORE THE U.S. PATENT
 AND TRADEMARK OFFICE
[6] ALSO ADMITTED IN VIRGINIA
[7] ALSO ADMITTED IN ILLINOIS
[8] ALSO ADMITTED IN NORTH CAROLINA
[9] ALSO ADMITTED IN CALIFORNIA

Ms. Gleith E. Cozby
7402 Marquette St.
Dallas, TX 75225-4519

Re:   *Robert Kolinek v. Walgreen Co.*, Case No. 1:13-cv-04806
      N.D. Illinois: Fee Agreement

Dear Ms. Cozby:

This letter (hereinafter "Agreement") sets forth the terms on which Plews Shadley Racher & Braun LLP ("PSRB") is willing to represent you with respect to your interests in the above-referenced class action litigation pending in the Northern District of Illinois (the "Matter"). If you agree to these terms, please sign the signature page below and return an original to me, keeping a copy for your records. Unless otherwise agreed to in writing by us, the following terms shall control our relationship.

Gleith Cozby
August 19, 2015
Page 2 of 3

### *Performance of Services*

I will be primarily responsible for managing the engagement. My partner George Plews and associate Justin Allen will be assisting in the representation. In order to utilize appropriate expertise, we may from time to time assign certain tasks to other persons, including paralegals, employed or engaged by PSRB.

### *Fee Arrangement*

PSRB agrees to provide its legal services on a contingency fee basis. You will have no obligation to pay PSRB for any of its professional services unless there is a recovery. In the event of a recovery, you will pay PSRB 33.33% of any and all amounts recovered up through the district court's decision on the class action settlement. In the event there is an appeal taken of the district court's decision, you will pay PSRB 35% of any and all amounts recovered. "Amounts recovered" shall mean the total of all sums actually collected on account of a judgment or by way or compromise or settlement, including sums attributable to interest, punitive damages, or attorneys' fees.

PSRB will make all payments for expenses attributable to the Matter, including but not limited to: photocopying, postage, filing fees, facsimile charges, mileage, and research expenses. These expenses will be reimbursable to PSRB in the event of a recovery. Expenses paid or advanced by PSRB shall be reimbursed first out of any recovery, and the percentage divisions set forth above shall be applied to the remaining net amount.

### *Other Terms*

You have received a copy of this Agreement, have read it, and agree to its terms and conditions. You agree that PSRB has made no promises or guarantees regarding the outcome of the Matter. You further agree that there are no other written or oral agreements governing the relationship between you and PSRB. This Agreement shall be governed and interpreted in accordance with the laws of the State of Indiana. If you so desire you are welcome to review this fee agreement with another lawyer of your choosing to have this agreement independently reviewed.

You may terminate our representation at any time. Meanwhile, PSRB may withdraw from representation under several circumstances. For instance, the

Gleith Cozby
August 19, 2015
Page 3 of 3

Rules of Professional Conduct allow us to seek withdrawal from representation where we discover that a client seeks our assistance to engage in criminal or fraudulent conduct, where continued representation of the client will result in violation of the Rules, where the client insists on pursuing an objective that we consider repugnant or imprudent, where the client fails substantially to fulfill an obligation to the lawyer, or where other good cause for withdrawal exists. At the time of this Agreement, we are not aware of a conflict of interest regarding this matter with clients of PSRB. In the event we become aware of a conflict of interest, we will notify you and may withdraw our representation of you.

We sincerely appreciate being asked to represent you. We will strive to obtain the best possible result in this Matter in a timely, cost-effective manner. In the meantime, please do not hesitate to contact me if you have any questions regarding our representation. We look forward to working with you.

Very truly yours,

/s/ Christopher J. Braun

ACKNOWLEDGED AND AGREED:

Gleith Cozby
NAME

8-19-15
DATE

**Gleith Cozby**

| | |
|---|---|
| **From:** | Rendee Bullard <Rendee@ipnav.com> |
| **Sent:** | Thursday, July 02, 2015 6:12 PM |
| **To:** | Gleith Cozby |
| **Subject:** | RE: Filed the walgreens claim for mom too |

XO

Let me know what we are doing for Nuggets bday!
Xx
R.

**Rendee Bullard   |   EVA to Erich Spangenberg**
Office: 214-438-0755  | Cell: 214-846-7147 | Fax: 866.473.9855  | Email: rendee@ipnav.com

**From:** Gleith Cozby [mailto:GCozby@lawgibson.com]
**Sent:** Thursday, July 02, 2015 5:58 PM
**To:** Rendee Bullard
**Cc:** gleithcozby@yahoo.com
**Subject:** Re: Filed the walgreens claim for mom too

Got it!

Sent from my iPhone

On Jul 2, 2015, at 5:55 PM, Rendee Bullard <Rendee@ipnav.com> wrote:

Your Claim Number is 600029885801. Please retain this number for your records.

Print
Case Code:
**WTT**
Date:
**Jul 2, 2015**

## CLAIMANT INFORMATION

**SHARON HUGHES
615 CHURCH ST
SULPHUR SPRINGS, TX 75482**
Contact phone number:
**(214) 683-3334**
Email Address:
**skbullard@yahoo.com**
Cellular Telephone Number at which you received Prerecorded Prescription

1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| Robert Kolinek, Individually and on behalf of a class of similarly situated individuals, | § § § § | Case No. 1:13-cv-04806 |
| Plaintiff, | § § | Honorable Matthew F. Kennelly |
| vs. | § § § | |
| Walgreen Co., an Illinois corporation, | § | |

### RESPONSES AND OBJECTIONS TO
### CLASS COUNSEL'S SUBPOENA AND RIDER TO SHARON HUGHES

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and the Court's August 12, 2015 Order, Sharon Hughes ("Hughes"), by counsel, hereby makes the following responses and objections to Plaintiff Robert Kolinek's ("Kolinek") Subpoena To Testify At a Deposition and the Subpoena Rider to Sharon Hughes.

### General Objections

1.    Hughes objects to the instructions and definitions to the extent they seek information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity prohibiting or exempting disclosure of the information. Hughes claims privilege with respect to all such documents and information.

2.    Hughes objects to the instructions and definitions to the extent they impose burdens or obligations greater than those required by the Federal Rules of Civil Procedure.

3.    Hughes objects to the instructions and definitions to the extent they seek information that is not within Hughes's custody and/or control or which is at least equally available to Kolinek.

4.      Each response to Kolinek's request for production is subject to these general objections, all of which are expressly preserved and not waived. Hughes's responses are framed on the basis of these objections.

5.      Hughes objects to each request for production to the extent that it seeks information not relevant to the facts of this case, information not reasonably calculated to lead to the discovery of admissible evidence, privileged information, materials prepared in anticipation of litigation, or information otherwise outside the scope and limits of discovery.

6.      Hughes bases her responses to Kolinek's request for production on the assumption that Kolinek does not intend to seek information protected by the attorney-client privilege, the work-product rule, or other applicable privileges or limitations. To the extent that Kolinek requests such information, Hughes objects and claims the privileges and protection specified above to the fullest extent provided by law.

7.      Hughes objects to each request for production to the extent that it contains certain terms that are vague, ambiguous, unspecific, and/or call for the production of such a great quantity of materials as to being impractical, unduly burdensome and oppressive.

8.      Hughes objects to each request to the extent it is compound.

9.      Hughes objects to each request to the extent it is duplicative of other requests.

10.      Discovery is continuing in this case. Consequently, Hughes expressly reserves the right to amend, alter, or supplement her responses as information and documents are discovered.

### Responses and Objections

1.      Any client retainer agreements between Plews Shadley Racher & Braun, LLP and YOU that RELATE TO this ACTION.

**RESPONSE:** Objection. This request seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence and seeks information and documents that are irrelevant to the issues in this case. Further, this request seeks documents which are confidential or protected by attorney-client privilege. Subject to, limited by and without waiving her general and specific objections, Hughes responds that no such documents are in her possession or control.

2. Any client retainer agreements between Plews Shadley Racher & Braun, LLP and YOU that RELATE TO any other class, derivative, or private attorney general action (whether or not certified as such), in any court or arbitration organization, in which YOU acted as an objector to a proposed settlement agreement.

**RESPONSE:** Objection. This request seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence and seeks information and documents that are irrelevant to the issues in this case. Further, this request seeks documents which are confidential or protected by attorney-client privilege. Subject to, limited by and without waiving her general and specific objections, Hughes responds that no such documents are in her possession or control.

3. All phone records or other DOCUMENTS that RELATE TO any telephone calls at issue in this ACTION received by YOU from or on behalf of the Defendant Walgreens Co.

**RESPONSE:** Objection. This request calls for documents which are a part of public record or are equally available to Class Counsel. Subject to, limited by and without waiving her general and specific objections, Hughes responds that no such documents are in her possession or control.

4. All non-privileged DOCUMENTS that support YOUR objection in this ACTION.

**RESPONSE:** Objection. This request calls for documents which are a part of public record or are equally available to Class Counsel. Subject to, limited by and without waiving her general and specific objections, Hughes responds that no such documents are in her possession or control.

5. All non-privileged DOCUMENTS, including all correspondence, between YOU and any person other than YOUR attorneys at Plews Shadley Racher & Braun, LLP that RELATE TO this ACTION.

**RESPONSE:** Objection. This request seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence. Further, this request seeks documents which are confidential or protected by attorney-client privilege. Subject to, limited by and without waiving her general and specific objections, Hughes responds that no such documents are in her possession or control.

6. All DOCUMENTS, including all correspondence, between YOU and Gleith Cozby, Rendee Bullard, and Christinna Oldham that RELATE TO YOUR objection in this ACTION.

**RESPONSE:** Objection. This request seeks documents which are confidential or protected by the attorney-client privilege. Subject to, limited by and without waiving her general and specific objections, Hughes responds that no such documents are in her possession or control.

7. All DOCUMENTs, including without limitation pleadings, motions, briefs, memoranda, declarations, affidavits, and orders filed by YOU or on YOUR behalf in any class, derivative, or private attorney general action (whether or not certified as such), in any court or arbitration organization, in which YOU acted as an objector to a proposed settlement agreement.

**RESPONSE:** Objection. This request seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence. Further, this request seeks documents which are confidential or protected by attorney-client privilege. In addition, this request calls for documents which are a part of public record or are equally available to Class Counsel. Subject to, limited by and without waiving her general and specific objections, Hughes responds that no such documents are in her possession or control.

8. All DOCUMENTS, including without limitation correspondence, notes of telephone conversations, telephone bills, and electronic mail, that evidence, refer, or RELATE TO any communications between YOU and YOUR attorneys at Plews Shadley Racher & Braun, LLP, that RELATE TO the subject matter of this ACTION that occurred before the existence of YOUR attorney-client relationship with the attorneys at Plews Shadley Racher & Braun, LLP.

**RESPONSE:** Objection. This request seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence. Further, this request seeks documents which are confidential or protected by attorney-client privilege. Subject to, limited by and without waiving her general and specific objections, Hughes responds that no such documents are in her possession or control.

Dated this 19th day of August, 2015.

/s/ Arthur J. Howe
**Howe Law LLC**
155 N. Wacker Dr.
Suite 450
Chicago, IL 60606-1750
Tel: (312) 600-8336
Fax: (312) 465-1395
howe@howe-llc.com

/s/Christopher J. Braun
Christopher J. Braun
IN Bar ID No. 19930-49
Justin A. Allen
IN Bar ID No. 31204-49
**Plews Shadley Racher & Braun LLP**
1346 N. Delaware St.
Indianapolis, IN 46202-2415
Tel: 317-637-0700
Fax: 317-631-0781
cbraun@psrb.com
jallen@psrb.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| Robert Kolinek, Individually and on behalf of a class of similarly situated individuals, | § § § § | Case No. 1:13-cv-04806 |
| Plaintiff, | § § | Honorable Matthew F. Kennelly |
| vs. | § § § | |
| Walgreen Co., an Illinois corporation, | § | |

## RESPONSES AND OBJECTIONS TO
## CLASS COUNSEL'S SUBPOENA AND RIDER TO CHRISTINNA OLDHAM

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and the Court's August 12, 2015 Order, Christinna Oldham ("Oldham"), by counsel, hereby makes the following responses and objections to Plaintiff Robert Kolinek's ("Kolinek") Subpoena To Testify At a Deposition and the Subpoena Rider to Christinna Oldham.

### General Objections

1.     Oldham objects to the instructions and definitions to the extent they seek information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity prohibiting or exempting disclosure of the information. Oldham claims privilege with respect to all such documents and information.

2.     Oldham objects to the instructions and definitions to the extent they impose burdens or obligations greater than those required by the Federal Rules of Civil Procedure.

3.     Oldham objects to the instructions and definitions to the extent they seek information that is not within Oldham's custody and/or control or which is at least equally available to Kolinek.

4.     Each response to Kolinek's request for production is subject to these general objections, all of which are expressly preserved and not waived. Oldham's responses are framed on the basis of these objections.

5.     Oldham objects to each request for production to the extent that it seeks information not relevant to the facts of this case, information not reasonably calculated to lead to the discovery of admissible evidence, privileged information, materials prepared in anticipation of litigation, or information otherwise outside the scope and limits of discovery.

6.     Oldham bases her responses to Kolinek's request for production on the assumption that Kolinek does not intend to seek information protected by the attorney-client privilege, the work-product rule, or other applicable privileges or limitations. To the extent that Kolinek requests such information, Oldham objects and claims the privileges and protection specified above to the fullest extent provided by law.

7.     Oldham objects to each request for production to the extent that it contains certain terms that are vague, ambiguous, unspecific, and/or call for the production of such a great quantity of materials as to being impractical, unduly burdensome and oppressive.

8.     Oldham objects to each request to the extent it is compound.

9.     Oldham objects to each request to the extent it is duplicative of other requests.

10.    Discovery is continuing in this case. Consequently, Oldham expressly reserves the right to amend, alter, or supplement her responses as information and documents are discovered.

### Responses and Objections

1.     Any client retainer agreements between Plews Shadley Racher & Braun, LLP and YOU that RELATE TO this ACTION.

**RESPONSE:** Objection. This request seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence and seeks information and documents that are irrelevant to the issues in this case. Further, this request seeks documents which are confidential or protected by attorney-client privilege. Subject to, limited by and without waiving her general and specific objections, Oldham responds that no such documents are in her possession or control.

2.    Any client retainer agreements between Plews Shadley Racher & Braun, LLP and YOU that RELATE TO any other class, derivative, or private attorney general action (whether or not certified as such), in any court or arbitration organization, in which YOU acted as an objector to a proposed settlement agreement.

**RESPONSE:** Objection. This request seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence and seeks information and documents that are irrelevant to the issues in this case. Further, this request seeks documents which are confidential or protected by attorney-client privilege. Subject to, limited by and without waiving her general and specific objections, Oldham responds that no such documents are in her possession or control.

3.    All phone records or other DOCUMENTS that RELATE TO any telephone calls at issue in this ACTION received by YOU from or on behalf of the Defendant Walgreens Co.

**RESPONSE:** Objection. This request calls for documents which are a part of public record or are equally available to Class Counsel. Subject to, limited by and without waiving her general and specific objections, Oldham responds that no such documents are in her possession or control.

4.    All non-privileged DOCUMENTS that support YOUR objection in this ACTION.

**RESPONSE:** Objection. This request calls for documents which are a part of public record or are equally available to Class Counsel. Subject to, limited by and without waiving her general and specific objections, Oldham responds that no such documents are in her possession or control.

5. All non-privileged DOCUMENTS, including all correspondence, between YOU and any person other than YOUR attorneys at Plews Shadley Racher & Braun, LLP that RELATE TO this ACTION.

**RESPONSE:** Objection. This request seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence. Further, this request seeks documents which are confidential or protected by attorney-client privilege. Subject to, limited by and without waiving her general and specific objections, Oldham responds that no such documents are in her possession or control.

6. All DOCUMENTS, including all correspondence, between YOU and Gleith Cozby, Rendee Bullard, and Sharon Hughes that RELATE TO YOUR objection in this ACTION.

**RESPONSE:** Objection. This request seeks documents which are confidential or protected by the attorney-client privilege. Subject to, limited by and without waiving her general and specific objections, Oldham responds that no such documents are in her possession or control.

7. All DOCUMENTs, including without limitation pleadings, motions, briefs, memoranda, declarations, affidavits, and orders filed by YOU or on YOUR behalf in any class, derivative, or private attorney general action (whether or not certified as such), in any court or arbitration organization, in which YOU acted as an objector to a proposed settlement agreement.

**RESPONSE:** Objection. This request seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence. Further, this request seeks documents which are confidential or protected by attorney-client privilege. In addition, this request calls for documents which are a part of public record and are therefore equally available to Class Counsel. Subject to, limited by and without waiving her general and specific objections, Oldham responds that no such documents are in her possession or control.

8.    All DOCUMENTS, including without limitation correspondence, notes of telephone conversations, telephone bills, and electronic mail, that evidence, refer, or RELATE TO any communications between YOU and YOUR attorneys at Plews Shadley Racher & Braun, LLP, that RELATE TO the subject matter of this ACTION that occurred before the existence of YOUR attorney-client relationship with the attorneys at Plews Shadley Racher & Braun, LLP.

**RESPONSE:** Objection. This request seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence. Further, this request seeks documents which are confidential or protected by attorney-client privilege. Subject to, limited by and without waiving her general and specific objections, Oldham responds that no such documents are in her possession or control.

Dated this 19th day of August, 2015.

/s/ Arthur J. Howe
**Howe Law LLC**
155 N. Wacker Dr.
Suite 450
Chicago, IL 60606-1750
Tel: (312) 600-8336
Fax: (312) 465-1395
howe@howe-llc.com

/s/Christopher J. Braun
Christopher J. Braun
IN Bar ID No. 19930-49
Justin A. Allen
IN Bar ID No. 31204-49
**Plews Shadley Racher & Braun LLP**
1346 N. Delaware St.
Indianapolis, IN 46202-2415
Tel: 317-637-0700
Fax: 317-631-0781
cbraun@psrb.com
jallen@psrb.com