# PLEWS SHADLEY RACHER & BRAUN LLP

## ATTORNEYS AT LAW

GEORGE M. PLEWS [1]
PETER M. RACHER
CHRISTOPHER J. BRAUN [1,2]
DAVID E. JOSE
JEFFREY D. CLAFLIN
FREDERICK D. EMHARDT
S. CURTIS DEVOE
JEFFREY D. FEATHERSTUN
JOHN M. KETCHAM [1,3]
ALEXANDRA S. SYLVIA [4]
BRETT E. NELSON [5]
JOHN D. MORIARTY
AMY E. ROMIG [4]
TODD J. JANZEN
GREGORY M. GOTWALD
JONATHAN P. EMENHISER
THAO T. NGUYEN [9]
TONYA J. BOND [1]
STEPHANIE T. ECKERLE
TODD G. RELUE [8]

SENIOR COUNSEL:
SUE A. SHADLEY
JOHN B. BRIDGE
JEFFREY A. TOWNSEND

OF COUNSEL:
CHRISTINE C.H. PLEWS
MARY ANN F. SAGGESE [6]
F. RONALDS WALKER [1,7]
ANGELA M. GREEN [2]

1346 NORTH DELAWARE STREET
INDIANAPOLIS, INDIANA 46202-2415
TELEPHONE (317) 637-0700
FACSIMILE (317) 637-0710

53732 GENERATIONS DRIVE
SOUTH BEND, INDIANA 46635-1539
TELEPHONE (574) 273-1010
FACSIMILE (574) 271-2050

www.psrb.com

SENDER'S E-MAIL: cbraun@psrb.com

THERESA M. WILLARD [1]
SHELLEY M. JACKSON
DANIEL P. CORY
JOSH S. TATUM
COLIN E. CONNOR
SEAN M. HIRSCHTEN
MATTHEW D. NEUMANN
ASHLEY N. OSAK [7]
JUSTIN A. ALLEN
RYAN T. LEAGRE

_____

[1] REGISTERED MEDIATOR
[2] ALSO ADMITTED IN THE DISTRICT OF COLUMBIA
[3] ALSO ADMITTED IN MICHIGAN
[4] ALSO ADMITTED IN KENTUCKY
[5] REGISTERED TO PRACTICE BEFORE THE U.S. PATENT AND TRADEMARK OFFICE
[6] ALSO ADMITTED IN VIRGINIA
[7] ALSO ADMITTED IN ILLINOIS
[8] ALSO admitted in NORTH CAROLINA
[9] ALSO admitted in CALIFORNIA

September 28, 2015

**Via Electronic Mail**

Mr. Benjamin H. Richman
Edelson PC
350 N. LaSalle Street
Suite 1300
Chicago, Illinois 60654

   Re: *Robert Kolinek, Individually and on behalf of a class of similarly situated individuals v. Walgreen Co., an Illinois corporation*, Case No. 1:13-cv-04806 (N.D. Ill.), Honorable Matthew F. Kennelly

Dear Mr. Richman:

  This letter responds to your September 15, 2015 correspondence regarding responses to your July 26, 2015 subpoenas to Gleith Cozby and Plews Shadley

*Kolinek v. Walgreen Co.*
Mr. Benjamin H. Richman
September 28, 2015
Page 2

Racher & Braun LLP ("PSRB"). Before responding to various issues regarding those subpoenas, we need to address various threshold issues raised in your letter.

First, we informed you that you had never obtained service of your subpoena on our client, Ms. Bullard. Despite that your letter makes the following express representation and threatened sanctions:

I. **Ms. Bullard Failed to Respond to the Subpoena that was Properly Served Upon Her and has Otherwise Acted Improperly.**

"As an initial matter and despite your representations to the Court, Ms. Bullard was, in fact, properly served with the subpoena issued to her. Specifically, the subpoena was delivered to her personally (and she confirmed receipt by signature) on August 7, 2015, at 9:45 a.m. Given that, in the event Ms. Bullard does not respond to the subpoena (including by producing all relevant discoverable documents and information in her possession, custody or control) by the close of business on Friday, September 18th, we intend to seek an order holding her in contempt and awarding all other available relief, including the fees and costs incurred in seeking such an order. See Fed. R. Civ. P. 37(b)(2)...."

During his follow-up call with you, our local counsel, Mr. Art Howe, pressed you to provide evidence that she was served. Specifically, he requested that you provide him with a signed copy demonstrating that the subpoena was served on Ms. Bullard. You and your law firm failed to do so. Instead, on September 22, 2015 you finally admitted to Mr. Howe that **despite your express representation that she was served on August 7, 2015, at 9:45 a.m. and threatened sanctions, your representations were false as the subpoena was never served on Ms. Bullard**. In light of these falsehoods, it is clear that Rendee Bullard was not served with a subpoena, and neither Art Howe nor our firm will accept service on her behalf. These baseless allegations and improper threats of sanctions appear to be a guiding principle of your law firm's conduct in this litigation, which is reprehensible and sanctionable conduct in and of itself.

Second, your accusations regarding Sharon Hughes and Christinna Oldham simply reflect a continuing pattern of raising unfounded issues in hopes of distracting the attention of the parties and the Court away from the substantive issues before the Court. As you recall, in late July your firm stated that you were unable to locate Ms. Hughes and Ms. Oldham as members of the class based on the

*Kolinek v. Walgreen Co.*
Mr. Benjamin H. Richman
September 28, 2015
Page 3

Walgreen database, but conceded that Ms. Cozby and Ms. Bullard were in the Walgreen database as class members. For various reasons set forth in their motion to withdraw, after receiving the subpoenas Ms. Hughes and Ms. Oldham decided that they no longer wanted to participate in this class action litigation. Rather than being subjected to harassing and unnecessary written discovery and depositions over a potential $34 recovery and divert the Court's attention away from the substantive issues, we moved for on behalf of Ms. Hughes and Ms. Oldham—and the Court granted (Dkt. #171)—a withdrawal of Ms. Hughes and Ms. Oldham as objectors. Consequently, your continued fixation on two individuals who are not pursuing any objections and who the Court has already granted their motion to be dismissed from the litigation is simply improper and constitutes undue harassment. By contrast, Ms. Cozby and Ms. Bullard are undisputed class members, which you and your firm have already acknowledged are properly members of the class so there is no need for further discussion about the status of our two remaining clients, Cozby and Bullard, as class members.

Third, regarding lawyer's fee agreements with clients, contrary to your feigned concern about how our client and firm are to be compensated in this case, it is customary for lawyers to begin to undertake a representation on behalf of a client in advance of the fee agreement being signed. As the representation takes shape the fee agreements are drafted and sent to clients for review and, if acceptable, signed and returned to the lawyer in due course. In this case the fee agreements were prepared and executed by the firm and the clients early in the representation, in the month (August) after the commencement of the representation (July).

Fourth, regarding your disclaimer about your firm objecting to class action settlements, you are welcome to review your firm's filing of "Nichols' First Objections to Plaintiffs' Motion Preliminary Approval of Class Settlement", MDL No. 2492, (N.D. Ill.) filed May 27, 2015, in the NCAA Concussion litigation as an example of where your firm objected to a class action settlement.

Finally, we will not be withdrawing our subpoena to Edelson P.C. First, the subpoena was not untimely as discovery is ongoing and the Court is currently in the process of assessing your attorneys' fees request. Further, the subpoena seeks information which is substantively necessary to resolve your fee request and to better understand your firm's considerable inefficiencies in generating more than $850,000 in purported fees on a case that, if it had been properly managed and litigated, would have taken a fraction of those fees, especially given the lack of

*Kolinek v. Walgreen Co.*
Mr. Benjamin H. Richman
September 28, 2015
Page 4

meaningful discovery and motions practice. Your firm has provided sparse information to support your request for fees, and the class members—the people whose interests you are supposed to be representing in this litigation—are entitled to this information as they are interested in maximizing the money available to pay the class members who were harmed by Walgreen's actions, rather than class action lawyers who inefficiently litigated the case and then seek to be further rewarded with a multiplier of their fees to the detriment of the class members. In any event, as per last week's developments, the Court is addressing the subpoena requests.

*Ms. Cozby's Subpoena Responses*

Your assertion that Ms. Cozby's "production falls short of compliance" with the subpoena is unfounded. The Federal Rules of Civil Procedure require a party responding to discovery to produce all non-privileged responsive documents in his or her "possession, custody, or control." Fed. R. Civ. P. 34(a). Ms. Cozby has done just that. She has no obligation to produce documents which do not exist in her possession, custody or control or which were not requested. The fact that you received fewer documents than you had hoped for is not evidence of her non-compliance and is no basis for a motion to compel.

Many of your complaints regarding Ms. Cozby's production relate to documents which cannot be produced because they simply do not exist. For example, there are no documents relating to Ms. Cozby's potential pecuniary gain in this case aside from her fee agreement with our firm, which has already been produced to you. Finally, Ms. Cozby has no fee agreement with Mr. Gibson or his firm because he is not entitled to receive any portion of an attorney's fees (or other recovery on Ms. Cozby's behalf) in this case. Ms. Cozby cannot produce what does not exist.

In addition, your letter complains that Ms. Cozby failed to produce "retainer agreements for *all* actions in which she has objected . . . [and] all documents she has *ever filed* as an objector to a proposed settlement. . . ." Once again your letter reflects a blatant misrepresentation, this time regarding the scope of the subpoena requests. As you know, the Court specifically limited the relevant time period of the requests relating to Ms. Cozby's previous experience in class actions to the previous five years. Furthermore, Ms. Cozby has no obligation to produce documents which do not exist or which are not in her possession, custody or control. The documents Ms. Cozby produced relating to her previous class action involvement were not in her

*Kolinek v. Walgreen Co.*
Mr. Benjamin H. Richman
September 28, 2015
Page 5

possession, custody or control. Instead, our firm was able to obtain these documents from PACER (i.e., from public record) and produced them to you. While Ms. Cozby does not maintain copies of these documents they are equally available to you as these are public records. In any event, Ms. Cozby had no obligation to produce public records equally available to you which were not in her possession, custody or control. Again, the fact that she does not have specific documents that you were hoping to receive is not evidence of non-compliance with the subpoena.

Remarkably, your letter expresses frustration at not receiving documents which were never asked for. For example, you complain that you did not receive "account statements from her wireless carrier identifying the subscriber to the relevant account or her wireless bills from the relevant period." However, a review of the subpoena reveals that no such documents were requested. As you should know, Federal Rule of Civil Procedure 34(b)(1)(A) requires that a document request "must describe with reasonable particularity each item or category of items to be inspected." Your subpoena only requested documents related to any telephone calls received by Ms. Cozby and documents supporting her objection. If you had wanted to seek account statements from Ms. Cozby's wireless carrier identifying the subscriber of the account or her wireless bills you should have so specified. You did not. This red-herring complaint is further undermined by your previous admission that Ms. Cozby is already a proper member of the class. Consequently to seek any such cumulative or duplicative information or documentation along these lines is simply undue harassment and is a waste of everyone's time and energy on a meritless inquiry.

Finally, your request that Ms. Cozby produce "all phone records or other documents that relate to any telephone calls in this action received by you from or on behalf of the Defendant Walgreens Co." is overly broad, unduly burdensome, and calls for documents which are equally available to you. Furthermore, your purported need for this information and/or documentation is undermined by your admission that Ms. Cozby is already a member of the class, as you confirmed on Walgreen's database. Despite this, you seek to further unduly and unnecessarily burden her by asking Ms. Cozby to obtain her prior cell phone records from her provider and then send comb through her cell phone records to find any that contain calls from Walgreen. Again, this is a very burdensome and unnecessary request, particularly in light of the fact you have confirmed Ms. Cozby's class membership

*Kolinek v. Walgreen Co.*
Mr. Benjamin H. Richman
September 28, 2015
Page 6

against Walgreen's phone database.[1] Nevertheless, despite the unnecessary burden imposed on her, attached is a copy of Ms. Cozby's phone bill from last December reflecting that Walgreen's called her on December 19, 2014 at 7:19 p.m., which information you should already have from Walgreen's database.

*PSRB's Subpoena Responses*

As with Ms. Cozby's responses, PSRB's responses are not deficient merely because you are unhappy with the number of documents received. For starters, there was no request made for documents "demonstrating that [our clients] used the telephone numbers called and received the calls at issue." Accordingly, no such documents were requested in your subpoena, consequently no such documents were required to be produced. Again, given your admission that Ms. Cozby and Ms. Bullard are properly members of the class as per your own verification on the Walgreen database, any further pursuit of this issue constitutes undue harassment and warrants the Court's issuance of a protective order. Finally, as explained above, because Ms. Hughes and Ms. Oldham are no longer class members, as per the Court's order granting their withdrawal, there is no longer any basis for your requests related to them.

Our privilege log was timely produced and is sufficiently detailed to allow you and the Court to adequately assess our claims of privilege. The log includes the parties to the communications, the timeframe when the communications were made, general descriptions of the nature of the communications, and the basis of our asserted privileges. As to your concern that our log "does not identify other parties to those communications, or at least confirm that no other individuals were involved," we can confirm that the attorneys listed as parties to the communications were the only individuals involved. In other words, privilege was not destroyed through waiver.

---

[1] You are already well aware that Ms. Cozby is a class member. During our call on July 22, you conceded that Ms. Cozby and Ms. Bullard were both listed in the Walgreens' phone call database. When Mr. Howe requested these Walgreens records confirming our clients' class membership, you responded in a July 23 email that "it's unclear why you would even need the records—we don't dispute that calls were made to the numbers identified by Ms. Cozby and Ms. Bullard." Perhaps you should ask yourself this same question, as it is unclear why you would serve these discovery requests and represent to the Court that they are necessary to confirm our client's class membership when you have already conceded that they are in fact members of the class

*Kolinek v. Walgreen Co.*
Mr. Benjamin H. Richman
September 28, 2015
Page 7

With respect to "common interest" privilege (also sometimes referred to as the "joint defense" privilege), the common interests involved and the confidentiality of those communications is readily apparent from the privilege log. These communications were made between objectors' counsel with aligned interests in this case, namely, objecting to this lawsuit and opposing the exorbitant fee request sought by your law firm. Such communications are protected from disclosure.

Finally, to the extent any additional issues were raised by your letter, rather than belabor the central issues addressed above, suffice it to say that we disagree with your assertions and positions and believe that Ms. Cozby and PSRB have properly responded to the items identified by the Court as allowing for discovery. As per my July 27, 2015 email to you and your colleagues in response to your July 22, 2015 email, which did not accurately or correctly reflect our conversation, to avoid any future "he said/she said" tactics and/or mischaracterizations, you are encouraged to put any questions or concerns you have regarding this matter in writing and address it to our local counsel, Art Howe, and me.

                Very truly yours,

                /s/ Christopher J. Braun

Enclosures
CJB/aak

cc:    Art Howe, Esq. (w/encl.)



GLEITH C. COZBY
7402 MARQUETTE ST
DALLAS, TX 75225-4519

Page: 4 of 45
Bill Cycle Date: 12/20/14 - 01/19/15
Account: 626582214

Visit us online at: **www.att.com**

### 214 577-5436
GLEITH C. COZBY

**Call Detail** - Continued

| Time | Place Called | Number Called | Rate Code | Feature Code | Min | Airtime Charges | LD/Add'l Charges |
|---|---|---|---|---|---|---|---|
| Saturday, 12/27 | | | | | | | |
| 05:08p | GRAND TX | 214-649-5129 | SDDV | | 2 | 0.00 | 0.00 |
| Sunday, 12/28 | | | | | | | |
| 11:14a | GRAND TX | 972-365-6731 | SDDV | | 2 | 0.00 | 0.00 |
| 12:27p | MINERV OH | 330-205-6753 | SDDV | | 1 | 0.00 | 0.00 |
| 02:04p | GRAND TX | 972-955-3917 | SDDV | | 1 | 0.00 | 0.00 |
| 05:09p | GRAND TX | 214-909-9668 | SDDV | | 2 | 0.00 | 0.00 |
| 05:30p | INCOMI CL | 214-909-9668 | SDDV | | 1 | 0.00 | 0.00 |
| 07:21p | GRAND TX | 214-668-3339 | SDDV | | 1 | 0.00 | 0.00 |
| Monday, 12/29 | | | | | | | |
| 09:20a | INCOMI CL | 480-663-9527 | SDDV | | 1 | 0.00 | 0.00 |
| 03:33p | GRAND TX | 214-632-4372 | SDDV | | 3 | 0.00 | 0.00 |
| 04:04p | INCOMI CL | 972-365-6731 | SDDV | | 6 | 0.00 | 0.00 |
| 09:01p | GRAND TX | 214-384-4912 | SDDV | | 9 | 0.00 | 0.00 |
| Tuesday, 12/30 | | | | | | | |
| 09:05a | INCOMI CL | 415-999-4919 | SDDV | • | 8 | 0.00 | 0.00 |
| 09:13a | GRAND TX | 214-213-2329 | SDDV | | 11 | 0.00 | 0.00 |
| 09:30a | GRAND TX | 972-365-6731 | SDDV | | 2 | 0.00 | 0.00 |
| 12:41p | GRAND TX | 214-213-2329 | SDDV | | 1 | 0.00 | 0.00 |
| 01:27p | INCOMI CL | 972-865-2219 | SDDV | | 13 | 0.00 | 0.00 |
| 03:53p | GRAND TX | 214-213-2329 | SDDV | | 2 | 0.00 | 0.00 |
| 04:11p | GRAND TX | 214-668-3339 | SDDV | | 2 | 0.00 | 0.00 |
| 04:43p | Toll F CL | 800-935-9935 | SDDV | | 5 | 0.00 | 0.00 |
| 05:42p | GRAND TX | 214-213-2329 | SDDV | | 3 | 0.00 | 0.00 |
| 06:05p | DALLAS TX | 214-691-7511 | SDDV | | 3 | 0.00 | 0.00 |
| 06:53p | INCOMI CL | 214-213-2329 | SDDV | | 5 | 0.00 | 0.00 |
| 07:59p | INCOMI CL | 214-526-2147 | SDDV | | 34 | 0.00 | 0.00 |
| Wednesday, 12/31 | | | | | | | |
| 09:05a | INCOMI CL | 214-728-0730 | SDDV | | 22 | 0.00 | 0.00 |
| 09:32a | GRAND TX | 972-365-6731 | SDDV | | 2 | 0.00 | 0.00 |
| 09:33a | GRAND TX | 214-728-0730 | SDDV | | 1 | 0.00 | 0.00 |
| 10:00a | GRAND TX | 972-955-3917 | SDDV | | 1 | 0.00 | 0.00 |
| 10:51a | INCOMI CL | 214-384-4912 | SDDV | | 1 | 0.00 | 0.00 |
| 11:26a | INCOMI CL | 214-668-3339 | SDDV | | 1 | 0.00 | 0.00 |
| 11:32a | GRAND TX | 214-668-3339 | SDDV | | 2 | 0.00 | 0.00 |
| 12:27p | INCOMI CL | 214-728-0730 | SDDV | | 5 | 0.00 | 0.00 |
| 12:32p | INCOMI CL | 843-748-9641 | SDDV | | 2 | 0.00 | 0.00 |
| 12:57p | DALLAS TX | 214-526-2147 | SDDV | | 2 | 0.00 | 0.00 |
| 12:59p | GRAND TX | 214-668-3339 | SDDV | | 1 | 0.00 | 0.00 |
| 01:00p | GRAND TX | 214-668-3339 | SDDV | | 1 | 0.00 | 0.00 |
| 01:02p | GRAND TX | 214-796-9155 | SDDV | | 1 | 0.00 | 0.00 |
| 01:04p | GRAND TX | 214-213-2329 | SDDV | | 1 | 0.00 | 0.00 |
| 04:42p | INCOMI CL | 972-365-6731 | SDDV | | 5 | 0.00 | 0.00 |
| 05:41p | GRAND TX | 214-796-9155 | SDDV | | 1 | 0.00 | 0.00 |
| 06:26p | INCOMI CL | 214-213-2329 | SDDV | | 7 | 0.00 | 0.00 |
| 07:19p | Toll F CL | 800-289-1179 | SDDV | | 2 | 0.00 | 0.00 |
| Wednesday, 12/31 | | | | | | | |
| 09:01p | GRAND TX | 214-577-5924 | SDDV | | 2 | 0.00 | 0.00 |
| 09:09p | INCDMI CL | 469-336-3853 | SDDV | | 2 | 0.00 | 0.00 |
| 09:37p | INCDMI CL | 214-213-2329 | SDDV | | 16 | 0.00 | 0.00 |
| 10:22p | GRAND TX | 214-668-3339 | SDDV | | 2 | 0.00 | 0.00 |
| 11:42p | INCOMI CL | 214-668-3339 | SDDV | | 1 | 0.00 | 0.00 |
| 11:43p | GRAND TX | 214-668-3339 | SDDV | | 1 | 0.00 | 0.00 |
| 11:45p | GRAND TX | 214-577-5924 | SDDV | | 1 | 0.00 | 0.00 |
| Thursday, 01/01 | | | | | | | |
| 12:24a | GRAND TX | 214-213-2329 | SDDV | | 25 | 0.00 | 0.00 |
| 08:23a | GRAND TX | 214-213-2329 | SDDV | | 17 | 0.00 | 0.00 |
| 09:59a | INCOMI CL | 214-384-4912 | SDDV | | 22 | 0.00 | 0.00 |
| 11:01a | GRAND TX | 972-955-3917 | SDDV | | 1 | 0.00 | 0.00 |
| 11:02a | INCDMI CL | 214-384-4912 | SDDV | | 6 | 0.00 | 0.00 |
| 11:08a | GRAND TX | 214-796-9155 | SDDV | | 1 | 0.00 | 0.00 |
| 11:09a | GRAND TX | 214-213-2329 | SDDV | | 8 | 0.00 | 0.00 |
| 06:00p | INCOMI CL | 214-526-2147 | SDDV | | 10 | 0.00 | 0.00 |
| Friday, 01/02 | | | | | | | |
| 09:20a | GRAND TX | 214-213-2329 | SDDV | | 3 | 0.00 | 0.00 |
| 09:51a | MINERV OH | 330-205-6753 | SDDV | | 16 | 0.00 | 0.00 |
| 10:16a | DALLAS TX | 214-292-6627 | SDDV | | 1 | 0.00 | 0.00 |
| 11:13a | GRAND TX | 214-384-4912 | SDDV | | 1 | 0.00 | 0.00 |
| 11:15a | INCOMI CL | 214-384-4912 | SDDV | | 13 | 0.00 | 0.00 |
| 12:39p | DALLAS TX | 214-292-6627 | SDDV | | 1 | 0.00 | 0.00 |
| 12:41p | GRAND TX | 214-796-9155 | SDDV | | 1 | 0.00 | 0.00 |
| 12:44p | GRAND TX | 214-796-9155 | SDDV | | 1 | 0.00 | 0.00 |
| 12:45p | INCOMI CL | 214-796-9155 | SDDV | | 2 | 0.00 | 0.00 |
| 12:52p | GRAND TX | 214-728-0730 | SDDV | | 1 | 0.00 | 0.00 |
| 12:55p | GRAND TX | 214-796-9155 | SDDV | | 1 | 0.00 | 0.00 |
| 02:53p | GRAND TX | 214-704-4256 | SDDV | | 9 | 0.00 | 0.00 |
| 03:03p | EULESS TX | 817-267-8433 | SDDV | | 3 | 0.00 | 0.00 |
| 03:11p | INCOMI CL | 214-704-4256 | SDDV | | 3 | 0.00 | 0.00 |
| 03:15p | GRAND TX | 214-704-4256 | SDDV | | 2 | 0.00 | 0.00 |
| 04:25p | GRAND TX | 214-213-2329 | SDDV | | 2 | 0.00 | 0.00 |
| 05:26p | Toll F CL | 800-935-9935 | SDDV | | 3 | 0.00 | 0.00 |
| 06:06p | INCOMI CL | 214-526-2147 | SDDV | | 1 | 0.00 | 0.00 |
| 06:24p | Toll F CL | 800-842-6596 | SDDV | | 2 | 0.00 | 0.00 |
| 06:39p | Toll F CL | 800-283-3956 | SDDV | | 2 | 0.00 | 0.00 |
| 06:43p | GRAND TX | 214-213-2329 | SDDV | | 1 | 0.00 | 0.00 |
| 06:44p | GRAND TX | 214-213-2329 | SDDV | | 18 | 0.00 | 0.00 |
| Saturday, 01/03 | | | | | | | |
| 09:35a | INCOMI CL | 214-728-0730 | SDDV | | 27 | 0.00 | 0.00 |
| 10:01a | GRAND TX | 214-728-0730 | SDDV | | 13 | 0.00 | 0.00 |
| 10:15a | DALLAS TX | 214-526-2147 | SDDV | | 12 | 0.00 | 0.00 |
| 10:27a | CALL WAIT | 214-668-3339 | SDDV | CW | 3 | 0.00 | 0.00 |
| 10:30a | INCOMI CL | 214-796-9155 | SDDV | | 1 | 0.00 | 0.00 |
| 10:31a | DALLAS TX | 214-526-2147 | SDDV | | 4 | 0.00 | 0.00 |
| 10:33a | CALL WAIT | 817-267-8433 | SDDV | CW | 2 | 0.00 | 0.00 |
| 10:35a | INCOMI CL | 214-668-3339 | SDDV | | 4 | 0.00 | 0.00 |
| 10:53a | INCOMI CL | 214-526-2147 | SDDV | | 1 | 0.00 | 0.00 |
| 11:19a | DALLAS TX | 214-526-2147 | SDDV | | 10 | 0.00 | 0.00 |