## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| Robert Kolinek, Individually and on behalf of a class of similarly situated individuals, | § § § § | Case No. 1:13-cv-04806 |
| Plaintiff, | § § | Honorable Matthew F. Kennelly |
| vs. | § § | |
| Walgreen Co., an Illinois corporation, | § | |

### RESPONSES AND OBJECTIONS TO KOLINEK'S
### SUBPOENA AND RIDER TO PLEWS SHADLEY RACHER & BRAUN LLP

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and the Court's September 7, 2015 Order [Dkt. #171], Plews Shadley Racher & Braun LLP ("PSRB") hereby makes the following responses and objections to Plaintiff Robert Kolinek's ("Kolinek") Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action.

### General Objections

1.    Each response to Kolinek's request for production is subject to these general objections, all of which are expressly preserved and not waived.  PSRB's responses are framed on the basis of these objections.

2.    PSRB objects to the instructions and definitions to the extent they seek information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity prohibiting or exempting disclosure of the information.  PSRB claims privilege with respect to all such documents and information.

3.    PSRB objects to the instructions and definitions to the extent they impose burdens or obligations greater than those required by the Federal Rules of Civil Procedure.

4.      PSRB objects to the instructions and definitions to the extent they seek information that is not within PSRB's custody and/or control or which is at least equally available to Kolinek.

5.      PSRB objects to each request for production to the extent that it seeks information not relevant to the facts of this case, information not reasonably calculated to lead to the discovery of admissible evidence, privileged information, materials prepared in anticipation of litigation, or information otherwise outside the scope and limits of discovery.

6.      PSRB bases its responses to Kolinek's request for production on the understanding that Kolinek does not intend to seek information protected by the attorney-client privilege, the work-product rule, or other applicable privileges or limitations.  To the extent that Kolinek requests such information, PSRB objects and claims the privileges and protection specified above to the fullest extent provided by law.

7.      PSRB objects to each request for production to the extent that it contains certain terms that are vague, ambiguous, unspecific, and/or call for the production of such a great quantity of materials as to being impractical, unduly burdensome and oppressive.

8.      PSRB objects to each request to the extent it is compound.

9.      PSRB objects to each request to the extent it is duplicative of other requests.

10.     PSRB objects to each request to the extent it seeks documents or information concerning objectors previously dismissed from this class action litigation.

11.     Discovery is continuing in this case.  Consequently, PSRB expressly reserves the right to amend, alter, or supplement her responses as information and documents are discovered.

12.     Pursuant to the Court's September 7, 2015 Order [Dkt #171], PSRB has no obligation to respond to Requests 2-8, 17, 25, and 26 so no response is provided to these requests.

### Responses and Objections

1.      All non-privileged DOCUMENTS that support the objection filed by YOU in THIS ACTION.

**RESPONSE:** Objection.   This request seeks documents which are confidential or protected by attorney-client privilege and/or the attorney work product privilege.  Further, this request seeks documents which are equally available to Kolinek.  Subject to, limited by and without waiving these general and specific objections, PSRB responds that all non-privileged responsive documents in its possession or control have already been produced in this litigation.

2.      All DOCUMENTS that RELATE TO any and all objections that YOU filed to the approval of any class action settlement in any court in the United States (state or federal), including evidence of any payments made to YOU in exchange for withdrawing an objection or dismissing any appeal of an objection overruled at the trial court level.

**RESPONSE:**  Pursuant to the Court's order, no response is required.

3.      All DOCUMENTS that RELATE TO the resolution of any and all objections that YOU filed to the approval of any class action settlement in any court in the United States (state or federal), including evidence of any payments made to YOU in exchange for withdrawing an objection or dismissing any appeal of an objection overruled at the trial court level.

**RESPONSE:**  Pursuant to the Court's order, no response is required.

4.      All DOCUMENTS that RELATE TO any gain or benefit to a class that resulted from an objection that YOU filed to the approval of any class action settlement in any court in the United States (state or federal).

**RESPONSE:**  Pursuant to the Court's order, no response is required.

5. All DOCUMENTS that RELATE TO any and all objections that YOU filed to the approval of an application for attorneys' fees in connection with any class action settlement in any court in the United States (state or federal), including evidence of any payments made to YOU in exchange for withdrawing an objection or dismissing any appeal of an objection overruled at the trial court level.

**RESPONSE:** Pursuant to the Court's order, no response is required.

6. All DOCUMENTS that RELATE TO the resolution of any and all objections that YOU filed to the approval of an application for attorneys' fees in connection with any class action settlement in any court in the United States (state or federal), including evidence of any payments made to YOU in exchange for withdrawing an objection or dismissing any appeal of an objection overruled at the trial court level.

**RESPONSE:** Pursuant to the Court's order, no response is required.

7. All DOCUMENTS that RELATE TO any gain or benefit to a class that resulted from an objection by YOU to an application for attorneys' fees in connection with any class action settlement in any court in the United States (state or federal).

**RESPONSE:** Pursuant to the Court's order, no response is required.

8. All DOCUMENTS that RELATE TO any payments made to any objector to a class action represented by YOU.

**RESPONSE:** Pursuant to the Court's order, no response is required.

9. All DOCUMENTS that RELATE TO any agreement describing the circumstances under which GLEITH COZBY might receive any financial compensation in connection with any objections that YOU filed to any class action settlement, including but not limited to THIS ACTION.

**RESPONSE:** Objection. This request seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence. Further, this request seeks documents which are confidential and/or attorney-client privileged. This request is also duplicative of other requests made by Kolinek and responses made by Gleith Cozby. Subject to, limited by and without waiving these general and specific objections, PSRB responds that all non-privileged responsive documents in its possession or control have already been produced in this litigation.

10.   All DOCUMENTS that RELATE TO any agreement describing the circumstances under which RENDEE BULLARD might receive any financial compensation in connection with any objections that YOU filed to any class action settlement, including but not limited to THIS ACTION.

**RESPONSE:** Objection. This request seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence. Further, this request seeks documents which are confidential and/or attorney-client privileged. This request is also duplicative of other requests made by Kolinek and responses provided by Rendee Bullard. Subject to, limited by and without waiving these general and specific objections, PSRB responds that it is producing all non-privileged responsive documents in its possession or control.

11.   All DOCUMENTS that RELATE TO any agreement describing the circumstances under which SHARON HUGHES might receive any financial compensation in connection with any objections that YOU filed to any class action settlement, including but not limited to THIS ACTION.

**RESPONSE:** Objection. This request is irrelevant and was rendered moot by the Court's dismissal of Ms. Hughes from this action. In addition, this request seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence. This request

also seeks documents which are confidential and/or attorney-client privileged. Further, this request is duplicative of other requests made by Kolinek.

12. All DOCUMENTS that RELATE TO any agreement describing the circumstances under which CHRISTINNA OLDHAM might receive any financial compensation in connection with any objections that YOU filed to any class action settlement, including but not limited to THIS ACTION.

**RESPONSE:** Objection. This request is irrelevant and was rendered moot by the Court's dismissal of Ms. Oldham from this action. In addition, this request seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence. This request also seeks documents which are confidential and/or attorney-client privileged. Further, this request is duplicative of other requests made by Kolinek.

13. All DOCUMENTS that RELATE TO any agreement describing the circumstances under which GLEITH COZBY might receive any financial compensation in connection with any objections that YOU filed to an application for attorneys' fees in connection with a class action settlement, including but not limited to THIS ACTION.

**RESPONSE:** Objection. This request seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence. Further, this request seeks documents which are confidential and/or attorney-client privileged. This request is also duplicative of other requests made byKolinek. Subject to, limited by and without waiving these general and specific objections, PSRB responds that all non-privileged responsive documents in its possession or control have already been produced in this litigation.

14. All DOCUMENTS that RELATE TO any agreement describing the circumstances under which RENDEE BULLARD might receive any financial compensation in

connection with any objections that YOU filed to an application for attorneys' fees in connection with a class action settlement, including but not limited to THIS ACTION.

**RESPONSE:** Objection. This request seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence. Further, this request seeks documents which are confidential and/or attorney-client privileged. This request is also duplicative of other requests made by Kolinek and responses provided by Rendee Bullard. Subject to, limited by and without waiving these general and specific objections, PSRB responds that it is producing all non-privileged responsive documents in its possession or control.

15. All DOCUMENTS that RELATE TO any agreement describing the circumstances under which SHARON HUGHES might receive any financial compensation in connection with any objection that YOU filed to an application for attorneys' fees in connection with a class action settlement, including but not limited to THIS ACTION.

**RESPONSE:** Objection. This request is irrelevant and was rendered moot by the Court's dismissal of Ms. Hughes from this action. In addition, this request seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence. This request also seeks documents which are confidential and/or attorney-client privileged. Further, this request is duplicative of other requests made by Kolinek.

16. All DOCUMENTS that RELATE TO any agreement describing the circumstances under which CHRISTINNNA OLDHAM might receive any financial compensation in connection with any objections that YOU filed to an application for attorneys' fees in connection with a class action settlement, including but not limited to THIS ACTION.

**RESPONSE:** Objection. This request is irrelevant and was rendered moot by the Court's dismissal of Ms. Oldham from this action. In addition, this request seeks documents

which are not reasonably calculated to lead to the discovery of admissible evidence. This request also seeks documents which are confidential and/or attorney-client privileged. Further, this request is duplicative of other requests made by Kolinek.

17.    All DOCUMENTS that RELATE TO any agreement describing the circumstances under which an objector might receive any financial compensation in connection with any objections that YOU filed to any class action settlement.

**RESPONSE:** Pursuant to the Court's order, no response is required.

18.    All DOCUMENTS that RELATE TO any communication between YOU and GLEITH COZBY concerning THIS ACTION including the retainer or engagement agreement between YOU and GLEITH COZBY.

**RESPONSE:** Objection.  This request seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence. Further, this request seeks documents which are confidential and/or attorney-client privileged. This request is also duplicative of other requests made by Kolinek. Subject to, limited by and without waiving these general and specific objections, PSRB responds that all non-privileged responsive documents in its possession or control have already been produced in this litigation.

19.    All DOCUMENTS that RELATE TO any communication between YOU and RENDEE BULLARD concerning THIS ACTION including the retainer or engagement agreement between YOU and RENDEE BULLARD.

**RESPONSE:** Objection.  This request seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence. Further, this request seeks documents which are confidential and/or attorney-client privileged. This request is also duplicative of other requests made by Kolinek. Subject to, limited by and without waiving these general and specific

objections, PSRB responds that it is producing all non-privileged responsive documents in its possession or control.

20.    All DOCUMENTS that RELATE TO any communication between YOU and SHARON HUGHES concerning THIS ACTION including the retainer or engagement agreement between YOU and SHARON HUGHES.

**RESPONSE:** Objection.   This request is irrelevant and was rendered moot by the Court's dismissal of Ms. Hughes from this action.   In addition, this request seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence.   This request also seeks documents which are confidential and/or attorney-client privileged.   Further, this request is duplicative of other requests made by Kolinek.

21.    All DOCUMENTS that RELATE TO any communication between YOU and CHRISTINNA OLDHAM concerning THIS ACTION including the retainer or engagement agreement between YOU and CHRISTINNA OLDHAM.

**RESPONSE:** Objection.   This request is irrelevant and was rendered moot by the Court's dismissal of Ms. Oldham from this action.   In addition, this request seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence.   This request also seeks documents which are confidential and/or attorney-client privileged.   Further, this request is duplicative of other requests made by Kolinek.

22.    All DOCUMENTS that RELATE TO any communication between YOU and any lawyer concerning THIS ACTION, including, but not limited to any lawyer associated with an objection filed in THIS ACTION.

**RESPONSE:** Objection.   This request seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence.   Further, this request seeks documents

which are subject to the attorney-client, attorney work-product and/or common interest privileges. PSRB further objects to the extent this request seeks communications which are equally available to Kolinek. Subject to, limited by and without waiving these general and specific objections, PSRB further responds that counsel for Ms. Cozby and Ms. Bullard have exchanged voluminous emails regarding this case with local counsel (Art Howe and previously Brianna Schroeder), referring counsel (Dennis Gibson), and counsel for other objectors with identical or nearly identical interests in this case (Allen McDonald, Michael Franz, Jonathan Fortman, and John Kress). These communications are privileged pursuant to the attorney-client, attorney work product and/or common interest privileges and are therefore not subject to disclosure. An overview of these emails is included in PSRB's privilege log.

23.    All DOCUMENTS that RELATE TO any agreement or fee sharing agreement between YOU and any lawyer associated with an objection filed in THIS ACTION.

**RESPONSE:** Objection. This request seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence. Further, this request seeks documents which are confidential and/or attorney-client privileged. Subject to, limited by and without waiving these general and specific objections, PSRB responds that it is producing all non-privileged responsive documents in its possession or control.

24.    All DOCUMENTS that RELATE TO any agreement describing the circumstances under which an objector might receive any financial or other compensation in connection with any objections filed by Plews Shadley Racher & Braun LLP, to an application for attorneys' fees in connection with any class action settlement.

**RESPONSE:** Objection. This request seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence. Further, this request seeks documents

which are confidential and/or attorney-client privileged. Subject to, limited by and without waiving these general and specific objections, PSRB responds that it is producing all non-privileged responsive documents in its possession or control.

25. All DOCUMENTS that RELATE TO any appeal bond that YOU have been ordered to pay in the appeal of any class action settlement approval where YOU have been or represented the objector(s).

**RESPONSE:** Pursuant to the Court's order, no response is required.

26. All DOCUMENTS that RELATE TO any sanctions, monetary or otherwise, that have been ordered against YOU in any other class action where YOU have been or represented the objector(s), at the trial or appellate level.

**RESPONSE:** Pursuant to the Court's order, no response is required.

Dated this 8th day of September, 2015.

/s/Christopher J. Braun
Christopher J. Braun
IN Bar ID No. 19930-49
Justin Allen
IN Bar ID No. 31204-49
**Plews Shadley Racher & Braun LLP**
1346 N. Delaware St.
Indianapolis, IN 46202-2415
Tel: 317-637-0700
Fax: 317-631-0781
cbraun@psrb.com
jallen@psrb.com


/s/ Arthur J. Howe
**Howe Law LLC**
155 N. Wacker Dr.
Suite 4250
Chicago, IL 60606-1750
Tel: (312) 600-8336
Fax: (312) 465-1395
howe@howe-llc.com

**PLEWS SHADLEY RACHER & BRAUN PRIVILEGE LOG**

| Date | Sender/Creator | Recipient | Nature of Document | Basis for Withholding |
|------|----------------|-----------|--------------------|------------------------|
| 7/7 | Gleith Cozby | Ashley Leonard | Electronic Mail | Attorney/Client Privilege |
| 7/13 | Gleith Cozby | Ashley Leonard | Electronic Mail | Attorney/Client Privilege |
| 8/19 | Gleith Cozby | Justin Allen | Electronic Mail | Attorney/Client Privilege |
| 9/2 | Gleith Cozby | Christopher Braun, Justin Allen | Electronic Mail | Attorney/Client Privilege |
| 9/2 | Justin Allen | Gleith Cozby | Electronic Mail | Attorney/Client Privilege |
| 9/2 | Gleith Cozby | Justin Allen | Electronic Mail | Attorney/Client Privilege |
| 9/2 | Justin Allen | Gleith Cozby | Electronic Mail | Attorney/Client Privilege |
| 9/2 | Gleith Cozby | Justin Allen | Electronic Mail | Attorney/Client Privilege |

**PRIVILEGED ELECTRONIC COMMUNICATIONS BETWEEN OR AMONG COUNSEL**

| Date Range | Attorneys Involved | Nature of Communications | Basis for Withholding |
|------------|--------------------|--------------------------|------------------------|
| 7/13-7/16 | Christopher Braun, Justin Allen, Ashley Leonard, Dennis Gibson | Discussion regarding: retention of PSRB as counsel; admission to Northern District of Illinois; analysis of objections; filing of objections. Circulation of objection drafts and revisions. | Attorney-Client Privilege; Work Product |
| 7/16-7/24 | Christopher Braun, Justin Allen, Arthur Howe, Brianna Schroeder, Dennis Gibson | Discussion regarding: retention of local counsel; agreement to serve as local counsel. | Attorney-Client Privilege; Work Product |
| 7/21-7/27 | Christopher Braun, Justin Allen, Arthur Howe, Dennis Gibson | Discussion regarding response email to Class Counsel. | Attorney-Client Privilege; Work Product |
| 7/21-7/30 | Christopher Braun, Justin Allen, Arthur Howe, Dennis Gibson | Discussion regarding withdrawal of Objectors Sharon Hughes and Christinna Oldham. | Attorney-Client Privilege; Work Product |
| 7/27-7/31 | Christopher Braun, Justin Allen, George Plews , Sean Hirschten, Arthur Howe, Dennis | Discussion regarding: subpoenas to Objectors and PSRB; Motion to Quash Subpoenas; strategy in response; filing of Motion to Quash. Circulation of motion drafts and revisions. | Attorney-Client Privilege; Work Product; Common Interest Privilege |

| | Gibson, Allen McDonald, Jonathan Fortman, Steve Miller, John Kress | | |
|---|---|---|---|
| 8/3-8 | Christopher Braun, Justin Allen, George Plews, Arthur Howe, Dennis Gibson | Discussion regarding: preparation for upcoming fairness hearing; summary of fairness hearing proceedings. | Attorney-Client Privilege; Work Product |
| 8/7-8/10 | Christopher Braun, Justin Allen, Arthur Howe, Allen McDonald | Discussion of Arthur Howe serving as local counsel for Objector Melinda Franz. | Attorney-Client Privilege; Work Product; Common Interest Privilege |
| 8/7-8/18 | Christopher Braun, Justin Allen, George Plews, Arthur Howe, Dennis Gibson, Allen McDonald | Discussion regarding: strategy for Brief in Opposition to Class Settlement; filing and presentment of same. Circulation of brief drafts and revisions. | Attorney-Client Privilege; Work Product; Common Interest Privilege |
| 8/12-8/13 | Christopher Braun, Justin Allen, Arthur Howe, Dennis Gibson, Allen McDonald | Discussion regarding: preparation for upcoming fairness hearing; summary of fairness hearing proceedings; strategy in response to court's discovery order. | Attorney-Client Privilege; Work Product; Common Interest Privilege |
| 8/17-8/19 | Christopher Braun, Justin Allen, George Plews, Arthur Howe, Dennis Gibson, Allen McDonald | Discussion regarding: strategy for Motion to Clarify; filing and presentment of same. Circulation of motion drafts and revisions. | Attorney-Client Privilege; Work Product; Common Interest Privilege |
| 8/17-8/19 | Christopher Braun, Justin Allen, George Plews, Arthur Howe, Dennis Gibson, Allen McDonald | Discussion regarding subpoena responses. Circulation of draft responses. | Attorney-Client Privilege; Work Product; Common Interest Privilege |
| 8/21-8/25 | Christopher Braun, Justin Allen, Arthur Howe, Dennis Gibson, Allen McDonald | Discussion regarding: preparation for upcoming fairness hearing; summary of fairness hearings proceedings. | Attorney-Client Privilege; Work Product; Common Interest Privilege |
| 8/25 | Christopher Braun, | Discussion regarding discovery. | Attorney-Client Privilege; Work Product; |

|  |  |  | Common Interest Privilege |
|---|---|---|---|
|  | Justin Allen, Arthur Howe, Dennis Gibson, Allen McDonald |  |  |
| 9/4-9/8 | Christopher Braun, Justin Allen, George Plews, Arthur Howe, Dennis Gibson | Discussion regarding subpoena responses. Circulation of draft responses. | Attorney-Client Privilege; Work Product |

\* All dates are for calendar year 2015.

\*\* Attorneys George Plews, Ashley Leonard, and Sean Hirschten are attorneys at PSRB.

**Rebecca Widmer**

| | |
|---|---|
| **From:** | Arthur Howe <howe@howe-llc.com> |
| **Sent:** | Wednesday, August 19, 2015 4:48 PM |
| **To:** | Chris Braun |
| **Cc:** | Justin Allen |
| **Subject:** | Re: Kolinek Class Action v. Walgreen Co.: Conflict Check and Clients Objections |

Chris, sure keeping it at 25% is fine.

Arthur J Howe
Howe Law LLC
155 N Wacker Dr Ste 4250
Chicago IL 60606-1750
312.600.8336 d
312.925.4658 c
312.465.1395 f
howe@howe-llc.com

---

**From:** Christopher Braun <cbraun@psrb.com>
**Date:** Wednesday, August 19, 2015 at 3:46 PM
**To:** Arthur Howe <howe@howe-llc.com>
**Cc:** Justin Allen <jallen@psrb.com>
**Subject:** Re: Kolinek Class Action v. Walgreen Co.: Conflict Check and Clients Objections

Art,
Thank you for your email and generous offer to reduce your percentage. However we are fine with keeping you at 25 percent as your share of the fee for our clients. If you are in agreement just send me a confirming email.
Thank you.

Regards,


Chris

Sent from my iPhone

On Aug 13, 2015, at 9:37 AM, Arthur Howe <howe@howe-llc.com> wrote:

> Chris, as I mentioned to Dennis when we spoke earlier, now that I am also representing Franz, I am cutting my contingent fee for the Cozby objectors to 20%.
>
> Best,
>
> Art
>
> Arthur J Howe
> Howe Law LLC
> 155 N Wacker Dr Ste 4250
> Chicago IL 60606-1750
> 312.600.8336 d

312.925.4658 c
312.465.1395 f
howe@howe-llc.com

---

**From:** Arthur Howe <howe@howe-llc.com>
**Date:** Friday, July 24, 2015 at 3:06 PM
**To:** Christopher Braun <cbraun@psrb.com>
**Cc:** Justin Allen <jallen@psrb.com>, Dennis Gibson <Gibson@lawgibson.com>
**Subject:** Re: Kolinek Class Action v. Walgreen Co.: Conflict Check and Clients Objections

Chris, I am pleased to confirm the terms below and will coordinate directly with Brianna to substitute appearances.

Best,

Art

Arthur J Howe
Howe Law LLC
155 N Wacker Dr Ste 4250
Chicago IL 60606-1750
312.600.8336 d
312.925.4658 c
312.465.1395 f
howe@howe-llc.com

---

**From:** Christopher Braun <cbraun@psrb.com>
**Date:** Friday, July 24, 2015 at 2:00 PM
**To:** Arthur Howe <howe@howe-llc.com>
**Cc:** Justin Allen <jallen@psrb.com>, Dennis Gibson <Gibson@lawgibson.com>
**Subject:** RE: Kolinek Class Action v. Walgreen Co.: Conflict Check and Clients Objections

Art,

While I will prepare and send you a more formal fee agreement, this email is sent in the interim. As per our discussion, on behalf of our clients Gleith Cozy, Rendee Bullard, Sharon Hughes and Christinna Oldham this will confirm that we will proceed with retaining you as our local/co-counsel on a contingency fee basis, with you receiving 25% of the recovery. PSRB and our co-counsel, Dennis Gibson, will split the remainder equally at 37.5% each. Upon you sending us an email confirming your approval, we would appreciate you coordinating directly with our current local counsel, Brianna Schroeder, to substitute you in place of her and her firm.

We look forward to working with you on this interesting case!

Regards,

Christopher J. Braun
Partner
**Plews Shadley Racher & Braun LLP**
1346 N. Delaware St.
Indianapolis, IN 46202-2415

Tel: 317.637.0700
Fax: 317.637.0711
cbraun@psrb.com
www.psrb.com


PLEWS SHADLEY
RACHER & BRAUN LLP
ATTORNEYS AT LAW

---

**From:** Arthur Howe [mailto:howe@howe-llc.com]
**Sent:** Thursday, July 23, 2015 1:13 PM
**To:** Chris Braun
**Cc:** Justin Allen; Dennis Gibson
**Subject:** Re: Kolinek Class Action v. Walgreen Co.: Conflict Check and Clients Objections
**Importance:** High

Chris,

I have no conflicts. My standard billing rate is $500 per hour. As we discussed, I would be pleased to serve on a contingent basis as well.

Best,

Art

Arthur J Howe
Howe Law LLC
155 N Wacker Dr Ste 4250
Chicago IL 60606-1750
312.600.8336 d
312.925.4658 c
312.465.1395 f
howe@howe-llc.com

---

**From:** Christopher Braun <cbraun@psrb.com>
**Date:** Thursday, July 23, 2015 at 12:04 PM
**To:** Arthur Howe <howe@howe-llc.com>
**Cc:** Justin Allen <jallen@psrb.com>, Dennis Gibson <Gibson@lawgibson.com>
**Subject:** Kolinek Class Action v. Walgreen Co.: Conflict Check and Clients Objections

Art,

It was great talking with you today. We would like to retain you as co-counsel on behalf of our four clients who are class members in the Walgreen's class action litigation, all of which is more fully detailed in the attached Objections. To assist us in getting the Objections timely filed last Thursday one of our former associates, Brianna Schroeder, agreed to serve as local counsel for us. She has since learned from her firm's New York office of a potential conflict with Walgreen so she needs to withdraw her Appearance. Class counsel is Jay Edelson and his firm. As you will see, we have asserted sound arguments and concerns regarding the proposed class action settlement and the fee award to class counsel.

We greatly appreciate your flexibility with your fee arrangement, either hourly or contingency. To assist us in our consideration and discussion please send me your hourly rate. After we get your hourly rate I will follow-up with you regarding an acceptable fee arrangement. In the meantime if you have any questions regarding this matter do not hesitate to contact me. Thank you.

Regards,



Christopher J. Braun
Partner
**Plews Shadley Racher & Braun LLP**
1346 N. Delaware St.
Indianapolis, IN 46202-2415
Tel: 317.637.0700
Fax: 317.637.0711
cbraun@psrb.com
www.psrb.com



# PLEWS SHADLEY RACHER & BRAUN LLP
## ATTORNEYS AT LAW

GEORGE M. PLEWS [1]
PETER M. RACHER
CHRISTOPHER J. BRAUN [1,2]
DAVID E. JOSE
JEFFREY D. CLAFLIN
FREDERICK D. EMHARDT
S. CURTIS DEVOE
JEFFREY D. FEATHERSTUN
JOHN M. KETCHAM [1,3]
ALEXANDRA S. SYLVIA [4]
BRETT E. NELSON [5]
JOHN D. MORIARTY
AMY E. ROMIG [4]
TODD J. JANZEN
GREGORY M. GOTWALD
JONATHAN P. EMENHISER
THAO T. NGUYEN [9]
TONYA J. BOND [1]
STEPHANIE T. ECKERLE
TODD G. RELUE [8]

SENIOR COUNSEL:
SUE A. SHADLEY
JOHN B. BRIDGE
JEFFREY A. TOWNSEND

OF COUNSEL:
CHRISTINE C.H. PLEWS
MARY ANN F. SAGGESE [6]
F. RONALDS WALKER [1,7]
ANGELA M. GREEN [2]

1346 NORTH DELAWARE STREET
INDIANAPOLIS, INDIANA 46202-2415
TELEPHONE (317) 637-0700
FACSIMILE (317) 637-0710

53732 GENERATIONS DRIVE
SOUTH BEND, INDIANA 46635-1539
TELEPHONE (574) 273-1010
FACSIMILE (574) 271-2050

www.psrb.com

SENDER'S E-MAIL: cbraun@psrb.com

AUGUST 18, 2015

THERESA M. WILLARD [1]
SHELLEY M. JACKSON
DANIEL P. CORY
JOSH S. TATUM
COLIN E. CONNOR
SEAN M. HIRSCHTEN
MATTHEW D. NEUMANN
ASHLEY N. OSAK [7]
JUSTIN A. ALLEN
RYAN T. LEAGRE

[1] REGISTERED MEDIATOR
[2] ALSO ADMITTED IN THE
 DISTRICT OF COLUMBIA
[3] ALSO ADMITTED IN MICHIGAN
[4] ALSO ADMITTED IN KENTUCKY
[5] REGISTERED TO PRACTICE
 BEFORE THE U.S. PATENT
 AND TRADEMARK OFFICE
[6] ALSO ADMITTED IN VIRGINIA
[7] ALSO ADMITTED IN ILLINOIS
[8] ALSO ADMITTED IN NORTH CAROLINA
[9] ALSO ADMITTED IN CALIFORNIA

Ms. Rendee Bullard
3070 Bellaire Ranch #637
Fort Worth, TX 76109

Re:  *Robert Kolinek v. Walgreen Co.*, Case No. 1:13-cv-04806
     Fee Agreement, N.D. Illinois

Dear Ms. Bullard:

This letter (hereinafter "Agreement") sets forth the terms on which Plews Shadley Racher & Braun LLP ("PSRB") is willing to represent you with respect to your interests in the above-referenced class action litigation pending in the Northern District of Illinois (the "Matter"). If you agree to these terms, please sign the signature page below and return an original to me, keeping a copy for your records. Unless otherwise agreed to in writing by us, the following terms shall control our relationship.

Rendee Bullard
August 18, 2015
Page 2 of 3

### *Performance of Services*

I will be primarily responsible for managing the engagement. My partner George Plews and associate Justin Allen will be assisting in the representation. In order to utilize appropriate expertize, we may from time to time assign certain tasks to other persons, including paralegals, employed or engaged by PSRB. Further, PSRB has recently retained Art Howe to serve as local counsel in Chicago, Illinois.

### *Fee Arrangement*

PSRB agrees to provide its legal services on a contingency fee basis. You will have no obligation to pay PSRB for any of its professional services unless there is a recovery. In the event of a recovery, you will pay PSRB 33.33% of any and all amounts recovered up through the district court's decision on the class action settlement. In the event there is an appeal taken of the district court's decision, you will pay PSRB 35% of any and all amounts recovered. "Amounts recovered" shall mean the total of all sums actually collected on account of a judgment or by way or compromise or settlement, including sums attributable to interest, punitive damages, or attorneys' fees.

PSRB will make all payments for expenses attributable to the Matter, including but not limited to: photocopying, postage, filing fees, facsimile charges, mileage, and research expenses. These expenses will be reimbursable to PSRB in the event of a recovery. Expenses paid or advanced by PSRB shall be reimbursed first out of any recovery, and the percentage divisions set forth above shall be applied to the remaining net amount.

### *Other Terms*

You have received a copy of this Agreement, have read it, and agree to its terms and conditions. You agree that PSRB has made no promises or guarantees regarding the outcome of the Matter. You further agree that there are no other written or oral agreements governing the relationship between you and PSRB. This Agreement shall be governed and interpreted in accordance with the laws of the State of Indiana. If you so desire you are welcome to review this fee agreement with another lawyer of your choosing to have this agreement independently reviewed.

Rendee Bullard
August 18, 2015
Page 3 of 3

You may terminate our representation at any time. Meanwhile, PSRB may withdraw from representation under several circumstances. For instance, the Rules of Professional Conduct allow us to seek withdrawal from representation where we discover that a client seeks our assistance to engage in criminal or fraudulent conduct, where continued representation of the client will result in violation of the Rules, where the client insists on pursuing an objective that we consider repugnant or imprudent, where the client fails substantially to fulfill an obligation to the lawyer, or where other good cause for withdrawal exists. At the time of this Agreement, we are not aware of a conflict of interest regarding this matter with clients of PSRB. In the event we become aware of a conflict of interest, we will notify you and may withdraw our representation of you.

We sincerely appreciate being asked to represent you. We will strive to obtain the best possible result in this Matter in a timely, cost-effective manner. In the meantime, please do not hesitate to contact me if you have any questions regarding our representation. We look forward to working with you.

Very truly yours,

/s/ Christopher J. Braun

ACKNOWLEDGED AND AGREED:

*Rendee K. Poullard*
NAME

*1 - September 2015*
DATE