IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ROBERT KOLINEK, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) WALGREEN CO., an Illinois corporation, ) ) Defendant. ) | Case No. 13-cv-04806<br><br>Hon. Matthew F. Kennelly |

## LACY PRICE & WAGNER'S RESPONSES TO PLAINTIFF'S SUBPOENA FOR DOCUMENTS

COMES NOW the law firm of Lacy, Price & Wagner, P.C. ("LPW") and in response to Plaintiff's subpoena for documents as limited by the Court's order [Doc. 171] states as follows:

### GENERAL OBJECTIONS

1. LPW objects to each discovery request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege. Any inadvertent disclosure of information protected by any privilege shall not constitute a waiver of that privilege.

2. In accordance with the Court's Order, LPW has provided a log of all documents withheld to enable the Court and Class Counsel to assess the claims of privilege. Due to the volume of privileged documents and because a more detailed log would necessarily reveal privileged information, LPW's log organizes the documents by date, by name of attorneys involved, and by subject matter. See Fed. R. Civ. P. 26, Advisory Committee Notes to 1993 Amendment (explaining that a document-by-document privilege log may not be required when the preparation of the log is prohibited by its cost or if the log itself would reveal privileged

information). *See also Teledyne Instruments, Inc. v. Cairns*, 2013 U.S. Dist. LEXIS 153497 (M.D. Fla. Oct. 25, 2013) **53-55 ("An itemized privilege log is not always necessary to assess whether a communication is protected. As the Advisory Committee Note to Rule 26 explains, [d]etails concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories… In some circumstances, a party may substitute categorical privilege logging for document by document privilege logging. Categorical privilege logging entails describing by category the documents withheld on privilege grounds…A categorical log may be used where (a) a document-by-document listing would be unduly burdensome and (b) the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing whether the claim is well-grounded. The sufficiency of a categorical privilege log turns on whether the categories of information are sufficiently articulated to permit the opposing party to assess the claims of privilege or work product protection.") (internal citations and quotation marks omitted).

3. LPW objects to each discovery request to the extent it calls for disclosure of information or documents that are not relevant to the merits of the objections filed to the proposed settlement in this matter. In particular, LPW objects to any discovery related to the appropriate amount of an appellate bond because there are no pending appeals. LPW does not concede the relevance of any of the requests or the relevance or admissibility of written responses or documents produced in response thereto and the fact that information is provided or documents are produced in response to a particular request does not mean it is probative of any issue in this matter.

4. LPW objects to each discovery request to the extent it is overly broad, unduly burdensome, cumulative, vague and/or ambiguous, especially to the extent the request seeks production of "Documents" that "Relate" to a particular subject matter.

## RESPONSES TO SUBPOENA FOR DOCUMENTS

1. All non-privileged DOCUMENTS that support the objection filed by YOU in THIS ACTION.

**RESPONSE: Documents supporting Melinda Franz's status as a class member were produced in the documents she produced earlier. Otherwise, the documents that support her objection have been referred to in her objection [Doc. 118] and response to Plaintiff's memorandum [Doc. 160], and all such documents are part of public records or are equally available to Class Counsel. To the extent Plaintiff's request for documents would require LPW to produce documents that are part of public records or are equally available to Class Counsel, LPW objects.**

2. All DOCUMENTS that RELATE TO any and all objection that YOU filed to the approval of any class action settlement in any court in the United States (state or federal), including evidence of any payments made to YOU in exchange for withdrawing an objection or dismissing any appeal of an objection overruled at the trial court level.

**RESPONSE: Pursuant to the Court's order [Doc. 171], no response is required.**

3. All DOCUMENTS that RELATE TO the resolution of any and all objections that YOU filed to the approval of any class action settlement in any court in the United States (state or federal), including evidence of any payments made to YOU in exchange for withdrawing an objection or dismissing any appeal of an objection overruled at the trial court level.

**RESPONSE: Pursuant to the Court's order [Doc. 171], no response is required.**

4. All DOCUMENTS that RELATE TO any gain or benefit to a class that resulted from an objection that YOU filed to the approval of any class action settlement in any court in the United States (state or federal).

**RESPONSE: Pursuant to the Court's order [Doc. 171], no response is required.**

5. All DOCUMENTS that RELATE TO any and all objections that YOU filed to the approval of an application for attorneys' fees in connection with any class action settlement in any court in the United States (state or federal), including evidence of any payments made to YOU in exchange for withdrawing an objection or dismissing any appeal of an objection overruled at the trial court level.

**RESPONSE: Pursuant to the Court's order [Doc. 171], no response is required.**

6. All DOCUMENTS that RELATE TO the resolution of any and all objections that YOU filed to an application for attorneys' fees in connection with any class action settlement in any court in the United States (state or federal), including evidence of any payments made to YOU in exchange for withdrawing an objection or dismissing any appeal of an objection overruled at the trial court level.

**RESPONSE: Pursuant to the Court's order [Doc. 171], no response is required.**

7. All DOCUMENTS that RELATE TO any gain or benefit to a class that resulted from an objection by YOU to an application for attorneys' fees in connection with any class action settlement in any court in the United States (state or federal).

**RESPONSE: Pursuant to the Court's order [Doc. 171], no response is required.**

8. All DOCUMENTS that RELATE TO any payments made to any objector to a class action represented by YOU.

**RESPONSE: Pursuant to the Court's order [Doc. 171], no response is required.**

9. All DOCUMENTS that RELATE TO any agreement describing the circumstances under which MELINDA ERIN FRANZ might receive any financial compensation in connection with any objections that YOU filed to any class action settlement, including but not limited to THIS ACTION.

**RESPONSE: No such documents exist.**

4

10. All DOCUMENTS that RELATE TO any agreement describing the circumstances under which MELINDA ERIN FRANZ might receive any financial compensation in connection with any objections that YOU filed to an application for attorneys' fees in connection with a class action settlement, including but not limited to THIS ACTION.

**RESPONSE: No such documents exist.**

11. All DOCUMENTS that RELATE TO any agreement describing the circumstances under which an objector might receive any financial compensation in connection with any objections that YOU filed to any class action settlement.

**RESPONSE: Pursuant to the Court's order [Doc. 171], no response is required.**

12. All DOCUMENTS that RELATE TO any communication between YOU and MELINDA ERIN FRANZ concerning THIS ACTION including the retainer or engagement agreement between YOU and MELINDA ERIN FRANZ.

**RESPONSE: Objection. This request seeks documents protected by the attorney-client privilege and work product doctrine.**

**For its privilege log, LPW states that in addition to the Attorney-Client Employment Agreement previously produced, LPW sent Melinda Franz a status report in the form of a letter dated August 26, 2015 from W. Allen McDonald, which included counsel's mental impressions.**

13. ALL DOCUMENTS that RELATE TO any communication between YOU and any lawyer, including but not limited to Chris T. Cain, concerning THIS ACTION, including, but not limited to any lawyer associated with any objection filed in THIS ACTION and any lawyer who assisted in the writing of any objection filed in THIS ACTION.

**RESPONSE: Objection. This request seeks documents protected by the attorney-client privilege and work product doctrine.**

**As of the date of this response, the attorneys at LPW have over 400 emails and text messages containing communications among attorneys directly concerning this matter, and many of the emails contain attachments with draft pleadings and other documents. However, for the avoidance of any doubt, there are no documents reflecting that Chris Cain wrote any portion of any document filed in this matter.**

5

The attorneys (not including class counsel) included on the emails and text messages include W. Allen McDonald, Michael R. Franz, Christopher T. Cain, Lloyd C. Chatfield, Justin Allen, Chris Braun, John Fortman, John Kress, Steve Miller, Arthur Howe, Dennis Gibson, and George Plews. There may be other attorneys included as well, but due to the volume of emails a detailed review has not been conducted at this time.

LPW provides the following categorical log of documents relating to communications in order for class counsel and the court to assess LPW's claim of privilege.

| Dates | Attorneys | Purpose |
|---|---|---|
| June 15, 2015 – July 17, 2015 | W. Allen McDonald, Michael R. Franz, and Christopher T. Cain | Analysis of Settlement; Bases for Objection |
| July 17, 2015 – August 6, 2015 | W. Allen McDonald, Michael R. Franz, Christopher T. Cain, and Lloyd C. Chatfield | Need for local counsel and willingness and ability of Mr. Chatfield to serve as local counsel. |
| July 27, 2015 – August 5, 2015 | W. Allen McDonald, Michael R. Franz, Christopher T. Cain, Justin Allen, Chris Braun and Arthur Howe | Analysis and consideration of Fairness Hearing and Discovery Issues, including common interests Melinda Franz shares with clients represented by Attys Allen, Braun and Howe. |
| July 27, 2015 – July 31, 2015 | W. Allen McDonald, Michael R. Franz, Christopher T. Cain, Lloyd C. Chatfield, Justin Allen, Chris Braun, John Fortman, John Kress, Steve Miller, Arthur Howe, Dennis Gibson, and George Plews. | Analysis and consideration of issues regarding Class Counsel's discovery upon objectors and objectors' lawyers and common interests of objectors. |
| August 7, 2015 – August 11, 2015 | W. Allen McDonald, Michael R. Franz, Christopher T. Cain, Justin Allen, Chris Braun and Arthur Howe | Attys Allen and Braun's consent to Arthur Howe serving as local counsel for Melinda Franz and Mr. Howe's agreement to the same. |
| August 12, 2015 - present | W. Allen McDonald, Michael R. Franz, Christopher T. Cain, Justin Allen, Chris Braun, George Plews, and Arthur Howe | Ongoing discovery issues and prosecution of objections. |

14. ALL DOCUMENTS that RELATE TO any agreement or fee sharing arrangement

6

between YOU and any lawyer, including but not limited to Chris T. Cain, associated with any objection filed in THIS ACTION.

**RESPONSE: No such documents exist.**

15. All DOCUMENTS that RELATE TO any agreement describing the circumstances under which an objector might receive any financial or other compensation in connection with any objections filed by YOU to an application for attorneys' fees in connection with any class action settlement.

**RESPONSE: Pursuant to the Court's order [Doc. 171], no response is required.**

16. ALL DOCUMENTS that RELATE TO any appeal bond that YOU have been ordered to pay in the appeal of any class action settlement approval where YOU have been or represented the objector(s).

**RESPONSE: Pursuant to the Court's order [Doc. 171], no response is required.**

17. ALL DOCUMENTS that RELATE TO any sanctions, monetary or otherwise, that have been ordered against YOU in any other class action where YOU have been or represented the objector(s), at the trial or appellate level.

**RESPONSE: Pursuant to the Court's order [Doc. 171], no response is required.**

7

Respectfully submitted this 8th day of September, 2015.

LACY, PRICE & WAGNER, PC

By: _____
James H. Price, Esq. Custodian of Records
For the Firm

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of September, 2015, a true and exact copy of the foregoing has been served via U.S. Mail, postage prepaid, and by electronic mail on the following:

>Jay Edelson
>jedelson@edelson.com
>Rafey S. Balabanian
>rbalabanian@edelson.com
>Ryan D. Andrews
>randrews@edelson.com
>Benjamin H. Richman
>brichman@edelson.com
>EDELSON PC
>350 North LaSalle Street, Suite 1300
>Chicago, Illinois 60654
>
>Bradley J. Andreozzi
>bradley.andreozzi@dbr.com
>DRINKER BIDDLE & REATH LLP
>191 North Wacker Drive
>Suite 3700
>Chicago, IL 60606

_____
James H. Price