

Benjamin H. Richman <brichman@edelson.com>

---

## Kolinek v. Walgreens

**Rafey Balabanian** <rbalabanian@edelson.com>                                      Tue, Sep 15, 2015 at 8:53 PM
To: Allen McDonald <amcdonald@lpwpc.com>
Cc: "Benjamin H. Richman" <brichman@edelson.com>, Nick Larry <nlarry@edelson.com>, Jay Edelson <jedelson@edelson.com>

Allen,

Your email is not an accurate reflection of what transpired during our conversation. I never refused to put in writing the basis of our belief that you've misrepresented facts regarding Chris Cain's involvement in the case. What I said was that it seemed like a needless exercise to point out to you the several statements you've made--in both filings in this case and letters to my Firm--that do not appear to be truthful and that I wasn't inclined to do so. The reason being, you can easily look back at your filings in the case and the letters you've sent to us to discern what I'm talking about. Nevertheless, below is a further explanation.

1) In an email memorializing your July 22nd call with Jay, you stated that "Chris Cain is not representing Mrs. Franz" and that "[your] firm – and [your] firm alone – represents [her.]" The clear import of that statement is that Mr. Cain had no involvement in the Franz objection.

2) On the morning of August 5, 2015, just prior to the final fairness hearing, you unequivocally stated to me that Chris Cain had no involvement in the objection whatsoever.

3) Then, as part of your response to Plaintiff Kolinek's final approval papers, on August 14th, you filed a declaration outlining all the matters that you and Mr. Cain have worked on—both past and present—and there is no mention of the Walgreens case, other than to say you spoke to Mr. Cain about the objection *before* filing and *only* in the context of your "relationship as co-counsel in other matters...." (*See* Dkt. 160-1 ¶ 6.)

4) And most recently, during our call Friday, you tried to take the position that rather than saying Mr. Cain had no involvement in the case, what you were trying to say all along was that "he's not an attorney on the case."

Unfortunately, the privilege log that you provided calls into question the truth of those statements. The log identifies Mr. Cain as being a participant in every so-called privileged communication you've had regarding the objection between July 15th (prior to the date of Ms. Franz's objection) and the present. Thus, the idea that Mr. Cain has had no involvement in Ms. Franz' objection (or was someone who you simply "bounced ideas off of" prior to the filing of the objection) is belied by your own privilege log. Based on the log itself, either: (1) as we believe, Mr. Cain has at all relevant times been acting as an attorney on this matter (per the privilege you attempt to attach to communications with him), or (2) as you've tried to claim, he's not an attorney on the case (which would mean that no privilege can attach to communications that he was involved in). If it's the former, then you have misrepresented Mr. Cain's involvement in the case to both my Firm (in letters and in person) and the Court (by way of your declaration). If it's the latter, then none of the communications that Mr. Cain has been involved in could be privileged, and you must turn over all such communications and other documents which you've so far withheld on that basis. But you can't have it both ways, so please let us know your position this time around.

As for the balance of your email regarding our specific discovery requests and why we believe your responses are deficient, we have addressed those in writing. You seem unwilling to meet and confer further, so we will evaluate how to proceed from here.

All the best,

Rafey

Rafey S. Balabanian | Edelson PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
312.589.6376 (direct) | 312.589.6370 (firm) | 312.589.6378 (fax)
rbalabanian@edelson.com | www.edelson.com

þ Please consider the environment before printing this e-mail

---

**CONFIDENTIALITY AND LIABILITY FOR MISUSE.**
The information contained in this communication is the property of Edelson PC. It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s). Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please notify Edelson PC immediately by return e-mail and destroy this communication and all copies thereof, including all attachments.
Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

> On Sep 15, 2015, at 10:57 AM, Allen McDonald <amcdonald@lpwpc.com> wrote:
>
> Ben,
>
> My hearing was postponed so I'm in the office. However, I don't think a call is necessary.
>
> During Friday's call between your team (consisting of you, Rafey Balabanian, Nick Larry) and me, Mr. Balabanian accused me of (1) misrepresenting facts regarding Chris Cain's involvement in this matter and (2) violating Rule 11. I asked Mr. Balabanian to set forth in writing precisely what misrepresentations he claims I made and refer me to factual averments in any filing that he claims violate Rule 11. Mr. Balabanian refused.
>
> Furthermore, your September 9 letter detailing alleged deficiencies in the discovery responses contains only one reference to Chris Cain; specifically, a request that Melinda Franz and this firm produce any agreement with him. No such agreement exists.
>
> Accordingly, I consider any issue regarding Chris Cain's involvement in prosecuting the objection to be closed.
>
> We also discussed Melinda Franz's cell phone records. Frankly, in light of the fact that there has never been a question that calls were made to her cell phone and, that as a result, she's a class member, I continue to believe that you are unnecessarily burdening my client. Moreover, I understand that all Prerecorded Prescription Calls received by her occurred while she was a Verizon customer, and that she is now using Sprint. Thus, any records she might be able to obtain from her current carrier would not show the calls from Walgreen's.
>
> Nonetheless, you asked if she could provide a copy of a bill from Sprint showing that she has an account for that number. As a good faith effort to avoid a needless dispute over an irrelevant issue, I have asked for a copy of such a bill, and will provide it to you as soon as I receive it.
>
> If there's any other issue that you and your team believes needs to be discussed, please advise me in writing.
>
> Allen
>
> **From:** Benjamin H. Richman [mailto:brichman@edelson.com]
> **Sent:** Monday, September 14, 2015 6:37 PM
> **To:** Allen McDonald <amcdonald@lpwpc.com>

**Cc:** Rafey Balabanian <RBALABANIAN@EDELSON.COM>; Nick Larry <nlarry@edelson.com>
**Subject:** Kolinek v. Walgreens

Allen:

I know you may have a hearing, but please let me know whether there's a time tomorrow that will work for you to have a follow up call. We are generally available.

Best,
Ben

Benjamin H. Richman | Edelson PC

350 North LaSalle Street, Suite 1300

Chicago, Illinois 60654

312.589.6377 (direct) | 312.589.6370 (firm) | 312.589.6378 (fax)

brichman@edelson.com | www.edelson.com

♻ Please consider the environment before printing this e-mail.

___

CONFIDENTIALITY AND LIABILITY FOR MISUSE.

The information contained in this communication is the property of Edelson PC. It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s). Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please notify Edelson PC immediately by return e-mail and destroy this communication and all copies hereof, including all attachments.

Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.