TELEPHONE 865-246-0800
FAX 865-690-8199

LACY, PRICE & WAGNER, P.C.
ATTORNEYS & COUNSELORS AT LAW
249 NORTH PETERS ROAD, SUITE 101
KNOXVILLE, TENNESSEE 37923
WWW.LPWPC.COM

September 11, 2015

W. ALLEN MCDONALD
(865) 246-0800

email address:
amcdonald@lpwpc.com

*Via Email*

Benjamin Richman
Edelson PC
350 North LaSalle St., Suite 1300
Chicago, IL 6054

Re: Kolinek v. Walgreen Co.

Dear Ben:

Please accept this response to your emailed letter of September 9, 2015. If after considering our position on these issues, you still have concerns about the responses and wish to discuss, I am available this afternoon for a telephonic meet and confer.

### *Ms. Franz's Document Production*

With regard to your general criticism of Ms. Franz's document production, the fact that she only produced 3 pages of documents is a nonissue. She produced all non-privileged documents in her possession and control which were directly responsive to the subpoena. Further, there is no requirement to provide an "exhaustive" amount of documents and specifically there is no need to provide duplicate documents or documents which are only tangentially responsive. Further, to be clear, neither Ms. Franz nor I are afraid of a deposition- we simply feel it is a waste of time and serves only to inflate your firm's lodestar and advance your efforts to harass and intimidate Ms. Franz.

Turning to your specific criticisms of the documents produced on behalf of Ms. Franz, you first ask that Ms. Franz produce documents "showing that she subscribed to the telephone called by Walgreens." She does not have any documents other than the ones produced nor are they immediately available to her. At the time she recalls receiving the phone calls from Walgreen's, Ms. Franz's wireless carrier was Verizon, but she recently switched to Sprint. Therefore, the requested information may not be immediately available to her. Moreover, the subpoena did not

Ben Richman
September 11, 2015
Page 2 of 3

require her to produce documents showing that she subscribed to the number set forth in her objection, (334) 324-1180. Rather, the subpoena was only for documents related to any telephone calls received by her and documents that supported her objection. I am aware of no requirement that Ms. Franz subscribed to the number called by Walgreens for her to be a class member. There does not seem to be any doubt that Walgreens associated the phone number (334) 324-1180 with Ms. Franz and called her at that number. Whether or not she "subscribed" to that number does not seem to be relevant to any issue, and unless you can show me specifically where this information was requested and would bear on her claim or status as a class member, we will respectfully decline to undertake efforts to try to obtain documents from Verizon on her closed account. However, we will not object to your firm seeking permission from the Court to send a subpoena to Verizon for its records relating to the account for phone number (334) 324-1180 during the relevant timeframe.

Your letter also complains that Ms. Franz failed to produce a written agreement with local counsel. Again, the requests for documents included with the subpoena did not seek that information. The request was limited to written agreements with myself, Chris Cain and Lacy, Price & Wagner. Ms. Franz fully complied with the subpoena served on her. However, as set forth below, my firm's agreement with Art Howe is being produced in response to the subpoena served on it.

You also complained that Ms. Franz failed to provide any information regarding her potential indirect financial benefit through attorney Michael R. Franz in our law firm. Again, as with the other items above, your request did not seek this information. However, Michael Franz is not a partner in this law firm, and there is no agreement in place which would entitle him to receive any portion of any attorneys' fees awarded in this matter.

### *Lacy, Price & Wagner's Responses*

Turning to your criticisms of Lacy, Price & Wagner's written responses and document production, the "general objections" are valid and appropriate. The general objections raised by LPW were not rote objections, but rather were specifically tailored to the specific document requests. Further, Judge Kennelly has not ruled upon any issue regarding vagueness, ambiguity or overbreadth of the requested documents.

As for the privilege log, for the reasons set forth in its response, LPW believes that the categorical log is sufficient and appropriate under the circumstances. However, based upon my review of the documents, all of the recipients of the emails and text messages were attorneys or other persons employed by counsel who were working on this matter.

Ben Richman
September 11, 2015
Page **3** of **3**

Regarding request #14, upon reflection, the agreement with Art Howe should have been produced. However, the oversight was not intentional. As you know, Mr. Howe was not initially serving as local counsel, but only came on board after Lloyd Chatfield was unable to attend the hearings because of scheduling conflicts. Thus, it would have been impossible for Mr. Howe to have had any motivation in the filing of the objection on behalf of Mrs. Franz. For this reason, LPW did not consider the agreement with him to be relevant. However, we have no problem producing the agreement to you. I will send the agreement between Mr. Howe and this firm to you via separate correspondence.

I believe this addresses all of your criticisms with the documents produced by Ms. Franz and the responses by Lacy, Price & Wagner. Please let me know if you would like to schedule a meet and confer via telephone.

         Sincerely,
         LACY, PRICE & WAGNER, PC

         W. Allen McDonald

WAM:sh
cc: Art Howe