**Edelson PC**

350 North LaSalle Street, Suite 1300, Chicago, Illinois 60654
t 312.589.6370 f 312.589.6378

www.edelson.com


September 9, 2015

<u>V<small>IA</small> E<small>LECTRONIC</small> M<small>AIL</small></u>

W. Allen McDonald
amcdonald@lpwpc.com
Lacy, Price & Wagner, P.C.
249 N. Peters Road, Suite 101
Knoxville, Tennessee 37923

Arthur J. Howe
howe@howe-llc.com
Howe Law LLC
155 N. Wacker Dr., Suite 4250
Chicago, Illinois 60614

  Re: *Kolinek v. Walgreen Co.*, No. 13-cv-4806 (N.D. Ill.)

Dear Allen:

  We write ahead of our meet and confer to outline the several deficiencies in Ms. Franz's and your firm's responses (and related document productions) to the subpoenas served upon them in this matter. In particular,

- The handful of documents produced on behalf of Ms. Franz appear not to be exhaustive of the responsive information in her possession, custody or control;

- Many of the objections asserted by your firm have already been overruled by the Court; and,

- Several of your firm's written responses and the related documents produced are deficient and non-exhaustive as well.

Each of these issues is taken in turn below.

**I. Ms. Franz's Document Production is Deficient.**

  In response to Plaintiff's subpoena and the eight document requests the Court upheld, Ms. Franz has produced a total of just *three* documents—(i) her retainer agreement with your firm, (ii) her Claim Form receipt, and (iii) the postcard notice she received. For the reasons

described below, those documents are clearly not exhaustive of the relevant and responsive information Ms. Franz has in her possession, custody or control. Moreover, given the relative lack of production, we are inclined at this point to follow the Court's guidance and seek an order requiring Ms. Franz to sit for deposition so that we can actually secure the information to which Plaintiff and the Settlement Class are entitled. *See* Aug. 24, 2015 Hearing Transcript at 18:24 – 19:5 ("I will say, though, that the more opaque things are after the document request, the more likely it is that somebody is going to have to come and talk about something, i.e., have a deposition taken."). Notwithstanding and to be clear, we will of course work with you in good faith to resolve the issues outlined herein and avoid the need to proceed with a deposition, if possible.

That said, we turn first to Ms. Franz's failure to produce *any* documents showing that she subscribed to the telephone number called by Walgreens, despite the fact that Judge Kennelly found that such information "directly relates to matters that are potentially at issue in the case." (Aug. 12, 2015 Hearing Transcript at 20:24–21:13.) For example, Ms. Franz could have produced account statements from her wireless carrier identifying the subscriber to the relevant account or her wireless bills from the relevant time period. As you may know, the various wireless carriers have policies and procedures in place to obtain such information. At the very least, Franz was required (but failed) to explain what efforts she made to obtain such records and why those efforts have been unsuccessful thus far. (*See* Subpoena Rider to Melinda Franz at 2; *see also* Dkt. 156.)

Next, Ms. Franz has failed to produce any agreements with attorneys outside of your firm related to this matter—e.g., her local counsel. Indeed, the Illinois, Tennessee, and ABA Model Rules of Professional Conduct all require her to have agreed, in writing, to any fee sharing agreement between your firm and any other. *See* ABA Model R.P.C. 1.5(e) ("A division of a fee between lawyers who are not in the same firm may be made only if . . . the client agrees to the arrangement, including the share each lawyer shall receive, and the agreement is confirmed in writing."); *see also* Ill. R.P.C. 1.5(e); Tenn. R.P.C. 1.5(e). Indeed, based on his own statements, it appears that your local counsel, Mr. Howe, expects to receive at least 25% of any recovery on behalf of Ms. Franz (including any attorneys' fees awarded) in this case. Nevertheless, we have not received a copy of an agreement to that effect—whether it be a written retainer agreement, e-mail correspondence, or in some other form. Likewise, your privilege log identifies communications between you, attorney Christopher T. Cain and counsel for the other objectors in this matter. To the extent any of those attorneys stand to gain anything as a result of a recovery for Ms. Franz, any agreements (written or otherwise) to that effect must be produced as well.

Finally, Ms. Franz has failed to provide any information regarding her own potential pecuniary gain as a result of your law firm recovering attorneys' fees in this case. That is, Ms. Franz appears to be the wife of attorney Michael R. Franz, a partner at your law firm. Thus, to the extent his partnership (or any other) agreement entitles him to receive any portion of an attorneys' fee award to your firm (or other recovery for Ms. Franz) in this matter, Plaintiff is entitled to understand that and the extent to which Ms. Franz will share in it. *See, e.g., In re Netflix Privacy Litig.*, No. 11-cv-370, 2013 WL 6173772, at *5 (N.D. Cal. Nov. 25, 2013) (allowing discovery "bearing on the Objectors' standing, financial relationships with their

counsel, and motivations for appeal"); *Yarrington v. Solvay Pharmaceuticals, Inc.*, 697 F. Supp. 2d 1057 (D. Minn. 2010) (noting serial objector's failure to disclose relationships to clients).

Plaintiff requests that Ms. Franz supplement her production in these regards no later than the close of business on September 14, 2015.

## II. Your Firm's Production is Deficient.

Your firm's written responses and document production similarly fall short of what is required. (*See* Dkt. 171.)

*Your Firm's General Objections*

As an initial matter, it is well settled that the sorts of "general objections" asserted by your firm and "made without elaboration . . . are not 'objections' at all-and will not be considered." *Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 375 (S.D. Ind. 2009). For that reason, and because such general objections lack the sufficiency required by the Federal Rules of Civil Procedure, they are in essence without legal meaning and may be treated as if they have been waived. *See, e.g.*, *In re Folding Carton Antitrust Litig.*, 83 F.R.D. 260, 264 (N.D. Ill. 1979) ("General objections may result in waiver of objections."); *see also Burkybile v. Mitsubishi Motors Corp.*, No. 04-cv-4932, 2006 WL 2325506, at *6 (N.D. Ill. Aug. 2, 2006) (collecting cases rejecting "reflexive invocation[s] of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence"). Accordingly, to the extent any responsive documents or information have been withheld pursuant to those general objections, they must be produced.

Moreover, even if such general objections were appropriate, they are particularly off base here, given the Court's August 12th and August 24th Orders. Specifically, your firm's relevance objection (General Objection No. 3), has already been overruled by the Court—Judge Kennelly specifically found that the requests to which you were ordered to respond seek relevant information. (Dkt. 171.) The same goes for your boilerplate overbreadth, burden, vagueness, and ambiguity objections, which were likewise overruled by the Court. (*Id.*)

In light of the foregoing and to the extent any otherwise relevant and responsive information has been withheld on the basis of the general objections asserted, we ask that it be produced no later than the close of business September 14, 2015.

*Your Firm's Privilege Log*

Next, your firm's privilege log fails to provide sufficient information to allow Plaintiff to adequately assess the claims of privilege. *See Petrovic v. City of Chicago*, No. 06-cv-6111, 2007 WL 2410336, at *1 (N.D. Ill. Aug. 21, 2007) ("Any privilege log must be detailed enough to enable other parties to assess the applicability of the privilege asserted . . . ."). For instance, while the log purports to list each attorney privy to the supposedly privileged communications, it does not identify other parties to those communications, or at least confirm that no other

**Edelson PC**  *Kolinek v. Walgreen Co.*
September 9, 2015
Page 4 of 5

individuals were involved. *See Muro v. Target Corp.*, No. 04-cv-6267, 2006 WL 3422181, at *3 ("To that end, the asserting party must produce a privilege log that identifies for *each* separate document the following information: the date, the author and *all* recipients, along with their capacities, the subject matter of the document, the purpose for its production, and a specific explanation of why the document is privileged.") (second emphasis added). Likewise, while the log makes several assertions that communications related to the supposedly "common interests of objectors," it fails to provide sufficient detail to determine the applicability of the "common interest exception," including, *inter alia*, by identifying (a) what the common interests actually are, (b) whether the communications were made in a confidential manner, and (c) whether any party to the communications has otherwise waived the privilege for the disclosed information. *See id.*; *see also Smedley v. Lambert*, No. 3:12-cv-0003, 2013 WL 1333320, at *2–3 (M.D. Tenn. Mar. 29, 2013).

Accordingly, you must supplement the privilege log and we request that you do so no later the close of business September 14th. Failing to do so may result in a waiver of the asserted privileges (to the extent they are valid objections to begin with) and require the production of any documents or information identified in the deficient log. *See Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 145 F.R.D. 84, 88 (N.D. Ill. 1992) ("Any failure to comply with [privilege log requirements] will result in a finding that the . . . discovery opponents have failed to meet their burden of establish[ing] the applicability of the privilege.").

*The Substance of Your Firm's Responses and Document Production*

In addition to its improper objections, the substance of several of your firm's responses and its document production are notably deficient. Taking them in order, the response to Request No. 1 is deficient in that your firm, like Ms. Franz, has failed to produce any phone records or billing statements demonstrating that she (and not some other individual) in fact subscribed to the telephone number called during the time period at issue. (*See* Aug. 12, 2015 Hearing Transcript at 20–21: 24–3.) Again, you must at least explain what efforts (if any) have been made to obtain the records (e.g., from the relevant wireless carrier) and why those efforts have been unsuccessful thus far. (*See* Subpoena Rider to the Custodian of Records for Lacy, Price & Wagner, P.C. at 3; *see also* Dkt. 171.)

Next, the response to Request No. 14 is deficient on its face, unless we are to believe that Mr. Howe is serving as local counsel free of cost (which is unlikely, given his own statement that "now that [he was] also representing Franz, [he was] cutting [his] contingent fee for the Cozby objectors to 20%" from 25%). This Request obviously requires production of any agreement with Mr. Howe—whether in the form of a written retainer agreement, e-mail correspondence, or otherwise. And, if no such agreement exists, we ask that you explain that as well.

Finally, your firm has failed to produce any documents in response to Request Nos. 9 and 10, despite the fact that Ms. Franz obviously stands to gain financially if her husband's firm obtains an award of attorneys' fees arising from her objection. Accordingly, we ask that your firm supplement its document production to include the partnership agreement, compensation policy and/or any other document describing how an award of attorneys' fees in

**Edelson PC**  Kolinek v. Walgreen Co.
September 9, 2015
Page 5 of 5

this action would affect the compensation of Ms. Franz's husband, Michael R. Franz. *See In re Netflix Privacy Litig.*, 2013 WL 6173772, at *5 (N.D. Cal. Nov. 25, 2013) (allowing discovery "bearing on the Objectors' . . . financial relationships with their counsel, and motivations for appeal"). Similarly, we ask that you produce any agreements your firm or Ms. Franz has with any other attorneys—e.g., Mr. Cain—who stand to gain as a result of a recovery for Ms. Franz in this case.

  Again, we ask that your firm supplement its responses and document production in these regards no later than the close of business September 14, 2015 as well.

      *      *      *

  We look forward to working with you to resolve these issues.

      Sincerely,

      EDELSON PC

      Benjamin H. Richman

CC VIA ELECTRONIC MAIL:  Jay Edelson (jedelson@edelson.com)
          Rafey S. Balabanian (rbalabanian@edelson.com)