**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**DALLAS DIVISION**

| | |
|---|---|
| ROBERT KOLINEK, individually and on behalf of all others similarly situated | |
| Plaintiff | |
| v. | Civil Action No. 3:15-MC-085-L |
| WALGREEN CO., an Illinois corporation, | |
| Defendant | |
| ROBERT KOLINEK, | |
| Respondent, | |
| v. | |
| PAIGE NASH | |
| Movant, | |

**DOCUMENTS TO BE PRODUCED**

1.      Any client retainer agreements between YOU and Thomas L. Cox that RELATE TO this ACTION.

RESPONSE:  Nash has no documents responsive to this request.

2.      Any client retainer agreements between YOU and Thomas L. Cox that RELATE TO any other class, derivative,  or private attorney general action (whether  or not certified  as such), in any court or arbitration  organization,  in which YOU acted as an objector  to a proposed settlement

RESPONSE: Nash has no documents responsive to this request.

3. All phone records or other DOCUMENTS that RELATE TO any telephone calls at issue in this ACTION received by YOU from or on behalf of Defendant Walgreens Co.

RESPONSE: Nash has no documents responsive to this request.

4. All non-privileged DOCUMENTS that support YOUR objection in this ACTION.

RESPONSE: Nash has no documents responsive to this request.

5. All non-privileged DOCUMENTS, including all correspondence, between YOU and any person other than Thomas L. Cox that RELATES TO THIS ACTION.

RESPONSE: Nash has no documents responsive to this request.

6. All DOCUMENTS, including all correspondence, between YOU and any other objectors that RELATE TO YOUR objection in this ACTION.

RESPONSE: Nash has no documents responsive to this request.

7. All DOCUMENTS, including without limitation pleadings, motions, briefs, memoranda, declarations, affidavits, and orders filed by YOU or on YOUR behalf in any class, derivative, or private attorney general action (whether or not certified as such), in any court or arbitration organization, in which YOU acted as an objector to a proposed settlement agreement.

RESPONSE: Please see attached documents

8. All DOCUMENTS, including without limitation correspondence, notes of telephone conversations, telephone bills, and electronic mail, that evidence, refer, or RELATE TO any communications between YOU and Thomas L. Cox, that RELATE TO the subject matter of this ACTION that occurred before the existence of YOUR attorney-client relationship with Thomas L. Cox in this ACTION.

RESPONSE: Nash has no documents responsive to this request.

**PAIGE NASH**,


By: */s/ Thomas L. Cox Jr.*
Movant's Attorney
Thomas L. Cox, Jr.
tcox@yahoo.com
S.B. 04964400
7129 Tabor Dr.
Dallas, Texas 75231


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served upon Benjamin H. Edelson PC 350 North LaSalle, Suite 1300, Chicago, IL 60654 by email on August 28, 2015.

*S/ Thomas L. Cox Jr.*
Thomas L. Cox Jr.

.

THOMAS L. COX, JR.
4934 Tremont
Dallas, Texas 75214
(469) 531-3313 FAX: (214) 855-7878
tcox009@yahoo.com


April 8, 2011


Clerk of the Court
United States District Court for the District of Nevada
400 S. Virginia Street
Reno, NV 89501

      Re:     No. 3:06-cv-00545 LRH-RAM; *Sobel, et al. v. The Hertz Corp., et al.*

Dear Clerk:

      Enclosed please find the original and two copies of Paige Nash's Objection to the Proposed Settlement and Notice of Intent to Appear and be Heard Either in Person or by Telephone, for filing in the above-referenced matter. Upon completion, please return a file-marked copy to the undersigned in the enclosed self-addressed and stamped envelope.

      Thank you for your attention to this matter. If you have any questions or comments, please do not hesitate to contact me.


                  Respectfully,



                  Thomas L. Cox, Jr.


cc:    Mr. David B. Zlotnick (w/enclosure)
       Mr. Peter S. Hecker (w/enclosure)

THOMAS L. COX, JR.
7129 Tabor Dr
Dallas, Texas 75231
(469) 531-3313
tcox009@yahoo.com


August 21, 2014


Clerk of the Court
United States District Court for the District of Nevada
400 S. Virginia Street
Reno, NV 89501

      Re:    No. 3:06-cv-00545 LRH-RAM; *Sobel, et al. v. The Hertz Corp., et al.*

Dear Clerk:

      Enclosed please find the original and one copy of Paige Nash's Objection to the Proposed Settlement and Request for Attorney Fees, for filing in the above-referenced matter.


      Thank you for your attention to this matter. If you have any questions or comments, please do not hesitate to contact me.


                Respectfully,


                Thomas L. Cox, Jr.


cc:    Mr. G. David Robertson (w/enclosure)
       Mr. William E. Peterson (w/enclosure)

THOMAS L. COX, JR.
4934 Tremont
Dallas, Texas 75214
(469) 531-3313   FAX: (214) 855-7878
tcox009@yahoo.com


July 26, 2011.


Clerk of the Court
United States District Court for the District of Nevada
400 S. Virginia Street
Reno, NV 89501

Re:     No. 3:06-cv-00545 LRH-RAM; *Sobel, et al. v. The Hertz Corp., et al.*

Dear Clerk:

I was on the conference call on 7/20/2011 when an amended scheduling order was discussed. I would request that I be included on the service list or all future filings and for the parties convenience documents can be forwarded to me by email at tcox009@yahoo.com

Thank you for your attention to this matter.

Respectfully,


Thomas L. Cox, Jr.

cc:     Mr. G. David Robertson, Esq.
        Mr. William R. Peterson.

**UNITED STATES DISTRICT COURT**
**IN AND FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| JANET SOBEL, DANIEL DUGAN, PhD., And LYDIA LEE, individually and on behalf of all others similarly situated,<br>Plaintiffs,<br><br>v.<br><br>THE HERTZ CORPORATION, a Delaware Corporation; and, ENTERPRISE RENT-A-CAR COMPANY, a Missouri corporation,<br>Defendants. | Case No.: 3:06-cv-00545 LRH-RAM<br><br>**PAIGE NASH'S OBJECTION TO THE PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR AND BE HEARD EITHER IN PERSON OR BY TELEPHONE** |

To The Honorable Judge Larry R. Hicks:

1.     Paige Nash ("Objector") objects to the proposed settlement in *Sobel, et al. v. The Hertz Corporation, et al.,* Case Number 3:06-cv-00545-LRH-RAM, U.S. District Court, Reno, Nevada.

2.     I intend to appear at the Fairness Hearing through counsel either in person or by telephone and request to speak concerning my objections to this settlement and otherwise participated in the Fairness Hearing.

**Objector is a class member**

3.     Objector declares that she is a class member.  She received by United States mail a notice of this settlement entitled "Certificate of Registration 10777524401."

4.     On at least eight (8) occasions during the claim period I rented an automobile from Defendant Hertz.  I object to the settlement for the following reasons:

1

**Objection to Class Notice**

5.    The proposed notice plan as outlined in Paragraph 3.2 of the Settlement Agreement and Paragraphs 4 and 5 of the Order Granting Plaintiffs' Motion For Preliminary Approval of the Settlement and Approval of the Form of Notice does not meet the requirements of Fed.R.Civ.P.23(c)(2) because the notice given was not the best notice practicable under the circumstances. While it is true that Fed.R.Civ.P.23 does not require the parties to exhaust every conceivable method of identifying the individual class members, the Rule does require that class members are entitled individual notice if possible and at a minimum the best notice possible under the circumstances. This settlement relies entirely on Defendant Hertz's database to reach potential class members. Under the current plan, e-mail communications will be attempted with mail follow-up. To reach potential class members the notice plan essentially says if you are not in Defendant Hertz's database, have changed e-mail accounts, or if postal notice is unsuccessful, no further efforts shall be made.

6.    As other Objectors have noted, this settlement includes a very draconian anti-publicity provision, Paragraph 5.10 of the Settlement Agreement appears to be directed at limiting public - and thereby potential class members, particularly those who have moved or changed e-mail accounts - receipt of notice of the settlement. Limiting notice will decrease participation in: (1) the few benefits afforded the class, (2) the Fairness Hearing, and (3) objections and opt outs. This provision, taken together with the lack of a public notice plan, is solely in Defendant Hertz's interest and antithetical to notifying the largest number of putative class members. Limiting publicity will result in fewer class members' claims being processed. The anti-publicity provision further calls

into question Class Counsel's obligations to the class. Counsel's obligation to the class is to act in the best interest of the class. It is certainly not in the interest of the class to agree to a provision that will restrict notice to potential class members that Class Counsel is purportedly representing.

7.    The notice campaign must be improved. Objector suggests the following:

(a)    links on each settling defendant's website directing inquiries to the settlement website;

(b)    banner on each settling defendant's website of the notice of settlement and inquiries; and

(c)    notice appearing in inflight magazines on all carriers servicing Las Vegas and Reno.

In a world of junk mail, computer spam and computer spam filters, important notices such as "you are a member of a class action," may go unread or unopened. The Federal Judicial Center, http://www.fjc.gov/ has a specific section entitled "Judge's Class Action Notice and Claims Process Checklist and Plain Language Guide 2010," which suggests a percent of class to be reached by notice at between 70-95%. This plan appears woefully deficient.

The steps recommended above are simple and would significantly improve the notice plan with little or no cost and would ensure greater notice to class members.

**Objections to Class Representatives**

8.    The guiding principles in selecting class representatives are: "The class must have a "conscientious representative Plaintiff" (*Rand v. Monsanto* 926 F.2d 596,

3

599 (7th Cir. 1991)) and . . . class representative must ". . . fairly and adequately protect the interest of the class." Rule 23(a)(4).

9.    A conflict of interest must not exist between the named Plaintiffs and the class. *Meredith v. Mid-Atlantic*, 129 F.R.D. 130, 133. (ED Va.1989)

10.    In this settlement, we have two classes who will be entitled to coupons. Those who rented once or twice will be entitled to a Ten Dollar coupon and those who rented three or more times will be entitled to a Twenty Dollar coupon. The conflict between class members is obvious as a class member who rented three times during the five year claim period receives the same coupon and alleged benefit as someone who rented ten times or more.

11.    We are not told how many times the named Plaintiffs (class representatives) rented from Defendant Hertz during the claim period thereby calling into question the adequacy of the class representatives. The size of the class is estimated to be 2.5 million (Docket 186-1 pg. 3).

12.    In this case, the lead Plaintiffs may have suffered the same type of damage, but more importantly, the proposed settlement shows clearly the partiality and self-dealing on the part of the class representatives as class members who rented only once or twice receive a greater percentage benefit than those class members who rented multiple times. This provision because if focuses the coupons on occasional renters and therefore smacks of a sales promotion. As objector Davis, (Docket 183, pg 1), noted, the settlement compels a class member to rent from the same company that unlawful charged a Concession Recovery Fee in order to receive any benefit. The tortfeasor profits from the settlement as proposed.

4

13.     If in advancing their own interests, the named Plaintiffs had also advanced the interests of the class rather than a subset of the class; their burden would have been met. Unfortunately, they did not.

14.     It has long been the law that an absent class member will not be bound to a judgment wherein he was not adequately represented. *Hansberry v. Lee*, 311 U.S. 32 (1940).

15.     Objector requests the court to appoint counsel and class representatives for the subclass of individuals who rented multiple times.

**Objections to the Settlement**

16.     The settlement is not fair, reasonable, or adequate, and Objector objects to the proposed settlement, for the following reasons.

As other objectors have noted the only way to get a coupon is to have computer access. If you don't have computer access AND a printer, too bad, no coupon.

17.     This is a bad coupon settlement. The coupons have limited transferability and expire after eighteen months. On the other hand, the release given by the class is perpetual. This is exactly the type of settlement to which Congress referred when it passed the Class Action Fairness Act of 2005:

> Congress finds the following: ... Class members often receive little or no benefit from class actions, and are sometimes harmed, such as where-- counsel are awarded large fees, while leaving class members with coupons ... .

Class Action Fairness Act of 2005, Pub.L. 109-2, Feb. 18, 2005, 119 Stat. 4. That is exactly the proposed settlement here: class members get coupons, Class Counsel gets $1,440,000.00 in fees, $150,000.00 in expenses and the class representatives get a combined $20,000.00 for their role to be distributed by Class Counsel.

5

18.     The Court owes a fiduciary duty in the settlement phase of a class action. See *Reynolds v. Beneficial National Bank, 288 F.3d 277 (7th Cir. 2002)*. Here, in arguing for approval, Class Counsel take the position that the coupons "represent real value to the Class Members" (Docket 186-1 pg. 9), while some objectors, including Nash, take the position that this coupon settlement constitutes little value to class members and is little more than sales promotion for Defendant Hertz and rewards the tortfeasor, Defendant Hertz.

19.     The value of the settlement to the class has been greatly overvalued. It is not unreasonable to assume that a large number of the e-mail claim notices, if even opened, will be followed by the recipient hitting their delete button and a large percentage of mail notices will promptly go into the trash. Even assuming ten percent (10%) of the class claims a coupon, and further dividing that into half are claiming the ten dollar coupon and the other half claiming a twenty dollar coupon a mere 3.75 million possible benefits exist.

20.     There is no reasonable rationale for the expiration of the coupons. The waiver class members provide to Defendant Hertz does not expire, so neither should the consideration class members receive expire. Given the time value of money, the value of the certificate goes down the longer the class member holds it, so Defendant Hertz would not be harmed. Since class members are permanently losing their rights, they should be allowed to use the certificate when they are ready to make a purchase and not within the artificial time limits set by the settling parties. Equity demands a quid pro quo. The coupons should be (a) perpetual, (b) "good as cash" and (c) fully transferable.

6

21.     The present structure of the settlement is essentially a sales promotion that benefits Defendant Hertz at the expense of class members' rights.  To the extent class members do not use the certificates, Defendant Hertz benefits because it avoids liability on the waived claims.  To the extent class members use the certificates, Defendant Hertz benefits from the extra sales.  Thus, the settlement is structured to benefit Defendant Hertz, as well as Class Counsel, at the expense of class members who lose their rights against Defendant Hertz.

22.     The fact that the coupons have limited transferability further shows the intent is to benefit Defendant Hertz's sales, rather than benefit class members.  It is not reasonable for a coupon settlement to prohibit unlimited transfers of the coupons.

23.     The proposed incentive awards to the class representatives are unreasonably high and create a conflict for their adequate representation of the class. They are more inclined to leave class members with mere coupons if they obtain a hefty payoff, and they recover even more under the settlement than they would ever be entitled to under the statute.   Incentive awards must not give special treatment to named Plaintiffs; they are intended solely to compensate them for the time and risk they incur in bringing a lawsuit on behalf of the class.

24.     The amount of the proposed fees in relation to the alleged benefits to the class renders the settlement unfair and unreasonable.  The amount of the proposed attorneys' fees is an integral element in determining whether the settlement is fair, reasonable, and adequate:

> The court's settlement review should include provisions for the payment of Class Counsel. In class actions whose primary objective is to recover money damages, settlements may be negotiated on the basis of a lump sum that covers both class claims and attorney fees. Although there is no bar to such arrangements, the

7

simultaneous negotiation of class relief and attorney fees creates a potential conflict ... The judge can condition approval of the settlement on a separate review of the proposed attorneys' compensation.

MANUAL FOR COMPLEX LITIGATION 4th § 21.7, p. 335. The requested amounts are excessive here and show that his is exactly the type of settlement congress criticized, where Class Counsel get huge fees and the class gets coupons.

**Objections to the Fee Petition**

25.     Objector objects to the request for fees to Class Counsel.   Objector reserves the right to file objections to the fee petition at a later date.

26.     Objector believes that a ruling on the fee petition should be deferred until after the date for filing for the coupons, at a minimum so that the Court can judge the classes' response.

27.     If the Court approves the 18 month time period for the coupons then the Court should defer awarding at least a portion of the attorneys' fees until the expiration of the coupon and then only award a maximum of 25% attorneys' fees for coupons actually redeemed up to the amount sought in Class Counsel's fee petition.

If a proposed settlement in a class action provides for a recovery of coupons to a class member, the portion of any attorney's fee award to class counsel that is attributable to the award of the coupons shall be based on the value to class members of the coupons that are redeemed. 28 U.S.C.A. § 1712 (a).

28.     Thus, as a matter of law, attorneys' fees here may not exceed a reasonable percentage, which objector contends is 25%, of the value of the coupons actually redeemed.

8

## RELIEF REQUESTED

Wherefore, Objector prays that the Court deny the proposed settlement, deny certification of the settlement class, deny the requested fees to Class Counsel and grant Objector such other and further relief to which Objector may be entitled.

Respectfully submitted,

Thomas L. Cox, Jr.
State Bar 04964400
4934 Tremont
Dallas, Texas 75214
(469) 531-3313
(214) 855-7878 (Fax)
tcox009@yahoo.com

ATTORNEY FOR OBJECTOR
PAIGE NASH

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon the following by U.S. Mail on the 8th day of April, 2011:

David B. Zlotnick
Law Offices of David B. Zlotnick
625 Broadway, Suite 635
San Diego, CA 92101
Counsel for Plaintiffs

Peter S. Hecker
Sheppard Mullin Richter & Hampton LLP
Four Embarcadero Ctr., 17th Floor
San Francisco, CA 94111
Counsel for Hertz

Thomas L. Cox, Jr.

9

THOMAS L. COX, JR.
7129 Tabor Dr
Dallas, Texas 75231
(469) 531-3313
tcox009@yahoo.com


August 21, 2014


Clerk of the Court
United States District Court for the District of Nevada
400 S. Virginia Street
Reno, NV 89501

      Re:    No. 3:06-cv-00545 LRH-RAM; *Sobel, et al. v. The Hertz Corp., et al.*

Dear Clerk:

      Enclosed please find the original and one copy of Paige Nash's Objection to the Proposed Settlement and Request for Attorney Fees, for filing in the above-referenced matter.


      Thank you for your attention to this matter. If you have any questions or comments, please do not hesitate to contact me.


      Respectfully,


      Thomas L. Cox, Jr.



cc:    Mr. G. David Robertson (w/enclosure)
       Mr. William E. Peterson (w/enclosure)

**UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| JANET SOBEL, DANIEL DUGAN, PhD., And LYDIA LEE, individually and on behalf of all others similarly situated,<br>Plaintiffs,<br><br>v.<br><br>THE HERTZ CORPORATION, a Delaware Corporation; and, ENTERPRISE RENT-A-CAR COMPANY, a Missouri corporation,<br>Defendants. | Case No.: 3:06-cv-00545 LRH-RAM<br><br>**PAIGE NASH'S OBJECTION TO THE PROPOSED SETTLEMENT AND REQUEST FOR ATTORNEY FEES.** |

To The Honorable Judge Larry R. Hicks:

1.      Paige Nash ("Objector") objected to the proposed settlement in *Sobel, et al. v. The Hertz Corporation, et al.,* Case Number 3:06-cv-00545-LRH-RAM, U.S. District Court, Reno, Nevada and through her attorney appeared by telephone at a prior Fairness Hearing on July 11, 2011.

2.      I do not intend to appear at the Fairness Hearing, however I have included my prior objection in Paragraphs 3 through 28. I believe that the settlement currently before the Court is an improvement over the prior settlement. I request the Court to award fees to all attorneys who objected to the prior settlement on behalf of their clients in an amount to be determined by the Court.

### Prior Objection

**Objector is a class member**

3.      Objector declares that she is a class member. She received by United States mail a notice of this settlement entitled "Certificate of Registration 10777524401."

1

4.      On at least eight (8) occasions during the claim period I rented an automobile from Defendant Hertz.  I object to the settlement for the following reasons:

**Objection to Class Notice**

5.      The proposed notice plan as outlined in Paragraph 3.2 of the Settlement Agreement and Paragraphs 4 and 5 of the Order Granting Plaintiffs' Motion For Preliminary Approval of the Settlement and Approval of the Form of Notice does not meet the requirements of Fed.R.Civ.P.23(c)(2) because the notice given was not the best notice practicable under the circumstances.  While it is true that Fed.R.Civ.P.23 does not require the parties to exhaust every conceivable method of identifying the individual class members, the Rule does require that class members are entitled individual notice if possible and at a minimum the best notice possible under the circumstances. This settlement relies entirely on Defendant Hertz's database to reach potential class members.  Under the current plan, e-mail communications will be attempted with mail follow-up.  To reach potential class members the notice plan essentially says if you are not in Defendant Hertz's database, have changed e-mail accounts, or if postal notice is unsuccessful, no further efforts shall be made.

6.      As other Objectors have noted, this settlement includes a very draconian anti-publicity provision, Paragraph 5.10 of the Settlement Agreement appears to be directed at limiting public - and thereby potential class members, particularly those who have moved or changed e-mail accounts - receipt of notice of the settlement.  Limiting notice will decrease participation in:  (1) the few benefits afforded the class, (2) the Fairness Hearing, and (3) objections and opt outs.  This provision, taken together with the lack of a public notice plan, is solely in Defendant Hertz's interest and antithetical to notifying the largest number of putative class members.  Limiting publicity will result in fewer class members' claims being processed.

The anti-publicity provision further calls into question Class Counsel's obligations to the class. Counsel's obligation to the class is to act in the best interest of the class. It is certainly not in the interest of the class to agree to a provision that will restrict notice to potential class members that Class Counsel is purportedly representing.

7.      The notice campaign must be improved. Objector suggests the following:

(a)      links on each settling defendant's website directing inquiries to the settlement website;

(b)      banner on each settling defendant's website of the notice of settlement and inquiries; and

(c)      notice appearing in inflight magazines on all carriers servicing Las Vegas and Reno.

In a world of junk mail, computer spam and computer spam filters, important notices such as "you are a member of a class action," may go unread or unopened. The Federal Judicial Center, http://www.fjc.gov/ has a specific section entitled "Judge's Class Action Notice and Claims Process Checklist and Plain Language Guide 2010," which suggests a percent of class to be reached by notice at between 70-95%. This plan appears woefully deficient.

The steps recommended above are simple and would significantly improve the notice plan with little or no cost and would ensure greater notice to class members.

**Objections to Class Representatives**

8.      The guiding principles in selecting class representatives are: "The class must have a "conscientious representative Plaintiff" (*Rand v. Monsanto* 926 F.2d 596, 599 (7th Cir. 1991)) and . . . class representative must ". . . fairly and adequately protect the interest of the class." Rule 23(a)(4).

9.    A conflict of interest must not exist between the named Plaintiffs and the class. *Meredith v. Mid-Atlantic*, 129 F.R.D. 130, 133. (ED Va.1989)

10.    In this settlement, we have two classes who will be entitled to coupons. Those who rented once or twice will be entitled to a Ten Dollar coupon and those who rented three or more times will be entitled to a Twenty Dollar coupon. The conflict between class members is obvious as a class member who rented three times during the five year claim period receives the same coupon and alleged benefit as someone who rented ten times or more.

11.    We are not told how many times the named Plaintiffs (class representatives) rented from Defendant Hertz during the claim period thereby calling into question the adequacy of the class representatives. The size of the class is estimated to be 2.5 million (Docket 186-1 pg. 3).

12.    In this case, the lead Plaintiffs may have suffered the same type of damage, but more importantly, the proposed settlement shows clearly the partiality and self-dealing on the part of the class representatives as class members who rented only once or twice receive a greater percentage benefit than those class members who rented multiple times. This provision because if focuses the coupons on occasional renters and therefore smacks of a sales promotion. As objector Davis, (Docket 183, pg 1), noted, the settlement compels a class member to rent from the same company that unlawful charged a Concession Recovery Fee in order to receive any benefit. The tortfeasor profits from the settlement as proposed.

13.    If in advancing their own interests, the named Plaintiffs had also advanced the interests of the class rather than a subset of the class; their burden would have been met. Unfortunately, they did not.

4

14.     It has long been the law that an absent class member will not be bound to a judgment wherein he was not adequately represented. *Hansberry v. Lee*, 311 U.S. 32 (1940).

15.     Objector requests the court to appoint counsel and class representatives for the subclass of individuals who rented multiple times.

**Objections to the Settlement**

16.     The settlement is not fair, reasonable, or adequate, and Objector objects to the proposed settlement, for the following reasons.

As other objectors have noted the only way to get a coupon is to have computer access. If you don't have computer access AND a printer, too bad, no coupon.

17.     This is a bad coupon settlement. The coupons have limited transferability and expire after eighteen months. On the other hand, the release given by the class is perpetual. This is exactly the type of settlement to which Congress referred when it passed the Class Action Fairness Act of 2005:

> Congress finds the following: ... Class members often receive little or no benefit from class actions, and are sometimes harmed, such as where-- counsel are awarded large fees, while leaving class members with coupons ... .

Class Action Fairness Act of 2005, Pub.L. 109-2, Feb. 18, 2005, 119 Stat. 4. That is exactly the proposed settlement here: class members get coupons, Class Counsel gets $1,440,000.00 in fees, $150,000.00 in expenses and the class representatives get a combined $20,000.00 for their role to be distributed by Class Counsel.

18.     The Court owes a fiduciary duty in the settlement phase of a class action. See *Reynolds v. Beneficial National Bank, 288 F.3d 277 (7th Cir. 2002)*. Here, in arguing for approval, Class Counsel take the position that the coupons "represent real value to the Class Members" (Docket 186-1 pg. 9), while some objectors, including Nash, take the position that this

5

coupon settlement constitutes little value to class members and is little more than sales promotion for Defendant Hertz and rewards the tortfeasor, Defendant Hertz.

19.     The value of the settlement to the class has been greatly overvalued. It is not unreasonable to assume that a large number of the e-mail claim notices, if even opened, will be followed by the recipient hitting their delete button and a large percentage of mail notices will promptly go into the trash. Even assuming ten percent (10%) of the class claims a coupon, and further dividing that into half are claiming the ten dollar coupon and the other half claiming a twenty dollar coupon a mere 3.75 million possible benefits exist.

20.     There is no reasonable rationale for the expiration of the coupons. The waiver class members provide to Defendant Hertz does not expire, so neither should the consideration class members receive expire. Given the time value of money, the value of the certificate goes down the longer the class member holds it, so Defendant Hertz would not be harmed. Since class members are permanently losing their rights, they should be allowed to use the certificate when they are ready to make a purchase and not within the artificial time limits set by the settling parties. Equity demands a quid pro quo. The coupons should be (a) perpetual, (b) "good as cash" and (c) fully transferable.

21.     The present structure of the settlement is essentially a sales promotion that benefits Defendant Hertz at the expense of class members' rights. To the extent class members do not use the certificates, Defendant Hertz benefits because it avoids liability on the waived claims. To the extent class members use the certificates, Defendant Hertz benefits from the extra sales. Thus, the settlement is structured to benefit Defendant Hertz, as well as Class Counsel, at the expense of class members who lose their rights against Defendant Hertz.

22.     The fact that the coupons have limited transferability further shows the intent is to benefit Defendant Hertz's sales, rather than benefit class members.  It is not reasonable for a coupon settlement to prohibit unlimited transfers of the coupons.

23.     The proposed incentive awards to the class representatives are unreasonably high and create a conflict for their adequate representation of the class.  They are more inclined to leave class members with mere coupons if they obtain a hefty payoff, and they recover even more under the settlement than they would ever be entitled to under the statute.  Incentive awards must not give special treatment to named Plaintiffs; they are intended solely to compensate them for the time and risk they incur in bringing a lawsuit on behalf of the class.

24.     The amount of the proposed fees in relation to the alleged benefits to the class renders the settlement unfair and unreasonable.  The amount of the proposed attorneys' fees is an integral element in determining whether the settlement is fair, reasonable, and adequate:

> The court's settlement review should include provisions for the payment of Class Counsel. In class actions whose primary objective is to recover money damages, settlements may be negotiated on the basis of a lump sum that covers both class claims and attorney fees. Although there is no bar to such arrangements, the simultaneous negotiation of class relief and attorney fees creates a potential conflict … The judge can condition approval of the settlement on a separate review of the proposed attorneys' compensation.

MANUAL FOR COMPLEX LITIGATION 4th § 21.7, p. 335.  The requested amounts are excessive here and show that his is exactly the type of settlement congress criticized, where Class Counsel get huge fees and the class gets coupons.

**Objections to the Fee Petition**

25.     Objector objects to the request for fees to Class Counsel.  Objector reserves the right to file objections to the fee petition at a later date.

26.     Objector believes that a ruling on the fee petition should be deferred until after the date for filing for the coupons, at a minimum so that the Court can judge the classes' response.

27.     If the Court approves the 18 month time period for the coupons then the Court should defer awarding at least a portion of the attorneys' fees until the expiration of the coupon and then only award a maximum of 25% attorneys' fees for coupons actually redeemed up to the amount sought in Class Counsel's fee petition.

> If a proposed settlement in a class action provides for a recovery of coupons to a class member, the portion of any attorney's fee award to class counsel that is attributable to the award of the coupons shall be based on the value to class members of the coupons that are redeemed. 28 U.S.C.A. § 1712 (a).

28.     Thus, as a matter of law, attorneys' fees here may not exceed a reasonable percentage, which objector contends is 25%, of the value of the coupons actually redeemed.

### RELIEF REQUESTED

Wherefore, Objector prays that the Court  grant Objector's request that her attorney be awarded fees and for such other and further relief to which Objector may be entitled.

Respectfully submitted,

/s/ Paige Nash
Paige Nash.
Thomas L. Cox, Jr.
State Bar 04964400
7129 Tabor Dr.
Dallas, Texas  7531
(469) 531-3313
tcox009@yahoo.com

ATTORNEY FOR OBJECTOR

8

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon the following by U.S. Mail on the 22[th] day of August, 2014:

G. David Robertson
Robert, Johnson, Miller & Williamson
50 W. Liberty Street, Ste 600
Reno, NV 89501

William E. Peterson
Snell & Wilmer
50 W. Liberty Street, Ste 510
Reno, NV 89501

*/s/ Paige Nash*
Paige Nash.

**UNITED STATES DISTRICT COURT**
**IN AND FOR THE SOUTHERN DISTRICT OF NEW YORK**

**IN RE: SIRIUS XM RADIO INC.**

Case No.: 1:09-CV-10035-HB-RLE

**PAGE NASH'S OBJECTION TO THE PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR AND BE HEARD**

To The Honorable Judge Harold Baer:

Page Nash ("Objector"), objects to the proposed settlement In Re: Sirius XM Radio Inc., Cause No. 09-CV-10035, U.S. District Court , Southern District of New York.

I intent to appear at the fairness hearing by counsel and request to speak on by objections to this settlement.

**Objector is a class member**

Objector declares that she is a class member. I received by United States mail a notice of this settlement entitled Certificate of Registration 0001873312-1472699. A copy of the notice is attached.

Objector subscribed and is currently a subscriber to Sirius XM as described in the notice. This objection is being deposited in the United States Mail as directed by the notice posted on the "Welcome to the Blessing v. Sirius XM Radio Settlement Site", on or prior to July 19, 2011 and have provided copies as directed on the Settlement Site to the Court and Class Counsel. I object to the settlement for the following reasons:

.

**Notice of Intention to Appear and Request to Speak at the Hearing**

5. Objector may appear at the hearing by and through her attorney or in person if she does not retain an attorney prior to the Fairness Hearing. Objector requests that she be allowed to appear at the final approval hearing to talk about these

**Objections to the Settlement**

6. The settlement is not fair, reasonable, or adequate, and Objector objects to the proposed settlement, for the following reasons:

The Court owes a fiduciary duty in the settlement phase of a class action. See *Reynolds v. Beneficial National Bank, 288 F.3d 277 (7th Cir. 2002)*. Here in arguing for approval Class Counsel take the position that the rate represent real value to the Class Members, however this settlement constitutes little value to class members and is little more than sales promotion for Sirius by encouraging subscribers not to cancel.

7. The amount of the proposed fees in relation to the alleged benefits to the class renders the settlement unfair and unreasonable. The amount of the proposed attorneys' fees is an integral element in determining whether the settlement is fair, reasonable, and adequate.

2

1
2
3

**Objections to the Fee Petition**

4

5          The request should be subject to a lodestar cross-check.

6          Objector objects to the request for fees to Class Counsel.  Objector reserves the right

7     to file an amended objections to the fee petition at a later date because although the fee

8     petition was filed on 7/15/2011 objections were due on 7/19/2011.

9

10         Objections directs the Court's attention to In Re: Memory   Interactive Corp.

11    Securities Litigation 618 F 3d 988 (9th Cir 2010) which hold that fee petition be filed

12    before the deadline for objection. Have giving objectors only four days to review the

13    petition is unreasonable.

14

15

16    Wherefore, Objector prays that the Court deny the proposed settlement, deny the

17    requested fees to Class Counsel and grant Objector such other and further relief as to

18    which Objector may be entitled.

19

20

21    _____

22    Thomas L. Cox, Jr.
      4934 Tremont
23    Dallas, Texas 75214
      469- 531-3313
24    Tcox009@yahoo.com

25    Dated: July 19, 2011.

26

27

28

3

## Certificate of Service

I hereby certify that a copy of the above and foregoing document has been served upon the following by Federal Express delivery on July 19, 2011:

_____

Thomas L. Cox, Jr.

JAMES J SABELLA ESQ.

GRANT & EISENHOFER P.A.

485 LEXINGTON AVE

NY, NY 10017


CLERK OF THE UNITED STATES

DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF NEW YORK

NEW YORK, NY 10007-1312

4