**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT KOLINEK, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 13-cv-04806 |
| WALGREEN CO., an Illinois corporation, | ) ) | Hon. Matthew F. Kennelly |
| Defendant. | ) ) | |

**RESPONSE OF CLASS MEMBER MELINDA ERIN FRANZ TO CLASS COUNSEL'S
MOTION FOR LEAVE TO TAKE LIMITED DEPOSITIONS**

COMES NOW class member Melinda Erin Franz ("Ms. Franz"), by and through undersigned counsel, and responds in opposition to Class Counsel's Motion for Leave to Take Limited Depositions [Doc. 192] (the "Motion") as follows:

1.      Class Counsel's Motion requests permission from the Court to take a "limited" deposition of Ms. Franz lasting no more than three hours. However, given Class Counsel's motivations in taking the deposition, the complete information already disclosed by Ms. Franz to Class Counsel, and the irrelevance of the information Class Counsel is seeking, a deposition <u>of any length</u> is simply a waste of time, an attempt to harass and intimidate Ms. Franz in retaliation for filing her objection, and an excuse by Class Counsel to pad their lodestar with meaningless extra work on the case.

2.      As grounds for their Motion, Class Counsel describe only three pieces of information that they are seeking from Ms. Franz which, they contend, justify taking her deposition – (1) the nature of attorney Chris Cain's involvement in Ms. Franz's objection, (2) the extent to which Ms. Franz's husband, attorney Michael R. Franz, would share in any attorney fee award Lacy, Price & Wagner, P.C. receives at the conclusion of the case, and (3) the quantity of

Ms. Franz's communications with her own counsel. As described more fully herein, none of the issues raised by Class Counsel have any bearing on the fairness of the proposed settlement or the reasonableness of Class Counsel's fee request, and all of the matters raised in the Motion with respect to Ms. Franz have already been fully explained to Class Counsel. Ms. Franz has produced all non-privileged documents responsive to the document subpoena served upon her, and Class Counsel's stated reasons for needing to depose her are false. No further clarification – by deposition or otherwise – is necessary.

3.     First, while acknowledging that Ms. Franz has already produced a copy of her retainer agreement with Lacy, Price & Wagner, P.C. ("LPWPC") and local counsel Art Howe, Class Counsel complain that Ms. Franz has failed to produce "any agreements with any other attorneys." See Motion [Doc. 192] at 8. However, as previously explained to Class Counsel, no such agreements exist. Under the Attorney-Client Employment Agreement [Doc. 192-8] between Ms. Franz and undersigned counsel in this case, LPWPC is specifically authorized to consult or employ additional counsel as reasonably necessary in the opinion of Ms. Franz's attorneys. At this time, the only other attorney representing Ms. Franz in connection with her objection is local counsel Arthur Howe, although Lloyd Chatfield previously represented Ms. Franz as local counsel.

4.     Chris Cain does not represent Ms. Franz; he is merely a consultant to LPWPC. Because there is no direct relationship between Ms. Franz and Mr. Cain, any knowledge that Ms. Franz may have regarding Mr. Cain would be the result of privileged communications between Ms. Franz and LPWPC.[1] Moreover, the issue of Chris Cain's role in this matter and Class Counsel's portrayal of him as a "noted serial objector" are red herrings. This Court has already determined that other prior objections filed by objectors' counsel are not discoverable. See Order

---

[1] Class Counsel served a subpoena on Mr. Cain but have apparently chosen not to pursue it.

[Doc. 171] granting in part Ms. Franz's Motion to Clarify [Doc. 164]. Likewise, Mr. Cain's history of representing objectors and LPWPC's use of him as a consultant in this case are meaningless to the issues involved in approval of the settlement.

5.     Second, Class Counsel assert that Ms. Franz has failed to produce any documents regarding any indirect interest she may have in any attorneys' fees that may be awarded in the event that her objection is successful. Specifically, Class Counsel hypothesize that Ms. Franz may have an indirect financial interest through her husband, Michael R. Franz, who is an associate at LPWPC. Undersigned counsel has already explained to Class Counsel that Michael R. Franz is not a partner (and is, rather, an associate) in the law firm of LPWPC and that Mr. Franz is not entitled to receive any portion of the attorneys' fees awarded in connection with Ms. Franz's objection.

6.     In fact, Class Counsel have blatantly misrepresented undersigned counsel's explanation provided to Class Counsel in response to inquiries on this subject. Contrary to Class Counsel's statements in their Motion, see Motion at 9 & n.6, undersigned counsel did not simply state to Class Counsel that "there is no 'partnership' agreement that would entitle Mr. Franz to any compensation or other benefit." Id. at 9 n.6. Rather, undersigned counsel clearly and unmistakably advised Class Counsel that Michael R. Franz was not a partner in the firm and that "there is no agreement in place which would entitle him to receive any portion of any attorneys' fees awarded in this matter." See Sept. 11, 2015 Letter from W. Allen McDonald to Benjamin Richman [Doc. 192-12] at 2 (emphasis added). Notably, Class Counsel sought no further information from LPWPC prior to filing the subject Motion and in no way whatsoever did LPWPC indicate an unwillingness to provide additional clarity on the issue as claimed by Class

Counsel.[2] Class Counsel's insinuation that some other agreement may exist between Michael R. Franz and LPWPC in light of the complete explanation provided by undersigned counsel is disingenuous at best.

7.      Third, Class Counsel again misrepresent the applicable document production in this case by stating in support of their deposition request that LPWPC's "privilege log itself does not identify a single communication between Franz and her counsel whatsoever." See Motion at 9. Actually, in response to Class Counsel's request for all documents evidencing communications between Ms. Franz and her counsel, LPWPC responded as follows:

> 12.      All DOCUMENTS that RELATE TO any communication between YOU and MELINDA ERIN FRANZ concerning THIS ACTION including the retainer or engagement agreement between YOU and MELINDA ERIN FRANZ.
>
> **RESPONSE: Objection. This request seeks documents protected by the attorney-client privilege and work product doctrine.**
>
> **For its privilege log, LPW states that in addition to the Attorney-Client Employment Agreement previously produced, LPW sent Melinda Franz a status report in the form of a letter dated August 26, 2015 from W. Allen McDonald, which included counsel's mental impressions.**

See LPWPC Responses to Subpoena for Documents [Doc. 192-10] ¶ 12. Class Counsel either failed to read LPWPC's responses to the document subpoena or are attempting to mischaracterize the response in an attempt to obtain unnecessary and cumulative discovery. Either way, all of Ms. Franz's communications with her counsel are absolutely privileged and are not discoverable. Class Counsel cannot reasonably expect to gain anything from taking Ms. Franz's deposition beyond the complete responses already provided.

8.      Class Counsel has failed to establish any need to take Ms. Franz's deposition or any justification for wasting Ms. Franz's and her counsel's time with any further fishing

---

[2] In fact, Lacy, Price & Wagner, P.C. provided information on this issue to Class Counsel voluntarily, even though the information was never formally requested.

expedition. Unlike some of the other objectors in this case, Ms. Franz has never filed any other class action objection, and she has already certified in writing that she has not been promised anything of value for filing her objection. See Attorney-Client Employment Agreement [Doc. 192-8] ¶ 1. There is no legitimate question regarding her motivations here. Ms. Franz has produced all non-privileged documents requested by Class Counsel, and her testimony will contribute absolutely nothing to the Court's assessment of the adequacy of the recovery for the class or the reasonableness of Class Counsel's fee request. See In re: Fine Paper Antitrust Litigation, 751 F.2d 562, 587 (3rd Cir. 1984) ("We fail to see how motives of the objectors, other than the obvious financial one of maximizing their recovery, would make any fact of consequence to the determination of reasonable fees more or less probable.") (citing Fed. R. Evid. 401).

9.      In light of having no legitimate need to take Ms. Franz's deposition and resorting to blatant misrepresentations in their Motion, it seems clear that Class Counsel's request to take Ms. Franz's deposition is driven by a desire to punish her for speaking out against the settlement in this matter. Any attempt by Class Counsel to meet the required "strong showing" of need prior to deposing Ms. Franz has been woefully inadequate. See Corpac v. Rubin & Rothman, LLC, 2:10-cv-04165 (E.D.N.Y. July 18, 2012) (denying request by class counsel to depose objector and noting the requirement of a "strong showing" of need by class counsel).

10.     Additionally, all of Class Counsel's concerns which underscore their request to take Ms. Franz's deposition are concerns about Ms. Franz's counsel – not about Ms. Franz herself, and such concerns do not justify taking Ms. Franz's deposition. See Corpac v. Rubin & Rothman, LLC, 2:10-cv-04165 (E.D.N.Y. July 18, 2012) (denying request by class counsel to

depose objector in part because class counsel's complaints dealt with the motivations of objector's counsel and not of the objector himself).

WHEREFORE, Ms. Franz respectfully requests that this Honorable Court deny Class Counsel's Motion for Leave to Take Limited Depositions [Doc. 192] and award her any additional relief to which she may be entitled.

Respectfully submitted this 7th day of October, 2015.

/s/ W. Allen McDonald
W. Allen McDonald, Esq.
LACY, PRICE & WAGNER, P.C.
249 N Peters Road, Suite 101
Knoxville, TN 37923-4917
Tel: (865) 246-0800
*Counsel for Melinda Erin Franz*

## CERTIFICATE OF SERVICE

I do hereby certify that on October 7, 2015, a copy of the foregoing was submitted electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel of record as indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ W. Allen McDonald
W. Allen McDonald, Esq.