

# PAMELA A. SWEENEY
# 2590 RICHARDSON STREET
# MADISON, WI 53711
# Phone (424)-299-6269

November 16, 2015

Clerk of Court
United States District Court
Northern District of Illinois
Eastern Division
Everett McKinley Dirksen Courthouse
219 South Dearborn
Street Chicago, IL 60604

Benjamin H. Richman
EDELSON PC
350 North LaSalle Street
Suite 1300
Chicago, IL 60654

Bradley J. Andreozzi
DRINKER BIDDLE & REATH LLP
191 North Wacker Drive
Suite 3700
Chicago, IL 60606

**FILED**

NOV 2 0 2015

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

RE: Kolinek v. Walgreen Co., No. 13-cv-04806

I am an objector in the above referenced case. It is come to my attention that I may not be on the mailing list for docket entries and filed documents (i.e. Notice of Fairness (reset)). Accordingly, I hereby request that I be added to the mailing list particularly as it pertains to any Final Approval of the proposed settlement

I am also concerned about the language contained in the Proposed Settlement. Specifically, I am concerned regarding paragraph 12. (see below) which reads as follows:

"12. Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with

November 16, 2015
Page 2

the terms of this Paragraph and as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Settlement **Agreement by appeal or other means and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding.**" (Emphasis provided).

First, I am not aware of any authority that gives a trial court the power to limit a party's right to appeal. The right to an appeal is an unalienable right and as such I hereby ask the court to delete this section in any final order

Secondly, the Settlement Notice is worded a bit differently than the Proposed Order regarding a statement of appearance. It states:

"[if] you wish to appear and be heard at the hearing on the fairness of the Settlement, you or your attorney must say so in your written objection".

It clearly obligates an objector to give express notice ONLY if he or she intended to attend the Fairness hearing. There is no duty of the objector to state that he or she does not intend to appear.

I thank you for your attention to this matter.

Very truly yours,

Pamela Sweeney