**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| ROBERT KOLINEK, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>WALGREEN CO., an Illinois corporation,<br><br>*Defendant*. | Case. No. 13-cv-04806<br><br>Hon. Matthew F. Kennelly |

## FINAL JUDGMENT

It is hereby ADJUDGED and DECREED THAT:

1. This Court has jurisdiction over the subject matter of this class action against Walgreen Co. (the "Action") and over all parties to the Action, including all members of the class it certified for settlement purposes only, consisting of "All individuals in the United States to whom Walgreens placed a Prerecorded Prescription call to their cellular telephone on or before April 3, 2015," (the "Settlement Class").

2. The Settlement Class meets all applicable elements of Rule 23(a) and Rule 23(b)(3) for settlement purposes: the Settlement Class is sufficiently numerous, there are questions of law and fact common to members of the Settlement Class that predominate, the claims of Kolinek are typical of the claims of the Settlement Class, Kolinek and his counsel have adequately represented the interests of the Settlement Class, and a class action is a superior method of adjudicating this Action.

3. The notice to the Settlement Class fully complied with the requirements of Fed. R. Civ. P. 23 and due process, constituted the best notice practicable under the circumstances,

1

and provided due and sufficient notice to all persons entitled to notice of the Class Action Settlement Agreement ( "Settlement Agreement") resolving this Action.

4. The Settlement Agreement is fair, reasonable, and adequate and is therefore approved.

5. The Court hereby dismisses the Action on the merits and with prejudice without fees or costs to any party except as awarded herein.

6. The parties are directed to implement the terms of the Settlement Agreement.

7. The Court awards plaintiff Kolinek attorneys' fees in the amount of $2,824,200.

8. The Court awards plaintiff Kolinek an incentive award for serving as the class representative in the amount of $5,000.

9. The Court grants objector Todd Spann's motion to withdraw objections to class action settlement, and denies objector Todd Spann's motion for attorneys' fees.

10. The persons listed on Addendum A hereto (the "Excluded Class Members") have validly excluded themselves from the Settlement Agreement.

11. The Court rejects each of the objections to the Settlement Agreement.

12. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all persons within the Settlement Class, other than the Excluded Class Members, are "Settlement Class Members" and are bound by this Judgment.

13. Upon the Final Settlement Date (as defined herein), the Releasing Parties shall be deemed to have released and forever discharged the Released Parties from the Released Claims.

    A. "Releasing Parties" shall mean plaintiff Kolinek and the Settlement Class Members and their respective present or past heirs, executors, estates,

        administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these Persons and entities.

B.    "Released Parties" shall mean Defendant Walgreen Co., as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, agents, associates, affiliates, divisions, holding companies, employers, employees, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, companies, firms, trusts, and corporations.

C.    "Released Claims" shall mean any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations including Unknown Claims, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature

and description whatsoever, whether based on the TCPA or other federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against the Released Parties, or any of them, arising out of the facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the alleged making of Prerecorded Prescription Calls including all claims that were brought or could have been brought in the Action relating to such calls, belonging to any and all Releasing Parties.

D. "Final Settlement Date" means one business day after this judgment becomes "Final." "Final" means that all of the following have occurred: (i) the time expires for filing or noticing any appeal of this judgment; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the fee award to class counsel, completion, in a manner that finally affirms and leaves in place this judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration, rehearing en banc, or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

E. "Unknown Claims" means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement Agreement. Upon the Final Settlement Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Final Settlement Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code.

14. Upon the Final Settlement Date, the above releases of claims and the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of the plaintiffs and all other Settlement Class Members and Releasing Parties. All Settlement Class Members are hereby

permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of any of the Released Claims.

15. Without affecting the finality of this judgment for purposes of appeal, the Court retains jurisdiction with respect to this Settlement Agreement including, issues relating to administration, consummation, enforcement, interpretation and implementation.

16. The Court hereby directs entry of this judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this judgment.

**IT IS SO ORDERED**.

ENTERED: Nov. 30, 2015

UNITE[D STATES DISTRICT JUDGE]
HONO[RABLE MATTHEW F. KENNEL]LY

**Addendum A**

The Persons or entities listed below are found to have validly excluded themselves from the Settlement in accordance with the provisions of the Preliminary Approval Order.

1. Gerald Acacio
2. Joseph Adams
3. Mahammed Alfallaj
4. Nadia Amaro-Douglass
5. Isioma Aninyei
6. John Antosh
7. Kurts Arbogast
8. Nancy Barney
9. Shekena Bass
10. Mindy Benson
11. Arthur Bergstrom
12. Pat Berry
13. Teresa Bisinais
14. Sudeshna Biswas
15. James Blakney
16. Debra Blythe
17. Booker Bowdry
18. Deidra Branson
19. Sallie Bright
20. William Broich
21. Connie Broich
22. Kathryn Brugioni
23. John Buckley
24. Amy Bunch
25. Vanessa Burkett
26. Gloria Burns
27. Louie Burns
28. Jaclyn Bush
29. Iltana Charles
30. Jodi Colby
31. Jessica Coleman
32. Rebecca Collins
33. Mada Conway
34. Charlotte Corday
35. John Cox
36. Justin Crawley
37. Luz Crespo Vargas
38. Lisa Daniel
39. Joyce Daniel
40. Lisa Deep

41. Cheri Devault
42. Domenic Dipaolo-Rarick
43. Yolande Djomby
44. Holly Douglas
45. William DuFour
46. Lisa Eckman
47. Robert Elkins
48. Tommie Enriquez
49. Shay Vonne Figueroa Calderon
50. Raymond George
51. Harriet Greene
52. Betty Griffin
53. Lisa Grundon
54. Renae Hansen
55. Gregory Hary
56. Wilhelmina Hendrix
57. Isela Hernandez
58. Barbara Hibbert
59. Marie Hoff
60. Maha Huneidi
61. Lester Hunt
62. Rebecca Hyder
63. Kathleene Jackson
64. Mae Jenkins
65. Bret Jessee
66. Thomas Johnston
67. Shelby Jones
68. Collette Jones
69. Eldon Jones
70. Marcella Jorgensen
71. Jay Kanzler
72. Terry Keyes
73. Lindsay King
74. Kinga Krzywicka
75. Kim Kujath
76. Tyler Kunst
77. Victoria Lafitte
78. James Lee
79. Vijai Leelakrishnan
80. Christopher Legg
81. Joni Lewis
82. Estelle Logan
83. Torborg Lundell
84. Kathleen Maass
85. Rev L Marie Malone Vaughn
86. Julio Martinez

87. Digna Martinez
88. John Mathew
89. Linda Maynard
90. Melissa McCoy
91. Rufus McGill
92. Karen Meggett
93. May Meiss
94. Jose Mijares
95. Joyce Montgomery
96. Thelma Moyer
97. Maria Navarro
98. Nona Norstog
99. Carmen Olsen
100. Pamela O'Shea
101. Donna Owen
102. James Pitts
103. Curtis Pope Jr
104. Classie Press
105. Christina Pruitt
106. Marie Pryor
107. Diana Rahimi
108. Qais Rahimi
109. William Rarick
110. Eluterio Regalado
111. Jennifer Richards
112. Jewel Riggins
113. William Riley
114. Debra Roy
115. Joanna Rubio
116. Lynn Rudolph
117. Chad Rutz
118. Myurani Sathyanarayanan
119. Carolyn Sawrie
120. Karen Sheard
121. Jennifer Senior
122. Ann Sheak
123. Edward Sherlock
124. Sue Sherlock
125. Megan Simon
126. Barbara Simpson
127. Megan Slish
128. John Small Jr
129. Clinton Smith
130. Frederick Soler
131. Kahledra Starke
132. Lynn Starner

133. Betty Svoronos
134. Marguerite Turpel
135. Stephen Vann
136. Rafael Vega
137. Peggy Venters
138. David Wakefield
139. Suzanne Wakefield
140. Christopher Watkins
141. Suzanne Waters
142. Ted Weiss
143. Kathy Weiss
144. Linda Welch
145. Bruce Wilson
146. Betty Windham
147. Mary Wood
148. Nicholas Yakubchak
149. Frank Zingale